**Dennis C. Ritchie, Esq.**
15 Union Avenue
Rutherford, NJ 07070
Phone No.: 201-840-5142
Email: dcrlawpractice@verizon.net
Attorney ID#: 030201994
Attorney for Plaintiff: LaRado Group, LLC

| | |
|---|---|
| LARADO GROUP, LLC<br><br>　　　Plaintiff;<br><br>vs.<br><br>COASTAL CONSTRUCTION GROUP, LLC; and DEAN RADO<br><br>　　　Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br><br>Docket No: BER-L-655-24<br><br>CIVIL ACTION<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

The matter in difference in the above entitled action having been amicably adjusted by and between the parties, it is hereby stipulated and agreed that the same be and it is hereby dismissed with prejudice without costs against either party.

_____
Dennis C. Ritchie, Esq.
Attorney for Plaintiff
Dated:

_____
Dean Rado, individually and as
To Coastal Construction Group, LLC
Defendants
Dated: 10·2·2024

**EXHIBIT B**

*Piparo*

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made and entered into this 13th day of November, 2024, by and between William Piparo (hereinafter referred to as "Piparo") and Dean Rado (hereinafter referred to as "Rado") (collectively referred to as "the Parties" and individually as "Party") and all of the Parties' successors, predecessors, representatives, officers, employees, principals, shareholders, affiliates, heirs and assigns.

**Mutual Release.** Except for any breach of this Settlement Agreement, the Parties hereby irrevocably, unconditionally and completely release, remise and forever discharge, without costs, each other from all past or present, known or unknown, claims, charges, controversies, demands, obligations, actions, causes of action, rights, damages, costs, losses or services, compensation, expenses (including attorneys' fees and costs actually incurred) of any nature, whether based in tort, contract or other theory of recovery, including but not limited to those claims which are made in, arise out of or relate in any way to the claims, transactions or events related to the subject matter set forth in the Complaint and Counterclaim filed in this matter, more specifically known as <u>William Piparo v. Dean Rado and Coastal Construction Group, LLC</u>, Docket No.: OCN-L-593-24 ("the Lawsuit"). Default judgment was entered against Rado and Coastal Construction Group, LLC on April 26, 2024, in the amount of $51,306.48 in connection with the Lawsuit.

1. **Consideration.** In consideration for the mutual releases set forth herein, the Parties agree that Rado shall be obligated to do the following:

    a. Pay the sum of $20,000 by way of certified check made payable to William Piparo and LePore Luizzi, LLC, Attorney Trust Account and sent directly to LePore Luizzi, LLC, 489 Aurora Place, Brick, New Jersey 08723 on or before November 20, 2024; and

    b. Perform the following work at Piparo's residence located at 220 Franklin Avenue Seaside Heights, New Jersey on or before November 30, 2024: repair/replace the ceiling in the Master Bedroom that is falling down and repair the HVAC system to ensure that it is connected to the kitchen area and working properly, said work to be performed to the satisfaction of Piparo.

    The Lawsuit shall be dismissed as to all Parties with prejudice within five (5) days of the receipt and clearing of the $20,000 described in 1(a) and completion of the work described in 1(b), whichever occurs later.

2. **Default.** In the event that the payment described in 1(a) is not received by on or before the due date as stated above or in the event the check is returned for insufficient funds or in the event the work described in 1(b) is not completed to the satisfaction of Piparo on or before the date set forth therein, then the default judgment as mentioned above shall remain in full force and effect in the amount of $51,306.48 and Piparo shall be entitled to include with the judgment any and all interest, costs as well as reasonable attorneys' fees in connection with collection efforts.

3. **Who is Bound.** Each Party is bound by this Settlement Agreement. Anyone who succeeds to their rights and responsibilities, such as successors, representatives, assigns and heirs, are also bound. This Settlement Agreement inures to the benefit of all Parties and their respective insurers, employees, partners, officers, agents, directors, successors, representatives, assigns, affiliates and heirs.

4. **Non-Admission of Liability.** The Parties hereby agree that they are not in any way admitting to and/or assuming any responsibility and/or liability for any loss arising out of this matter.

5. **Governing Law.** This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of New Jersey, without regard to its conflict of law principles.

6. **Attorney's Fees**. Except as set forth herein, each Party hereto shall bear all attorney's fees and costs arising from the actions of their own counsel in connection with the Lawsuit and this Settlement Agreement and the matters and documents referred to herein and all related matters.

7. **Entire Agreement**. This Settlement Agreement contains the entire agreement between the Parties with regard to the subject matter herein and supersedes all prior discussions and/or agreements.

8. **Warranty of Capacity to Execute Agreement**. The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Settlement Agreement; the Parties have the sole right and exclusive authority to execute this Settlement Agreement; and the Parties have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

9. **Signatures**. Each Party, by their execution of this Settlement Agreement, understands and agrees to its terms. Transmittal of this Agreement by email is acceptable.

