| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **FOR THE DISTRICT OF NEW JERSEY** <br><br> **Caption in Compliance with D.N.J. LBR 9004-2(c)** <br><br> **LAW OFFICES OF SCOTT H. BERNSTEIN LLC** <br> Scott H. Bernstein, Esq. <br> (N.J. Attorney Id. No. 024822002) <br> 101 Eisenhower Parkway, Suite #300 <br> Roseland, New Jersey 07068-1054 <br> Telephone:  (862) 245-2667 <br> Email:  scott@scottbernsteinlaw.com <br><br> *Attorney for American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc.* | Hearing Date:  1/02/25 @ 10:00 a.m. <br><br> **ORAL ARGUMENT REQUESTED** |
| In re: <br><br> COASTAL CONSTRUCTION GROUP, LLC, <br><br>                                  Debtor. | Chapter 11 <br><br> Case No.  24-15203 <br><br> Honorable Michael B. Kaplan |

**OBJECTION TO DEBTOR'S MOTION FOR**
**AN ORDER DISMISSING ITS CHAPTER 11 CASE**

TO:  THE HONORABLE MICHAEL B. KAPLAN
       UNITED STATES BANKRUPTCY JUDGE

     American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc. ("ABC"), a creditor who never received notice of the bankruptcy case of Coastal Construction Group, LLC (the "Debtor"), submits this objection (this "Objection") to the Debtor's motion [Docket No. 47] (the "Motion") to dismiss the above-captioned case which is pending under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").  In support of this Objection, ABC submits the accompanying *Declaration of Scott H. Bernstein* (the "Bernstein Decl.") with exhibits.  In further support of this Objection, ABC respectfully represents as follows:

## SUMMARY OF ARGUMENT

The Debtor makes the unqualified admissions that it seeks dismissal of its case to (1) consummate a sale of mortgaged properties at 426 and 427 Boxwood Drive, Forked River, New Jersey, without the Cout's supervision and (2) use the sale proceeds to pay favored creditors who have entered into settlement agreements with the Debtor's owner Dean Rado and without the Court's supervision.  (Certification of Dean Rado (the "Rado Certification"), ¶¶ 6-8).  Indeed, attached as Exhibit B to the Rado Certification is a settlement agreement by which Dean Rado and the Debtor purport to settle a judgment creditor's claim for which they are jointly and severally liable as judgment debtors and agree to satisfy that joint and several liability with a payment from the sale proceeds.  This settlement agreement has not been presented to the Court for approval pursuant to Federal Rule of Bankruptcy Procedure 9019 and it has not been subject to the heightened scrutiny review that is required by virtue of Dean Rado's ownership of the Debtor.  Dean Rado's admissions as to his desire to sell properties in which the Debtor has equity and use the sale proceeds to extinguish his personal liability to certain favored creditors cannot and should not satisfy the Debtor's burden to establish "cause" for dismissal under section 1112 of the Bankruptcy Code.

Here, dismissal would reward Dean Rado by allowing him to pick and choose which of the Debtor's creditors are paid after the Debtor admittedly enjoyed substantial protection under the Bankruptcy Code.  (Rado Certification, ¶ 5).  At this point, the best hope of the Debtor's general unsecured creditors, including ABC, for recovery is for the Debtor to remain in bankruptcy. Denying the Debtor's motion is in the best interests of the creditors of the Debtor's estate and the Debtor's evident desire to make undisclosed deals with certain of its creditors outside of bankruptcy should not, and cannot, constitute cause for dismissal under section 1112 of the

2

Bankruptcy Code. Even if the Debor's new founded desire to reach resolutions with certain of its creditors outside of bankruptcy constituted "for cause" under section 1112 of the Bankruptcy Code (which it does not), these are the unusual circumstances which warrant the denial of the relief sought in the Debtor's Motion.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. On May 22, 2024, the Debtor filed its *Voluntary Petition* [Docket No. 19] for relief under Chapter 11 of the Bankruptcy Code. Through its *Voluntary Petition* [Docket No. 19], the Debtor stated under the penalty of perjury that its assets have a value of "$292,642.16," that it has liabilities of "$1,407,570.72," and that it had "1-49" creditors. *See* Exhibit 1 to the Bernstein Decl. Absent from the Debtor's *Schedule G: Executory Contracts and Unexpired Lease* [Docket No. 19] and *Schedule E/F: Creditors Who Have Unsecured Claims* [Docket No. 19] is any mention of ABC's Credit Agreement with the Debtor and any mention of ABC's prepetition claim against the Debtor.