10. **Representation of Comprehension of Document**. In entering into this Settlement Agreement, the Parties represent that they have had the opportunity to consult an attorney of their choice concerning the legal consequences of this Settlement Agreement; and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by the Parties.

11. **Counterparts**. This Settlement Agreement may be signed in one or more counterparts, each of which shall be deemed an original, but taken together shall constitute one and the same instrument.

WILLIAM PIPARO                             DEAN RADO  *[signed]*   11/14/2024

By: _____                 By: _____

1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "**Agreement**"), dated **November 13th**, 2024, is made and entered into by Woodhaven Lumber & Millwork, Inc. ("Woodhaven"), having an address of 200 James Street, Lakewood, New Jersey 08701 and Coastal Construction Group, LLC ("Coastal") and Dean Rado ("Rado"), individually, having an address of 235 Hickory Lane, Bayville, New Jersey 08721 who are collectively referred to in this Agreement as the **"Parties."**

## BACKGROUND

**WHEREAS,** Coastal Construction Group, LLC and Dean Rado represent and acknowledge that there is an outstanding Judgment entered in favor of Woodhaven Lumber & Millwork, Inc. against Coastal and Rado in the amount of $28,193.13 for a case filed in Ocean County Superior Court under Docket No. OCN-L-745-23 (the "Action") for breach of contract and for other relief;

**WHEREAS,** Coastal Construction Group, LLC is the owner of Real Property Block 354, Lot 5, located in the Township of Lacey, County of Ocean, State of New Jersey (the "Real Property") and is under contract to sell in the amount of ONE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS ($175,000.00);

**WHEREAS,** Coastal Construction Group, LLC has represented to Woodhaven Lumber & Millwork, Inc. that it has sufficient equity from the above-mentioned contract to pay Woodhaven Lumber & Millwork, Inc. $12,000.00 upon closing, which is currently scheduled for November 18, 2024;

**WHEREAS,** Coastal Construction Group, LLC has represented to Woodhaven Lumber & Millwork, Inc. that it will take steps to be place the $12,000.00 on the HUD for the anticipated closing of the Real Property;

**WHEREAS,** the Parties have now mutually agreed that in full and final satisfaction of the underlying debt, Woodhaven agreed to accept $12,000.00 as a final payment from Coastal and Rado for the above Judgment provided that such payment as described below will be paid on or before November 18, 2024; and

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

## AGREED TERMS

1.  **Incorporation Of the Recitals.** All of the Recitals hereto are incorporated herein by reference.

2.  **Payment.**

    2.1   Coastal and Rado shall pay Woodhaven the lump sum amount of TWELVE THOUSAND DOLLARS ($12,000.00) as full and final satisfaction of all debts owed by Coastal

2

to Woodhaven on or before November 18, 2024.

    **2.2**     If payment of $12,000.00 is not made by November 18, 2024, this agreement is null and void.

3.     **Mutual Release.** The Parties, on behalf of themselves, their predecessors, successors, partners, members, attorneys, agents, employees, managers, representatives, assigns, and successors-in-interest, and all persons acting by, through, under, or in concert with them, and each of them, hereby release and discharge the other Party, together with their predecessors, successors, partners, members, attorneys, agents, employees, managers, representatives, assigns and successors-in-interest, and all persons acting by, through, under or in concert with them, and each of them, from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any nature whatsoever, known or unknown, which either Party has, or may have had, against the other Party, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising in connection with the Property.

4.     **Legally Binding Agreement.** The Parties intend that this Agreement be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs, and estates.

5.     **Entire Agreement.** This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. No modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

6.     **Severability and Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed stricken from this Agreement. This Agreement shall not be construed against either Party as the author or drafter of the Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

7.     **Governing Law and Choice of Forum.**

    **7.1**     This Agreement and all related documents are governed by, and construed in accordance with, the laws of the State of New Jersey, without giving effect to the conflict of law provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the State of New Jersey.

    **7.2**     Each Party irrevocably and unconditionally agrees that it will not commence any action, litigation, or proceeding of any kind whatsoever against any other Party in any way arising from or relating to this Agreement and all contemplated transactions, including, but not limited to, contract, equity, tort, fraud, and statutory claims, in any forum other than the state or federal courts of the State of New Jersey located in Ocean County. Each Party irrevocably and unconditionally submits to the exclusive jurisdiction of such courts. Each Party agrees that a final judgment in any such action, litigation, or proceeding is conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

8.   **Reliance on Chosen Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

9.   **Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The Parties agree that PDF or electronic signatures to this Agreement are authentic and have the same force and effect as original, manual signatures.

10.   **Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement has the authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-laws, covenants, or other restrictions placed upon them by their respective entities.

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

**\*\*\*SIGNATURE PAGE TO FOLLOW\*\*\***

**IN WITNESS WHEREOF**, and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date set forth below.

_____
Woodhaven Lumber & Millwork, Inc., by
Bernadette Lopez, Credit Manager

DATED:

_____
Coastal Construction Group LLC, by
Dean Rado, President

DATED: 11/14/2024

_____
Dean Rado, individually

DATED: 11/14/2024

5