2. As of December 18, 2024, the Debtor's Claims Register contains 15 proofs of claim by which creditors have asserted claims in the sum of $1,347,182.64, inclusive of secured claims in the amount of $261,795.19 and priority claims in the amount of $2,500.00. *See* Exhibit 2 to the Bernstein Decl., which is a true and correct copy of the Debtor's Claims Register which was printed off the Court's website on December 18, 2024.

3. The Debtor's *Creditors Matrix* [Docket No. 19] and the *List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* [Docket No. 19] do not disclose that is ABC is a creditor of the Debtor and its bankruptcy estate. *See* Exhibit 1 to Bernstein Decl. As a result, ABC was neither served with the Debtor's *Notice of Chapter 11 Bankruptcy Case* [Docket

3

No. 8] nor given any notice of the bar date for creditors to file proofs of claim against the Debtor and its estate. *See* Exhibit 3 to the Bernstein Decl.[1]

4. ABC's claim in the principal amount of $35,813.99 against the Debtor arises from the Debtor's purchase of building materials on credit from ABC pursuant to a Credit Agreement. Attached as Exhibit 4 to the Bernstein Decl. is a true and correct copy of ABC's *Verified Complaint* against Dean Rado which was filed in the Superior Court of New Jersey, Ocean County Vicinage, on October 30, 2024. Exhibit 1 to ABC's *Verified Complaint* is the Debtor's Credit Application which was submitted to ABC and signed by Dean Rado on the Debtor's behalf. Exhibit 2 to ABC's *Verified Complaint* contains a copy of the Debtor's Credit Agreement with ABC. Exhibit 3 to ABC's *Verified Complaint* is a true and correct copy of ABC's unpaid invoices issued to the Debtor. Exhibit 4 to ABC's Verified Complaint is a true and correct copy of ABC's Statement of Account for the Debtor's credit account with ABC.

5. As of December 18, 2024, a review of the docket of the Debtor's case evidences that the Debtor has not filed a single *Monthly Operating Report*. *See* Exhibit 5 to the Bernstein Decl., which is a true copy of a printout of a docket sheet for the Debtor's bankruptcy case which was printed off the Court's website on December 18, 2024.

## LEGAL ARGUMENT

6. The Debtor does not have an absolute right to dismiss its chapter 11 case. *See, e.g., In re Just Plumbing & Heating Supply, Inc.*, No. 11-10151 (MG), 2011 Bankr. LEXIS 4021, * 5 (Bankr. S.D.N.Y. Oct. 18, 2011) (Exhibit 6 to Bernstein Decl.) ("Unlike chapter 12 and 13 debtors,

---

[1] If the relief sought in the Debtor's motion is denied, ABC intends to seek leave of Court to file a proof of claim against the Debtor's estate and to have its claim deemed timely filed.

4

Case 24-15203-MBK    Doc 48    Filed 12/18/24    Entered 12/18/24 12:21:23    Desc Main
Document      Page 5 of 11

'a Chapter 11 debtor does not enjoy an absolute right to a dismissal of its bankruptcy.'") (quoting *In re Kingbrook Dev. Corp.*, 261 B.R. 378, 379 (Bankr. W.D.N.Y. 2001))).

7. Section 1112 of the Bankruptcy Code governs resolution of the Debtor's motion before the Court. As relevant, it states that

> on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]

11 U.S.C. § 1112(b)(1). Bankruptcy Code § 1112(b) permits a court to dismiss a chapter 11 case or convert it to a case under chapter 7 "for cause" as long as it is "in the best interests of creditors and the estate." *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009) (citing 7 COLLIER ON BANKRUPTCY ¶ 1112.04). Although section 1112(b)(4) provides sixteen examples of events that could constitute "for cause," the list is not exhaustive, leaving courts the option to consider other factors. *See In re Ameribuild Constr. Mgmt., Inc.,* 399 B.R. 129, 131 n.3 (Bankr. S.D.N.Y. 2009) (citing legislative history). Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under section 1112. *See In re Just Plumbing & Heating*, No. 11-10151 (MG), *supra*, 2011 Bankr. LEXIS 4021, * 5 (citation omitted).

8. Absent unusual circumstances, after notice and a hearing, a bankruptcy court will dismiss or convert a chapter 11 case, "whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1). "The moving party carries the burden of demonstrating cause to dismiss under Bankruptcy Code section 1112(b) by a preponderance of the evidence," *In re Georgian Backyard LLC*, e No. 23-43881 (JMM), 2024 Bankr. LEXIS 925, * 5 (Bankr. E.D.N.Y. April 18, 2024) (Exhibit 7 to Bernstein Decl.). "Once the movant has established cause, the burden shifts to the respondent to demonstrate by evidence the unusual

5

circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re Just Plumbing & Heating*, No. 11-10151 (MG), *supra*, 2011 Bankr. LEXIS 4021, * 5 (citation omitted) (citing 7 COLLIER ON BANKRUPTCY ¶ 1112.05[1]).

9. Here, the Debtor has *not* satisfied its burden of demonstrating cause for dismissal of its case with competent, admissible evidence. Instead, the Debtor merely contends in an unsupported Certification that "[t]he sale of the properties will cure the outstanding mortgage and allow for payment to creditors" for which only the identity of one favored creditor who holds a judgment against Dean Rado is disclosed. (Rado Certification, ¶ 8, Exhibit B) (identifying one judgment creditor who holds a judgment against the Debtor and Dean Rado as a recipient of the sale proceeds). Dean Rado's allegation that dismissal of the case will "allow for payment to creditors" should be rejected by the Court because it is unsupported and conclusory.

10. Moreover, "[t]here is nothing to suggest that creditors in this case would be better positioned to resolve their claims against the Debtor outside of bankruptcy than within." *In re Kuvykin*, No. 18-10760 (JLG), 2019 Bankr. LEXIS 631, * 28 (Bankr. S.D.N.Y. Feb. 26, 2019) (denying debtor's request for dismissal of the bankruptcy case and converting the case to a case under chapter 7 of the Bankruptcy Code) (Exhibit 8 to Bernstein Decl.); *see also In re Capra*, 614 B.R. 291, 298 (Bankr. N.D. Ill. 2020) ("It is true that the Debtor has assured the Court that he fully intends to pay all his creditors. But given the Debtor's misconduct in this case and his current financial situation, the Court gives little credence to this promise"). Indeed, the Debtor was unable to resolve its creditor's claim prior to the Debtor's bankruptcy filing and has made no effort to resolve its claim with ABC since the Debtor's bankruptcy filing for which ABC was given no notice. Similarly, a review of the docket of the Debtor's bankruptcy case evidences that the

Debtor has not filed any motions seeking the Court's approval of settlements with its creditors. (Bernstein Decl., Ex. 5).

11. In the instructive case of *In re Just Plumbing & Heating*, No. 11-10151 (MG), *supra*, 2011 Bankr. LEXIS 4021, ** 7-8, Bankruptcy Judge Martin Glenn held that the "Debtor has offered no justification for dismissal; instead the Debtor simply asserts that it has paid off its only secured creditor and, although it is still experiencing significant financial hardship it 'would prefer to negotiate payment arrangements with its [remaining unsecured] creditors outside of the protections of the Bankruptcy Court.'" The same result should follow here and the Debtor's alleged preference, if true, to reach resolutions with its creditors outside of bankruptcy should not be honored.

12. Likewise, in *Kingbrook Dev. Corp., supra*, 261 B.R. at 379, the Court declined to grant the debtor's unopposed motion to dismiss its bankruptcy case. The *Kingbrook* court's rationale supports a denial of the Debtor's motion here:

> The Bankruptcy Code aims to achieve a proper balance between the respective rights of creditors and of debtors. In filing its voluntary petition for relief, the debtor obtained the protections of Chapter 11, but on condition of its acceptance of the restrictions and limitation of the bankruptcy process. Among the goals of the bankruptcy process is maximization of distribution to creditors. In working to achieve this goal, the debtor is a trustee for the benefit of all creditors. The debtor's performance as a trustee is further subject to circumspection: by creditors, by the Office of the United States Trustee, and by the Court.
>
> A dismissal of the bankruptcy case at this time would remove the various protections that the bankruptcy process has ordained for the benefit of creditors. . . . Absent either the affirmative consent of all creditors to a dismissal or proof of full repayment of unsecured claims, this court is disinclined to deprive creditors of the bankruptcy protections and rights to which they are now entitled.

*Id.* at 379-380.

13. The same result should follow here. Just like the Courts in *Just Plumbing & Heating*, No. 11-10151 (MG), *supra*, 2011 Bankr. LEXIS 4021, ** 7-8, and in *Kingbrook Dev.*

7

*Corp., supra*, 261 B.R. at 379, the Court should not condone the Debtor's preference to make deals with its creditors which would not assure the required priority and equality of distribution mandated by the Bankruptcy Code. Consequently, the relief sought in the Debtor's motion should be denied for this reason alone in that the Debtor's desire to pursue an out of court sale of real property and use the sale proceeds to pay at least one creditor who holds a judgment against Dean Rado (Rado Cert., ¶¶ 6-8, Exhibit B) does not constitute cause for dismissal under section 1112 of the Bankruptcy Code.

14. Furthermore, because of the Debtor's failure to file *Monthly Operating Reports* a*irs*, creditors and the Court cannot have a clear, confident picture of the pre-and post-petition finances of the Debtor. (Bernstein Decl., Ex. 5). Nonetheless, the Debtor has enjoyed the benefits of bankruptcy, receiving temporary relief from substantial financial obligations and creditors' collection efforts. (Rado Cert., ¶ 5) ("This case was filed to stay the levy of bank accounts and assets with the purpose to allow time to sell the property of the Debtor located at 426 and 427 Boxwood Drive, Forked River, NJ").

15. In these circumstances in which a debtor has enjoyed the benefits of bankruptcy without making required disclosures of its pre-petition and post-petition finances, courts do not hesitate to deny a debtor's motion to dismiss its case. *See, e.g., In re Fleetstar LLC*, 614 B.R. 767, 781 (Bankr. E.D. La. 2020) (denying debtor's request for dismissal of its case and granting the United States Trustee's motion to convert the debtor's case to a case under chapter 7 of the Bankruptcy Code); *see also In re Capra*, supra, 614 B.R. at 299 ("Because the Debtor repeatedly filed incomplete and inaccurate Schedules and SOFAs, he made it impossible for creditors, the UST, and the Court to get an accurate picture of his financial condition. This, in turn, makes it nearly impossible to evaluate potential avoidable conveyances, to evaluate a plan of

8

reorganization, or to otherwise oversee the bankruptcy case as it should be. . . . If one rewards bad conduct, one should expect to see more of it"). For this separate and independent reason of the Debtor's failure to make required disclosures of its pre-petition and post-petition finances, the Debtor has not demonstrated cause for dismissal of its case.

16.     Finally, dismissal of the Debtor's case may also provide a windfall to creditors who received preferential transfers including insiders of the Debtor. Here, the Debtor has not scheduled any preferential transfers. (Bernstein Decl., Ex. 1). It is unclear whether, and to what extent, the Debtor has conducted a preference analysis. (*See id*.) As such, denying the Debtor's Motion to allow for the Debtor's disclosure of potentially preferential transfers would be in accord with the policy of promoting equality of distribution among similarly situated creditors would be safeguarded. *See Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 613 (9th Cir. B.A.P. 2014) ("When determining the best interest of the creditors under § 1112(b), the Code's fundamental policy of achieving equality among creditors must be a factor considered[]") (internal citations omitted).

## CONCLUSION

17.     WHEREFORE, for the foregoing reasons, ABC requests that the Court enter an Order denying the Debtor's Motion to dismiss its case and granting such other and further relief in favor of ABC that is just, proper, and equitable.

Dated:  Roseland, New Jersey
          December 18, 2024

Respectfully submitted,

LAW OFFICES OF SCOTT H. BERNSTEIN LLC
*Attorney for American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc.*

By:*/s/ Scott H. Bernstein*
Scott H. Bernstein
101 Eisenhower Parkway, Suite #300
Roseland, New Jersey 07068

9

Telephone: (862) 245-2667
scott@scottbernsteinlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the *Objection to Debtor's Motion for an Order Dismissing its Chapter 11 Case* and *Declaration of Scott H. Bernstein* with exhibits was electronically filed on December 18, 2024 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Scott H. Bernstein*
Scott H. Bernstein