# EXHIBIT 1

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of New Jersey

In re **Coastal Construction Group, LLC**

Case No. _____

Debtor(s)

Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☐ **FLAT FEE**

For legal services, I have agreed to accept ...................................................................... $ _____

Prior to the filing of this statement I have received ...................................................... $ _____

Balance Due ...................................................................................................................... $ _____

☒ **RETAINER**

For legal services, I have agreed to accept and received a retainer of.......................... $ **16,600.00**

The undersigned shall bill against the retainer at an hourly rate of............................... $ **400.00**
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2. The source of the compensation paid to me was:

   ☒ Debtor        ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ☒ Debtor        ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay mtions, Certification of Defaults, motions on behalf of debtor, adversary proceedings, additional Court apperances, request for extensions of time on behalf of debtor, amendment to schedules, negotiate reaffirmation or redemption agreements, cramdowns, opposing objections to confirmation, appointing special counsel, representation of debtor in audit by US Trustee and loan modification work.**

In re    __Coastal Construction Group, LLC__              Case No. _____
                      Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
## (Continuation Sheet)

**CERTIFICATION**

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| __May 7, 2024__ | /s/ Daniel Straffi, Jr. |
| *Date* | **Daniel Straffi, Jr.** |
| | *Signature of Attorney* |
| | **Straffi and Straffi LLC** |
| | **670 Commons Way** |
| | **Toms River, NJ 08755** |
| | **(732) 341-3800   Fax:** |
| | **bkclient@straffilaw.com** |
| | *Name of law firm* |

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF NEW JERSEY

Case number *(if known)* _____  Chapter  **11**

☐ Check if this an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Coastal Construction Group, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **45-1843710** |

4. **Debtor's address**

**Principal place of business**

**235 Hickory Lane**
**Unit B**
**Bayville, NJ 08721**
Number, Street, City, State & ZIP Code

**Ocean**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**
**235 Hickory LaneUnit B Bayville, NJ 08721**
Number, Street, City, State & ZIP Code

5. **Debtor's website** (URL) _____

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Coastal Construction Group, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

___2383___

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☒ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | District _____ | When _____ | Case number _____ |
|---|---|---|---|
| | District _____ | When _____ | Case number _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor _____ | | Relationship _____ |
|---|---|---|---|
| | District _____ | When _____ | Case number, if known _____ |

| Debtor | **Coastal Construction Group, LLC** | Case number (if known) |
|---|---|---|
| | Name | |

---

**11. Why is the case filed in this district?**    *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency

Contact name

Phone

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    .

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☒ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☒ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor   **Coastal Construction Group, LLC**                                    Case number (*if known*)
     Name

---

       **Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **May 7, 2024**
          MM / DD / YYYY

**X** **/s/   Dean Rado**                                   **Dean Rado**
    Signature of authorized representative of debtor     Printed name

Title    **Managing Member**

---

**18. Signature of attorney**

**X** **/s/ Daniel Straffi, Jr.**                          Date   **May 7, 2024**
    Signature of attorney for debtor               MM / DD / YYYY

**Daniel Straffi, Jr.**
Printed name

**Straffi and Straffi LLC**
Firm name

**670 Commons Way**
**Toms River, NJ 08755**
Number, Street, City, State & ZIP Code

Contact phone   **(732) 341-3800**     Email address   **bkclient@straffilaw.com**

   **NJ**
Bar number and State

---

| Fill in this information to identify the case: |
|---|

Debtor name   **Coastal Construction Group, LLC**

United States Bankruptcy Court for the:   **DISTRICT OF NEW JERSEY**

Case number (if known)   _____

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.**   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | Declaration and signature |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☒    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☒    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☒    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☒    *Schedule H: Codebtors* (Official Form 206H)
☒    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐    Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **May 7, 2024**      X /s/   **Dean Rado**
                                          Signature of individual signing on behalf of debtor

                                        **Dean Rado**
                                        Printed name

                                          **Managing Member**
                                          Position or relationship to debtor

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                     Best Case Bankruptcy

| Fill in this information to identify the case: |
|---|
| Debtor name **Coastal Construction Group, LLC** |
| United States Bankruptcy Court for the: **DISTRICT OF NEW JERSEY** |
| Case number (if known): _____ |

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Ally Financial PO Box 380902 Bloomington, MN 55438-0902** | | **2022 Dodge 2500 Utility Body** | **Contingent** | **$70,000.00** | **$55,000.00** | **$15,000.00** |
| **Ally Financial PO Box 380902 Bloomington, MN 55438-0902** | | **2022 Dodge 5500 Dump Truck** | **Contingent** | **$68,000.00** | **$60,000.00** | **$8,000.00** |
| **AVB Investment, LLC 30 Freneau Avenue Matawan, NJ 07747** | | **427 Boxwood DriveForked River, NJ 08731Vacant Land** | **Contingent** | **$390,000.00** | **$75,000.00** | **$315,000.00** |
| **AVB Investment, LLC 431 Princeton Avenue Brick, NJ 08724** | | **426 Boxwood DriveForked River, NJ 08731Vacant Land** | **Contingent** | **$375,000.00** | **$75,000.00** | **$300,000.00** |
| **Beacon Sales Acquisition, Inc. PO Box 415439 Boston, MA 02241** | | | | | | **$33,777.56** |
| **CT Corporation System 330 N. Brand Blvd. Suite 700 Glendale, CA 91203** | | **2020 Box Trailer 2018 Equipment Trailer 2019 Equipment Trailer Tools and Equipment** | | **$50,000.00** | **$14,500.00** | **$35,500.00** |
| **Larado Group, LLC 353 Valley Road Wood Ridge, NJ 07075** | | | | | | **$170,000.00** |
| **Universal Supply Company 1985 Rutgers Blvd. Lakewood, NJ 08701** | | | | | | **$190,528.74** |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                                                       Best Case Bankruptcy

| Debtor | **Coastal Construction Group, LLC** | Case number *(if known)* | |
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Wanna Window 158 S. Main Street Manahawkin, NJ 08050** | | | | | | **$500.00** |
| **William Piparo 220 Franklin Avenue Seaside Heights, NJ 08751** | | | | | | **$51,306.48** |
| **Woodhaven Lumber & Millwork, Inc. 725 Carol Avenue Oakhurst, NJ 07755** | | | | | | **$8,457.94** |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Fill in this information to identify the case: | |
|---|---|
| Debtor name   **Coastal Construction Group, LLC** | |
| United States Bankruptcy Court for the:   DISTRICT OF NEW JERSEY | |
| Case number (if known) | ☐ Check if this is an amended filing |

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

---

**Part 1:**   **Summary of Assets**

---

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*..................................................................................... $     **150,000.00**

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*................................................................................. $     **142,642.16**

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*................................................................................... $     **292,642.16**

---

**Part 2:**   **Summary of Liabilities**

---

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*................... $     **953,000.00**

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*.............................................. $     **0.00**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................. +$     **454,570.72**

4.   **Total liabilities**
    Lines 2 + 3a + 3b   $     **1,407,570.72**

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **Coastal Construction Group, LLC**

United States Bankruptcy Court for the: **DISTRICT OF NEW JERSEY**

Case number (if known)

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property           12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No.  Go to Part 2.
   ☒ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
| --- | --- | --- | --- |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1. **Bank of America Business Checking (8640)** | **Checking** | **8640** | **$13,142.16** |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.** | **$13,142.16** |
| --- | --- |

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☒ No.  Go to Part 3.
   ☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

10. **Does the debtor have any accounts receivable?**

    ☐ No.  Go to Part 4.
    ☒ Yes Fill in the information below.

11. **Accounts receivable**

    11a. 90 days old or less: **0.00** - **0.00** = .... **Unknown**
    face amount          doubtful or uncollectible accounts

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | **Coastal Construction Group, LLC** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

12. **Total of Part 3.**

Current value on lines 11a + 11b = line 12.    Copy the total to line 82.

$0.00

**Investments**

13. **Does the debtor own any investments?**

☒ No.    Go to Part 5.
☐ Yes Fill in the information below.

**Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☒ No.    Go to Part 6.
☐ Yes Fill in the information below.

**Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No.    Go to Part 7.
☐ Yes Fill in the information below.

**Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No.    Go to Part 8.
☐ Yes Fill in the information below.

**Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.    Go to Part 9.
☒ Yes Fill in the information below.

| | General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|
| 47. | **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1. | **2022 Dodge 5500 Dump Truck** | $0.00 | **Comparable sale** | $60,000.00 |
| 47.2. | **2022 Dodge 2500 Utility Body** | $0.00 | **Comparable sale** | $55,000.00 |
| 47.3. | **2020 Box Trailer** | $0.00 | **Comparable sale** | $2,500.00 |
| 48. | **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors,<br>floating homes, personal watercraft, and fishing vessels | | | |
| 48.1. | **2018 Equipment Trailer** | $0.00 | **Comparable sale** | $2,000.00 |
| 48.2. | **2019 Equipment Trailer** | $0.00 | **Comparable sale** | $2,000.00 |
| 49. | **Aircraft and accessories** | | | |
| 50. | **Other machinery, fixtures, and equipment (excluding farm** | | | |

| Debtor | **Coastal Construction Group, LLC** | | Case number *(If known)* | |
|---|---|---|---|---|
| | Name | | | |

| | | | | |
|---|---|---|---|---|
| machinery and equipment) | | | | |
| **Tools and Equipment** | | $0.00 | Comparable sale | $8,000.00 |

---

| 51. | **Total of Part 8.** | $129,500.00 |
|---|---|---|
| | Add lines 47 through 50.   Copy the total to line 87. | |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

☐ No.   Go to Part 10.
☒ Yes Fill in the information below.

55.    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.    **427 Boxwood Drive Forked River, NJ 08731 Vacant Land** | **Fee Simple** | $0.00 | Comparable sale | $75,000.00 |
| 55.2.    **426 Boxwood Drive Forked River, NJ 08731 Vacant Land** | **Fee Simple** | $0.00 | Comparable sale | $75,000.00 |

---

| 56. | **Total of Part 9.** | $150,000.00 |
|---|---|---|
| | Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. | |

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No.   Go to Part 11.
☐ Yes Fill in the information below.

---

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

| Debtor | **Coastal Construction Group, LLC** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

☒ No.   Go to Part 12.
☐ Yes Fill in the information below.

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor | **Coastal Construction Group, LLC** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** Copy line 5, Part 1 | $13,142.16 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $129,500.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.......................................................> | | $150,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $142,642.16 | + 91b. $150,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $292,642.16 |

**Fill in this information to identify the case:**

Debtor name    **Coastal Construction Group, LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known)

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1  Ally Financial**

Creditor's Name

**PO Box 380902
Bloomington, MN
55438-0902**

Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

Describe debtor's property that is subject to a lien
**2022 Dodge 5500 Dump Truck**

Describe the lien
**Auto Loan**

Is the creditor an insider or related party?
☒ No
☐ Yes

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply
☒ Contingent
☐ Unliquidated
☐ Disputed

| $68,000.00 | $60,000.00 |
|---|---|

**2.2  Ally Financial**

Creditor's Name

**PO Box 380902
Bloomington, MN
55438-0902**

Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

Describe debtor's property that is subject to a lien
**2022 Dodge 2500 Utility Body**

Describe the lien
**Auto Loan**

Is the creditor an insider or related party?
☒ No
☐ Yes

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply
☒ Contingent
☐ Unliquidated
☐ Disputed

| $70,000.00 | $55,000.00 |
|---|---|

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | **Coastal Construction Group, LLC** | Case number (if known) |
|---|---|---|
| | Name | |

---

| 2.3 | **AVB Investment, LLC** | | | |
|---|---|---|---|---|

Creditor's Name

**30 Freneau Avenue
Matawan, NJ 07747**

Creditor's mailing address

**Describe debtor's property that is subject to a lien**
**427 Boxwood DriveForked River, NJ
08731Vacant Land**          **$390,000.00**          **$75,000.00**

**Describe the lien**
**Mortgage**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.4 | **AVB Investment, LLC** | | | |
|---|---|---|---|---|

Creditor's Name

**431 Princeton Avenue
Brick, NJ 08724**

Creditor's mailing address

**Describe debtor's property that is subject to a lien**
**426 Boxwood DriveForked River, NJ
08731Vacant Land**          **$375,000.00**          **$75,000.00**

**Describe the lien**
**Mortgage**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☒ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.5 | **CT Corporation System** | | | |
|---|---|---|---|---|

Creditor's Name
**330 N. Brand Blvd.
Suite 700
Glendale, CA 91203**

Creditor's mailing address

**Describe debtor's property that is subject to a lien**
**2020 Box Trailer; 2018 Equipment Trailer;
2019 Equipment Trailer; Tools and Equipment**          **$50,000.00**          **$14,500.00**

**Describe the lien**
**UCC Finance**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**
**3282**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor,

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent

---

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor | **Coastal Construction Group, LLC** | Case number (if known) | |
|--------|-------------------------------------|------------------------|---|
| | Name | | |

including this creditor and its relative
priority.

☐ Unliquidated
☐ Disputed

3.    Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.    **$953,000.00**

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name    and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|-------------------------------|-------------------------------------------------------------|--------------------------------------------------|
| **John James**<br>**2929 Allen Parkway, Suite 3300**<br>**Houston, TX 77019** | Line   **2.5** | |
| **Llen Solutions**<br>**PO Box 29071**<br>**Glendale, CA 91209-9071** | Line   **2.5** | |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com     

| Fill in this information to identify the case: |
|---|

Debtor name    **Coastal Construction Group, LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known)

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☒ No. Go to Part 2.
☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

| 3.1 | **Nonpriority creditor's name and mailing address**<br>**Beacon Sales Acquisition, Inc.**<br>PO Box 415439<br>Boston, MA 02241 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$33,777.56** |
|---|---|---|---|
|  | Date(s) debt was incurred _<br>Last 4 digits of account number  **1523** | Basis for the claim: _<br>Is the claim subject to offset? ☒ No  ☐ Yes |  |
| 3.2 | **Nonpriority creditor's name and mailing address**<br>**Larado Group, LLC**<br>353 Valley Road<br>Wood Ridge, NJ 07075 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$170,000.00** |
|  | Date(s) debt was incurred _<br>Last 4 digits of account number  **5524** | Basis for the claim: _<br>Is the claim subject to offset? ☒ No  ☐ Yes |  |
| 3.3 | **Nonpriority creditor's name and mailing address**<br>**Universal Supply Company**<br>1985 Rutgers Blvd.<br>Lakewood, NJ 08701 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$190,528.74** |
|  | Date(s) debt was incurred _<br>Last 4 digits of account number  **3723** | Basis for the claim: _<br>Is the claim subject to offset? ☒ No  ☐ Yes |  |
| 3.4 | **Nonpriority creditor's name and mailing address**<br>**Wanna Window**<br>158 S. Main Street<br>Manahawkin, NJ 08050 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$500.00** |
|  | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim: _<br>Is the claim subject to offset? ☒ No  ☐ Yes |  |
| 3.5 | **Nonpriority creditor's name and mailing address**<br>**William Piparo**<br>220 Franklin Avenue<br>Seaside Heights, NJ 08751 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$51,306.48** |
|  | Date(s) debt was incurred _<br>Last 4 digits of account number  **9324** | Basis for the claim: _<br>Is the claim subject to offset? ☒ No  ☐ Yes |  |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | **Coastal Construction Group, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

| | | | |
|---|---|---|---|
| 3.6 | Nonpriority creditor's name and mailing address<br>**Woodhaven Lumber & Millwork, Inc.**<br>**725 Carol Avenue**<br>**Oakhurst, NJ 07755** | As of the petition filing date, the claim is: *Check all that apply.* | $8,457.94 |
| | | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | **Date(s) debt was incurred** _ | **Basis for the claim:** _ | |
| | **Last 4 digits of account number   4523** | Is the claim subject to offset?   ☒ No   ☐ Yes | |

---

## Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Hudson Law Offices, PC**<br>**900 Route 168**<br>**Suite C-2**<br>**Blackwood, NJ 08012** | Line **3.1**<br><br>☐  Not listed. Explain ____ | _ |
| 4.2 | **Law Office of Bart J. Klein**<br>**2066 Millburn Avenue**<br>**Maplewood, NJ 07040** | Line **3.3**<br><br>☐  Not listed. Explain ____ | _ |
| 4.3 | **Law Offices of Peter C. Lucas, LLC**<br>**725 Carol Avenue**<br>**PO Box 490**<br>**Oakhurst, NJ 07755** | Line **3.6**<br><br>☐  Not listed. Explain ____ | _ |
| 4.4 | **LePore & Luizzi, LLC**<br>**489 Aurora Place**<br>**Brick, NJ 08723** | Line **3.5**<br><br>☐  Not listed. Explain ____ | _ |

---

## Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.   Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 454,570.72 |
| 5c. Total of Parts 1 and 2<br>      Lines 5a + 5b = 5c. | 5c. | $ | 454,570.72 |

**Fill in this information to identify the case:**

Debtor name   **Coastal Construction Group, LLC**

United States Bankruptcy Court for the:   DISTRICT OF NEW JERSEY

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules.   There is nothing else to report on this form.
   ☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property*
   (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Lease of premises located at 235 Hickory Lane, Unit B, Bayville, NJ 08721** | |
| | State the term remaining | **Month to Month** | |
| | List the contract number of any government contract | | **245 Hickory Lane, LLC**<br>**245 Hickory Lane**<br>**Bayville, NJ 08721** |
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Lease on 2022 Bobcat Skid Steer** | |
| | State the term remaining | **3 Years** | |
| | List the contract number of any government contract | | **PNC Bank, NA**<br>**655 Business Center Drive**<br>**Suite 250**<br>**Horsham, PA 19044** |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Coastal Construction Group, LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☒ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | | | | ☐ D |
| | | Street | | ☐ E/F |
| | | | | ☐ G |
| | | City          State          Zip Code | | |
| 2.2 | | | | ☐ D |
| | | Street | | ☐ E/F |
| | | | | ☐ G |
| | | City          State          Zip Code | | |
| 2.3 | | | | ☐ D |
| | | Street | | ☐ E/F |
| | | | | ☐ G |
| | | City          State          Zip Code | | |
| 2.4 | | | | ☐ D |
| | | Street | | ☐ E/F |
| | | | | ☐ G |
| | | City          State          Zip Code | | |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

# United States Bankruptcy Court
### District of New Jersey

In re **Coastal Construction Group, LLC**

Debtor(s)

Case No.

Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Dean Rado**<br>**818 Laurel Blvd.**<br>**Lanoka Harbor, NJ 08734** | | ▉2946 | **Managing Member** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Managing Member** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **May 7, 2024**

Signature   **/s/  Dean Rado**

**Dean Rado**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## District of New Jersey

In re    **Coastal Construction Group, LLC**                                Case No.
                                                    _____
                                   Debtor(s)      Chapter    **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Managing Member of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and

correct to the best of my knowledge.

Date:    **May 7, 2024**                         **/s/  Dean Rado**
                                                   **Dean Rado**/**Managing Member**
                                                   Signer/Title

**Fill in this information to identify the case:**

Debtor name    **Coastal Construction Group, LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known)   _____

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

1. **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **01/01/2024** to **Filing Date** | ☒ Operating a business<br><br>☐ Other _____ | **$165,000.00** |
| **For prior year:**<br>From **01/01/2023** to **12/31/2023** | ☒ Operating a business<br><br>☐ Other _____ | **$275,000.00** |
| **For year before that:**<br>From **01/01/2022** to **12/31/2022** | ☒ Operating a business<br><br>☐ Other _____ | **$265,000.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing for bankruptcy**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

| Debtor | Coastal Construction Group, LLC | Case number *(if known)* _____ |
|---|---|---|

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.1. **Woodhaven Lumber**<br>c/o Peter C. Lucas, Esq. 725 Carol Ave<br>Oakhurst, NJ 07755-2743 | **March 2024** | **$7,500.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☒ Other __Judgment__ |
| 3.2. **Universal Supply Company**<br>1985 Rutgers Blvd.<br>Lakewood, NJ 08701 | **February 2024** | **$8,000.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☒ Other __Judgment__ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☒ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| **Part 4:** | **Certain Gifts and Charitable Contributions** |
|---|---|

| Debtor | Coastal Construction Group, LLC | Case number *(if known)* |
|---|---|---|

9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:   Certain Losses**

10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:   Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Straffi & Straffi**<br>**670 Commons Way**<br>**Toms River, NJ 08755** | **Attorney Fee** | **04/15/2024** | **$16,600.00** |
| | Email or website address<br>**bkclient@straffilaw.com** | | | |
| | Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:   Previous Locations**

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor   **Coastal Construction Group, LLC**                                                        Case number *(if known)*

---

☒ Does not apply

| Address | Dates of occupancy From-To |
|---------|---------------------------|
|         |                           |

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---------------------------|----------------------------------------------------------------------------------|--------------------------------------------------------------------------|
|                           |                                                                                  |                                                                          |

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|----------------------------------------|---------------------------------|-------------------------------|------------------------------------------------------|------------------------------------------|
|                                        |                                 |                               |                                                      |                                          |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|-----------------------------------------|-------------------------------------------|-----------------------------|----------------------------|
|                                         |                                           |                             |                            |

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---------------------------|-----------------------------------|-----------------------------|----------------------------|
|                           |                                   |                             |                            |

---

Official Form 207          Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          page **4**

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com

| Debtor | Coastal Construction Group, LLC | Case number *(if known)* | |
|---|---|---|---|

---

**Part 11:** Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

---

**Part 12:** Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:** Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☒ None

| Name and address | Date of service From-To |
|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

| Debtor | **Coastal Construction Group, LLC** | Case number *(if known)* | |
|---|---|---|---|

☒ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☒ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

| Name and address |
|---|

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Dean Rado | 818 Laurel Blvd.<br>Toms River, NJ 08755 | Managing Member | 100 |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☒ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☒ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com

| Debtor | **Coastal Construction Group, LLC** | Case number *(if known)* |
|---|---|---|

---

| **Part 14:** | **Signature and Declaration** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **May 7, 2024**

| **/s/  Dean Rado** | **Dean Rado** |
|---|---|
| Signature of individual signing on behalf of the debtor | Printed name |

Position or relationship to debtor      **Managing Member**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
☒ No
☐ Yes

---

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                                                     Best Case Bankruptcy

Ally Financial
PO Box 380902
Bloomington, MN 55438-0902


Ally Financial
PO Box 380902
Bloomington, MN 55438-0902


AVB Investment, LLC
30 Freneau Avenue
Matawan, NJ 07747


AVB Investment, LLC
431 Princeton Avenue
Brick, NJ 08724


Beacon Sales Acquisition, Inc.
PO Box 415439
Boston, MA 02241


CT Corporation System
330 N. Brand Blvd. Suite 700
Glendale, CA 91203


Hudson Law Offices, PC
900 Route 168 Suite C-2
Blackwood, NJ 08012


John James
2929 Allen Parkway, Suite 3300
Houston, TX 77019


John James
2929 Allen Parkway, Suite 3300
Houston, TX 77019


Larado Group, LLC
353 Valley Road
Wood Ridge, NJ 07075


Law Office of Bart J. Klein
2066 Millburn Avenue
Maplewood, NJ 07040


Law Offices of Peter C. Lucas, LLC
725 Carol Avenue PO Box 490
Oakhurst, NJ 07755


LePore & Luizzi, LLC
489 Aurora Place
Brick, NJ 08723


Lien Solutions
PO Box 29071
Glendale, CA 91209

LIen Solutions
PO Box 29071
Glendale, CA 91209-9071


PNC Bank, NA
655 Business Center Drive Suite 250
Horsham, PA 19044


Universal Supply Company
1985 Rutgers Blvd.
Lakewood, NJ 08701


Wanna Window
158 S. Main Street
Manahawkin, NJ 08050


William Piparo
220 Franklin Avenue
Seaside Heights, NJ 08751


Woodhaven Lumber & Millwork, Inc.
725 Carol Avenue
Oakhurst, NJ 07755

# United States Bankruptcy Court
### District of New Jersey

In re   **Coastal Construction Group, LLC**

Debtor(s)

Case No.

Chapter   **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Coastal Construction Group, LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☒ None [*Check if applicable*]

**May 7, 2024**

Date

**/s/ Daniel Straffi, Jr.**

**Daniel Straffi, Jr.**

Signature of Attorney or Litigant

Counsel for   **Coastal Construction Group, LLC**

**Straffi and Straffi LLC**
**670 Commons Way**
**Toms River, NJ 08755**
**(732) 341-3800  Fax:**
**bkclient@straffilaw.com**

# EXHIBIT 2

# District of New Jersey
# Claims Register

## 24-15203-MBK Coastal Construction Group, LLC

| | |
|---|---|
| **Chief Judge:** Michael B. Kaplan | **Chapter:** 11 |
| **Office:** Trenton | **Last Date to file claims:** 07/31/2024 |
| **Trustee:** | **Last Date to file (Govt):** 11/18/2024 |

*Creditor:* (520282185)
Ally Capital c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Claim No: 1**
*Original Filed Date:* 05/29/2024
*Original Entered Date:* 05/29/2024

*Status:*
*Filed by:* CR
*Entered by:* Ajay Mohite
*Modified:*

Amount  claimed: $64118.79
Secured claimed: $64118.79

*History:*

Details  1-1  05/29/2024 Claim #1 filed by Ally Capital c/o AIS Portfolio Services, LLC, Amount claimed: $64118.79 (Mohite, Ajay)

*Description:*
*Remarks:*

*Creditor:* (520288686)
Uline
12575 Uline Drive
Pleasant Prairie, WI 53158

**Claim No: 2**
*Original Filed Date:* 06/04/2024
*Original Entered Date:* 06/04/2024

*Status:*
*Filed by:* CR
*Entered by:* mlc
*Modified:*

Amount claimed: $1192.74

*History:*

Details  2-1  06/04/2024 Claim #2 filed by Uline, Amount claimed: $1192.74 (mlc)

*Description:*
*Remarks:*

*Creditor:* (520266966)
Universal Supply Company
1985 Rutgers Blvd.
Lakewood, NJ 08701

**Claim No: 3**
*Original Filed Date:* 06/07/2024
*Original Entered Date:* 06/07/2024

*Status:*
*Filed by:* CR
*Entered by:* Bart J. Klein
*Modified:*

Amount claimed: $186173.36

*History:*

Details  3-1  06/07/2024 Claim #3 filed by Universal Supply Company, Amount claimed: $186173.36 (Klein, Bart)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (520294091) | **Claim No: 4** | *Status:* |
| Patrick and Keri Brady | *Original Filed* | *Filed by:* CR |
| 5 Adams Ct | *Date:* 06/10/2024 | *Entered by:* webclaimusr ePOC |
| Hamilton, NJ 08690 | *Original Entered* | *Modified:* 07/29/2024 |
| | *Date:* 06/10/2024 | |
| | *Last Amendment* | |
| | *Filed:* 07/29/2024 | |
| | *Last Amendment* | |
| | *Entered:* 07/29/2024 | |

Amount claimed: $533349.00

*History:*

Details   4-1   06/10/2024 Claim #4 filed by Patrick and Keri Brady, Amount claimed: $0.00 (ePOC, webclaimusr)

Details   4-2   07/29/2024 Amended Claim #4 filed by Patrick and Keri Brady, Amount claimed: $533349.00 (ePOC, webclaimusr)

*Description:*

*Remarks:* (4-1) Filer Comment: Builder was in breach of contract. Soliciting proposals at present to complete new single family home build located at 8102 Bayview Dr Lower Twp NJ.
(4-2) Filer Comment: Estimated amount to finish. Total

| | | |
|---|---|---|
| *Creditor:* (520266952) | **Claim No: 5** | *Status:* |
| AVB Investment, LLC | *Original Filed* | *Filed by:* CR |
| 30 Freneau Avenue | *Date:* 06/17/2024 | *Entered by:* Michael A. Alfieri |
| Matawan, NJ 07747 | *Original Entered* | *Modified:* |
| | *Date:* 06/17/2024 | |

Amount  claimed: $77039.48

Secured claimed: $77039.48

*History:*

Details   5-1   06/17/2024 Claim #5 filed by AVB Investment, LLC, Amount claimed: $77039.48 (Alfieri, Michael)

*Description:* (5-1) BOXWOOD DRIVE, FORKED RIVER Block 354, Lot 5,6, & 7

*Remarks:* (5-1) Arrears in the amount of $2,305.22

| | | |
|---|---|---|
| *Creditor:* (520266953) | **Claim No: 6** | *Status:* |
| AVB Investment, LLC | *Original Filed* | *Filed by:* CR |
| 431 Princeton Avenue | *Date:* 06/17/2024 | *Entered by:* Michael A. Alfieri |
| Brick, NJ 08724 | *Original Entered* | *Modified:* |
| | *Date:* 06/17/2024 | |

Amount  claimed: $78136.92

Secured claimed: $78136.92

*History:*

Details   6-1   06/17/2024 Claim #6 filed by AVB Investment, LLC, Amount claimed: $78136.92 (Alfieri, Michael)

*Description:* (6-1) Box Drive, Forked River, Block 353, Lot 18.01, 19,20 & 21

*Remarks:* (6-1) Arrears in the amount of $2,625.00

| | | |
|---|---|---|
| *Creditor:* (520266954) | **Claim No: 7** | *Status:* |
| Beacon Sales Acquisition, Inc. | *Original Filed* | *Filed by:* CR |
| PO Box 415439 | *Date:* 06/19/2024 | *Entered by:* webclaimusr ePOC |
| Boston, MA 02241 | *Original Entered* | *Modified:* |

*History:*

Details   7-1   06/19/2024 Claim #7 filed by Beacon Sales Acquisition, Inc., Amount claimed: $33777.56 (ePOC, webclaimusr)

*Description:*

*Remarks:* (7-1) Account Number (last 4 digits):3710

Amount claimed: $33777.56

*History:*

Details  ●  7-1  06/19/2024 Claim #7 filed by Beacon Sales Acquisition, Inc., Amount claimed: $33777.56 (ePOC, webclaimusr)

*Description:*

*Remarks:* (7-1) Account Number (last 4 digits):3710

---

| | | |
|---|---|---|
| *Creditor:*  (520309171) | **Claim No: 8** | *Status:* |
| Coastal Construction Group, LLC | *Original Filed* | *Filed by:* CR |
| C/O Marvel & Maloney | *Date:* 06/21/2024 | *Entered by:* llb |
| PO Box 727 | *Original Entered* | *Modified:* |
| Neptune, NJ 07753 | *Date:* 06/24/2024 | |

Amount claimed: $684.00

*History:*

Details  ●  8-1  06/21/2024 Claim #8 filed by Coastal Construction Group, LLC, Amount claimed: $684.00 (llb)

*Description:*

*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:*  (520314532) | **Claim No: 9** | *Status:* |
| Internal Revenue Service | *Original Filed* | *Filed by:* CR |
| PO Box 7346 | *Date:* 06/28/2024 | *Entered by:* Evelyn D. Ajel |
| Philadelphia, PA 19101-7346 | *Original Entered* | *Modified:* |
| | *Date:* 06/28/2024 | |

Amount  claimed: $3815.00
Secured  claimed:      $0.00
Priority  claimed:      $0.00

*History:*

Details  ●  9-1  06/28/2024 Claim #9 filed by Internal Revenue Service, Amount claimed: $3815.00 (Ajel, Evelyn)

*Description:*

*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:*  (520332764) | **Claim No: 10** | *Status:* |
| PNC Bank, N.A. | *Original Filed* | *Filed by:* CR |
| Flamm Walton Heimbach | *Date:* 07/16/2024 | *Entered by:* webclaimusr ePOC |
| 794 Penllyn Pike | *Original Entered* | *Modified:* |
| Suite 100 | *Date:* 07/16/2024 | |
| Blue Bell, PA 19422 | | |

Amount  claimed: $49312.82
Secured  claimed: $40000.00

*History:*

Details  ●  10-1  07/16/2024 Claim #10 filed by PNC Bank, N.A., Amount claimed: $49312.82 (ePOC, webclaimusr)

*Description:*

*Remarks:* (10-1) Account Number (last 4 digits):1865

| | | |
|---|---|---|
| Creditor:    (520335971) | Claim No: 11 | Status: |
| Hanmi Bank | Original Filed | Filed by: AT |
| Hemar, Rousso & Heald, LLP | Date: 07/18/2024 | Entered by: Raffi Khatchadourian |
| c/o Raffi Khatchadourian, Esq. | Original Entered | Modified: |
| 15910 Ventura Boulevard, 12th Floor | Date: 07/18/2024 | |
| Encino, CA 91436 | | |

Amount  claimed: $19506.30

Secured claimed:   $2500.00

History:

Details  ⬤   11-1   07/18/2024 Claim #11 filed by Hanmi Bank, Amount claimed: $19506.30 (Khatchadourian, Raffi)

Description:

Remarks:

| | | |
|---|---|---|
| Creditor:    (520335669) | Claim No: 12 | Status: |
| Stan Rajauski | Original Filed | Filed by: AT |
| 17 Thomas Eakins Way | Date: 07/18/2024 | Entered by: Michael I. Assad |
| Marlton, NJ 08053 | Original Entered | Modified: |
| | Date: 07/18/2024 | |

Amount claimed: $245880.00

History:

Details  ⬤   12-1   07/18/2024 Claim #12 filed by Stan Rajauski, Amount claimed: $245880.00 (Assad, Michael)

Description: (12-1) Breach of Contract

Remarks:

| | | |
|---|---|---|
| Creditor:    (520267737) | Claim No: 13 | Status: |
| 245 Hickory Lane, LLC | Original Filed | Filed by: CR |
| 245 Hickory Lane | Date: 07/26/2024 | Entered by: George E Veitengruber, III |
| Bayville, NJ 08721 | Original Entered | Modified: |
| | Date: 07/26/2024 | |

Amount claimed: $17223.26

Priority  claimed:   $2500.00

History:

Details  ⬤   13-1   07/26/2024 Claim #13 filed by 245 Hickory Lane, LLC, Amount claimed: $17223.26 (Veitengruber, George)

Description:

Remarks:

| | | |
|---|---|---|
| Creditor:    (520266969) | Claim No: 14 | Status: |
| Woodhaven Lumber & Millwork, Inc. | Original Filed | Filed by: CR |
| 725 Carol Avenue | Date: 07/29/2024 | Entered by: webclaimusr ePOC |
| Oakhurst, NJ 07755 | Original Entered | Modified: |
| | Date: 07/29/2024 | |

Amount claimed: $28515.47

History:

Details  ⬤   14-1   07/29/2024 Claim #14 filed by Woodhaven Lumber & Millwork, Inc., Amount claimed: $28515.47 (ePOC, webclaimusr)

Description:

Remarks:

*Creditor:* (520266961)
Law Offices of Peter C. Lucas, LLC
725 Carol Avenue PO Box 490
Oakhurst, NJ 07755

**Claim No: 15**
*Original Filed
Date:* 07/29/2024
*Original Entered
Date:* 07/29/2024

*Status:*
*Filed by:* CR
*Entered by:* webclaimusr ePOC
*Modified:*

Amount claimed: $8457.94

*History:*

| Details | | 15-1 | 07/29/2024 Claim #15 filed by Law Offices of Peter C. Lucas, LLC, Amount claimed: $8457.94 (ePOC, webclaimusr) |

*Description:*
*Remarks:*

## Claims Register Summary

**Case Name:** Coastal Construction Group, LLC
**Case Number:** 24-15203-MBK
**Chapter:** 11
**Date Filed:** 05/22/2024
**Total Number Of Claims:** 15

| Total Amount Claimed* | $1347182.64 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| Secured | $261795.19 | |
| Priority | $2500.00 | |
| Administrative | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/18/2024 09:52:49 | | | |
| **PACER Login:** | scott.bernstein | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 24-15203-MBK Filed or Entered From: 1/1/1900 Filed or Entered To: 12/18/2024 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT 3

| Information to identify the case: | | |
|---|---|---|
| Debtor | **Coastal Construction Group, LLC** <br> Name | EIN: 45–1843710 |
| United States Bankruptcy Court   District of New Jersey | | Date case filed for chapter:   11   5/22/24 |
| Case number:   **24–15203–MBK** | | |

## Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case                                    10/20

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**Undeliverable notices will be sent by return mail to the debtor. It is the debtor's responsibility to obtain the party's correct address, resend the returned notice, and notify this office of the party's change of address. Failure to provide all parties with a copy of this notice may adversely affect the debtor as provided by the Bankruptcy Code.**

| | | |
|---|---|---|
| **1. Debtor's full name** | Coastal Construction Group, LLC | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | 235 Hickory Lane, Unit B <br> Bayville, NJ 08721 | |
| **4. Debtor's attorney** <br> Name and address | Daniel E. Straffi <br> Straffi & Straffi, LLC <br> 670 Commons Way <br> Toms River, NJ 08755 | Contact phone 732–341–3800 <br><br> Email: bkclient@straffilaw.com |
| **5. Bankruptcy clerk's office** <br> Documents in this case may be filed at this address. <br> You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. (800) 676–6856 | 402 East State Street <br> Trenton, NJ 08608 <br> Additional information may be available at the Court's Web Site: <br> www.njb.uscourts.gov. | Hours open: 8:30 AM – 4:00 p.m., Monday – Friday (except holidays) <br><br> Contact phone  609–858–9333 <br><br> Date: 5/23/24 |
| | | |

**For more information, see page 2 >**

Debtor  **Coastal Construction Group, LLC**                                    Case number **24-15203-MBK**

| | | |
|---|---|---|
| **6.** | **Meeting of creditors**<br>**The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so.** | **June 20, 2024 at 02:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**Section 341 Meeting will be conducted by telephone. Please consult the docket or contact the trustee appointed to the case for access or call-in information.** |

| | |
|---|---|
| **7. Proof of claim deadline** | **Deadline for filing proof of claim: 7/31/24**  For a governmental unit: **11/18/24**<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form ("Official Form 410") may be obtained at www.uscourts.gov or any bankruptcy clerk's office. You may also contact the Clerk's Office where this case is pending to request that a Proof of Claim form be mailed to you. The Clerk's Office telephone number is included on the front of this Notice. Also, Claims can be filed electronically through the court's website at: http://www.njb.uscourts.gov under File An Electronic Claim.<br><br>Your claim will be allowed in the amount scheduled unless:<br><br>   ● your claim is designated as *disputed, contingent*, or *unliquidated;*<br>   ● you file a proof of claim in a different amount; or<br>   ● you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed, contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |

| | |
|---|---|
| **8. Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:** |

| | |
|---|---|
| **9. Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

| | |
|---|---|
| **10. Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |

| | |
|---|---|
| **11. Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.<br><br>**WRITING A LETTER TO THE COURT OR THE JUDGE IS NOT A SUBSTITUTE FOR FILING AN ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OR DISCHARGEABILITY. IN NO CIRCUMSTANCE WILL WRITING A LETTER PROTECT YOUR RIGHTS.** |

United States Bankruptcy Court

District of New Jersey

In re:                                                              Case No. 24-15203-MBK

Coastal Construction Group, LLC                                     Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                          User: admin                          Page 1 of 2
Date Rcvd: May 23, 2024                       Form ID: 309F1                        Total Noticed: 23

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 25, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Coastal Construction Group, LLC, 235 Hickory Lane, Unit B, Bayville, NJ 08721-2254 |
| 520267737 | + | 245 Hickory Lane, LLC, 245 Hickory Lane, Bayville, NJ 08721-2253 |
| 520266953 | + | AVB Investment, LLC, 431 Princeton Avenue, Brick, NJ 08724-4825 |
| 520266954 | + | AVB Investment, LLC, 30 Freneau Avenue, Matawan, NJ 07747-3390 |
| 520266954 | + | Beacon Sales Acquisition, Inc., PO Box 415439, Boston, MA 02241-5439 |
| 520266956 | + | Hudson Law Offices, PC, 900 Route 168 Suite C-2, Blackwood, NJ 08012-3206 |
| 520266957 | + | John James, 2929 Allen Parkway, Suite 3300, Houston, TX 77019-7112 |
| 520266959 | + | Larado Group, LLC, 353 Valley Road, Wood Ridge, NJ 07075-1246 |
| 520266960 | + | Law Office of Bart J. Klein, 2066 Millburn Avenue, Maplewood, NJ 07040-3722 |
| 520266961 | + | Law Offices of Peter C. Lucas, LLC, 725 Carol Avenue PO Box 490, Oakhurst, NJ 07755-0490 |
| 520266962 | + | LePore & Luizzi, LLC, 489 Aurora Place, Brick, NJ 08723-5063 |
| 520266963 | + | Lien Solutions, PO Box 29071, Glendale, CA 91209-9071 |
| 520266965 | + | PNC Bank, NA, 655 Business Center Drive Suite 250, Horsham, PA 19044-3448 |
| 520266966 | + | Universal Supply Company, 1985 Rutgers Blvd., Lakewood, NJ 08701-4569 |
| 520266967 | + | Wanna Window, 158 S. Main Street, Manahawkin, NJ 08050-2854 |
| 520266968 | + | William Piparo, 220 Franklin Avenue, Seaside Heights, NJ 08751-2426 |
| 520266969 | + | Woodhaven Lumber & Millwork, Inc., 725 Carol Avenue, Oakhurst, NJ 07755-2743 |

TOTAL: 17

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | | Email/Text: bkclient@straffilaw.com | May 23 2024 20:50:00 | Daniel E. Straffi, Straffi & Straffi, LLC, 670 Commons Way, Toms River, NJ 08755 |
| smg | | EDI: IRS.COM | May 24 2024 00:31:00 | Dist Dir of IRS, Insolvency Function, PO Box 724, Springfield, NJ 07081-0724 |
| smg | | Email/Text: usanj.njbankr@usdoj.gov | May 23 2024 20:53:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | May 23 2024 20:53:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| 520266950 | | EDI: GMACFS.COM | May 24 2024 00:31:00 | Ally Financial, PO Box 380902, Bloomington, MN 55438-0902 |
| 520266955 | ^ | MEBN | May 23 2024 20:46:11 | CT Corporation System, 330 N. Brand Blvd. Suite 700, Glendale, CA 91203-2336 |
| 520266963 | ^ | MEBN | May 23 2024 20:45:45 | Lien Solutions, PO Box 29071, Glendale, CA 91209-9071 |

TOTAL: 7

# BYPASSED RECIPIENTS

User: admin
Date Rcvd: May 23, 2024                                        Form ID: 309F1                                        Total Noticed: 23

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a
preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 520266951 | * | Ally Financial, PO Box 380902, Bloomington, MN 55438-0902 |
| 520266958 | *+ | John James, 2929 Allen Parkway, Suite 3300, Houston, TX 77019-7112 |
| 520266964 | * | LIen Solutions, PO Box 29071, Glendale, CA 91209-9071 |

TOTAL: 0 Undeliverable, 3 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities
in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and
belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the
complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains
the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 25, 2024                            Signature:            /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 23, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Daniel E. Straffi | on behalf of Debtor Coastal Construction Group  LLC bkclient@straffilaw.com, g25938@notify.cincompass.com;jrdanielsb124806@notify.bestcase.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 2

# EXHIBIT 4

Scott H. Bernstein
N.J. Attorney Id. No. 024822002
LAW OFFICES OF SCOTT H. BERNSTEIN LLC
101 Eisenhower Parkway, Suite #300
Roseland, New Jersey 07068
Telephone Number:  (973) 891-9690
scott@scottbernsteinlaw.com

*Attorney for Plaintiff American Builders &*
*Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc.*
----------------------------------------------------------x

| | |
|---|---|
| AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC. d/b/a ABC SUPPLY CO., INC., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  OCEAN COUNTY |
| | CIVIL ACTION |
| Plaintiff, | |
| v. | Docket No.   OCN-L-002839-24 |
| DEAN V. RADO, | **VERIFIED COMPLAINT** |
| Defendant. | |

----------------------------------------------------------x

Plaintiff American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc. (the "Plaintiff"), by and through its attorney, the Law Offices of Scott H. Bernstein LLC, as and for its Verified Complaint against defendant Dean V. Rado (the "Defendant"), states as follows:

## NATURE OF THIS ACTION

1.      The Plaintiff brings this action against the Defendant for his failure to honor his Personal Guaranty given to the Plaintiff in connection with non-party Coastal Construction Group, LLC's purchase of building materials on credit from the Plaintiff.

## PARTIES, JURISDICTION, AND VENUE

2.      The Plaintiff is a Delaware corporation with branches located throughout the United States of America, including branches located within the State of New Jersey.  The Plaintiff is engaged in the business of selling roofing, siding, windows and other select exterior and interior building products.

3.      The Plaintiff is authorized to do business in the State of New Jersey.

4.      The Defendant resides at 818 Laurel Blvd., Lanoka Harbor, New Jersey 08734.

5.      The Defendant is the managing member of non-party Coastal Construction Group, LLC ("Coastal Construction").

6.      Jurisdiction is proper before the Superior Court of the State of New Jersey because the cause of action asserted herein arose in this State.

7.      Venue is proper in the Ocean Vicinage because the Defendant resides in Ocean County and the cause of action arose in Ocean County.

**FACTS GIVING RISE TO THE PLAINTIFF'S CLAIM FOR RELIEF**

8.      On or about August 1, 2023, non-party Coastal Construction opened a credit account with the Plaintiff by submitting an executed Credit Application, agreeing to the Plaintiff's Credit Agreement, and agreeing to the Plaintiff's Purchase Agreement Terms and Conditions of Sale.

9.      Attached hereto as **Exhibit 1** is a true and correct, but redacted, copy of the Credit Application submitted by non-party Coastal Construction to ABC.

10.      Attached hereto as **Exhibit 2** is a clean, more legible copy of the form of Credit Application utilized by non-party Coastal Construction, the Plaintiff's Credit Agreement, and the Plaintiff's Purchase Agreement Terms and Conditions of Sale.

11.      The Defendant signed the Credit Application on behalf of non-party Coastal Construction.

2

12.      Section 3 of the Credit Application (the "<u>Personal Guaranty</u>"), entitled "Your personal guaranty," states as follows:

**Continuing Guaranty**

I (we) the undersigned understand that the information furnished you is for the purpose of obtaining credit from your company, that I am (we are) authorized, in my (our) capacity, to bind my (our) company accordingly.  I (we) the undersigned, hereinafter referred to as guarantors, do jointly, severally, and unconditionally guarantee and promise to promptly pay when due any and all indebtedness of Buyer to ABC, together with any late payment charge that may accrue thereon, regardless of how such indebtedness is incurred, whether such indebtedness is direct or indirect, absolute or contingent, due or to become due, or exists now or arises hereafter.  In addition, the Guarantor(s) agree to pay all costs of collection, legal expenses and attorney's fees paid or incurred by ABC in the collection of Buyer's indebtedness and in enforcing this Continuing Guaranty. The foregoing indebtedness, principal, interest, costs, expenses and fees are hereinafter called the "Indebtedness."  Each undersigned guarantor agrees to be bound by ABC's Terms and Conditions of Continuing Guaranty.

Each undersigned personal guarantor, recognizing that his or her individual credit history may be a necessary factor in the evaluation of this Continuing Guaranty, hereby consents for and authorizes ABC to obtain and use consumer credit reports for each undersigned, from time to time as may be needed to evaluate the credit of Buyer and/or undersigned.

13.      The Defendant signed section 4 of the Credit Application.

14.      By signing section 4 of the Credit Application, entitled "Guarantors sign here," the Defendant personally guaranteed the payment of the building materials that non-party Coastal Construction acquired from the Plaintiff, the payment of late payment charges, and all related indebtedness.

15.      Pursuant to the Personal Guaranty, the Defendant agreed to pay the Plaintiff's costs of collection, legal expenses, and attorneys' fees paid or incurred by the Plaintiff in the collection of non-party Coastal Construction's indebtedness owed to the Plaintiff and in enforcing the Personal Guaranty given by the Defendant to the Plaintiff.

16.     Pursuant to Section 1 of the General Terms and Conditions of the Credit Agreement, non-party Coastal Construction agreed to pay each invoice in full in accordance with the terms of the invoice and to pay monthly late payment charges at the rate of one and a half percent (1.5%) per month on any amounts extended by the Plaintiff as credit and that were not paid in a timely manner.

17.     Non-party Coastal Construction requested that the Plaintiff furnish building materials to  non-party Coastal Construction for use on or in the projects for which it had been hired as a contractor.

18.     At the request of non-party Coastal Construction, the Plaintiff sold and provided non-party Coastal Construction with building materials of the kinds and quantities ordered by non-party Coastal Construction for use in or on its projects.

19.     At the request of non-party Coastal Construction, the Plaintiff sold and provided non-party Coastal Construction with building materials of the kinds and quantities ordered by non-party Coastal Construction for the improvement of the Defendant's residence.

20.      Non-party Coastal Construction received and accepted the building materials which the Plaintiff sold and provided to non-party Coastal Construction.

21.     After each shipment and delivery of the building materials or each instance of the non-party Coastal Construction picking up the building materials from one of the Plaintiff's branches, the Plaintiff issued an invoice for the building materials in accordance with the Terms and Conditions set forth in the Credit Agreement.

22.     Attached hereto as composite **Exhibit 3** are true and correct, but redacted, copies of the Plaintiff's open invoices for building materials and late payment charges which were not paid in full by non-party Coastal Construction.

23.     Attached hereto as composite **Exhibit 4** are true and correct, but redacted, copies of the Plaintiff's Statements, dated September 30, 2024,  for non-party Coastal Construction's Shop Account, job account entitled "Impresa, Hudacsko Res," job account entitled "Cravo Residence," and job account entitled "257 Katheryn" (collectively, the "Statements of Account").

24.     As evidenced by the Statements of Account, by September 30, 2024, non-party Coastal Construction owed the sum of $38,839.07 to the Plaintiff on account of unpaid invoices for building materials in the amount of $35,813.99 provided by the Plaintiff and unpaid late payment charges in the amount of $3,025.08.

25.     In addition to the sum of $38,839.07, which is due and owed by non-party Coastal Construction and the Defendant to the Plaintiff, as of September 30, 2024, as reflected on Statements of Account, late payment charges at the rate of one and a half percent (1.5%) per month continue to accrue on the principal balance of $35,813.99 for unpaid building materials on and after October 1, 2024.

26.     The per diem late payment charge is $17.66 for each day on and after October 1, 2024.

27.     Non-party Coastal Construction failed to pay the monies due and owed to the Plaintiff under the unpaid invoices for building materials delivered to non-party Coastal Construction.

28.      Non-party Coastal Construction failed to pay the monies due and owed to the Plaintiff under the unpaid invoices for late payment charges.

29.    Non-party Coastal Construction has defaulted under the Credit Agreement by failing to pay the Plaintiff's open invoices and, as a result, the Defendant is now required to fulfill his obligations under his Personal Guaranty given to the Plaintiff.

30.    The Plaintiff has made a demand upon the Defendant for payment in full of the amounts due and owed under the Personal Guaranty.

31.    Notwithstanding the Plaintiff's demand, the Defendant has failed and continues to fail to make payment of the amounts which are due and owed for unpaid building materials and late payment charges.

## CLAIM FOR RELIEF
### (Breach of Contract v. the Defendant with Respect to the Personal Guaranty)

32.    The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 31 of this Verified Complaint as if such allegations were set forth at length in this claim for relief.

33.    Non-Party Coastal Construction has defaulted under its Credit Agreement with the Plaintiff and, as a result, the Defendant is now obligated to fulfill his obligations to the Plaintiff pursuant to his Personal Guaranty.

34.    The Plaintiff has demanded payment from the Defendant, but he has not made a single payment to Plaintiff on account of the amounts due and owed to the Plaintiff under the Personal Guaranty.

35.    As a result of the foregoing, the Plaintiff respectfully requests that judgment be entered in its favor and against the Defendant in an amount not less than $38,839.07, plus prejudgment interest at the rate of one and a half percent (1.5%) per month from October 1, 2024 and post-judgment interest, the Plaintiff's costs of collection, including reasonable attorneys'

fees and expenses, and such other and further relief in favor of the Plaintiff and against the

Defendant as the Court deems just and proper.

LAW OFFICES OF SCOTT H.
BERNSTEIN LLC
*Attorney for Plaintiff American*
*Builders & Contractors Supply Co.,*
*Inc. d/b/a ABC Supply Co., Inc.*

Dated:   October 30, 2024                    By: */s/  Scott H. Bernstein*
                                                                  Scott H. Bernstein

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Scott H. Bernstein of the Law Offices of Scott H. Bernstein LLC is

hereby designated as trial counsel for the Plaintiff in the within matter.

## CERTIFICATIONS

I hereby certify, pursuant to R. 4:5-1, that the matter in controversy is not the subject of

any other action pending in any court or of a pending arbitration, and that no other action or

arbitration proceeding is contemplated.

I further certify, pursuant to R. 4:5-1, that I am unaware of any non-party who should be

joined in this action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b)

because of potential liability to any party based on the same transactional facts.

I further certify that confidential personal identifiers have been redacted from documents

now submitted to the court and will be redacted from all documents submitted in the future in

accordance with R. 1:38-7(b).  I further certify that the foregoing statements made by me are true

and accurate.  I am aware that if any of the statements made herein is willfully false, I may be

subject to punishment.

LAW OFFICES OF SCOTT H.
BERNSTEIN LLC
*Attorney for Plaintiff*

Dated:  October 30, 2024                By: */s/  Scott H. Bernstein*
                                            Scott H. Bernstein

**<u>VERIFICATION</u>**

I, _Ashley Harloff_ , of full age hereby certify:

1.      I am a Debt Recovery Analyst for Plaintiff American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc.

2.      I have read the foregoing Verified Complaint and certify that the allegations contained in the Verified Complaint are true to the best of my knowledge and belief.

I certify that the foregoing statements made by me are true and accurate. I am aware that if any of the statements made herein is willfully false, I may be subject to punishment.

Dated:  Beloit, Wisconsin
October 30th, 2024

Name: _Ashley Harloff_
Title:  Debt Recovery Analyst

# EXHIBIT 1

OCN-L-002839-24　10/30/2024 6:57:30 PM　Pg 2 of 2　Trans ID: LCV20242843040

Case 24-15203-MBK　Doc 48-2　Filed 12/18/24　Entered 12/18/24 12:21:23　Desc
Exhibit /Exhibits to Declaration of Scott H. Bernstein　Page 58 of 144

**1. Tell us about your company**

Type of Ownership

☐ Partnership　☒ Corporation　☐ Proprietorship　☐ LLC (attach list of members)

Trade/Business Name **Coastal Construction Group**

Address **235 Hickory Lane Unit B**

Address 2 **Bayville**　**NJ**　**08721**
City　　　State　　Zip

Cell Phone **973·248·2482**　Fax _____　Email **info@coastalconstructiongroupNJ.com**

State Contractors License # (if applicable) **051125**

Have you purchased from ABC before? When　☒ Yes **Toms River**

Estimated Monthly Purchase **$100,000**

Year Business Started **2012**　Federal Tax I.D. ▓▓▓▓▓▓

Do You have a Purchase Order ☐ Yes ☒ No

Person to Contact Regarding Accounts Payable **Dean Rado**

at Phone **973·248·2482**

**Owners and/or Officers Information:**

Name **Dean Rado**　Title **President / CEO**

SSN # ▓▓▓▓▓▓　Address **818 Laurel Blvd**

City **Lanoka Harbor**　State **NJ**　Zip **08734**

Date of Birth _____　County _____

Driver's License # _____

Name _____　Title _____

SSN # _____　Address _____

City _____　State _____　Zip _____

Date of Birth _____　County _____

Driver's License # _____

**Bank Information:**

Name of Bank **Bank of America**

Address **Toms River**　Phone _____

**Major Trade References:**

Name **Universal Supply**

Address **Airport Road Lakewood, NJ**

Phone **732-363-6111**　Fax _____

Name _____

Address _____

Phone _____　Fax _____

Name _____

Address _____

Phone _____　Fax _____

**Agreement:**

Buyer authorizes all persons, institutions, organizations, companies and credit reporting agencies to furnish all pertinent information, including commercial and consumer credit reports, requested from time to time by ABC. The undersigned and Buyer, if different, each warrant that the information given is true and not unfavorable information has been omitted. The extension of credit hereunder, the amount of credit and the cancellation or reduction of credit shall be within the sole discretion of ABC. Buyer agrees to be bound by ABC's Credit Agreement and Purchase Agreement and acknowledges receipt of same. Each undersigned individual who is either a partner of the Buyer or a credit applicant or a sole proprietorship of the Buyer as credit applicant, recognizing that his or her individual credit history may be a factor in the evaluation of the credit history of the buyer, hereby consents for and authorizes ABC to obtain and use consumer credit reports for each undersigned individual, from time to time as may be needed, to evaluate the credit of Buyer.

**2. Sign here** (acknowledges & agrees to be bound by attached terms & conditions)

Signature _~~DR~~_　Date **8·1·2023**

x **Dean V Rado**

**3. Your personal guaranty**

Giving us your personal guaranty will speed the process of approving your application.

**Continuing Guaranty**

I (we) the undersigned understand that the information furnished you is for the purpose of obtaining credit from your company, that I am (we are) authorized, in my (our) capacity, to bind my (our) company accordingly. I (we) the undersigned, hereinafter referred to as guarantors, do jointly, severally, and unconditionally guarantee and promise to promptly pay when due any and all indebtedness of Buyer to ABC, together with any late payment charge that may accrue thereon, regardless of how such indebtedness is incurred, whether such indebtedness is direct or indirect, absolute or contingent, due or to become due, or arises now or arises hereafter. In addition, the Guarantor(s) agree to pay all costs of collection, legal expenses and attorney's fees paid or incurred by ABC in the collection of Buyer's indebtedness and in entering this Continuing Guaranty. The foregoing indebtedness, principal, interest, costs, expenses and fees are hereinafter called the "Indebtedness." Each undersigned guarantor agrees to be bound by ABC's Terms and Conditions of Continuing Guaranty.

Each undersigned personal guarantor, recognizing that his or her individual credit history may be a necessary factor in the evaluation of this Continuing Guaranty, hereby consents for and authorizes ABC to obtain and use consumer credit reports for each undersigned, from time to time as may be needed to evaluate the credit of Buyer and/or the undersigned.

**4. Guarantors sign here**

Complete Legal Signature _~~DR~~_

Name **Dean**　**V**　**Rado**
First　Middle　Last

Home Address **818 Laurel Boulevard**

**Lanoka Harbor NJ　08734**
City　　State　　Zip

Phone **973-248-2482**　SSN # ▓▓▓▓▓

Complete Legal Signature _____

Name _____
First　Middle　Last

Home Address _____

_____
City　　State　　Zip

Phone _____　SSN # _____

**ABC SUPPLY CO., INC.**

Sales Associate _____

Select _____　Branch _____

Form CR-2 (Revised 1/20)

# **EXHIBIT 2**







COMMERCIAL/RESIDENTIAL

# ACCOUNT
## APPLICATION

ABC Supply Co. inc.

## 1. Tell us about your company

### Type of Ownership

☐ Partnership   ☐ Corporation   ☐ Proprietorship   ☐ LLC (attach list of members)

Trade/Business Name _____

*"Buyer"*

Address 1 _____

*Attach Business Card or Complete*

Address 2 _____

| City | State | Zip |
|------|-------|-----|

Phone _____ Fax _____

Cell Phone _____ Email _____

State Contractors License # (if applicable) _____

Have you purchased from ABC before?  Where _____

Estimated Monthly Purchases _____

Year Business Started _____ Federal Tax I.D.# _____

If Tax Exempt - Attach Certificate ☐ **Attached**

Do You Issue a Purchase Order ☐ Yes ☐ No

Person to Contact Regarding Accounts Payable: _____

at Phone _____

### Owners and/or Officers Information:

Name _____ Title _____

SSN # _____ Address _____

City _____ State _____ Zip _____

Date of Birth _____ County _____

Driver's License # _____

Name _____ Title _____

SSN # _____ Address _____

City _____ State _____ Zip _____

Date of Birth _____ County _____

Driver's License # _____

### Bank Information:

Name of Bank _____

Address _____ Phone _____

### Major Trade References:

Name _____

Address _____

Phone _____ Fax _____

Name _____

Address _____

Phone _____ Fax _____

Name _____

Address _____

Phone _____ Fax _____

agencies, business and business relations, companies and credit reporting agencies to furnish all pertinent information, including commercial and consumer credit reports, requested from time to time by ABC.  The undersigned and Buyer, if different, each warrant that the information given is true and no unfavorable information has been omitted.  The extension of credit hereunder, the amount of credit and the cancellation or reduction of credit shall be within the sole discretion of ABC.  Buyer agrees to be bound by ABC's Credit Agreement and Purchase Agreement and acknowledges receipt of same.  Each undersigned individual who is either a partner of the Buyer as credit applicant or a sole proprietorship of the Buyer as credit applicant, recognizing that his or her individual credit history may be a factor in the evaluation of the credit history of the buyer, hereby consents for and authorizes ABC to obtain and use consumer credit reports for each undersigned individual, from time to time as may be needed, to evaluate the credit of Buyer.

## 2. Sign here (acknowledges & agrees to be bound by attached terms & conditions)

Signature _____ Date _____

Print _____

## 3. Your personal guaranty

Giving us your personal guaranty will speed the process of approving your application.

### Continuing Guaranty

I (we) the undersigned understand that the information furnished you is for the purpose of obtaining credit from your company, that I am (we are) authorized, in my (our) capacity, to bind my (our) company accordingly.  I (we) the undersigned, hereinafter referred to as guarantors, do jointly, severally, and unconditionally guarantee and promise to promptly pay when due any and all indebtedness of Buyer to ABC, together with any late payment charge that may accrue thereon, regardless of how such indebtedness is incurred, whether such indebtedness is direct or indirect, absolute or contingent, due or to become due, or exists now or arises hereafter.  In addition, the Guarantor(s) agree to pay all costs of collection, legal expenses and attorney's fees paid or incurred by ABC in the collection of Buyer's indebtedness and in enforcing this Continuing Guaranty.  The foregoing indebtedness, principal, interest, costs, expenses and fees are hereinafter called the "Indebtedness." Each undersigned guarantor agrees to be bound by ABC's Terms and Conditions of Continuing Guaranty.

Each undersigned personal guarantor, recognizing that his or her individual credit history may be a necessary factor in the evaluation of this Continuing Guaranty, hereby consents for and authorizes ABC to obtain and use consumer credit reports for each undersigned, from time to time as may be needed to evaluate the credit of Buyer and/or the undersigned.

## 4. Guarantors sign here

Complete Legal Signature _____

Name _____

| First | Middle | Last |
|-------|--------|------|

Home Address _____

| City | State | Zip |
|------|-------|-----|

Phone _____ SSN # _____

Complete Legal Signature _____

Name _____

| First | Middle | Last |
|-------|--------|------|

Home Address _____

| City | State | Zip |
|------|-------|-----|

Phone _____ SSN # _____

**Store Use Only**

## ABC SUPPLY CO., INC.

Sales Associate _____

Sales# _____ Branch# _____

Form AB121A Revised 12/16

OCN-L-002839-24   10/30/2024 6:57:30 PM   Pg 4 of 4   Trans ID: LCV20242843040

Case 24-15208-MBK   Doc 48-2   Filed 12/18/24   Entered 12/18/24 12:21:23   Desc
Exhibit /Exhibits to Declaration of Scott H. Bernstein   Page 62 of 144

**AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC. d/b/a ABC SUPPLY CO., INC. AND BRADCO SUPPLY CREDIT AGREEMENT AND SECURITY AGREEMENT**

As a condition to the election of American Builders & Contractors Supply Co., Inc. and its subsidiaries and affiliates, including, without limitation, Bradco Supply, located at One ABC Parkway, Beloit, Wisconsin (d/b/a "ABC Supply Co., Inc.," and "Bradco Supply,", among others) (hereinafter, "Seller") to extend credit to Buyer, Buyer has executed Sellers's Credit Application and agrees to the following terms and conditions for all purchases made by Buyer from Seller or any of its subsidiaries. All purchases by Buyer from Seller are made pursuant to this Credit Agreement, the Seller Credit Application, and Seller Purchase Agreement. The terms and conditions of the Seller Credit Application and the Seller Purchase Agreement are incorporated by reference herein.  Any payments made through Seller's Internet-based Invoice Gateway (more information at http://www.abcsupply.com/customer-portal) are also subject to the terms and conditions of the Invoice Gateway, which Buyer hereby acknowledges and accepts. The Credit Application, Credit Agreement, the Purchase Agreement and the Invoice Gateway terms and conditions (if applicable) together constitute the entire agreement between Seller and Buyer and will be collectively referred to from time to time as the Agreement. In the event of any conflict in the terms of the aforementioned, the terms of the Seller Purchase Agreement will control.

**A.   General Terms and Conditions.**

1. Buyer will pay each invoice in full in accordance with the terms of the particular Purchase Agreement, invoice, or other shipping document, with or without Buyer's signature. In the event Buyer fails to make payment when due, Buyer will pay, in addition to the invoice amount, a monthly late payment charge of 1.5%. Seller reserves the right to change such charges from time to time in its sole discretion and without notice. All payments are due within terms. Buyer agrees that should the late payment charge be deemed by a court of competent jurisdiction to violate any law, Buyer's sole remedy against Seller for such violation will be the application of any late payment charge paid in excess of the maximum rate allowable by law toward the unpaid account balance (or a refund of such excess if no account balance remains unpaid).
2. Buyer agrees to pay all costs of collection by Seller of any amounts due hereunder, including actual attorney's fees. Buyer further agrees that, in the event any action arising out of or related to the Agreement between Buyer and Seller, and Seller prevails, Buyer will pay Seller its actual attorney's fees and other costs incurred as a result of or in connection with such action. To the extent state law limits the recoverability of attorney's fees, Seller will be entitled to recover its fees up to the maximum allowed by state law.
3. Seller will have the sole discretion and complete right to apply any payment received from Buyer hereunder in any manner that Seller deems proper. Unless otherwise specified in the remittance advice, Seller may apply payments first to late payment charges, service charges, shipping charges, attorney's fees, or any other applicable charge, in any order, before applying the remainder of any such payments toward Buyer's principal account balance.
4. Buyer represents and warrants that Buyer is not a "consumer" as defined in the Federal Consumer Credit Protection Act, or any other consumer credit laws (Federal, State or Local), and Buyer waives all rights granted to consumers under the Federal Consumer Credit Protection Act, and other Federal, State and Local laws pertaining to "consumer" rights. Buyer further represents and warrants that all purchases made from Seller and any credit extended hereunder will be used solely for business and commercial purposes.  Buyer further represents and warrants that any purchases from Seller of "consumer products" as defined in the Magnuson Moss Act or any similar law are being made (i) for resale, (ii) for use in commercial structures, or (iii) for use in the construction of a new residential structure or a substantial addition or re-model to an existing residential structure. Buyer acknowledges and agrees that Seller is a distributor, not a manufacturer, and does not provide warranties on the goods it merely distributes.
5. If this Credit Application and Credit Agreement is executed by a corporation, LLC, partnership or other business entity or company ("Company"), the undersigned individual represents and warrants that the Company has the power to enter into this Agreement, the execution of this Agreement by the undersigned has been duly authorized by the Company and this Agreement is in the best interest of the Company.
6. **Governing Law:** Any action arising out of or related to the Agreement will be brought, at Seller's sole discretion, in a court of law or equity in a county in which the pertinent Seller Branch is situated or, in the county in which the project for which the goods are used or to be used is located, or where an action between Seller and a third party is pending that concerns the subject matter of the agreement.  The Agreement will be governed by and construed and enforced in accordance with the procedural and substantive laws of the State where the action is brought. BUYER WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY REGARDING ANY AND ALL DISPUTES ARISING OUT OF THIS AGREEMENT, subject to the law of the jurisdiction where the action is pending. The Agreement contains the full, final and exclusive statement of the Agreement between Seller and Buyer, and no terms and conditions other than those stated herein, and no agreement or understanding in any way purporting to modify the terms and conditions thereof, will be binding on Seller without Seller written consent. Waiver by Seller of any terms or conditions of this contract or waiver of any breach thereof will not be construed as a waiver of any other terms, conditions, or breach. Determination that any provision of the Agreement is illegal or invalid will not affect the validity or enforceability of the remaining provisions of the Agreement.
7. **Buyer agrees to provide Seller with no less than thirty days prior written notice by Certified or Registered Mail of any change in Buyer's name, address, ownership, or form of business entity.**
8. All notifications from Buyer should be addressed to the Seller branch from which Buyer has purchased the most goods in the last 90 days.  A copy of all notifications should also be sent to the Executive Director of Customer Financial Services at Seller's National Support Center at One ABC Parkway, Beloit, WI 53511.
9. **Conflicting Provisions and Order of Precedence:** The terms and conditions noted in this Agreement will govern and apply to any and all purchases, whether for materials and/or services made by Buyer from Seller or any division, affiliate and/or predecessor thereof, at any time whatsoever, whether past, present, or future. In the event the terms and conditions noted herein conflict with terms and conditions of any other existing or future agreement between Seller and Buyer, including, without limitation, any purchase orders or other documents issued by Buyer relating to any material purchases, then in each instance, the terms and conditions of Agreement noted herein shall prevail in all respects, notwithstanding any language in such other agreement or document to the contrary.  Buyer hereby acknowledges that this provision is a material inducement to Seller to establish an open account business relationship with Buyer and extending any and all payment terms or credit to the Buyer.
10. **Counterparts:** This Credit Agreement may be executed in counterparts each of which will constitute an original and all of which taken together will constitute a single agreement.  Delivery of an electronic image and/or facsimile copy of this executed Agreement or any other document or of an executed counterpart signature page to this Agreement by facsimile, email or other electronic method, or delivery of an email communication from an authorized representative of a party providing such party's acceptance or approval of a document previously transmitted to such party by electronic means, will be binding and considered a delivery of an executed original of such document.
11. **Indemnity:** TO THE FULL EXTENT PERMITTED BY LAW, BUYER AGREES TO PROTECT, DEFEND, INDEMNIFY AND HOLD SELLER (INCLUDING ITS AFFILIATED COMPANIES, AGENTS, OFFICERS, AND EMPLOYEES, COLLECTIVELY REFERRED TO AS THE "INDEMNITEE") FREE AND HARMLESS FROM AND AGAINST ANY AND ALL EXPENSES, CLAIMS, DEMANDS, CAUSES OF ACTIONS, SUITS OR OTHER LITIGATION (INCLUDING, WITHOUT LIMITATION, CLAIMS FOR ACTUAL, STATUTORY, PUNITIVE OR EXEMPLARY DAMAGES, AND ALL COSTS THEREOF AND ATTORNEYS' FEES) OF EVERY KIND AND CHARACTER ON ACCOUNT OF PROPERTY DAMAGE, BODILY INJURY, SICKNESS, DEATH OR OTHER LOSS (HEREIN COLLECTIVELY REFERRED TO AS THE "LOSS") IN ANY WAY OCCURRING, INCIDENT TO, ARISING OUT OF OR IN CONNECTION WITH (1) BREACH OF THE WARRANTIES AND REPRESENTATIONS PROVIDED HEREIN; (2) ANY MISREPRESENTATIONS MADE BY BUYER HEREIN; OR (3) ANY BREACH OF OR DEFAULT UNDER THE CREDIT APPLICATION AND AGREEMENT.

**DEFAULT:** Subject to the limitations of applicable law, Seller may declare Buyer to be in default under this Agreement if Buyer: (a) fails to make any payment when due; (b) violates any part of this Agreement or any other agreement Buyer has with Seller; (c) becomes the subject of bankruptcy, receivership or other insolvency proceedings; (d) exceeds the credit limit on Buyer's account; or (e) Seller reasonably believes itself to be insecure. After Buyer's default, and subject to the limitations of applicable law, Seller has the right, in its sole discretion, to: (i) reduce Buyer's credit limit; (ii) terminate Buyer's account, in which case the terms of this Agreement will apply until full payment owing on Buyer's account is received, including finance charges which will continue to accrue until the date of full payment; (iii) require immediate payment of Buyer's entire account balance, all accrued but unpaid finance charges (if applicable), and all fees and other charges listed in this Agreement; and (iv) bring an action to collect all amounts owed.

**B.   Terms and Conditions of Continuing Guaranty.**

For value received, and for the purpose of influencing Seller to extend credit or other financial accommodations, or to continue to extend credit or other financial accommodations, to Buyer, each person or entity who signed the Seller's Credit Application as guarantor (hereinafter "Guarantor", whether one or more) hereby guarantees jointly and severally, without limitation as to amount, the prompt payment when due of any and all indebtedness of Buyer to Seller, together with any late payment charge that may accrue thereon, regardless of how such indebtedness is incurred, whether such indebtedness is direct or indirect, absolute or contingent, due or to become due, or exists now or arises hereafter, on the terms and conditions herein (the "Guaranty"). In addition, Guarantor agrees to pay all costs of collection, legal expenses and attorney's fees paid or incurred by Seller in the collection of Buyer's indebtedness and in enforcing this Guaranty. The foregoing indebtedness, principal, interest, costs, expenses and fees are hereinafter called the "Indebtedness".

1. No extension or renewal of time of the Indebtedness, no release or surrender of any security for the Indebtedness of this Guaranty, no release of any person primarily or secondarily liable on the Indebtedness and no delay in enforcement of payment of the Indebtedness under this Guaranty will affect the liability of Guarantor hereunder. Any and all payments upon the Indebtedness made by Buyer, Guarantor, or any other person and the proceeds of any and all collateral or security for any of the Indebtedness may be applied by Seller upon such of the items of the Indebtedness as Seller will determine in its sole discretion.
2. Guarantor waives notice of acceptance of this Guaranty, notice of the extension of creditor financial accommodation to Buyer, notice of the amount of Indebtedness which may exist from time to time, notice of any extension of the time for payment, demand for payment, notice of non payment, protest, notice of protest, and all other notices of every kind and nature, and agrees that this Guaranty may be enforced against the undersigned without any prior or concurrent proceeding or action against Buyer. The obligations of the Guarantor will not be affected by: (a) the failure of Seller to assert any claim or demand or to enforce any right or remedy against the Buyer or another Guarantor; or (b) any extension, modification, or renewal of the terms or amount of the Indebtedness.
3. This Guaranty is a continuing guaranty and will remain in full force and will be binding upon Guarantor and Guarantor's heirs, executors, administrators, and assigns notwithstanding the death of one or more of the undersigned, until after the later of (a) expiration of thirty (30) days after written notice by Certified or Registered Mail of revocation is received by Seller as referenced in Section 12 and (b) all of the Indebtedness owed to Seller by Buyer will have been fully paid (including all late payment charges and attorneys fees which accrue after expiration of the 30 day period).
4. This Guaranty is the joint and several obligation of each person and entity that signs the Guaranty.
5. If this Guaranty is executed by a corporation, LLC, partnership or other business entity or company ("Entity"), the undersigned individual represents and warrants that the Entity has the power to make this Guaranty, the execution by the undersigned of the Guaranty on behalf of the Entity has been duly authorized and this Guaranty is in the best interest of the Entity.
6. Guarantor hereby waives and renounces any and all homestead or exemption rights Guarantor may have under or by virtue of the constitution or laws of the state of Guarantor's domicile, or of any other state or of the United States as against the liability and obligation hereby created. Guarantor transfers and assigns to Seller an amount of any homestead or exemption that may be allowed to Guarantor, including such homestead or exemption as may be set apart in bankruptcy, equal to the amount necessary to pay this obligation in full together with all costs of collection.
7. Guarantor further agrees to the extent that the Buyer makes a payment or payments to Seller or Seller receives any proceeds or collateral, which payment or payments or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be repaid to the Buyer, its estate, trustee, receiver, or any other party including without limitation the Guarantor, under any bankruptcy law, state or federal law, common law or equitable cause, then to the extent of such payment or repayment, Buyer's obligations, or the part thereof which has been paid, reduced or satisfied by such amount, will be reinstated and continued in full force and effect as of the date such initial payment, reduction or satisfaction occurred.
8. Guarantor waives all claims for subrogation, reimbursement, exoneration, contribution and indemnification with respect to sums paid or payable to Seller by Guarantor. Guarantor hereby waives any right to enforce any remedy that Seller now has or may hereafter have against the Buyer. Guarantor further agrees that any and all claims of Guarantor against Buyer will be subordinate and subject in right of payment to the prior payment in full of all principal, interest, reasonable costs of collection (including attorneys' fees and expenses), and any other liabilities or obligations owing to Seller by Buyer.
9. Should any one or more provisions of this Guaranty be determined to be illegal or unenforceable by a court of competent jurisdiction, all other provisions will remain effective.
10. All obligations are payable and performable at the address of Seller as identified in Section 12 below, unless Seller provides notice to Buyer or Guarantor of a change of address.
11. Guarantor authorizes all persons, institutions, organizations, companies and credit reporting agencies to furnish any and all information, including commercial and consumer credit reports, regarding Guarantor requested from time to time by Seller.
12.  All notifications should be addressed to the Seller branch from which Buyer has purchased the most goods in the last 90 days.  A copy of all notifications should also be sent to the Executive Director of Customer Financial Services at Seller's National Support Center at One ABC Parkway, Beloit, WI 53511.

Tear along perforation and maintain for your records
Tear along perforation and maintain for your records
Tear along perforation and maintain for your records

OCN-L-002839-24   10/30/2024 6:57:30 PM   Pg 5 of 5   Trans ID: LCV20242843040

Case 24-15203-MBK   Doc 46-2   Filed 12/18/24   Entered 12/18/24 12:21:23   Desc
Exhibit/Exhibits to Declaration of Scott H. Bernstein   Page 63 of 144

**PURCHASE AGREEMENT TERMS AND CONDITIONS**

1. Any purchase made on credit requires credit approval by Seller. Certain credit card purchases may be conditioned upon Buyer's enrollment in Seller's payment program and Buyer's consent to Seller's Credit Agreement, the terms and conditions of which have been read by required parties and are incorporated herein by reference herein. All accounts past due are subject to a monthly late payment charge, not to exceed the maximum allowed by applicable state and federal law.

2. Seller acknowledges and accepts Buyer's order; however, Seller's acknowledgement and acceptance is expressly conditioned upon Buyer's acceptance of the terms and conditions herein. No terms or conditions other than those stated herein, whether contained in Buyer's purchase order, shipping release, or elsewhere, and no written or oral agreement that purports to vary these terms and conditions is binding upon Seller unless set forth in writing, signed by Seller's authorized representative. All negotiations, proposals and representations are merged herein, and this writing constitutes the complete and exclusive statement of the terms and conditions of this Purchase Agreement between Buyer and Seller. Buyer acknowledges that Buyer is not relying on any representation or promise of Seller that is not set forth in this Purchase Agreement. In the event Buyer fails to accept this Purchase Agreement in writing, Buyer's consent to the terms and conditions herein is conclusively presumed, either from Buyer's failure to object within ten days in writing or from Buyer's acceptance or use of the material delivered hereunder. Unless Buyer notifies Seller in writing to the contrary prior to making a purchase, Buyer hereby represents and warrants that any employee or agent action on Buyer's behalf is authorized by Seller and Buyer may rely upon such representation.

3. In any case in which Seller makes delivery, Buyer will pay Seller's customary shipping charges. Delivery will be made at the project site or other place of delivery adjacent to the closest public right of way. Title and risk of loss passes to Buyer upon delivery of the goods. Should Buyer not be present to accept delivery, Buyer authorizes Seller to unload the goods and leave them at the delivery destination. Buyer releases Seller and will indemnify and hold harmless Seller from and against any and all claims demands, actions, causes of action, cost, expenses, and attorneys' fees arising out of or in connection with any and all injury including death, to any person or persons (whether third parties or agents, servants, or employees of Buyer), any and all damages to or loss of any property (whether belonging to Buyer or a third party), and any and all other damages recognized at law or in equity caused in whole or in part by or in any way related to the delivery of goods onto the project site by Seller, whenever such delivery is made in accordance with or pursuant to Buyer's instruction or authorization.

4. Buyer has the right to inspect the goods upon arrival. Buyer's inspection rights expire 24 hours after the arrival of the goods at the delivery destination. A failure to make inspection within that time waives notice of any defect that a reasonable inspection would have revealed. A rejection of the goods by Buyer is not effective unless written notice of rejection is given to Seller within three (3) calendar days of delivery.

5. Without prejudice to any other rights, Seller may suspend further deliveries of any items purchased if Buyer defaults in payment of any amounts due, or whenever Seller may deem itself insecure as to Buyer's performance, until Buyer remedies such default or provides assurance that satisfies Seller in its sole discretion, of Buyer's ability to perform. Seller may cancel any order at any time prior to payment by Buyer.

6. Unless otherwise provided by law, Seller may require Buyer to pay or to reimburse Seller for any tax (except income tax) which now or hereafter is imposed by any taxing authority with respect to the items purchased or the sale, purchase, manufacture, delivery or use thereof.

7. Seller reserves the right to discontinue, without liability hereunder, deliveries of any merchandise, the manufacture, use and/or sale of which in the opinion of Seller would infringe any patent now or hereafter issued, or other intellectual property right under which Seller is not licensed.

8. Where Buyer requires tests or inspection not regularly provided by Seller, Seller may charge Buyer for the actual cost of such test or inspections.

9. Buyer's wrongful nonacceptance of goods, or cancellation or repudiation of an agreement to purchase goods or services entitles Seller to recover, in addition to any incidental damages caused by Buyer's wrongful nonacceptance, cancellation or repudiation, either (i) in the case of goods, the risk of loss of which has passed to Buyer at the time of nonacceptance, cancellation or repudiation, or goods which cannot reasonably be resold by Seller to a third party, or service which have already been performed by Seller, the price of such goods or services; or (ii) in the case of goods for which other buyers exist or services not yet performed, or where an action for the price is not otherwise permitted by law; damages equal to the profit (including reasonable overhead) which Seller would have realized had Buyer fully performed or, at Seller's option, twenty percent (20%) of the contract price as liquidated damages (which constitute a reasonable estimate of Seller's loss and not a penalty), plus, in the case of special orders, Seller's expenses, if any, incurred prior to receipt by Seller of notice of cancellation by Buyer, in connection with providing special services, developing special tooling, purchase special supplies and the like.

10. Seller is not responsible for any delay caused in whole or in part by circumstances beyond Seller's reasonable control, including but not limited to, force majeure, fires or accidents; strikes or other differences with workers; war (whether declared or undeclared), riots or embargoes; delays by carriers; delays in shipment or receipt of materials from suppliers; or any legislative, administrative or executive law, order or requisition of the federal or any state or local government or any subdivision, department, agency, officer or official thereof. Seller is not liable in any event for any damages (whether direct, general, special, incidental, consequential or other) caused by Seller's failure or delay in performance or delivery, if Seller is unable, due to any cause beyond Seller's control, to supply Buyer's total demand for products. Seller may allocate its available supply among Seller's customers, including Seller's branches and affiliates, in any manner Seller deems reasonable.

11. In the case of goods manufactured and sold by Seller with a separate written warranty, that warranty will apply. Otherwise, in the case of goods manufactured and sold by Seller, Seller warrants only that such goods have been manufactured in accordance with Seller's specifications and are free from defects in material and workmanship at the time of sale. For all other goods, upon request, Seller make no warranties, but will assign or transfer to Buyer any assignable or transferable manufacturer's warranties, if any, applicable to the purchase, in lieu of all other warranties, express or implied. EXCEPT AS EXPRESSLY PROVIDED HEREIN, SELLER MAKES NO WARRANTIES, EITHER EXPRESS OR IMPLIED, AND SPECIFICALLY DISCLAIMS ANY IMPLIED WARRANTIES INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE THERE IS NO WARRANTY THAT EXTENDS BEYOND THE DESCRIPTION ON THE FACE OF THIS PURCHASE AGREEMENT. BUYER ACKNOWLEDGES THAT BUYER'S PURCHASE DECISION IS BASED UPON BUYER'S DUE DILIGENCE AND INSTRUCTION TO SELLER OF THE GOODS REQUIRED BY BUYER AND NOT BY REASON OF IN OR RELIANCE ON ANY STATEMENT MADE BY OR ON BEHALF OF SELLER AS TO THE MERCHANTABILITY, SPECIFIC ATTRIBUTES OR OTHER INFORMATION REGARDING THE GOODS. Buyer acknowledges that lumber and other product dimension descriptions are made consistent with industry standards and do not necessarily represent exact or accurate dimensions. For example, lumber commonly called "2x4" is actually 1.5 inches deep by 3.5 inches wide.

12. Buyer's Remedies/Limitation of Liability: (a) Buyer's sole and exclusive remedy and the limit of Seller's liability for goods or services proven to be other than warranted, whether based upon breach of warranty, negligence, strict liability, tort, breach of contract or any other legal theory, shall be, at Seller's option, (i) replacement of the goods or services, without charge, carriage paid to Buyer's facility; or (ii) refund of the purchase price paid in respect of such goods or services, plus commercially reasonable charges in connection with the return or disposition of goods. To effect this sole and exclusive remedy, Buyer must make any claim (whether sounding in contract or tort) within 12 months of the date of shipment of the goods or performance of the services, and any such claim not made within such 12-month period is irrevocably waived. (b) Seller's sole liability with respect to the goods and services, for any and all loss or damage to Buyer, or any other loss, damage, expense or claim, resulting from any cause whatsoever (whether based on damaged or defective goods, irrespective of whether such damages or defects are discoverable or latent, or Seller's limited warranty and limit of its essential purpose, or any other reason), and whether based upon breach of warranty, negligence, strict liability, tort, breach of contract or any other theory, will not exceed the aggregate purchase price of the particular goods and services with respect to which losses, damages, expenses or costs are claimed. Seller has no liability to any person other than Buyer by virtue of the sale of the goods, provision or services, or any other matters contemplated by this Agreement and Buyer will add Seller as a party protected by Buyer's warranty and limit of liability provisions in Buyer's terms of sale. The limitation of liability set forth in this paragraph shall survive termination or cancellation of this Agreement. For the avoidance of doubt, Seller is not liable for any damages whatsoever whether direct or indirect resulting from any delay in delivery of the goods or failure to deliver the goods in a reasonable time – whether or not such delay or failure is caused by Seller. (c) THE FOREGOING IS THE ENTIRE OBLIGATION OF SELLER. SELLER IS NOT LIABLE FOR ANY CONSEQUENTIAL, SPECIAL, INCIDENTAL, INDIRECT OR PUNITIVE DAMAGES TO ANY PERSON, WHETHER BASED UPON BREACH OF WARRANTY, NEGLIGENCE, STRICT LIABILITY, TORT, BREACH OF CONTRACT OR ANY OTHER THEORY, REGARDLESS OF WHETHER THE REPLACEMENT OR REFUND REMEDY SET FORTH ABOVE FAILS OF ITS ESSENTIAL PURPOSE OR FOR ANY OTHER REASON WHATSOEVER. Seller shall not be liable for any damages attributable to product abuse, misuse, neglect or any other cause, which is not the fault of Seller.

13. (a) Buyer agrees to indemnify and hold harmless Seller from and against any and all claims, demands, actions, causes of action, costs and expenses arising out of or in connection with, in whole or in part, any act(s) or omission(s), negligent or otherwise, of Buyer, or any of Buyer's agents, servants, employees, subcontractors or customers, including but not limited to: (i) claims of personal injury, including death, to any person or persons (whether third parties or agents, servants or employees of Buyer or Seller); (ii) claims of loss of any property, real or personal (whether belonging to Seller, Buyer or to a third party); and (iii) any and all other damages recognized at law or in equity under any theory whatsoever. (b) This indemnity includes, but is not limited to, any reasonable attorney's fees or other reasonable legal fees incurred by Seller and associated with the foregoing.(c) This indemnity provision is a material term to the Agreement. Buyer's duty to indemnify is a condition to the sale of any goods from Seller to Buyer. Buyer has read the indemnity provision in its entirety, understands each and every part of the provision and acknowledges that there is no ambiguity concerning Buyer's duty to indemnify.(d) In the event that the applicable law prohibits enforcement of this clause as written, then and only then, this clause will be modified to provide the maximum indemnification to Seller, as indemnitee, allowable under that applicable law.

14. Export Sales. Buyer represents and warrants that it has complied and will comply with all applicable laws, rules and regulations pertaining to the export, import and movement of the goods sold hereunder. All drawbacks of duties paid on items used in the manufacture of the goods delivered hereunder will accrue to the Seller, and Buyer agrees to furnish the Seller with all documents and cooperation necessary to obtain payment of such drawbacks.

15. This Agreement shall be governed by and construed according to the laws of the state wherein the Seller branch supplying the goods hereunder is situated. Any action brought upon, or by reason of, this Agreement shall be brought, in Seller's sole discretion, either in a court with jurisdiction over the county in which the Seller branch is located, in a court with jurisdiction over the county in which the project for which the goods are to be used is located, or in a Court or before an arbitration panel where an action between Seller and a third party is pending which concerns the subject matter of this Agreement. Buyer agrees that, in the event any action is brought upon, or due to, this Agreement by either Buyer or Seller, and Seller prevails, Buyer shall pay Seller's reasonable attorney's fees and other costs incurred because of or in connection with such action, in the maximum amount permitted by law.

16. Waiver by Seller of any terms or conditions of this contract or waiver of any breach hereof shall not be construed as a waiver of any other term, condition, or breach. Determination that any provision of this Agreement is illegal or invalid shall not affect the validity or enforceability of the remaining provisions of this Agreement.

17. Returns must be made in accordance with Seller's return policy. A copy of this policy is available upon request.

18. The purchase of goods or services shall not entitle Buyer to use, or otherwise identify Buyer or its business with the name, trademark or other identity of the Seller. Should Buyer violate this provision, Seller reserves all remedies provided for by law or in equity, including, without limitation, injunctive relief. Except with respect to goods manufactured by Seller, Buyer shall indemnify and hold harmless Seller against all loss, damages, costs and expenses awarded against or incurred by Seller in connection with or paid or agreed to be paid, by Seller in settlement of any claim for infringement of any patents, copyright, design, trademark or any other industrial or intellectual property rights of any other person or entity with respect to the goods sold by Seller to Buyer hereunder.

19. T/D symbols printed on the front of any Seller warehouse picking/delivery ticket, invoice, or statement represents the tax and discount status of individual items. The following is a description of each symbol or combination of symbols:

/ = Taxable regardless of the order's tax status
+ = Nontaxable regardless of the order's tax status
– = Non-discountable regardless of the order's terms
+ = Taxable and no discountable regardless of the order's tax status and terms
+ = Nontaxable and no discountable regardless of the order's tax status and terms
\ = Nontaxable and no discountable regardless of the order's tax status and terms

If the item is taxable, and discountable based on the order's tax status and terms, no symbol will print.

# EXHIBIT 3

# ABC Supply Co. inc.

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

ABC SUPPLY CO., INC. ('ABC') IS A DISTRIBUTOR AND MAKES NO PRODUCT AND MAKES ABSOLUTELY NO EXPRESS AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
SHOP ACCOUNT
235 HICKORY LANE UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 09/30/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L10814750924 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 41.55 | 41.55 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | SUBTOTAL | 41.55 |
|---|---|---|

| SUBTOTAL AMOUNT | + | FREIGHT | + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|---|---|
| 41.55 | | | | | | 41.55 |

www.abcsupply.com



**INVOICE**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

ABC SUPPLY CO. INC ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC EXPRESSLY DISCLAIMS ALL EXPRESS AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|---|---|
| | | | | | 09/30/24 | | 1 of 1 |
| **INVOICE NO.** | **CUSTOMER ORDER NO.** | **SHIP VIA** | **MAIN ACCOUNT NO.** | **CUSTOMER NO.** | **TERMS** | | **SALES REP** |
| L11270470924 | | | | | LATE CHARGE | | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 241.38 | 241.38 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | | SUBTOTAL | 241.38 |
|---|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 241.38 | | | | 241.38 |

www.abcsupply.com



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

## INVOICE

ABC SUPPLY CO, INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC EXPRESSLY DISCLAIMS ALL EXPRESS AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/IMPRESA,HUDACSKO RES
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 09/30/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11270880924 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 50.13 | 50.13 |

# THANK YOU FOR CHOOSING ABC SUPPLY!

## ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | SUBTOTAL | 50.13 |
|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|
| 50.13 | | | 50.13 |



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

**INVOICE**

(608)368-2562

ABC SUPPLY CO. INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT
WARRANTIES. ABC EXPRESSLY DISCLAIMS ANY AND MAKES NO PRODUCT
INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF
MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made
solely pursuant to ABC's terms and conditions of sale, which can be accessed at
https://www.abcsupply.com/terms-of-sale and are available upon request from your local
branch. Note: ABC's terms contain indemnification provisions and warranty limitations and
damage disclaimers that are binding upon Buyer. All other terms and conditions are
expressly rejected. By accepting the below materials, you agree to ABC's terms and
conditions. ABC represents that with respect to the production of the articles and/or the
performance of the services covered by this invoice, has fully complied with section 12(A)of
the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment
charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information
from your check to make a one-time electronic fund transfer (EFT) from your account or to
process the payment as a check transaction. For inquiries, please call the number provided
on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/257 KATHERYN
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | | |
|---|---|---|---|
| | | INVOICE DATE | 09/30/24 |
| | | SHIP DATE | |
| | | PAGE | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11330100924 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 204.15 | 204.15 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | SUBTOTAL | 204.15 |
|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 204.15 | | | | 204.15 |

www.abcsupply.com

OCN-L-002839-24   10/30/2024 6:57:30 PM   Pg 6 of 35   Trans ID: LCV20242843040

Case 24-15203-MBK   Doc 48-2   Filed 12/18/24   Entered 12/18/24 12:21:23   Desc
Exhibit /Exhibits to Declaration of Scott H. Bernstein   Page 69 of 144



**INVOICE**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES AND SPECIFICALLY DISCLAIMS ALL EXPRESS AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

**SHIP TO:**

COASTAL CONSTRUCTION GRP
SHOP ACCOUNT
235 HICKORY LANE UNIT B
BAYVILLE NJ 08721 2114

| | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|
| | | | 08/31/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L10814750824 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 41.55 | 41.55 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | SUBTOTAL | 41.55 |
|---|---|---|---|

| SUBTOTAL AMOUNT | + | FREIGHT | + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|---|---|
| 41.55 | | | | | | 41.55 |

www.abcsupply.com



**INVOICE**

ABC SUPPLY CO, INC ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC EXPRESSLY DISCLAIMS ALL AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|---|
| | | | | 08/31/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11270470824 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 241.38 | 241.38 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | SUBTOTAL | 241.38 |
|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 241.38 | | | | 241.38 |

www.abcsupply.com

**ABC Supply Co. inc.**

**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES OF ANY KIND AND EXPRESSLY DISCLAIMS ALL OTHER WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/IMPRESA,HUDACSKO RES
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 08/31/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11270880824 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 50.13 | 50.13 |

# THANK YOU FOR CHOOSING ABC SUPPLY!

**ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE**

| | | | SUBTOTAL | 50.13 |
|---|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 50.13 | | | | 50.13 |

www.abcsupply.com

OCN-L-002839-24   10/30/2024 6:57:30 PM   Pg 9 of 35   Trans ID: LCV20242843040

Case 24-15203-MBK   Doc 48-2   Filed 12/18/24   Entered 12/18/24 12:21:23   Desc
Exhibit /Exhibits to Declaration of Scott H. Bernstein   Page 72 of 144



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES OF ANY KIND AND DISCLAIMS ALL EXPRESS AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/257 KATHERYN
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 08/31/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11330100824 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 204.15 | 204.15 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | SUBTOTAL | 204.15 |
|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 204.15 | | | | 204.15 |

www.abcsupply.com

OCN-L-002839-24   10/30/2024 6:57:30 PM   Pg 10 of 35   Trans ID: LCV20242843040

Case 24-15203-MBK    Doc 48-2    Filed 12/18/24    Entered 12/18/24 12:21:23    Desc
Exhibit /Exhibits to Declaration of Scott H. Bernstein    Page 73 of 144



**ABC Supply Co. inc.**

**INVOICE**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES OF ANY KIND. ABC EXPRESSLY DISCLAIMS AND MAKES NO WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
SHOP ACCOUNT
235 HICKORY LANE UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 07/31/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L10814750724 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 41.55 | 41.55 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | SUBTOTAL | 41.55 |
|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 41.55 | | | | 41.55 |

www.abcsupply.com

**ABC Supply Co. inc.**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT AND MAKES NO PRODUCT WARRANTIES OF ANY KIND AND MAKES NO WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | | | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | 07/31/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11270470724 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 241.38 | 241.38 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

**ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE**

| | | SUBTOTAL | 241.38 |
|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|
| 241.38 | | | 241.38 |



**INVOICE**

ABC SUPPLY CO. INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT AND MAKES NO EXPRESS WARRANTIES AND EXPRESSLY DISCLAIMS ALL IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/IMPRESA,HUDACSKO RES
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 07/31/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11270880724 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 50.13 | 50.13 |

# THANK YOU FOR CHOOSING ABC SUPPLY!

## ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | | SUBTOTAL | 50.13 |
|---|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 50.13 | | | | 50.13 |

www.abcsupply.com



**INVOICE**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC EXPRESSLY DISCLAIMS ALL WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/257 KATHERYN
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|---|
| | | | | 07/31/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11330100724 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 204.15 | 204.15 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | | SUBTOTAL | 204.15 |
|---|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 204.15 | | | | 204.15 |

**ABC Supply Co. inc.**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

**INVOICE**

(608)368-2562

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
SHOP ACCOUNT
235 HICKORY LANE UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|---|
| | | | | 06/30/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L10814750624 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 41.55 | 41.55 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | SUBTOTAL | 41.55 |
|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|
| 41.55 | | | 41.55 |



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES OF ANY KIND AND EXPRESSLY DISCLAIMS ALL WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

**SHIP TO:**

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

| | | | | | | INVOICE DATE<br>06/30/24 | SHIP DATE | PAGE<br>1 of 1 |
|---|---|---|---|---|---|---|---|---|
| **INVOICE NO.**<br>L11270470624 | **CUSTOMER ORDER NO.** | | **SHIP VIA** | **MAIN ACCOUNT NO.** | **CUSTOMER NO.** | **TERMS**<br>LATE CHARGE | | **SALES REP**<br>JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 241.38 | 241.38 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | | SUBTOTAL | 241.38 |
|---|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 241.38 | | | | 241.38 |

www.abcsupply.com



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT
WARRANTIES, WHETHER EXPRESS OR IMPLIED, AND MAKES NO WARRANTIES
INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF
MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made
solely pursuant to ABC's terms and conditions of sale, which can be accessed at
https://www.abcsupply.com/terms-of-sale and are available upon request from your local
branch. Note: ABC's terms contain indemnification provisions and warranty limitations and
damage disclaimers that are binding upon Buyer. All other terms and conditions are
expressly rejected. By accepting the below materials, you agree to ABC's terms and
conditions. ABC represents that with respect to the production of the articles and/or the
performance of the services covered by this invoice, has fully complied with section 12(A)of
the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment
charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information
from your check to make a one-time electronic fund transfer (EFT) from your account or to
process the payment as a check transaction. For inquiries, please call the number provided
on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/IMPRESA,HUDACSKO RES
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|---|---|
| | | | | | 06/30/24 | | 1 of 1 |
| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | | SALES REP |
| L11270880624 | | | | | LATE CHARGE | | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 50.13 | 50.13 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | SUBTOTAL | 50.13 |
|---|---|---|

| | SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|---|
| | 50.13 | | | | 50.13 |



**INVOICE**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC EXPRESSLY DISCLAIMS AND MAKES NO WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/257 KATHERYN
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|
| | | 06/30/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11330100624 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 204.15 | 204.15 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | | | SUBTOTAL | 204.15 |
|---|---|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 204.15 | | | **204.15** | |

**www.abcsupply.com**



**ABC Supply Co. inc.**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

**INVOICE**

ABC SUPPLY CO., INC. ('ABC') IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC DISCLAIMS AND MAKES NO WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

(608)368-2562

**SOLD TO:**

COASTAL CONSTRUCTION GRP
SHOP ACCOUNT
235 HICKORY LANE UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 05/31/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L10814750524 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 5.16 | 5.16 |

# THANK YOU FOR CHOOSING ABC SUPPLY!

## ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | SUBTOTAL | 5.16 |
|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|
| 5.16 | | | 5.16 |

**www.abcsupply.com**



**ABC Supply Co. inc.**

**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

ABC SUPPLY CO. INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT AND MAKES ABSOLUTELY NO EXPRESS AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | | | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | 05/31/24 | | 1 of 1 |
| INVOICE NO. | CUSTOMER ORDER NO. | | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | | SALES REP |
| L11270470524 | | | | | | LATE CHARGE | | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 241.38 | 241.38 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | SUBTOTAL | 241.38 |
|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 241.38 | | | | 241.38 |



**ABC Supply Co. inc.**

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT AND MAKES ABSOLUTELY NO EXPRESS AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/IMPRESA,HUDACSKO RES
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|---|
| | | | | 05/31/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11270880524 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 50.13 | 50.13 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | | | SUBTOTAL | 50.13 |
|---|---|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 50.13 | | | | 50.13 |

www.abcsupply.com



ABC SUPPLY CO. INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC EXPRESSLY DISCLAIMS ALL WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**INVOICE**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**SOLD TO:**

**SHIP TO:**

COASTAL CONSTRUCTION GRP
JOB/257 KATHERYN
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

| | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|
| | | | 05/31/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11330100524 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 204.15 | 204.15 |

## THANK YOU FOR CHOOSING ABC SUPPLY!
### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | | | SUBTOTAL | 204.15 |
|---|---|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 204.15 | | | **204.15** | |

www.abcsupply.com



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**REGULAR**

**INVOICE**

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC EXPRESSLY DISCLAIMS ALL IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
SHOP ACCOUNT
235 HICKORY LANE UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

DEAN'S OWN HOUSE
818 LAUREL BLVD
LANOKA HARBOR NJ 08734- 0000

| | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|
| | | | 05/13/24 | 05/13/24 | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| 60411258 | 818 LAUREL BLVD | OTG | | | NET 10TH PROX | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| ABC #408 LAKEWOOD | OUR TRUCK GROUND | | | | | |
| | | | | | | |
| 25NTUH58BI | NEWTECH UH58 BELGIAN BRAZILIAN IPE | PC | 15 | 0 | 111.25 | 1,668.75 |
| 25MINTAW08 | NEW TECH SIDING CLIPS AW08 50 SQFT | PC | 3 | 0 | 75.00 | 225.00 |
| | | | | | | |
| | ALL NEW TECH IS SPECIAL ORDER | | | | | |
| | NO RETURNS ACCEPTED | | | | | |
| 31NTUH59BI | NEWTECH UH59 BELGIAN END BRAZIL IPE | PC | 11 | 0 | 38.15 | 419.65 |



NEW GUTTER SUPPLY LOCATION, NOW OPEN!
VISIT US AT: 1343 ROUTE 38 HAINESPORT, NJ 08036

| | | | | SUBTOTAL | 2,313.40 |
|---|---|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX NJ UZ | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 2,313.40 | 35.00 | 77.80 | | **2,426.20** |



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

ABC SUPPLY CO., INC ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC DISCLAIMS ALL EXPRESS AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
SHOP ACCOUNT
235 HICKORY LANE UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | | | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | 04/30/24 | | 1 of 1 |
| **INVOICE NO.** | **CUSTOMER ORDER NO.** | | **SHIP VIA** | **MAIN ACCOUNT NO.** | **CUSTOMER NO.** | **TERMS** | | **SALES REP** |
| L10814750424 | | | | | | LATE CHARGE | | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 5.16 | 5.16 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | | |
|---|---|---|---|
| | | SUBTOTAL | 5.16 |

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|
| 5.16 | | | 5.16 |



**INVOICE**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES OF ITS OWN. ABC EXPRESSLY DISCLAIMS AND MAKES NO PRODUCT INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

**SHIP TO:**

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 04/30/24 | | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11270470424 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 182.08 | 182.08 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

**ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE**

| | SUBTOTAL | 182.08 |
|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 182.08 | | | | 182.08 |



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

ABC SUPPLY CO., INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES AND ABC EXPRESSLY DISCLAIMS ALL IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

**SHIP TO:**

COASTAL CONSTRUCTION GRP
JOB/IMPRESA,HUDACSKO RES
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

| | | | | | INVOICE DATE<br>04/30/24 | SHIP DATE | | PAGE<br>1 of 1 |
|---|---|---|---|---|---|---|---|---|
| INVOICE NO.<br>L11270880424 | CUSTOMER ORDER NO. | | SHIP VIA | MAIN ACCOUNT NO. | | CUSTOMER NO. | TERMS<br>LATE CHARGE | SALES REP<br>JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 50.13 | 50.13 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | | | | SUBTOTAL | 50.13 |
|---|---|---|---|---|---|
| SUBTOTAL AMOUNT +<br>50.13 | FREIGHT +<br> | SALES TAX<br> | TOTAL PAYABLE IN U.S. DOLLARS | | 50.13 |

**REGULAR**

**INVOICE**

**ABC Supply Co. inc.**

**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

ABC SUPPLY CO. INC. ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC HEREBY DISCLAIMS ALL WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

JOB/CRAVO RESIDENCE
10 NATHALIE DR
BAYVILLE NJ 02721- 0000

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 04/17/24 | 12/25/24 | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| 58531081 | 10 NATHALIE DR | CPU | | | END OF MONTH | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| ABC #408 LAKEWOOD | CUSTOMER PICK UP | | | | | |
| | | | | | | |
| 92ALS02924 | 100-1 400CAS 17X52 13\16 | EA | 2 | 0 | 548.71 | 1,097.42 |
| 92ALS03059 | 100-2 HARDWARE PSC PN:1361560 | EA | 2 | 0 | 13.54 | 27.08 |
| 92ALS03162 | 100-3 SCREEN CR145 PN:1345029 | EA | 2 | 0 | 32.38 | 64.76 |
| 92ALS03166 | 200-1 400CAS 17 52 13\16 | EA | 2 | 0 | 548.71 | 1,097.42 |
| 92ALS03187 | 200-2 HARDWARE PSC PN:1361560 | EA | 2 | 0 | 13.54 | 27.08 |
| 92ALS03192 | 200-3 SCREEN CR145 PN:1345029 | EA | 2 | 0 | 32.38 | 64.76 |
| 92ALS03221 | 300-1 400PW 35 15\16X52 13\16 | EA | 2 | 0 | 664.48 | 1,328.96 |

 

**BUILDING HOMES, REBUILDING LIVES**

| | SUBTOTAL | 3,707.48 |
|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX NJ NW | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|
| 3,707.48 | 0.00 | 245.62 | 3,953.10 |



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

ABC SUPPLY CO, INC ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT AND ABC MAKES NO EXPRESS AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

| | | |
|---|---|---|
| **INVOICE DATE** 03/31/24 | **SHIP DATE** | **PAGE** 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| L11270470324 | | | | | LATE CHARGE | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| LATECHG | LATE PAYMENT CHARGE | | | | 138.05 | 138.05 |

## THANK YOU FOR CHOOSING ABC SUPPLY!

### ROOFING • SIDING • WINDOWS • GUTTERS • TOOLS • ACCESSORIES • AND MORE

| | SUBTOTAL | 138.05 |
|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 138.05 | | | | 138.05 |

**REGULAR**



**INVOICE**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

ABC SUPPLY CO, INC ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES AND SPECIFICALLY DISCLAIMS ALL OTHER WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
SHOP ACCOUNT
235 HICKORY LANE UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

1006 LAUREL BLVD
DAN 00000- 0000

| | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|
| | | | 03/22/24 | 03/22/24 | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| 59074114 | 1006 LAUREL | EXP | | | NET 10TH PROX | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| ABC #530 TOMS RIVER | EXPRESS PICK UP | | | | | |
| 31AZRS5418 | AZEK PVC RABBET 5/4X4X18 TRAD | PC | 2 | 0 | 97.75 | 195.50 |

myABCsupply

**SCAN THE QR CODE TO SIGN UP TODAY!**

| | | | | | SUBTOTAL | 195.50 |
|---|---|---|---|---|---|---|

| | SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX NJ NW | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|---|
| | 195.50 | 0.00 | 12.95 | | 208.45 |



**REGULAR**

**INVOICE**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

ABC SUPPLY CO, INC ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC DISCLAIMS ALL EXPRESS AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
SHOP ACCOUNT
235 HICKORY LANE UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

1006 LAUREL
FORKED RIVER 00000- 0000

| | | | |
|---|---|---|---|
| **INVOICE DATE** 03/18/24 | **SHIP DATE** 03/18/24 | **PAGE** 1 of 1 | |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| 58909709 | 1006 LAUREL | CPU | | | NET 10TH PROX | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| ABC #530 TOMS RIVER | CUSTOMER PICK UP | | | | | |
| 38BBC24BWH | BB 24"X50' SM TRIM COIL BRIGHT WHT | EA | 1 | 0 | 127.00 | 127.00 |

**myABCsupply**

**SCAN THE QR CODE TO SIGN UP TODAY!**

| | | | | | SUBTOTAL | 127.00 |
|---|---|---|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX NJ NW | TOTAL PAYABLE IN U.S. DOLLARS | |
|---|---|---|---|---|
| 127.00 | 0.00 | 8.41 | | 135.41 |

www.abcsupply.com



**REGULAR**

**INVOICE**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

ABC SUPPLY CO, INC ("ABC") IS A DISTRIBUTOR AND MAKES NO PRODUCT WARRANTIES. ABC EXPRESSLY DISCLAIMS ALL EXPRESS AND IMPLIED WARRANTIES INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. All sales are made solely pursuant to ABC's terms and conditions of sale, which can be accessed at https://www.abcsupply.com/terms-of-sale and are available upon request from your local branch. Note: ABC's terms contain indemnification provisions and warranty limitations and damage disclaimers that are binding upon Buyer. All other terms and conditions are expressly rejected. By accepting the below materials, you agree to ABC's terms and conditions. ABC represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, has fully complied with section 12(A)of the Fair Labor Standards Act of 1938 as amended.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize ABC either to use this information from your check to make a one-time electronic fund transfer (EFT) from your account or to process the payment as a check transaction. For inquiries, please call the number provided on the invoice.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/IMPRESA,HUDACSKO RES
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

JOB/IMPRESA,HUDACSKO RES
1006 LAUREL BLVD
LANOKA HARBOR NJ 08734- 0000

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 03/12/24 | 03/12/24 | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| 58697542 | 1006 LAUREL BLVD | EXP | | | NET 10TH PROX | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| ABC #408 LAKEWOOD | EXPRESS PICK UP | | | | | |
| 23CTBBCW | CT BRD&BAT S8 12'6" COL WHITE 34137 | PL | 60 | 0 | 22.50 | 1,350.00 |



**RIGHT PRODUCT. RIGHT PLACE. RIGHT TIME.**

**ROOFING | SIDING | WINDOWS | GUTTERS | AND MORE**

| | SUBTOTAL | 1,350.00 |
|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX NJ UZ | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|
| 1,350.00 | 0.00 | 44.73 | **1,394.73** |

www.abcsupply.com

REGULAR



**INVOICE**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

IMPORTANT: **SELLER MAKES NO WARRANTIES. SEE REVERSE SIDE OR ELECTRONIC ATTACHMENT FOR IMPORTANT TERMS AND CONDITIONS. IF THERE IS NO REVERSE SIDE OR ELECTRONIC ATTACHMENT, SELLER WILL FURNISH THE TERMS AND CONDITIONS UPON REQUEST.** This order is subject to the terms and conditions set forth on the reverse side or electronic attachment, and by accepting the below materials, you agree to those terms and conditions.

Seller represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, it has fully complied with section 12(A) of the Fair Labor Standards Act of 1938, as amended.

T/D symbols are described on the reverse side or electronic attachment.

Returns must be made in accordance with ABC's Return Policy. A copy of this policy is available upon request.

LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize us either to use the information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. For inquiries, please call the number provided.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

JOB/CRAVO RESIDENCE
10 NATHALIE DR
BAYVILLE NJ 02721- 0000

| | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|
| | | | 03/06/24 | 03/06/24 | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| 58502480 | 10 NATHALIE DR | OTG | | | END OF MONTH | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| ABC #408 LAKEWOOD | OUR TRUCK GROUND | | | | | |
| | | | | | | |
| 02GASTZ3PG | GAF SG TIMB HDZ PEWTER GRAY    3/S | BD | 15 | 0 | 41.33 | 619.95 |
| 04GAPST | GAF PRO-START STARTER      120.33LF | BD | 1 | 0 | 67.00 | 67.00 |
| 0150070011 | COIL NAIL  1 1/4" COIL NAIL | BX  - | 1 | 0 | 44.00 | 44.00 |
| 11MIRE365 | RESISTO ECONO UNBOXED ICE&WATER 2SQ | RL | 1 | 0 | 72.50 | 72.50 |
| ARV8ML | ALUM ROLL VALLEY 8" MILL | RL  - | 2 | 0 | 30.25 | 60.50 |
| 04GASR2PG | GAF SG S-A-R PEWTER GRAY      25LF | BD | 2 | 0 | 65.50 | 131.00 |



# RIGHT PRODUCT. RIGHT PLACE. RIGHT TIME.

## ROOFING | SIDING | WINDOWS | GUTTERS | AND MORE

| | | | SUBTOTAL | 994.95 |
|---|---|---|---|---|

| | SUBTOTAL AMOUNT  + | FREIGHT  + | SALES TAX NJ NW | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|---|
| | 994.95 | 35.00 | 68.23 | 1,098.18 |

**www.abcsupply.com**

REGULAR



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

IMPORTANT: **SELLER MAKES NO WARRANTIES. SEE REVERSE SIDE OR ELECTRONIC ATTACHMENT FOR IMPORTANT TERMS AND CONDITIONS. IF THERE IS NO REVERSE SIDE OR ELECTRONIC ATTACHMENT, SELLER WILL FURNISH THE TERMS AND CONDITIONS UPON REQUEST.** This order is subject to the terms and conditions set forth on the reverse side or electronic attachment, and by accepting the below materials, you agree to those terms and conditions.

Seller represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, it has fully complied with section 12(A) of the Fair Labor Standards Act of 1938, as amended.

T/D symbols are described on the reverse side or electronic attachment.

Returns must be made in accordance with ABC's Return Policy. A copy of this policy is available upon request.

LATE PAYMENT CHARGE:  All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize us either to use the information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  For inquiries, please call the number provided.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

JOB/CRAVO RESIDENCE
10 NATHALIE DR
BAYVILLE NJ 02721- 0000

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 03/06/24 | 03/06/24 | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| 58523420 | 10 NATHALIE | OTG | | | END OF MONTH | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| ABC #408 LAKEWOOD | OUR TRUCK GROUND | | | | | |
| 31CTRJS418 | CT REST MW J-PCKT SM/SM 5/4"X4"X18' | PC | 30 | 0 | 57.45 | 1,723.50 |



# RIGHT PRODUCT. RIGHT PLACE. RIGHT TIME.

## ROOFING | SIDING | WINDOWS | GUTTERS | AND MORE

| | | | | SUBTOTAL | 1,723.50 |
|---|---|---|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX NJ NW | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|
| 1,723.50 | 0.00 | 114.18 | **1,837.68** |

REGULAR



**INVOICE**

**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

IMPORTANT: **SELLER MAKES NO WARRANTIES. SEE REVERSE SIDE OR ELECTRONIC ATTACHMENT FOR ADDITIONAL TERMS AND CONDITIONS. IF THERE IS NO REVERSE SIDE OR ELECTRONIC ATTACHMENT, SELLER WILL FURNISH THE TERMS AND CONDITIONS UPON REQUEST.** This order is subject to the terms and conditions set forth on the reverse side or electronic attachment, and by accepting the below materials, you agree to those terms and conditions.

Seller represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, it has fully complied with section 12(A) of the Fair Labor Standards Act of 1938, as amended.

T/D symbols are described on the reverse side or electronic attachment.

Returns must be made in accordance with ABC's Return Policy. A copy of this policy is available upon request.

LATE PAYMENT CHARGE:  All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize us either to use the information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  For inquiries, please call the number provided.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/257 KATHERYN
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

JOB/257 KATHERYN
257 KATHERYN ST
LAVALLETTE NJ 08735- 0000

| | | | INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|---|---|---|
| | | | 03/04/24 | 03/04/24 | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| 58337686 | 257 KATHRINE ST | OTG | | | END OF MONTH | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| ABC #408 LAKEWOOD | OUR TRUCK GROUND | | | | | |
| 31MISO4734 | RDI ELEVATION BLACK CABLE RAIL SYS | EA | 1 | 0 | 12,928.75 | 12,928.75 |
| | BLACK RDI CABLE RAIL PER PLANS BY BLDR | | | | | |



# RIGHT PRODUCT. RIGHT PLACE. RIGHT TIME.

## ROOFING | SIDING | WINDOWS | GUTTERS | AND MORE

| | SUBTOTAL | 12,928.75 |
|---|---|---|

| SUBTOTAL AMOUNT + | FREIGHT + | SALES TAX NJ UZ | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|
| 12,928.75 | 50.00 | 429.99 | 13,408.74 |

Case 24-15203-MBK    Doc 48-2   Filed 12/18/24   Entered 12/18/24 12:21:23    Desc
Exhibit /Exhibits to Declaration of Scott H. B..... Page 97 of 144

REGULAR

**ABC Supply Co. inc.**

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**INVOICE**

IMPORTANT: **SELLER MAKES NO WARRANTIES. SEE REVERSE SIDE OR ELECTRONIC ATTACHMENT FOR IMPORTANT TERMS AND CONDITIONS, IF THERE IS NO REVERSE SIDE OR ELECTRONIC ATTACHMENT, SELLER WILL FURNISH THE TERMS AND CONDITIONS UPON REQUEST.** This order is subject to the terms and conditions set forth on the reverse side or electronic attachment, and by accepting the below materials, you agree to those terms and conditions.

Seller represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, it has fully complied with section 12(A) of the Fair Labor Standards Act of 1938, as amended.

T/D symbols are described on the reverse side or electronic attachment.

Returns must be made in accordance with ABC's Return Policy. A copy of this policy is available upon request.

LATE PAYMENT CHARGE:  All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize us either to use the information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  For inquiries, please call the number provided.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

JOB/CRAVO RESIDENCE
10 NATHALIE DR
BAYVILLE NJ 02721- 0000

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 02/21/24 | 02/21/24 | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| 57711230 | 10 NATHALIE | OTG | | | END OF MONTH | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| ABC #408 LAKEWOOD | OUR TRUCK GROUND | | | | | |
| 22RGED4IS | RG ESTATE D4 IRONSTONE      ESTD4 | PL | 408 | 0 | 13.15 | 5,365.20 |
| 26RGOW34IS | RG UNIV WG OSC IRONSTONE  034UWGOCP | PC | 23 | 0 | 25.31 | 582.13 |
| 26RGJ34IS | RG UNIV J-CHAN IRONSTONE 0341MJC | PC | 40 | 0 | 7.33 | 293.20 |
| 26NXSS | NDX VINYL STARTER STRIP     633946 | PC | 21 | 0 | 8.25 | 173.25 |
| 34NXT4BPWH | NDX T4 BUILDER SOF PERF WHT  646632 | PL | 30 | 0 | 14.20 | 426.00 |
| 34NXT4BSWH | NDX T4 BUILDER SOF SOL WHT  646602 | PL | 4 | 0 | 14.20 | 56.80 |
| AJ12TWH | ALUM J-CHAN 1/2" WHITE | PC | 30 | 0 | 9.50 | 285.00 |
| 38BBC24LWH | BB 24"X50' SM TRIM COIL LOMAR WHITE | RL | 8 | 0 | 112.00 | 896.00 |
| 37CNTS4WH1 | CLENDEN SS TRIM NL 1-1/4" WHITE  1# | BX  - | 2 | 0 | 12.00 | 24.00 |
| 0150080023 | NAIL 1-1/2" EG ROOF 50#/BX | BX  - | 1 | 0 | 89.00 | 89.00 |
| 31CTRJS418 | CT REST MW J-PCKT SM/SM 5/4"X4"X18' | PC | 1 | 0 | 57.45 | 57.45 |
| 15MISPREE7 | STARBORN PRO PLUG 2.75 RS EPX 750LF | BX | 1 | 0 | 304.25 | 304.25 |
| 49MICRHV8 | CHRISTY'S RED HOT VINYL WHT 8OZ TB | TB  - | 2 | 0 | 22.00 | 44.00 |

**EARN REWARDS EASIER WITH**
**myABCsupply**
Register now to make getting rewards dollars fast and easy.
▶▶ DOWNLOAD THE ABC APP

| | SUBTOTAL | 8,596.28 |
|---|---|---|

| SUBTOTAL AMOUNT  + | FREIGHT  + | SALES TAX NJ NW | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|
| 8,596.28 | 35.00 | 571.82 | 9,203.10 |

www.abcsupply.com



**INVOICE**

REGULAR

**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

IMPORTANT: SELLER MAKES NO WARRANTIES. SEE REVERSE SIDE OR ELECTRONIC ATTACHMENT FOR IMPORTANT TERMS AND CONDITIONS. IF THERE IS NO REVERSE SIDE OR ELECTRONIC ATTACHMENT, SELLER WILL FURNISH THE TERMS AND CONDITIONS UPON REQUEST. This order is subject to the terms and conditions set forth on the reverse side or electronic attachment, and by accepting the below materials, you agree to those terms and conditions.

Seller represents that with respect to the production of the articles and/or the performance of the services covered by this invoice, it has fully complied with section 12(A) of the Fair Labor Standards Act of 1938, as amended.

T/D symbols are described on the reverse side or electronic attachment.

Returns must be made in accordance with ABC's Return Policy. A copy of this policy is available upon request.

LATE PAYMENT CHARGE:  All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law.

When you provide a check as payment, you authorize us either to use the information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  For inquiries, please call the number provided.

**SOLD TO:**

COASTAL CONSTRUCTION GRP
JOB/IMPRESA,HUDACSKO RES
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**SHIP TO:**

JOB/IMPRESA,HUDACSKO RES
1006 LAUREL BLVD
LANOKA HARBOR NJ 08734- 0000

| INVOICE DATE | SHIP DATE | PAGE |
|---|---|---|
| 02/09/24 | 02/09/24 | 1 of 1 |

| INVOICE NO. | CUSTOMER ORDER NO. | SHIP VIA | MAIN ACCOUNT NO. | CUSTOMER NO. | TERMS | SALES REP |
|---|---|---|---|---|---|---|
| 57590987 | SIDING | OTG | | | NET 10TH PROX | JG018991 |

| ITEM NUMBER | ITEM DESCRIPTION | U/M T/D | QUANTITY SHIPPED | QUANTITY BACKORD | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| ABC #408 LAKEWOOD | OUR TRUCK GROUND | | | | | |
| | | | | | | |
| 21CTMD5PBP | CT MAINSTREET D5 PACIFIC BLUE 39122 | PL | 260 | 0 | 14.45 | 3,757.00 |
| 34CTV12PCW | CT VALUE SOFF T4 VENT COL WHT 49224 | PL | 32 | 0 | 14.25 | 456.00 |
| 34CTT2SCW | CT BEAD SOFF T2 SOL  C WHITE  46209 | PL | 80 | 0 | 17.50 | 1,400.00 |
| 26CTJ34MPB | CT J-CHAN 3/4" MATTE PAC BLUE 50303 | PC | 24 | 0 | 7.40 | 177.60 |
| 26CTO34WPB | CT 3/4" OCP WG 10' PACIFIC BL 51401 | PC | 8 | 0 | 23.45 | 187.60 |
| 26CTJ34MCW | CT J-CHAN 3/4" MATTE C WHITE  50303 | PC | 24 | 0 | 7.40 | 177.60 |
| AJ12TWH | ALUM J-CHAN 1/2" WHITE | PC | 24 | 0 | 10.05 | 241.20 |
| 26NXSS | NDX VINYL STARTER STRIP      633946 | PC | 16 | 0 | 9.00 | 144.00 |
| 38BBC24LWH | BB 24"X50' SM TRIM COIL LOMAR WHITE | RL | 5 | 0 | 118.00 | 590.00 |
| 29MIDLHP3 | DRYLINE HP HOUSEWRAP 3'X150' | RL | 6 | 0 | 78.00 | 468.00 |
| 0150080025 | NAIL 2"   EG ROOF 50#/BX | BX  - | 1 | 0 | 93.00 | 93.00 |
| 11WGVP6 | WR GRACE VYCOR PLUS  6"X75' | RL | 6 | 0 | 44.50 | 267.00 |

ABC Supply Co. inc.   Make-A-Wish   delivering hope   when wish kids need it most

| | | SUBTOTAL | 7,959.00 |
|---|---|---|---|

| SUBTOTAL AMOUNT  + | FREIGHT   + | SALES TAX NJ UZ | TOTAL PAYABLE IN U.S. DOLLARS |
|---|---|---|---|
| 7,959.00 | 35.00 | 264.84 | 8,258.84 |

# EXHIBIT 4

# STATEMENT



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

| MAIN ACCOUNT NO. | CUSTOMER NO. |
|---|---|
| ▮ | ▮ |
| **DATE** | **PAGE** |
| 09/30/24 | 1 of 1 |

| AMOUNT DUE ▶ | 2,946.58 |
|---|---|

**PLEASE SHOW AMOUNT PAID**

---

COASTAL CONSTRUCTION GRP
SHOP ACCOUNT
235 HICKORY LANE UNIT B
BAYVILLE NJ 08721 2114

| | DATE | PAGE |
|---|---|---|
| | 09/30/24 | 1 of 1 |
| MAIN ACCT NO. | ▮ | |
| CUST NO. | ▮ | |

COASTAL CONSTRUCTION GRP
SHOP ACCOUNT
235 HICKORY LANE UNIT B
BAYVILLE NJ 08721 2114

↓ PLEASE IDENTIFY ITEMS PAID

**PAYMENTS RECEIVED THIS MONTH**

0.00

| DATE | TYPE | REF# | DUE | P.O. # | AMOUNT |
|---|---|---|---|---|---|
| 03/18/24 | INV | 58909709 | 04/10/24 | 1006 LAUREL | 135.41 |
| 03/22/24 | INV | 59074114 | 04/10/24 | 1006 LAUREL | 208.45 |
| 04/30/24 | SVC | LATECHG | | | 5.16 |
| 05/13/24 | INV | 60411258 | 06/10/24 | 818 LAUREL BLVD | 2,426.20 |
| 05/31/24 | SVC | LATECHG | | | 5.16 |
| 06/30/24 | SVC | LATECHG | | | 41.55 |
| 07/31/24 | SVC | LATECHG | | | 41.55 |
| 08/31/24 | SVC | LATECHG | | | 41.55 |
| 09/30/24 | SVC | LATECHG | | | 41.55 |

2,946.58   AMOUNT DUE

| DATE | ✓ | REFERENCE NO. |
|---|---|---|
| 03/18/24 | | INV 58909709 |
| 03/22/24 | | INV 59074114 |
| 04/30/24 | | SVC LATECHG |
| 05/13/24 | | INV 60411258 |
| 05/31/24 | | SVC LATECHG |
| 06/30/24 | | SVC LATECHG |
| 07/31/24 | | SVC LATECHG |
| 08/31/24 | | SVC LATECHG |
| 09/30/24 | | SVC LATECHG |





| CURRENT | 1 - 30 DAYS | 31 - 60 DAYS | 61 DAYS & OVER | ACCOUNT TOTAL |
|---|---|---|---|---|
| 41.55 | 0.00 | 41.55 | 2,863.48 | 2,946.58 |

**PLEASE DETACH AT PERFORATION AND REMIT THIS PORTION TO:**

ABC SUPPLY 408
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**TYPE KEY:**

| | | |
|---|---|---|
| INV = INVOICE | NSF = NON-SUFFICIENT FUNDS | PRD = PRODUCT DISPUTE |
| C/M = CREDIT MEMO | CTT = CREDIT TAKEN TWICE | PRI = PRICING DISPUTE |
| ADJ = ADJUSTMENT | DNE = DISCOUNT NOT EARNED | QTY = QUANTITY DISPUTE |
| SVC = SERVICE CHARGE | FGT = FREIGHT CHARGE DISPUTE | RST = RESTOCK CHARGE DISPUTE |
| PMT = PAYMENT POSTED | MFG = MANUFACTURER CREDIT | TAX = TAX CODE DISPUTE |
| POA = PAYMENT ON ACCOUNT | PPY = PROPERTY DAMAGE | |

## STATEMENT



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

## STATEMENT

| MAIN ACCOUNT NO. | CUSTOMER NO. |
|---|---|
| ▮ | ▮ |

| DATE | PAGE |
|---|---|
| 09/30/24 | 1 of 1 |

| AMOUNT DUE ▶ | 14,630.62 |
|---|---|

PLEASE SHOW
AMOUNT
PAID

---

COASTAL CONSTRUCTION GRP
JOB/257 KATHERYN
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

| DATE | PAGE |
|---|---|
| 09/30/24 | 1 of 1 |
| MAIN ACCT NO. | ▮ |
| CUST NO. | ▮ |

COASTAL CONSTRUCTION GRP
JOB/257 KATHERYN
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

PLEASE IDENTIFY ITEMS PAID

| DATE | ✓ | REFERENCE NO. |
|---|---|---|

**PAYMENTS RECEIVED THIS MONTH**

0.00

| DATE | TYPE | REF# | DUE | P.O. # | AMOUNT |
|---|---|---|---|---|---|
| 03/04/24 | INV | 58337686 | 04/28/24 | 257 KATHRINE ST | 13,408.74 |
| 05/10/24 | POA | PMT 0509 | | | (13,398.87) |
| 04/30/24 | ADJ | NSF CHK | | | 13,600.00 |
| 05/31/24 | SVC | LATECHG | | | 204.15 |
| 06/30/24 | SVC | LATECHG | | | 204.15 |
| 07/31/24 | SVC | LATECHG | | | 204.15 |
| 08/31/24 | SVC | LATECHG | | | 204.15 |
| 09/30/24 | SVC | LATECHG | | | 204.15 |

14,630.62    AMOUNT DUE

| DATE | | REFERENCE NO. |
|---|---|---|
| 03/04/24 | INV | 58337686 |
| 05/10/24 | POA | PMT 0509 |
| 04/30/24 | ADJ | NSF CHK |
| 05/31/24 | SVC | LATECHG |
| 06/30/24 | SVC | LATECHG |
| 07/31/24 | SVC | LATECHG |
| 08/31/24 | SVC | LATECHG |
| 09/30/24 | SVC | LATECHG |

  

| CURRENT | 1 - 30 DAYS | 31 - 60 DAYS | 61 DAYS & OVER | ACCOUNT TOTAL |
|---|---|---|---|---|
| 204.15 | 0.00 | 204.15 | 14,222.32 | 14,630.62 |

PLEASE DETACH AT PERFORATION
AND REMIT THIS PORTION TO:

ABC SUPPLY 408
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**TYPE KEY:**
INV = INVOICE
C/M = CREDIT MEMO
ADJ = ADJUSTMENT
SVC = SERVICE CHARGE
PMT = PAYMENT POSTED
POA = PAYMENT ON ACCOUNT

NSF = NON-SUFFICIENT FUNDS
CTT = CREDIT TAKEN TWICE
DNE = DISCOUNT NOT EARNED
FGT = FREIGHT CHARGE DISPUTE
MFG = MANUFACTURER CREDIT
PPY = PROPERTY DAMAGE

PRD = PRODUCT DISPUTE
PRI = PRICING DISPUTE
QTY = QUANTITY DISPUTE
RST = RESTOCK CHARGE DISPUTE
TAX = TAX CODE DISPUTE

**STATEMENT**



**REMIT TO:**

ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

**STATEMENT**

| MAIN ACCOUNT NO. | CUSTOMER NO. |
|---|---|
| ▮▮▮ | ▮▮▮ |
| DATE | PAGE |
| 09/30/24 | 1 of 1 |

| AMOUNT DUE ▶ | 3,642.78 |
|---|---|

PLEASE SHOW
AMOUNT
PAID

---

COASTAL CONSTRUCTION GRP
JOB/IMPRESA,HUDACSKO RES
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

| | DATE | PAGE |
|---|---|---|
| | 09/30/24 | 1 of 1 |
| MAIN ACCT NO. | ▮▮▮ | |
| CUST NO. | ▮▮▮ | |

COASTAL CONSTRUCTION GRP
JOB/IMPRESA,HUDACSKO RES
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

**PLEASE IDENTIFY ITEMS PAID**

| DATE | ✓ | REFERENCE NO. |
|---|---|---|

**PAYMENTS RECEIVED THIS MONTH**

0.00

| DATE | TYPE | REF# | DUE | P.O. # | AMOUNT |
|---|---|---|---|---|---|
| 02/09/24 | INV | 57590987 | 03/10/24 | SIDING | 8,258.84 |
| 03/12/24 | INV | 58697542 | 04/10/24 | 1006 LAUREL BLVD | 1,394.73 |
| 04/26/24 | POA | PMT 0425 | | | (6,311.57) |
| 04/30/24 | SVC | LATECHG | | | 50.13 |
| 05/31/24 | SVC | LATECHG | | | 50.13 |
| 06/30/24 | SVC | LATECHG | | | 50.13 |
| 07/31/24 | SVC | LATECHG | | | 50.13 |
| 08/31/24 | SVC | LATECHG | | | 50.13 |
| 09/30/24 | SVC | LATECHG | | | 50.13 |

**3,642.78   AMOUNT DUE**

| DATE | | REFERENCE NO. |
|---|---|---|
| 02/09/24 | INV | 57590987 |
| 03/12/24 | INV | 58697542 |
| 04/26/24 | POA | PMT 0425 |
| 04/30/24 | SVC | LATECHG |
| 05/31/24 | SVC | LATECHG |
| 06/30/24 | SVC | LATECHG |
| 07/31/24 | SVC | LATECHG |
| 08/31/24 | SVC | LATECHG |
| 09/30/24 | SVC | LATECHG |

  

| CURRENT | 1 - 30 DAYS | 31 - 60 DAYS | 61 DAYS & OVER | ACCOUNT TOTAL |
|---|---|---|---|---|
| 50.13 | 0.00 | 50.13 | 3,542.52 | 3,642.78 |

**PLEASE DETACH AT PERFORATION
AND REMIT THIS PORTION TO:**

ABC SUPPLY 408
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

TYPE KEY:
INV = INVOICE
C/M = CREDIT MEMO
ADJ = ADJUSTMENT
SVC = SERVICE CHARGE
PMT = PAYMENT POSTED
POA = PAYMENT ON ACCOUNT

NSF = NON-SUFFICIENT FUNDS
CTT = CREDIT TAKEN TWICE
DNE = DISCOUNT NOT EARNED
FGT = FREIGHT CHARGE DISPUTE
MFG = MANUFACTURER CREDIT
PPY = PROPERTY DAMAGE

PRD = PRODUCT DISPUTE
PRI = PRICING DISPUTE
QTY = QUANTITY DISPUTE
RST = RESTOCK CHARGE DISPUTE
TAX = TAX CODE DISPUTE

**STATEMENT**



**REMIT TO:**
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

| MAIN ACCOUNT NO. | CUSTOMER NO. |
|---|---|
| ███████ | ███████ |
| **DATE** | **PAGE** |
| 09/30/24 | 1 of 1 |

| AMOUNT DUE ▶ | 17,619.09 |
|---|---|

PLEASE SHOW
AMOUNT
PAID

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

| | DATE | PAGE |
|---|---|---|
| | 09/30/24 | 1 of 1 |
| MAIN ACCT NO. | ███████ | |
| CUST NO. | ███████ | |

COASTAL CONSTRUCTION GRP
JOB/CRAVO RESIDENCE
235 HICKORY LANE, UNIT B
BAYVILLE NJ 08721 2114

↓ PLEASE IDENTIFY ITEMS PAID

PAYMENTS RECEIVED THIS MONTH                               0.00

| DATE | TYPE | REF# | DUE | P.O. # | AMOUNT |
|---|---|---|---|---|---|
| 02/21/24 | INV | 57711230 | 03/28/24 | 10 NATHALIE | 9,203.10 |
| 03/06/24 | INV | 58502480 | 04/28/24 | 10 NATHALIE DR | 1,098.18 |
| 03/06/24 | INV | 58523420 | 04/28/24 | 10 NATHALIE | 1,837.68 |
| 03/31/24 | SVC | LATECHG | | | 138.05 |
| 04/17/24 | INV | 58531081 | 05/28/24 | 10 NATHALIE DR | 3,953.10 |
| 04/30/24 | SVC | LATECHG | | | 182.08 |
| 05/31/24 | SVC | LATECHG | | | 241.38 |
| 06/30/24 | SVC | LATECHG | | | 241.38 |
| 07/31/24 | SVC | LATECHG | | | 241.38 |
| 08/31/24 | SVC | LATECHG | | | 241.38 |
| 09/30/24 | SVC | LATECHG | | | 241.38 |

17,619.09   AMOUNT DUE

| DATE | ✓ | REFERENCE NO. |
|---|---|---|
| 02/21/24 | | INV 57711230 |
| 03/06/24 | | INV 58502480 |
| 03/06/24 | | INV 58523420 |
| 03/31/24 | | SVC LATECHG |
| 04/17/24 | | INV 58531081 |
| 04/30/24 | | SVC LATECHG |
| 05/31/24 | | SVC LATECHG |
| 06/30/24 | | SVC LATECHG |
| 07/31/24 | | SVC LATECHG |
| 08/31/24 | | SVC LATECHG |
| 09/30/24 | | SVC LATECHG |

  
delivering **hope** when **wish** kids need it most

| CURRENT | 1 - 30 DAYS | 31 - 60 DAYS | 61 DAYS & OVER | ACCOUNT TOTAL |
|---|---|---|---|---|
| 241.38 | 0.00 | 241.38 | 17,136.33 | 17,619.09 |

PLEASE DETACH AT PERFORATION
AND REMIT THIS PORTION TO:

ABC SUPPLY 408
ABC SUPPLY CO - MBA #737
PO BOX 415636
BOSTON MA 02241- 5636

(608)368-2562

TYPE KEY:
INV = INVOICE
C/M = CREDIT MEMO
ADJ = ADJUSTMENT
SVC = SERVICE CHARGE
PMT = PAYMENT POSTED
POA = PAYMENT ON ACCOUNT

NSF = NON-SUFFICIENT FUNDS
CTT = CREDIT TAKEN TWICE
DNE = DISCOUNT NOT EARNED
FGT = FREIGHT CHARGE DISPUTE
MFG = MANUFACTURER CREDIT
PPY = PROPERTY DAMAGE

PRD = PRODUCT DISPUTE
PRI = PRICING DISPUTE
QTY = QUANTITY DISPUTE
RST = RESTOCK CHARGE DISPUTE
TAX = TAX CODE DISPUTE

# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-002839-24

**Case Caption:** AMERICAN BUILDERS &  CONTRACTO  VS RADO DEAN

**Case Initiation Date:** 10/30/2024

**Attorney Name:** SCOTT HOWARD BERNSTEIN

**Firm Name:** SCOTT H. BERNSTEIN, LLC

**Address:** 101 EISENHOWER PKWY STE 300 ROSELAND NJ 07068

**Phone:** 2032462887

**Name of Party:** PLAINTIFF : American Builders & Contractor

**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** BOOK ACCOUNT (DEBT COLLECTION MATTERS ONLY)

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: American Builders & Contractor?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
         **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
         **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/30/2024                                                              /s/ SCOTT HOWARD BERNSTEIN
Dated                                                                           Signed

OCN-L-002839-24   10/30/2024 6:57:30 PM   Pg 2 of 2   Trans ID: LCV20242843040

Case 24-15203-MBK    Doc 48-2    Filed 12/18/24    Entered 12/18/24 12:21:23    Desc
Exhibit /Exhibits to Declaration of Scott H. Bernstein    Page 105 of 144

# **EXHIBIT 5**

Case 24-15203-MBK   Doc 48-2   Filed 12/18/24   Entered 12/18/24 12:21:23   Desc
Exhibit /Exhibits to Declaration of Scott H. Bernstein   Page 107 of 144

SmBus

## U.S. Bankruptcy Court
## District of New Jersey (Trenton)
## Bankruptcy Petition #: 24-15203-MBK

*Date filed:* 05/22/2024
*341 meeting:* 06/20/2024
*Deadline for filing claims:* 07/31/2024
*Deadline for filing claims (govt.):* 11/18/2024

*Assigned to:* Chief Judge Michael B. Kaplan
Chapter 11
Voluntary
Asset

| | |
|---|---|
| ***Debtor***<br>**Coastal Construction Group, LLC**<br>235 Hickory Lane, Unit B<br>Bayville, NJ 08721<br>OCEAN-NJ<br>Tax ID / EIN: 45-1843710 | represented by **Daniel E. Straffi**<br>Straffi & Straffi, LLC<br>670 Commons Way<br>Toms River, NJ 08755<br>732-341-3800<br>Fax : 732-341-3548<br>Email: bkclient@straffilaw.com |
| ***U.S. Trustee***<br>**U.S. Trustee**<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102<br>(973) 645-3014 | represented by **Lauren Bielskie**<br>DOJ-Ust<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102<br>973-645-2939<br>Email: lauren.bielskie@usdoj.gov<br><br>**Margaret Mcgee**<br>DOJ-Ust<br>One Newark Center<br>1085 Raymond Blvd.<br>Ste 21st Floor<br>Newark, NJ 07102<br>973-645-3014<br>Email: maggie.mcgee@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 05/22/2024 | 1 | Chapter 11 Voluntary Petition Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. Chapter 11 Small Business Debtors Exclusive Right to File a Plan Expires on 11/18/2024. Chapter 11 Small Business Plan due by 03/18/2025. (Straffi, Daniel) (Entered: 05/22/2024) |
| 05/22/2024 | | Receipt of filing fee for Voluntary Petition (Chapter 11)( 24-15203) [misc,volp11a] (1738.00) Filing Fee. Receipt number A46789715, fee amount $ 1738.00. (re: Doc#1) (U.S. Treasury) (Entered: 05/22/2024) |
| 05/22/2024 | 2<br>(1 pg) | Statement of Corporate Ownership filed. Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. (Straffi, Daniel) (Entered: 05/22/2024) |

| | | |
|---|---|---|
| 05/22/2024 | 5<br>(2 pgs) | WITHDRAWN - Order to Show Cause Why Case Should Not be Dismissed for re: Failure to File Missing Documents. Missing Documents: Balance Sheet, Tax Return, Cash Flow Statement, Statement of Operations . Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 5/22/2024. Hearing scheduled for 6/17/2024 at 11:00 AM at MBK - Courtroom 8, Trenton. (wdr) Modified on 5/23/2024 (llb). (Entered: 05/23/2024) |
| 05/22/2024 | 6<br>(2 pgs) | Order to Show Cause Why Case Should Not be Dismissed for re: Failure to File Missing Documents. Missing Documents: Balance Sheet, Tax Return, Cash Flow Statement, Statement of Operations . Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 5/22/2024. Hearing scheduled for 6/17/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (wdr) (Entered: 05/23/2024) |
| 05/23/2024 | 3<br>(4 pgs; 2 docs) | Meeting of Creditors - Chapter 11. 341(a) meeting to be held on 6/20/2024 at 02:00 PM at Telephonic. Proofs of Claim due by 7/31/2024. Government Proof of Claim due by 11/18/2024. (mrg) (Entered: 05/23/2024) |
| 05/23/2024 | 4<br>(2 pgs) | CHAPTER 11 STATUS CONFERENCE HEARING. (related document:1 Chapter 11 Voluntary Petition Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. Chapter 11 Small Business Debtors Exclusive Right to File a Plan Expires on 11/18/2024. Chapter 11 Small Business Plan due by 03/18/2025. filed by Debtor Coastal Construction Group, LLC). The following parties were served: Debtor, Debtor's Attorney, and US Trustee. Hearing scheduled for 6/20/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (wiq) (Entered: 05/23/2024) |
| 05/23/2024 | | Hearing Withdrawn (related document:5 Order to Show Cause Why Case Should Not be Dismissed for re: Failure to File Missing Documents. Missing Documents: Balance Sheet, Tax Return, Cash Flow Statement, Statement of Operations . Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 5/22/2024. Hearing scheduled for 6/17/2024 at 11:00 AM at MBK - Courtroom 8, Trenton. (wdr)) (llb) (Entered: 05/23/2024) |
| 05/23/2024 | 7<br>(1 pg) | TEXT ORDER: Beginning on February 2, 2023, Judge Kaplan's regular Thursday motion calendar (addressing Chapter 7 & 11 cases) will utilize ZOOM for remote appearances. Parties remain free to request in-person appearances by contacting Chambers and the Court may direct same if, in the Court's discretion, in-person appearances are appropriate. Otherwise, remote appearances will be conducted via ZOOM ONLY. Please find the Zoom link on Judge Kaplan's page on the Court's website: http://www.njb.uscourts.gov/content/honorable-michael-b-kaplan. To appear via Zoom, parties may click on the Zoom link on the website or use a telephone to dial-in using the dial-in information. Please visit Judge Kaplan's page on the Court's website for further information regarding appearances, including the Court's Zoom appearance guidelines. (llb) (Entered: 05/23/2024) |
| 05/25/2024 | 8<br>(4 pgs) | BNC Certificate of Notice - Meeting of Creditors. No. of Notices: 17. Notice Date 05/25/2024. (Admin.) (Entered: 05/26/2024) |

| 05/25/2024 | 9 (2 pgs) | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 05/25/2024. (Admin.) (Entered: 05/26/2024) |
|---|---|---|
| 05/25/2024 | 10 (3 pgs) | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 05/25/2024. (Admin.) (Entered: 05/26/2024) |
| 05/25/2024 | 11 (3 pgs) | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 05/25/2024. (Admin.) (Entered: 05/26/2024) |
| 05/25/2024 | 12 (3 pgs) | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 05/25/2024. (Admin.) (Entered: 05/26/2024) |
| 05/27/2024 | 13 (1 pg) | Notice of Appearance and Request for Service of Notice.. (Sharma, Amitkumar) (Entered: 05/27/2024) |
| 05/28/2024 | 14 (1 pg) | Notice of Appearance and Request for Service of Notice filed by Margaret Mcgee on behalf of U.S. Trustee. (Mcgee, Margaret) (Entered: 05/28/2024) |
| 05/29/2024 | 15 (3 pgs) | Notice of Appearance and Request for Service of Notice filed by Michael A. Alfieri on behalf of AVB Investment LLC. (Alfieri, Michael) (Entered: 05/29/2024) |
| 06/05/2024 | 17 (11 pgs; 4 docs) | Application For Retention of Professional Straffi & Straffi, LLC as Debtor's Attorney Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. Objections due by 6/12/2024. (Attachments: # 1 Certification In Support of Application # 2 Proposed Order # 3 Certificate of Service) (Straffi, Daniel) (Entered: 06/05/2024) |
| 06/12/2024 | 18 | Motion Requesting Redaction of Personal Identifiers. Fee Amount $ 28. Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. Hearing scheduled for 7/11/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (Attachments: # 1 Certification In Support of Motion # 2 Proposed Order # 3 Certificate of Service # 4 Redacted Petition) (Straffi, Daniel) (Entered: 06/12/2024) |
| 06/12/2024 | 19 (34 pgs) | Redacted Petition in support of (related document:1 Voluntary Petition (Chapter 11) filed by Debtor Coastal Construction Group, LLC) filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. (Straffi, Daniel) (Entered: 06/12/2024) |
| 06/12/2024 | 20 (1 pg) | Balance Sheet filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. (Straffi, Daniel) (Entered: 06/12/2024) |
| 06/12/2024 | 21 (1 pg) | Cash Flow Statement for Small Business filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. (Straffi, Daniel) (Entered: 06/12/2024) |
| 06/12/2024 | 22 (1 pg) | Statement of Operations for Small Business filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. (Straffi, Daniel) (Entered: 06/12/2024) |
| 06/12/2024 | 23 | Tax Information for the Year 2020 filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. (Straffi, Daniel) (Entered: 06/12/2024) |

| | | |
|---|---|---|
| 06/13/2024 | | Remark. No Documents Missing - All Required Documents Filed (wdr) (Entered: 06/13/2024) |
| 06/13/2024 | | Receipt of filing fee for Motion Requesting Redaction( 24-15203-MBK) [motion,mpi] ( 28.00) Filing Fee. Receipt number A46876759, fee amount $ 28.00. (re: Doc#18) (U.S. Treasury) (Entered: 06/13/2024) |
| 06/13/2024 | 24 (1 pg) | Document re: NOTICED RE TELEPHONIC MEETING §341 (related document:3 Meeting of Creditors Chapter 11) filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. (Straffi, Daniel) (Entered: 06/13/2024) |
| 06/14/2024 | 25 (2 pgs) | Order Granting Application to Employ STRAFFI & STRAFFI, LLC as Counsel to Debtor in Possession (Related Doc # 17). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 6/14/2024. (km) (Entered: 06/14/2024) |
| 06/16/2024 | 26 (3 pgs) | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 06/16/2024. (Admin.) (Entered: 06/17/2024) |
| 06/17/2024 | | Minute of Hearing Held, OUTCOME: Withdrawn (related document: 6 Order to Show Cause Why Case Should Not be Dismissed for re: Failure to File Missing Documents. Missing Documents: Balance Sheet, Tax Return, Cash Flow Statement, Statement of Operations . Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 5/22/2024. Hearing scheduled for 6/17/2024 at 10:00 AM at MBK - Courtroom 8, Trenton.) (km) (Entered: 06/17/2024) |
| 06/20/2024 | | Hearing Rescheduled from 6/20/24 (related document: 4 CHAPTER 11 STATUS CONFERENCE HEARING. (related document:1 Chapter 11 Voluntary Petition Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. Chapter 11 Small Business Debtors Exclusive Right to File a Plan Expires on 11/18/2024. Chapter 11 Small Business Plan due by 03/18/2025. filed by Debtor Coastal Construction Group, LLC). The following parties were served: Debtor, Debtor's Attorney, and US Trustee. Hearing scheduled for 6/20/2024 at 10:00 AM at MBK - Courtroom 8, Trenton.)Hearing scheduled for 09/12/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (km) (Entered: 06/21/2024) |
| 07/11/2024 | | Minute of Hearing Held, OUTCOME: Granted (related document: 18 Motion Requesting Redaction of Personal Identifiers. Fee Amount $ 28. Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. Hearing scheduled for 7/11/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (Attachments: # 1 Certification In Support of Motion # 2 Proposed Order # 3 Certificate of Service # 4 Redacted Petition) Filed by Debtor Coastal Construction Group, LLC) (km) (Entered: 07/11/2024) |
| 07/11/2024 | 27 (34 pgs) | Redacted Documents in support of (related document:1 Chapter 11 Voluntary Petition Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. Chapter 11 Small Business Debtors Exclusive Right to File a Plan Expires on 11/18/2024. Chapter 11 Small Business Plan due by 03/18/2025. filed by Debtor Coastal Construction Group, LLC) filed by Daniel E. Straffi. (km) (Entered: 07/11/2024) |

| 07/11/2024 | 28<br>(2 pgs) | Order Granting Motion Requesting Redaction of Personal Information, (Related Doc # 18). Service of notice of entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 7/11/2024. (dmi) (Entered: 07/11/2024) |
| 07/13/2024 | 29<br>(3 pgs) | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 07/13/2024. (Admin.) (Entered: 07/14/2024) |
| 07/18/2024 | 30<br>(1 pg) | Notice of Appearance and Request for Service of Notice filed by Michael I. Assad on behalf of Stan Rajauski. (Assad, Michael) (Entered: 07/18/2024) |
| 07/19/2024 | 31<br>(15 pgs; 6 docs) | Motion for Relief from Stay. Fee Amount $ 199. Filed by Michael I. Assad on behalf of Stan Rajauski. Hearing scheduled for 8/15/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (Attachments: # 1 Exhibit A # 2 Certification of Counsel in Support # 3 Brief # 4 Proposed Order # 5 Certificate of Service) (Assad, Michael) (Entered: 07/19/2024) |
| 07/19/2024 | | Receipt of filing fee for Motion for Relief From Stay( 24-15203-MBK) [motion,mrlfsty] ( 199.00) Filing Fee. Receipt number A47020010, fee amount $ 199.00. (re: Doc#31) (U.S. Treasury) (Entered: 07/19/2024) |
| 07/26/2024 | 32<br>(1 pg) | Notice of Appearance and Request for Service of Notice filed by George E Veitengruber III on behalf of 245 Hickory Lane, LLC. (Veitengruber, George) (Entered: 07/26/2024) |
| 08/14/2024 | 33<br>(1 pg) | Substitution of Attorney, terminating Michael I. Assad and adding Edward Jacob Gruber for Stan Rajauski. Filed by Edward Jacob Gruber on behalf of Stan Rajauski. (Gruber, Edward) (Entered: 08/14/2024) |
| 08/15/2024 | | Hearing Rescheduled from 8/15/24 (related document: 31 Motion for Relief from Stay. Fee Amount $ 199. Filed by Michael I. Assad on behalf of Stan Rajauski. Hearing scheduled for 8/15/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (Attachments: # 1 Exhibit A # 2 Certification of Counsel in Support # 3 Brief # 4 Proposed Order # 5 Certificate of Service) Filed by Creditor Stan Rajauski)Hearing scheduled for 08/29/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (km) (Entered: 08/16/2024) |
| 08/16/2024 | 34<br>(11 pgs; 6 docs) | Motion for Relief from Stay re: Boxwood Drive, Forked River, NJ (Lot 5,6 &7, Block 354) and Boxwood Drive, Forked River, NJ (Lot 18.01, 19, 20 & 21, Block 353). Fee Amount $ 199. Filed by Michael A. Alfieri on behalf of AVB Investment LLC. Hearing scheduled for 9/12/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (Attachments: # 1 Affidavit # 2 Certification # 3 Certification # 4 Proposed Order # 5 Certificate of Service) (Alfieri, Michael) (Entered: 08/16/2024) |
| 08/16/2024 | | Receipt of filing fee for Motion for Relief From Stay( 24-15203-MBK) [motion,mrlfsty] ( 199.00) Filing Fee. Receipt number A47131339, fee amount $ 199.00. (re: Doc#34) (U.S. Treasury) (Entered: 08/16/2024) |
| 08/16/2024 | 35<br>(3 pgs; 2 docs) | Order Granting Motion For Relief From Stay (Related Doc # 31). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 8/16/2024. (wiq) (Entered: 08/16/2024) |

| | | |
|---|---|---|
| 08/18/2024 | 36<br>(3 pgs) | BNC Certificate of Notice - Order No. of Notices: 2. Notice Date 08/18/2024. (Admin.) (Entered: 08/19/2024) |
| 08/18/2024 | 37<br>(4 pgs) | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 08/18/2024. (Admin.) (Entered: 08/19/2024) |
| 09/12/2024 | | Hearing Rescheduled from 9/12/24 (related document: 4 CHAPTER 11 STATUS CONFERENCE HEARING. (related document:1 Chapter 11 Voluntary Petition Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. Chapter 11 Small Business Debtors Exclusive Right to File a Plan Expires on 11/18/2024. Chapter 11 Small Business Plan due by 03/18/2025. filed by Debtor Coastal Construction Group, LLC). The following parties were served: Debtor, Debtor's Attorney, and US Trustee. Hearing scheduled for 6/20/2024 at 10:00 AM at MBK - Courtroom 8, Trenton.)Hearing scheduled for 10/10/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (km) (Entered: 09/12/2024) |
| 09/12/2024 | | Minute of Hearing Held, OUTCOME: Granted (related document: 34 Motion for Relief from Stay re: Boxwood Drive, Forked River, NJ (Lot 5,6 &7, Block 354) and Boxwood Drive, Forked River, NJ (Lot 18.01, 19, 20 &21, Block 353). Fee Amount $ 199. Filed by Michael A. Alfieri on behalf of AVB Investment LLC. Hearing scheduled for 9/12/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (Attachments: # 1 Affidavit # 2 Certification # 3 Certification # 4 Proposed Order # 5 Certificate of Service) Filed by Creditor AVB Investment LLC) (km) (Entered: 09/12/2024) |
| 09/13/2024 | 38<br>(2 pgs) | Order Granting Motion For Relief From Stay re: Boxwood Drive, Forked River, NJ (Lot 5,6 &7, Block 354) and Boxwood Drive, Forked River, NJ (Lot 18.01, 19, 20 &21, Block 353) (Related Doc # 34). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 9/13/2024. (wiq) (Entered: 09/13/2024) |
| 09/15/2024 | 39<br>(4 pgs) | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 09/15/2024. (Admin.) (Entered: 09/16/2024) |
| 09/26/2024 | 40<br>(1 pg) | Notice of Appearance and Request for Service of Notice filed by Lauren Bielskie on behalf of U.S. Trustee. (Bielskie, Lauren) (Entered: 09/26/2024) |
| 10/10/2024 | | Hearing Rescheduled from 10/10/24 (related document: 4 CHAPTER 11 STATUS CONFERENCE HEARING. (related document:1 Chapter 11 Voluntary Petition Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. Chapter 11 Small Business Debtors Exclusive Right to File a Plan Expires on 11/18/2024. Chapter 11 Small Business Plan due by 03/18/2025. filed by Debtor Coastal Construction Group, LLC). The following parties were served: Debtor, Debtor's Attorney, and US Trustee. Hearing scheduled for 6/20/2024 at 10:00 AM at MBK - Courtroom 8, Trenton.)Hearing scheduled for 11/21/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (km) (Entered: 10/10/2024) |
| 10/11/2024 | 41<br>(11 pgs; 6 docs) | Motion for Relief from Stay re: (1)245 Hickory Lane, P.O. Box 197, Bayville, NJ 08721. Fee Amount $ 199. Filed by George E Veitengruber III on behalf of 245 Hickory Lane, LLC. Hearing scheduled for 11/7/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (Attachments: # 1 Certification # 2 Certificate of Service # 3 Certification # 4 Proposed |

| | | |
|---|---|---|
| | | Order # 7 Statement as to Why No Brief is Necessary) (Veitengruber, George) (Entered: 10/11/2024) |
| 10/11/2024 | | Receipt of filing fee for Motion for Relief From Stay( 24-15203-MBK) [motion,mrlfsty] ( 199.00) Filing Fee. Receipt number A47348780, fee amount $ 199.00. (re: Doc#41) (U.S. Treasury) (Entered: 10/11/2024) |
| 10/16/2024 | 42 (23 pgs; 8 docs) | Motion for Relief from Stay re: 2022 Dodge Commercial 5500 Ram 5500 Chassis & Regular Cab; VIN: 3C7WRNAJ8NG224417. Fee Amount $ 199. Filed by Regina Cohen on behalf of Ally Capital. Hearing scheduled for 11/7/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (Attachments: # 1 Certification In Support of Motion # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Certificate of Service # 7 Statement as to Why No Brief is Necessary) (Cohen, Regina) (Entered: 10/16/2024) |
| 10/16/2024 | | Receipt of filing fee for Motion for Relief From Stay( 24-15203-MBK) [motion,mrlfsty] ( 199.00) Filing Fee. Receipt number A47366044, fee amount $ 199.00. (re: Doc#42) (U.S. Treasury) (Entered: 10/16/2024) |
| 11/07/2024 | | Minute of 11/7/2024; Hearing Held, OUTCOME: Granted (related document: 42 Motion for Relief from Stay re: 2022 Dodge Commercial 5500 Ram 5500 Chassis & Regular Cab; VIN: 3C7WRNAJ8NG224417. Fee Amount $ 199. Filed by Regina Cohen on behalf of Ally Capital. Hearing scheduled for 11/7/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (Attachments: # 1 Certification In Support of Motion # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Certificate of Service # 7 Statement as to Why No Brief is Necessary) Filed by Creditor Ally Capital) (wiq) (Entered: 11/07/2024) |
| 11/07/2024 | | Minute of 11/7/2024; Hearing Held, OUTCOME: Granted (related document: 41 Motion for Relief from Stay re: (1)245 Hickory Lane, P.O. Box 197, Bayville, NJ 08721. Fee Amount $ 199. Filed by George E Veitengruber III on behalf of 245 Hickory Lane, LLC. Hearing scheduled for 11/7/2024 at 10:00 AM at MBK - Courtroom 8, Trenton. (Attachments: # 1 Certification # 2 Certificate of Service # 3 Certification # 4 Proposed Order # 5 Statement as to Why No Brief is Necessary) Filed by Creditor 245 Hickory Lane, LLC) (wiq) (Entered: 11/07/2024) |
| 11/07/2024 | 43 (2 pgs) | Order Granting Motion For Relief From Stay re: 2022 Dodge Commercial 5500 Ram 5500 Chassis & Regular Cab (Related Doc # 42). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 11/7/2024. (wiq) (Entered: 11/07/2024) |
| 11/07/2024 | 44 (2 pgs) | Order Granting Motion For Relief From Stay re: (1)245 Hickory Lane, P.O. Box 197, Bayville, NJ 08721 (Related Doc # 41). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 11/7/2024. (wiq) (Entered: 11/07/2024) |
| 11/09/2024 | 45 (4 pgs) | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 11/09/2024. (Admin.) (Entered: 11/10/2024) |
| 11/09/2024 | 46 (4 pgs) | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 11/09/2024. (Admin.) (Entered: 11/10/2024) |

| 11/21/2024 | 47<br>(28 pgs; 6 docs) | Motion to dismiss case for other reasons re:Voluntary Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. Hearing scheduled for 1/2/2025 at 10:00 AM at MBK - Courtroom 8, Trenton. (Attachments: # 1 Certification In Support of Motion # 2 Exhibit A # 3 Exhibit B # 4 Proposed Order # 5 Certificate of Service) (Straffi, Daniel) (Entered: 11/21/2024) |
| --- | --- | --- |
| 11/21/2024 | | Hearing Rescheduled from 11/21/2024; (related document: 4 CHAPTER 11 STATUS CONFERENCE HEARING. (related document:1 Chapter 11 Voluntary Petition Filed by Daniel E. Straffi on behalf of Coastal Construction Group, LLC. Chapter 11 Small Business Debtors Exclusive Right to File a Plan Expires on 11/18/2024. Chapter 11 Small Business Plan due by 03/18/2025. filed by Debtor Coastal Construction Group, LLC). The following parties were served: Debtor, Debtor's Attorney, and US Trustee. Hearing scheduled for 01/02/2025 at 10:00 AM at MBK - Courtroom 8, Trenton. (wiq) (Entered: 11/21/2024) |

| **PACER Service Center** | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 12/18/2024 10:13:37 | | | |
| **PACER Login:** | scott.bernstein | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 24-15203-MBK Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

# EXHIBIT 6



**User Name:** shb3091260

**Date and Time:** Wednesday, December 18, 2024 11:24:00□AM EST

**Job Number:** 241125785

## Document (1)

1. *In re Just Plumbing & Heating Supply, Inc., 2011 Bankr. LEXIS 4021*

   **Client/Matter:** -None-

   **Search Terms:** 2011 Bankr. LEXIS 4021

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | -None- |

⚠️ Caution

As of: December 18, 2024 4:24 PM Z

# *In re Just Plumbing & Heating Supply, Inc.*

United States Bankruptcy Court for the Southern District of New York

October 18, 2011, Decided

Chapter 11, Case No. 11-10151 (MG)

**Reporter**

2011 Bankr. LEXIS 4021 *; 2011 WL 4962993

In re: JUST PLUMBING & HEATING SUPPLY, INC, Debtor.

**Notice:** NOT FOR PUBLICATION

## Core Terms

convert, liquidation, conversion, protections

## Case Summary

**Procedural Posture**

A debtor filed a motion to dismiss its Chapter 11 case pursuant to *Fed. R. Bankr. P. 1017(a)*. The United States Trustee (UST) opposed the motion, instead requesting that the case be converted to a case under Chapter 7 because the debtor appeared to have substantial assets that could be liquidated for the benefit of the debtor's creditors.

**Overview**

When the debtor filed its Chapter 11 case, it had one secured creditor. During the course of the case, its debt to that creditor was paid in full by the debtor's principal from non-debtor assets. The remaining claims against the debtor included priority tax and general unsecured claims. The debtor offered no justification for dismissal; instead, it simply asserted that it had paid off its only secured creditor and, although it was still experiencing financial difficulty, it would prefer to negotiate payment arrangements with its unsecured creditors outside of the protections of the bankruptcy court. The court held that the debtor's wish to deal with its remaining creditors outside bankruptcy did not justify dismissal of the case where assets were available to satisfy creditor claims, in whole or in part. Although the UST requested conversion to Chapter 7, the court gave the debtor one last chance to move the case forward under Chapter 11. The court indicated that if the debtor was unwilling or

unable to do so, or if a creditor showed no interest in advancing a plan, the court, in its discretion, might sua sponte convert the debtor's case to a case under Chapter 7.

**Outcome**

The debtor's motion was denied. The debtor was directed to file a notice with the court on or before 14 days from the date of the court's order advising whether the debtor intended to move forward expeditiously with its Chapter 11 case, or the case would be converted to a case under Chapter 7.

# LexisNexis® Headnotes

Bankruptcy Law > Claims > Types of Claims > Claim Classification

Bankruptcy Law > Debtor Benefits & Duties > Debtor Duties
Business & Corporate Compliance > Bankruptcy > Debtor Benefits & Duties > Debtor Duties

*HN1*[⬇] **Types of Claims, Claim Classification**

Once a bankruptcy proceeding is started, private "payment arrangements" that could be reached outside of bankruptcy must give way to the Bankruptcy Code's priority and equality of distribution requirements inside bankruptcy, absent creditor consent to different treatment.

Bankruptcy Law > Conversion & Dismissal > Reorganizations
Business & Corporate

Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

**HN2**[⬇] **Conversion & Dismissal, Reorganizations**

Unlike Chapter 12 and 13 debtors, a Chapter 11 debtor does not enjoy an absolute right to a dismissal of its bankruptcy. *11 U.S.C.S. § 1112(b)* permits a court to dismiss a Chapter 11 case or convert it to a case under Chapter 7 "for cause" as long as it is in the best interests of creditors and the estate. Although *§ 1112(b)(4)* provides 16 examples of events that could constitute "cause," the list is not exhaustive, leaving courts the option to consider other factors. Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under *§ 1112(b)*.

Bankruptcy Law > Conversion & Dismissal > Reorganizations
Business & Corporate Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

Evidence > Burdens of Proof > Allocation

Evidence > Burdens of Proof > Burden Shifting

**HN3**[⬇] **Conversion & Dismissal, Reorganizations**

Absent unusual circumstances, after notice and a hearing, a bankruptcy court will dismiss or convert a Chapter 11 case, whichever is in the best interests of creditors and the estate, if a movant establishes cause. *11 U.S.C.S. § 1112(b)(1)*. The moving party has the burden of demonstrating cause for dismissal or conversion. Once the movant has established cause, the burden shifts to the respondent to demonstrate by evidence the unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate.

Bankruptcy Law > Conversion & Dismissal > Reorganizations
Business & Corporate Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

**HN4**[⬇] **Conversion & Dismissal, Reorganizations**

In determining whether dismissal or conversion is in the best interests of creditors and the estate for purposes of *11 U.S.C.S. § 1112(b)*, courts may consider: (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal; (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted; (3) whether the debtor would simply file a further case upon dismissal; (4) the ability of the trustee in a Chapter 7 case to reach assets for the benefit of creditors; (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise; (6) whether any remaining issues would be better resolved outside the bankruptcy forum; (7) whether the estate consists of a single asset; (8) whether the debtor had engaged in misconduct and whether creditors are in need of a Chapter 7 case to protect their interests; (9) whether a plan has been confirmed and whether any property remains in the estate to be administered; and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

Bankruptcy Law > Debtor Benefits & Duties > Debtor Duties
Business & Corporate Compliance > Bankruptcy > Debtor Benefits & Duties > Debtor Duties

Bankruptcy Law > Case Administration > Examiners, Officers & Trustees > United States Trustee

**HN5**[⬇] **Debtor Benefits & Duties, Debtor Duties**

The Bankruptcy Code aims to achieve a proper balance between the respective rights of creditors and of debtors. In filing its voluntary petition for relief, a debtor obtains the protections of Chapter 11, but on condition of its acceptance of the restrictions and limitation of the bankruptcy process. Among the goals of the bankruptcy process is maximization of distribution to creditors. In working to achieve this goal, the debtor is a trustee for the benefit of all creditors. The debtor's performance as a trustee is further subject to circumspection: by creditors, by the Office of the United States Trustee, and by the court.

Bankruptcy Law > Liquidations > General Overview

Bankruptcy Law > Reorganizations > General Overview

HN6[↓]  Bankruptcy Law, Liquidations

A debtor can file a liquidation plan under Chapter 11, even when its basic premise is not to rehabilitate the bankrupt entity. In fact, Chapter 11 can give a debtor more time to arrange for an orderly liquidation than Chapter 7.

Bankruptcy Law > ... > Examiners, Officers & Trustees > Duties & Functions > Liquidations

HN7[↓]  Duties & Functions, Liquidations

11 U.S.C.S. § 721 permits a court to authorize a Chapter 7 trustee to operate a debtor's business for a limited period of time if such operation is in the best interests of the estate and consistent with the orderly liquidation of the estate. But the emphasis is on a "limited period of time," without experienced management in control of the process.

**Counsel:** [*1] For Debtor: By: Edward C. Bruno, Esq., EDWARD C. BRUNO, ESQ., Pine Bush, New York.

For United States Trustee: By: Andrew D. Velez-Rivera, Esq., Greg Zipes, Esq., TRACY HOPE DAVIS, New York, New York.

**Judges:** MARTIN GLENN, United States Bankruptcy Judge.

**Opinion by:** MARTIN GLENN

# Opinion

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION TO DISMISS

**MARTIN GLENN**

**UNITED STATES BANKRUPTCY JUDGE**.

Pending before the Court is Just Plumbing & Heating Supply, Inc.'s (the "Debtor") motion to dismiss its chapter 11 case pursuant to *Rule 1017(a) of the Federal Rules of Bankruptcy Procedure*. ("Motion," ECF Doc. #27.) The United States Trustee ("UST") opposes the Motion, instead requesting that the case be converted to

a case under chapter 7 because the Debtor appears to have substantial assets that could be liquidated for the benefit of the Debtor's creditors. (ECF Doc. #29.) No creditors' committee has been appointed in the case. For the reasons explained below, the Motion is denied.

## I. BACKGROUND

The Debtor operates a plumbing and heating supply warehouse that sells materials to plumbing and heating contractors. When the Debtor filed this chapter 11 case on January 19, 2011, the Debtor had one secured creditor, TD Bank, which had **[*2]** extended separate loans to Debtor and to Debtor's principal, Kenneth Lee ("Lee"), secured by substantially all of Debtor's assets as well as by certain of Lee's individually owned assets. Lee also personally guaranteed all of Debtor's loans from TD Bank. Prior to bankruptcy, TD Bank obtained a state court judgment against the Debtor in the amount of $244,889.49. The day before the City Marshall planned to seize and sell Debtor's assets to satisfy TD Bank's judgment, the Debtor filed this chapter 11 case. During the course of the case, Lee repaid the Debtor's debt to TD Bank in full from non-debtor assets. TD Bank, therefore, released its security interest in Debtor's assets.

Remaining claims against the Debtor include approximately $1.2 million of priority tax and general unsecured claims. The largest general unsecured claimant is Lee's brother, Laurence Lee, who holds a $466,000 claim arising from Debtor's default in payments under a promissory note given in connection with Debtor's purchase of all of Laurence Lee's shares in the Debtor. General unsecured claims from trade vendors total approximately $775,000.00.

Debtor's most recent operating report shows the business is, at best, **[*3]** marginally profitable.[1] The Debtor's balance sheet shows assets with a book value of approximately $700,000. The Debtor now disputes that value. The Debtor responded to the UST Objection with an affidavit of Kenneth Lee. *See* Affidavit in Reply to Objection and in Further Support of Motion by Just Plumbing & Heating Supply, Inc. for an Order Dismissing the Bankruptcy Case, dated October 14,

---

[1] The Debtor occupies a building owned by a non-debtor entity wholly owned by Kenneth Lee. The Debtor has not been paying rent during the bankruptcy case. If rent was paid or accrued, the Debtor would be showing continuing losses from operations.

2011 (ECF Doc. #30). The affidavit states that the value of "[t]he total assets that could be liquidated is approximately $232,000." *Id.* ¶ 9. The Debtor argues that "[n]o useful purpose would be served by liquidating the minimal assets available, and the creditors would be better served by the business continuing to operate." *Id.* ¶ 10. Whether the assets are worth $700,000 or $232,000, there are assets to be administered, either through reorganization or liquidation; a distribution to creditors is likely to occur in either event. Creditors may receive a greater recovery if the Debtor reorganizes successfully in chapter 11, rather than liquidates in chapter 7. But dismissal of the case does not assure creditors a better result, or a result respecting priorities and equality of distribution required **[*4]** by the Bankruptcy Code.

Debtor's Motion argues that now that it has satisfied its only secured creditor, TD Bank, and

> [d]espite Debtor's [continuing] financial difficulties, Debtor would prefer to negotiate payment arrangements with its creditors outside the protections of the Bankruptcy Court. Most of the creditors are vendors that Debtor continues to deal with in the ordinary course of business. Prior to filing of the Bankruptcy, Debtor was in negotiations with its creditors and had worked out payment arrangements that were satisfactory to the creditors.

Motion ¶ 14. As discussed below, the Debtor's "preference" now to deal with its remaining creditors outside bankruptcy cannot justify dismissal of the case where assets are available to satisfy creditor claims, in whole or in part. *HN1*[⬆] Once a bankruptcy proceeding is started, private "payment arrangements" that could be reached outside of bankruptcy must give way to the Bankruptcy Code's priority **[*5]** and equality of distribution requirements inside bankruptcy, absent creditor consent to different treatment.

## II. DISCUSSION

### A. The Bankruptcy Court's Discretion To Dismiss or Convert a Chapter 11 Case

*HN2*[⬆] Unlike chapter 12 and 13 debtors, "a Chapter 11 debtor does not enjoy an absolute right to a dismissal of its bankruptcy." *In re Kingbrook Dev. Corp., 261 B.R. 378, 379 (Bankr. W.D.N.Y. 2001). Bankruptcy Code § 1112(b)* permits a court to dismiss a chapter 11

case or convert it to a case under chapter 7 "for cause" as long as it is "in the best interests of creditors and the estate." *In re FRGR Managing Member LLC, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009)* (citing 7 COLLIER ON BANKRUPTCY ¶ 1112.04). Although *§ 1112(b)(4)* provides sixteen examples of events that could constitute "cause," the list is not exhaustive, leaving courts the option to consider other factors. *See, e.g., In re Ameribuild Constr. Mgmt., Inc., 399 B.R. 129, 131 n.3 (Bankr. S.D.N.Y. 2009)* (citing legislative history). Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under *§ 1112(b)*. *See Mitan v. Duval (In re Mitan), 573 F.3d 237, 247 (6th Cir. 2009)*; *In re Kholyavka, No. 08-10653, 2008 Bankr. LEXIS 2631, 2008 WL 3887653, at *5 (Bankr. E.D. Pa. Aug. 20, 2008)* **[*6]** (quoting H. Rep. 595, 95th Cong., 1st Sess. 405 (1977)).

*HN3*[⬆] Absent unusual circumstances, after notice and a hearing, a bankruptcy court will dismiss or convert a chapter 11 case, "whichever is in the best interests of creditors and the estate, if the movant establishes cause." *11 U.S.C. § 1112(b)(1)*. The moving party has the burden of demonstrating cause for dismissal or conversion. *See In re Loco Realty Corp., No. 09-11785, 2009 Bankr. LEXIS 1724, 2009 WL 2883050, at *2 (Bankr. S.D.N.Y. June 25, 2009)*. "Once the movant has established cause, the burden shifts to the respondent to demonstrate by evidence the unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." 7 COLLIER ON BANKRUPTCY ¶ 1112.05[1] (16th ed. 2009).

*HN4*[⬆] In determining whether dismissal or conversion is in the best interests of creditors and the estate, courts may consider:

> (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal[;]
>
> (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted[;]
>
> (3) whether the debtor would simply file a further **[*7]** case upon dismissal[;]
>
> (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors[;]
>
> (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise[;]
>
> (6) whether any remaining issues would be better

resolved outside the bankruptcy forum;

(7) whether the estate consists of a "single asset"[;]

(8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests[;]

(9) whether a plan has been confirmed and whether any property remains in the estate to be administered[;] and

(10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*Id.* ¶ 1112.04[7].

## B. The Debtor's Case Should Not Be Dismissed

As required by *Bankruptcy Rule 1017(a)*, the Debtor has provided sufficient notice to interested parties and has provided with the notice a list of all creditors and respective addresses. But the Debtor has offered no justification for dismissal; instead, the Debtor simply asserts that it has paid off its only secured creditor and, although it is still **[*8]** experiencing significant financial difficulty, it "would prefer to negotiate payment arrangements with its [remaining unsecured] creditors outside of the protections of the Bankruptcy Court." Motion ¶ 14.

In *Kingbrook*, the debtor moved to dismiss his bankruptcy case when its largest secured debt had been satisfied through foreclosure on real estate. Although no creditors opposed the motion to dismiss, the court nevertheless refused to dismiss the case, stating, "[w]hile [the two largest secured creditors] may be the only two parties who have appeared to express an interest in this matter, all creditors continue to have an interest in the outcome." *261 B.R. at 379*. The *Kingbrook* court's rationale supports a denial of the Debtor's motion here:

**HN5**⬆] The Bankruptcy Code aims to achieve a proper balance between the respective rights of creditors and of debtors. In filing its voluntary petition for relief, the debtor obtained the protections of Chapter 11, but on condition of its acceptance of the restrictions and limitation of the bankruptcy process. Among the goals of the bankruptcy process is maximization of distribution to creditors. In working to achieve this goal, the debtor is a trustee **[*9]** for the benefit of all creditors. The debtor's performance as a trustee is further subject to circumspection: by creditors, by the Office of the United States Trustee, and by the

Court.

A dismissal of the bankruptcy case at this time would remove the various protections that the bankruptcy process has ordained for the benefit of creditors. . . . Absent either the affirmative consent of all creditors to a dismissal or proof of full repayment of unsecured claims, this court is disinclined to deprive creditors of the bankruptcy protections and rights to which they are now entitled.

*Id. at 379-80*.

In its June 8, 2011 written status report to the Court, the Debtor reported: "Once the secured debt to TD Bank, N.A. is satisfied, Debtor will be finalizing a plan on how to deal with the remaining creditors, or in the alternative, may file a Motion to Dismiss, and if granted, deal with the remaining creditors in the ordinary course of business." (ECF Doc. #21.) But not all of Debtor's remaining creditors are trade creditors that can be dealt with in the "ordinary course of business." And even if the remaining creditors were all trade creditors, any such "deals" would not assure the required priority **[*10]** and equality of distribution mandated by the Bankruptcy Code.

It is also unclear whether the Debtor intends to liquidate or reorganize, inside or outside of bankruptcy. Certainly, **HN6**⬆] the Debtor could file a liquidation plan under chapter 11, even when its basic premise is not to rehabilitate the bankrupt entity. *See, e.g., In re Ionosphere Clubs, Inc., 184 B.R. 648, 654 (S.D.N.Y. 1995)*; *In re Fairmont Commc'ns, 155 B.R. 64, 1993 WL 428710, at *5 (Bankr. S.D.N.Y. 1993)*; *In re Thomson McKinnon Secs., Inc., 126 B.R. 833, 836 (Bankr. S.D.N.Y. 1991)*. In fact, chapter 11 can give a debtor more time to arrange for an orderly liquidation than chapter 7.[2]

Presently, the UST has requested conversion to chapter

---

[2] **HN7**⬆] *Section 721 of the Bankruptcy Code* permits a court to authorize a chapter 7 trustee to operate the debtor's business for a limited period of time "if such operation is in the best interests of the estate and consistent with the orderly liquidation of the estate." *11 U.S.C. § 721*. But the emphasis is on a "limited period of time," without experienced management in control of the process. Nothing has occurred in this case so far, however, that disqualifies existing management from continuing to operate the business as debtor-in-possession **[*11]** and conversion to chapter 7 is not necessarily warranted at this time.

7 as an alternative to dismissal, but has not moved for conversion. Under the circumstances, the Debtor will be given one last chance to move this case forward under chapter 11. If the Debtor is unable or unwilling to do so, or (since the Debtor's exclusivity period has expired) a creditor shows no interest in advancing a plan, the Court, in its discretion, may *sua sponte* convert the Debtor's case to a case under chapter 7. *See, e.g., Mitan v. Duval (In re Mitan), 573 F.3d 237, 247 (6th Cir. 2009)* (affirming bankruptcy court's *sua sponte* decision to convert the debtor's chapter 11 case instead of dismissing the case as requested by the debtor); *In re Munteanu, No. 06-CV-6108, 2007 U.S. Dist. LEXIS 48233, 2007 WL 1987783, at *3 (E.D.N.Y. June 28, 2007)* (affirming Bankruptcy Court's *sua sponte* dismissal of chapter 11 case for cause under *§ 1112(b)*).

### III. CONCLUSION

The Debtor's Motion is **DENIED**. The Debtor shall file a notice with the Court on or before 14 days from the date of this Order advising whether Debtor intends to move forward expeditiously with its chapter 11 case, or the case will **[*12]** be converted to a case under chapter 7.

**IT IS SO ORDERED**.

DATED: October 18, 2011

New York, New York

/s/ **Martin Glenn**

MARTIN GLENN

United States Bankruptcy Judge

**End of Document**

# EXHIBIT 7



**User Name:** shb3091260

**Date and Time:** Wednesday, December 18, 2024 11:28:00□AM EST

**Job Number:** 241126238

## Document (1)

1. *In re Georgian Backyard LLC, 661 B.R. 102*

    **Client/Matter:** -None-

    **Search Terms:** 2024 Bankr. LEXIS 925

    **Search Type:** Natural Language

    **Narrowed by:**

    | Content Type | Narrowed by |
    |---|---|
    | Cases | -None- |

**Ⓐ** Neutral
As of: December 18, 2024 4:28 PM Z

## *In re Georgian Backyard LLC*

United States Bankruptcy Court for the Eastern District of New York

April 18, 2024, Decided

Chapter 11, Case No. 23-43881-jmm

**Reporter**
661 B.R. 102 *; 2024 Bankr. LEXIS 925 **; 73 Bankr. Ct. Dec. 125; 2024 WL 1693956

In re Georgian Backyard LLC, Debtor.

## Core Terms

limited liability company, operating agreement, bankruptcy case, dissolution, articles, commence, bankruptcy petition, major decision, Reply, bind, entitled to vote, authorize, bankruptcy filing

## Case Summary

### Overview

HOLDINGS: [1]-The movant's motion that argued there was cause to dismiss the case because it was filed to protect petitioner from movant's claims in the state court action and because the debtor failed to file monthly operating reports was denied as the allegation that the bankruptcy case was filed to protect petitioner was conclusory and unsupported. Additionally, the debtor had filed the missing operating reports.

### Outcome

Motion to dismiss denied.

## LexisNexis® Headnotes

Bankruptcy Law > Conversion & Dismissal > Individuals With Regular Income

Bankruptcy Law > Conversion & Dismissal > Reorganizations
Business & Corporate Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

Bankruptcy Law > Conversion & Dismissal > Lack of

Good Faith

**HN1[⤓]** Conversion & Dismissal, Individuals With Regular Income

*11 U.S.C.S. § 1112(b)* provides that the court shall convert a chapter 11 case to one under chapter 7 or dismiss a case, whichever is in the best interests of creditors and the estate, for cause. *11 U.S.C.S. § 1112(b)*. The lack of authority to file a voluntary chapter 11 bankruptcy petition by the party filing it constitutes cause for relief under *§ 1112(b) of the Bankruptcy Code*. Bad faith or lack of good faith also constitutes cause to dismiss a chapter 11 case. Lastly, a debtor's failure to file operating reports constitutes cause for dismissal. *11 U.S.C.S. § 1112(b)(4)(F)*. The moving party carries the burden of demonstrating cause to dismiss under *Bankruptcy Code section 1112(b)* by a preponderance of the evidence, even if the alleged cause to dismiss is lack of due authority. However, if the issue is whether the petition was filed in good faith, the movant bears the initial burden to make a prima facie showing to support the allegation of bad faith, then the burden shifts to the debtor to demonstrate the petition was filed in good faith.

Bankruptcy Law > Procedural Matters > Adversary Proceedings > Causes of Action

**HN2[⤓]** Adversary Proceedings, Causes of Action

State law governs who is authorized to commence a bankruptcy case on behalf of an entity.

Business & Corporate Law > Limited Liability Companies > Management Duties & Liabilities

Business & Corporate Law > Limited Liability Companies > Member Duties & Liabilities

*HN3*[⬇] **Limited Liability Companies, Management Duties & Liabilities**

New York Limited Liability Company Law (the "NYLLCL") permits a limited liability company's members to define each member's rights, duties, and obligations in the articles of organization and operating agreement. NYLLCL § 203. If there is no operating agreement, or if the operating agreement does not address certain topics, an LLC is bound by the default requirements in the NYLLCL. Under NYLLCL § 401, a limited liability company may be managed by its members; in which case, each member shall be deemed a manager of the company.

Business & Corporate Law > Limited Liability Companies > Management Duties & Liabilities

Business & Corporate Law > Limited Liability Companies > Member Duties & Liabilities

*HN4*[⬇] **Limited Liability Companies, Management Duties & Liabilities**

Under NYLLCL § 412, absent restrictions in the articles of organization or operating agreement, any member of a limited liability company may act on behalf of the company and bind the company.

Business & Corporate Law > Limited Liability Companies > Dissolution & Winding Up

Business & Corporate Law > Limited Liability Companies > Member Duties & Liabilities

Business & Corporate Law > Limited Liability Companies > Management Duties & Liabilities

*HN5*[⬇] **Limited Liability Companies, Dissolution & Winding Up**

Notwithstanding NYLLCL §§ 401 and 412, certain actions may only be taken if authorized by a vote of those members that hold a majority in interest entitled to vote. Additionally, under NYLLCL § 402(d), a vote of at least a majority in interest of the members entitled to vote is required to approve: the dissolution of the limited liability company; the sale, exchange, lease, mortgage, pledge or other transfer of all or substantially all of the assets of the limited liability company; or a merger or

consolidation of the limited liability company with or into another limited liability company or foreign limited liability company. NYLLCL § 402.

Governments > Local Governments > Employees & Officials

*HN6*[⬇] **Local Governments, Employees & Officials**

Similarly, NYLLCL § 414 requires a vote by a majority in interest of the members to remove the manager, unless the operating agreement provides otherwise.

**Counsel:** **[**1]** Mark E. Cohen, Esq., Pryor & Mandelup, LLP, Westbury, NY, for Lia Beck.

Alla Kachan, Esq., Law Offices of Alla Kachan P.C., Brooklyn, NY, for Georgian Backyard LLC.

**Judges:** Jil Mazer-Marino, United States Bankruptcy Judge.

**Opinion by:** Jil Mazer-Marino

# Opinion

[*103] **MEMORANDUM DECISION DENYING MOTION PURSUANT TO** *11 U.S.C. §§ 105(a)* **AND** *1112(b)* **TO DISMISS CASE FILED ON BEHALF OF LIA BECK**

## INTRODUCTION

Lia Beck ("Beck") and Mariam Qurashvili ("Qurashvili") each own 50% of the membership interests in Georgian Backyard LLC (the "Debtor"). Qurashvili caused a voluntary petition for relief to be filed on behalf of the Debtor. Beck seeks dismissal of this case under *section 1112(b) of title 11, United States Code* (the "Bankruptcy Code"). Beck claims there is cause to dismiss this case because the bankruptcy petition was not authorized, the case was filed in bad faith, and the Debtor has failed to file monthly operating reports.

As set forth more fully below, Beck's motion is denied because Qurashvili was authorized to commence a bankruptcy case on behalf of the Debtor without Beck's consent, Beck has not satisfied her burden to prove the case was filed in bad faith, and the Debtor is

substantially current in filing operating reports.

## JURISDICTION AND VENUE

The Court has jurisdiction to hear and determine **[**2]** this contested matter under *28 U.S.C. §§ 157(a), 157(b)(1)* and *1334(b)*, and **[*104]** the Eastern District of New York Standing Order of Reference, dated August 28, 1986, as amended by the Order, dated December 5, 2012. This matter is a core proceeding under *28 U.S.C. § 157(b)(2)(A)*. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by *Rule 7052 of the Federal Rules of Bankruptcy Procedure*. Venue of this case and this matter is proper pursuant to *28 U.S.C. §§ 1408* and *1409*.

## PROCEDURAL HISTORY

The Debtor filed a voluntary petition for relief under *chapter 11 of the Bankruptcy Code* on October 25, 2023. Voluntary Pet. for Non-Individuals Filing for Bankruptcy, ECF 1.

On January 18, 2024, Beck moved to dismiss the case. *See* Mot. for an Order Pursuant to *11 U.S.C. §§ 105(a)* and *1112(b)* Dismissing Chapter 11 Case, ECF 21 (the "Mot."). The Debtor filed its objection to the Motion on January 31, 2024. *See* Debtor's Obj. to Mot. to Dismiss the Chapter 11 Case, ECF 28. Beck replied to the objection on February 5, 2024, and the Debtor responded on February 6, 2024. *See* Reply in Further Supp. of Mot. Pursuant to *11 U.S.C. §§ 105(a)* and *1112(b)* Dismissing Chapter 11 Case, ECF 30; Resp. to Creditor's Reply to Debtor's Obj. to Mot. to Dismiss the Chapter 11 Case, ECF 32. With the Court's permission, the parties filed supplemental memoranda in support of their respective positions. **[**3]** *See* Suppl. Reply Mem. of Law in Supp. of Mot. to Dismiss, ECF 37; Suppl. Br. in Opp'n to Mot. to Dismiss the Chapter 11 Case, ECF 39. The Court heard oral argument on February 7, 2024, and adjourned the hearing to March 27, 2024.

## BACKGROUND

The Debtor is a limited liability company formed under New York State law that operates a Brooklyn restaurant. Aff. in Supp. of Mot. to Dismiss Chapter 11 at ¶¶ 2, 3, ECF 21-3. Qurashvili and Beck agree: the Debtor is a member-managed limited liability company; they each

own 50% of the interests in the Debtor; and the Debtor's articles of organization are silent respecting a member's authority to commence a bankruptcy case on behalf of the Debtor. Qurashvili produced an operating agreement for the Debtor, but it also is silent respecting the authority needed by a member to commence a bankruptcy case. Ltd. Liability Co. Operating Agreement of Georgian Backyard LLC, ECF 40. Further, Beck denies signing it. Reply in Further Supp. of Mot. Pursuant to *11 U.S.C. §§ 105(a)* and *1112(b)* Dismissing Chapter 11 Case at ¶ 1, ECF 30.

On October 25, 2023, the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the bankruptcy code. Voluntary Pet. for Non-Individuals **[**4]** Filing for Bankruptcy, ECF 1. The petition was signed by Mariam Qurashvili as "Principal." *Id.* at 5.

Prior to the commencement of this bankruptcy case, Beck commenced an action captioned *Georgian Backyard LLC, and Lia Beck, as managing member of Georgian Backyard LLC v. Mariam Qurashvili, individually and as managing member of Georgian Backyard LLC*, Index No. 512930/2022 (the "State Court Action") in the Supreme Court of the State of New York, County of Kings. Aff. in Supp. of **[*105]** Motion to Dismiss Chapter 11 at ¶ 4, ECF 21-3. Beck alleged that Qurashvili committed improprieties and requested dissolution of the Debtor. *Id.* Default judgment was entered in favor of Beck. Aff. in Supp. of Motion to Dismiss Chapter 11, Ex. B, ECF 21-3. On December 7, 2022, the Judge in the State Court Action vacated the default judgment. Aff. in Supp. of Motion to Dismiss Chapter 11, Ex. C, ECF 21-3.

## DISCUSSION

**HN1**[⬆] *Bankruptcy Code section 1112(b)* provides that the court shall convert a chapter 11 case to one under chapter 7 or dismiss a case, whichever is in the best interests of creditors and the estate, for cause. *11 U.S.C. § 1112(b)*. "The lack of authority to file a voluntary chapter 11 bankruptcy petition by the party filing it constitutes . . . 'cause' for **[**5]** relief under *§ 1112(b) of the Bankruptcy Code*." *In re 167 W. 133rd St. Hous. Dev. Fund Corp., No. 18-12043 (JLG), 2018 Bankr. LEXIS 2909, 2018 WL 4637460, at *6 (Bankr. S.D.N.Y. Sept. 25, 2018)*; *See Price v. Gurney, 324 U.S. 100, 106, 65 S. Ct. 513, 89 L. Ed. 776 (1945)*. Bad faith or lack of good faith also constitutes cause to dismiss a chapter 11 case. *See, e.g., In re C-TC 9th Ave. P'ship,*

*113 F.3d 1304, 1311-12 (2d Cir. 1997)*. Lastly, a debtor's failure to file operating reports constitutes cause for dismissal. *11 U.S.C. § 1112(b)(4)(F)* (cause to dismiss includes "unexcused failure to satisfy timely any filing or reporting requirement established by [title 11]").

The moving party carries the burden of demonstrating cause to dismiss under *Bankruptcy Code section 1112(b)* by a preponderance of the evidence, even if the alleged cause to dismiss is lack of due authority. *In re Quad-C Funding LLC, 496 B.R. 135, 141-42 (Bankr. S.D.N.Y. 2013)*. However, if the issue is whether the petition was filed in good faith, the movant bears the initial burden to make a prima facie showing to support the allegation of bad faith, then the burden shifts to the debtor to demonstrate the petition was filed in good faith. *Clear Blue Water, LLC v. Oyster Bay Mgmt. Co., 476 B.R. 60, 68-69 (E.D.N.Y. 2012)*.

*HN2*[↑] State law governs who is authorized to commence a bankruptcy case on behalf of an entity. *In re 167 W. 133rd St. Hous. Dev. Fund Corp., 2018 Bankr. LEXIS 2909, 2018 WL 4637460, at *6*. New York law governs whether the Debtor's bankruptcy petition was authorized because the Debtor was formed as a New York limited liability company. Mot. at 4. *HN3*[↑] New York Limited Liability Company Law (the "NYLLCL") permits a limited liability company's members to define each member's rights, duties, and obligations in the articles of organization and operating agreement. *See NYLLCL § 203* (a [**2] limited liability company's articles of organization may include "a statement of whether there are limitations on the authority of members or managers or a class or classes thereof to bind the limited liability company."); *see also Spires v. Casterline, 4 Misc. 3d 428, 778 N.Y.S.2d 259, 265 (Sup. Ct. 2004)* (members may agree to certain terms, conduct, and provisions for operating the business in operating agreement).

"If there is no operating agreement, or if the operating agreement does not address certain topics, an LLC is bound by the default requirements in the [NYLLCL]." *Sullivan v. Ruvoldt, No. 16 Civ. 583 (ER), 2017 U.S. Dist. LEXIS 44544, 2017 WL 1157150, at *4 (S.D.N.Y. Mar. 27, 2017)* (citing *In re Flight of Swords, LLC, 96 A.D.3d 839, 946 N.Y.S.2d 248, 249 (2012)*); *In re 1545 Ocean Ave., LLC, 72 A.D.3d 121, 893 N.Y.S.2d 590 (2010)*.

Under *NYLLCL § 401*, a limited liability company may be managed by its members; in which case, each member shall be deemed a manager of the company.

The section states in relevant part:

a) Unless the articles of organization provides for management of the limited liability company by a manager or managers or a class or classes of managers, management of the limited liability company shall be vested in its members who [*106] shall manage the limited liability company in accordance with this chapter . . . .

(b) If management of a limited liability company is vested in its members, then (i) any such member exercising such management powers or responsibilities shall be deemed to be a manager for purposes [**7] of applying the provisions of this chapter, unless the context otherwise requires, and (ii) any such member shall have and be subject to all of the duties and liabilities of a manager provided in this chapter.

*NYLLCL § 401*. *HN4*[↑] Under *NYLLCL § 412*, absent restrictions in the articles of organization or operating agreement, any member of a limited liability company may act on behalf of the company and bind the company. That section provides:

[E]very member is an agent of the limited liability company for the purpose of its business, and the act of every member, including the execution in the name of the limited liability company of any instrument, for apparently carrying on in the usual way the business of the limited liability company, binds the limited liability company, unless (i) the member so acting has in fact no authority to act for the limited liability company in the particular matter and (ii) the person with whom he or she is dealing has knowledge of the fact that the member has no such authority.

*NYLLCL § 412*.

*HN5*[↑] Notwithstanding *NYLLCL §§ 401* and *412*, certain actions may only be taken if authorized by a vote of those members that hold a majority in interest entitled to vote. For example, under *NYLLCL § 402(c)*, except as provided in the operating agreement, [**8] the vote of a majority in interest of the members entitled to vote is required to: admit a member and issue membership interests; approve the incurrence of indebtedness other than in the ordinary course of business; or adopt, amend, restate or revoke the articles of organization or operating agreement. *NYLLCL § 402(c)*. Additionally, under *NYLLCL § 402(d)*, a vote of *at least* a majority in interest of the members entitled to vote is required to

approve: the dissolution of the limited liability company; the sale, exchange, lease, mortgage, pledge or other transfer of all or substantially all of the assets of the limited liability company; or a merger or consolidation of the limited liability company with or into another limited liability company or foreign limited liability company. *NYLLCL § 402*.[1]

Based on *NYLLCL §§ 401* and *412*, Beck and Qurashvili are each authorized to manage and bind the Debtor. None of the articles of organization, operating agreement, or applicable law limit Beck's or Qurashvili's authority to commence a bankruptcy case for the Debtor or require a majority or supermajority member vote to authorize a bankruptcy case for the Debtor. Therefore, Qurashvili was authorized to file a bankruptcy petition on behalf of the Debtor without **[\*\*9]** Beck's consent.

Beck argues *NYLLCL § 402(f)* requires that a majority of members vote to authorize a bankruptcy filing. Suppl. Reply Mem. of Law in Supp. of Mot. to Dismiss at 2-5, ECF 37. That section states:

> Whenever any action is to be taken under this chapter by the members or a class of members, it shall, except as otherwise required or specified by this **[\*107]** chapter or the articles of organization or the operating agreement as permitted by this chapter, be authorized by a majority in interest of the members' votes cast at a meeting of members by members or such class of members entitled to vote thereon.

*NYLLCL § 402(f)*.

Although NYLLCL requires a vote by a majority in interest of the votes cast at a meeting when there is a vote, the Court disagrees with Beck's contention that *§ 402(f)* requires a majority vote for every action to be taken by a limited liability company. Instead, the Court reads *§ 402(f)* to mean if a vote is required under the NYLLCL (for example under *NYLLCL § 402(c)* and *(d)*), and the articles of organization and the operating agreement are silent, then (a) there must be a meeting of the members entitled to vote; and (b) the vote required to authorize the act is a vote by a majority in interest of the members' votes cast at the meeting. **[\*\*10]** Stated otherwise, *§ 402(f)* prescribes

the mechanics for the vote, not the matters that require a vote.

Further, if Beck's interpretation of *§ 402(f)* were correct, then each ordinary course business decisions would require a majority member vote, which is not the case. *See Merrell-Benco Agency, LLC v. HSBC Bank USA, 20 A.D.3d 605, 799 N.Y.S.2d 590, 592 (App. Div. 3rd Dept. 2005)* ("loans obtained in the ordinary course of business need not be approved by a majority of the members of an LLC; a party lender may assume that a member of a member-managed LLC has the authority to bind the LLC"); *see also Er-Loom Realty LLC v. Prelosh Realty, LLC 24 Misc. 3d 1231[A], 899 N.Y.S.2d 59, 2009 NY Slip Op 51689[U] (Brx. S. Ct. 2009)* (Under *NYLLCL § 412(a)*, single member that owned 50% of the interests of member-managed LLC that had two members, had authority to bind LLC to sale of building that was LLC's sole asset.).

Relying on *In re Avalon Hotel Partners, LLC, 302 B.R. 377 (Bankr. D. Or. 2003)* and *JTB Enters., L.C. v. D & B Venture, L.C. (In re DeLuca), 194 B.R. 79 (Bankr. E.D. Va. 1996)*, Beck asks the Court to impose a requirement for a majority vote to authorize a bankruptcy case for the Debtor as if the requirement existed prior to the Petition Date. Mot. at 5-6, ECF 21-2. In *Avalon Hotel*, the debtor's operating agreement included a list of "major decisions" that required the consent of members holding 75% of the membership interests. *In re Avalon Hotel Partners, LLC, 302 B.R. at 380*. Commencing a bankruptcy case was not included in the "major decisions" list. Nonetheless, the court observed that the list was nonexclusive, filing for bankruptcy was outside the ordinary **[\*\*11]** course of business, and was equivalent to a "major decision" requiring the consent of members holding 75% of the interests. *Id.*

In *Deluca*, the debtor's operating agreement also contained a "major decisions" clause that required a majority vote of the membership interests for certain actions. *In re DeLuca, 194 B.R. at 87*. Although not an issue in that case, the court noted that "the decision to file a chapter 11 petition was a 'major decision' that required the vote of the members and that [the managing member] had no authority, solely in its capacity as manager, to file a chapter 11 petition on behalf of [the company]." *Id. at 87 n.12*.

In *Avalon Hotel* and *Deluca*, each debtor's members expressed an intent that "major decisions" not be made without the consent of the members holding a majority, or more than a majority, of the interests. No such intent

---

[1] **HN6**[⬆]] Similarly, *NYLLCL § 414* requires a vote by a majority in interest of the members to remove the manager, unless the operating agreement provides otherwise.

is expressed in the **[*108]** Debtor's articles of organization or operating agreement (to the extent there is a binding operating agreement). Beck has not supplied citations to authority permitting a court to impose voting requirements for major decisions on a limited liability company's members.

Beck goes further and argues the commencement of a bankruptcy case requires the unanimous vote of its members, **[**12]** stating:

> If a limited liability company is member-managed, it is treated as a partnership under the Bankruptcy Code, and absent specific provisions contained in the organizational documents, all of the members would be required to consent to a bankruptcy filing; if fewer than all consent, there is a risk that the filing could be treated either as an involuntary bankruptcy filing or a nullity.

Mot. at 4 (*citing* Thomas F. Blakemore, *Limited Liability Companies and the Bankruptcy Code: A Technical Review*, 13 Am. Bankr. Inst. J. 12, 12-42 (June 1994)). The article Beck cites does not suggest unanimous member consent is required to authorize a bankruptcy petition for a limited liability company. Instead, the article observes that bankruptcy courts that equate bankruptcy with state law dissolution may require the bankruptcy petition be authorized using the same vote as is required under applicable state law for dissolution. The article states:

> Because of the similarity between a bankruptcy filing and a state dissolution procedure, courts may require unanimity for a voluntary filing when the agreement or articles are silent on the issue and the LLC statute contains dissolution provisions similar to the Delaware statute. This interpretation **[**13]** would make filing the petition difficult if the members cannot reach agreement. *[Bankruptcy] Code § 303(b)(3)*, that permits the filing of an involuntary petition by one general partner of a partnership, presumably is not available to LLCs. Such section literally applies only to partnerships and gives individual general partners, whose on-going liability is of concern to them, the ability to protect the partnership's assets.

Blakemore at 12,41-42. Although the article warns that courts may equate bankruptcy with dissolution, cases discussing the NYLLCL hold that bankruptcy is distinct from dissolution. *See, e.g., In re E. End Dev. LLC, 491 B.R. 633, 640 (Bankr. E.D.N.Y. 2013)* (bankruptcy petition was not equivalent to liquidation or dissolution

because those terms "have a precise statutory meaning under the applicable corporation law of a particular jurisdiction.") (*citing Prescott, Ball & Turben v. LTV Corp., 531 F. Supp. 213, 219 (S.D.N.Y. 1981)*). Furthermore, assuming arguendo, that bankruptcy is tantamount to dissolution, the NYLLCL does not require unanimous member consent for dissolution. *See NYLLCL § 402(d)(1)* (requiring at least a majority of members entitled to vote to approve dissolution).

Finally, Beck argues if Qurashvili is authorized to commence a bankruptcy case for the Debtor, then there would be nothing stopping a 1% member from commencing a bankruptcy case. Reply in Further **[**14]** Supp. of Mot. Pursuant to *11 U.S.C. §§ 105(a)* and *1112(b)* Dismissing Chapter 11 Case at 1, ECF 30. Beck is incorrect. Members may agree in the articles of organization or operating agreement to restrict the rights of members to commence a bankruptcy case on behalf of the limited liability company. *See Franchise Servs. of N. Am., Inc. v. United States Trustee (In re [*109] Franchise Servs. of N. Am., Inc.), 891 F.3d 198, 208 (5th Cir. 2018)*, *as revised* (June 14, 2018) (operating agreement enabling preferred shareholder to veto a bankruptcy filing not prohibited by federal bankruptcy law); *DB Capital Holdings, LLC v. Aspen HH Ventures, LLC (In re DB Capital Holdings, LLC), 463 B.R. 142 (10th Cir. B.A.P. 2010)* (members of limited liability company may agree to prohibit a bankruptcy filing).[2] In this case, Beck and Qurashvili could have restricted each other's ability to authorize a bankruptcy case but did not do so.

Beck argues there is cause to dismiss this case because it was filed to protect Qurashvili from Beck's claims in the state court action and because the Debtor failed to file monthly operating reports. Mot. at 1. The allegation that the bankruptcy case was filed to protect Qurashvili is conclusory and unsupported. Additionally, the Debtor has filed the missing operating reports.

_____

[2] These cases are to be distinguished from cases holding that operating agreements granting creditors, as opposed to members, the ability to block a bankruptcy filing are unenforceable. *See, e.g., Bank of China v. Huang (In re Huang), 275 F.3d 1173 (9th Cir. 2002)* (holding that it is against public policy for a debtor to agree with a creditor not to file bankruptcy); *In re Bay Club Partners-472, LLC, 2014 Bankr. LEXIS 2051, 2014 WL 1796688 (Bankr. D. Or. 2014)* (holding prepetition waivers of bankruptcy protection are contrary to public policy).

## **CONCLUSION**

Based on the foregoing, Beck has failed to satisfy her burden to establish cause to dismiss this case. The Motion is denied. The Court will enter an order consistent **[**15]** with this memorandum.

**Dated: April 18, 2024**

**Brooklyn, New York**

/s/ Jil Mazer-Marino

**Jil Mazer-Marino**

**United States Bankruptcy Judge**

---

# EXHIBIT 8



**User Name:** shb3091260

**Date and Time:** Wednesday, December 18, 2024 11:29:00□AM EST

**Job Number:** 241126344

## Document (1)

1. _In re Kuvykin, 2019 Bankr. LEXIS 631_

   **Client/Matter:** -None-

   **Search Terms:** 2019 Bankr. LEXIS 631

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | -None- |

 Neutral

As of: December 18, 2024 4:29 PM Z

# *In re Kuvykin*

United States Bankruptcy Court for the Southern District of New York

February 26, 2019, Decided

Case No. 18-10760 (JLG), Chapter 11

**Reporter**

2019 Bankr. LEXIS 631 *

In re: Igor Eric Kuvykin., Debtor.

**Notice:** NOT FOR PUBLICATION

## Core Terms

convert, conversion, iPayment, automatic stay, best interest, appointment, Factors, foreclosure sale, Notice, administrative expense, positions, courts, estate property, weighs, foreclosure action, estate's assets, preferential, presentment, liquidate, transfers, Mortgage, ordering, monthly

## Case Summary

### Overview

HOLDINGS: [1]-Based on the non-exhaustive factors in *11 U.S.C.S. § 1112(b)(4)*, it was in the best interests of the creditors and the estate that the Chapter 11 case be converted to one under Chapter 7 of the Bankruptcy Code, including that debtor was a serial bankruptcy filer, a principal creditor would lose its priority right to payment of its administrative expense claim if the case were dismissed, debtor had offered conflicting evidence regarding the potential value of his estate, and debtor had kept creditors in the dark with respect to his finances by not filing his monthly operating reports.

### Outcome

Objection sustained and request to convert granted.

## LexisNexis® Headnotes

Bankruptcy Law > Conversion & Dismissal > Reorganizations

Business & Corporate Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

**HN1**[⬇] **Conversion & Dismissal, Reorganizations**

The debtor does not have an absolute right to dismiss the Chapter 11 case. *11 U.S.C.S. § 1112* governs resolution of the matters before the court. It states that on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. *11 U.S.C.S. § 1112(b)(1)*. Subsection (b)(4) sets forth sixteen non-exclusive examples of "cause." *11 U.S.C.S. § 1112(b)(4)*. The court will apply a two-step analysis in determining whether to dismiss or convert this case. First, it will consider whether "cause" exists for relief under the statute. If it does, the court will determine whether dismissal or conversion of the case is in the best interest of the creditors and the estate. It is within the court's discretion to convert or dismiss a Chapter 11 case, provided the best interests of creditors and the estate are served.

Bankruptcy Law > Conversion & Dismissal > Reorganizations

Business & Corporate Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

**HN2**[⬇] **Conversion & Dismissal, Reorganizations**

Courts apply a facts and circumstances test in determining whether dismissal or conversion is in the best interests of creditors and the estate. Among the factors that courts may consider in making that determination are: (1) Whether some creditors received preferential payments, and whether equality of

distribution would be better served by conversion rather than dismissal. (2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted. (3) Whether the debtor would simply file a further case upon dismissal. (4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors. (5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise. (6) Whether any remaining issues would be better resolved outside the bankruptcy forum. (7) Whether the estate consists of a single asset. (8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests. (9) Whether a plan has been confirmed and whether any property remains in the estate to be administered. (10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns. No factor is determinative and the court need not give equal weight to the factors.

Bankruptcy Law > Conversion & Dismissal > Reorganizations
Business & Corporate Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

### HN3[⬇] Conversion & Dismissal, Reorganizations

In applying factors 1 and 2 under *11 U.S.C.S. § 1112(b)(4)*, courts consider, respectively, whether the dismissal of a case will result in a windfall to creditors who received prepetition preferential transfers, and whether creditors will be prejudiced from the loss of rights, or potential rights, available to them under the Bankruptcy Code, that will not be available to them if the case is dismissed.

Bankruptcy Law > Conversion & Dismissal > Reorganizations
Business & Corporate Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

### HN4[⬇] Conversion & Dismissal, Reorganizations

When determining the best interest of the creditors under *11 U.S.C.S. § 1112(b)*, the Code's fundamental policy of achieving equality among creditors must be a

factor considered. A trustee's ability to examine the estate as an independent fiduciary and administer it in an orderly fashion protects creditors.

Bankruptcy Law > Conversion & Dismissal > Reorganizations
Business & Corporate Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

### HN5[⬇] Conversion & Dismissal, Reorganizations

In the context of deciding whether to dismiss a Chapter 11 case or convert it to Chapter 7, lack of trust in the debtor is an important factor in comparing creditors' interest in bankruptcy with those under state law.

Bankruptcy Law > Conversion & Dismissal > Reorganizations
Business & Corporate Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

### HN6[⬇] Conversion & Dismissal, Reorganizations

In applying factor 8 under *11 U.S.C.S. § 1112(b)(4)*, courts consider the degree to which a debtor has cooperated with creditors and complied with obligations imposed by the Bankruptcy Code.

Bankruptcy Law > Conversion & Dismissal > Reorganizations
Business & Corporate Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

### HN7[⬇] Conversion & Dismissal, Reorganizations

Where a debtor in possession has failed to perform its fiduciary duties, conversion is warranted.

Bankruptcy Law > Conversion & Dismissal > Reorganizations
Business & Corporate Compliance > Bankruptcy > Conversion & Dismissal > Reorganizations

HN8[↓]  **Conversion & Dismissal, Reorganizations**

In applying factor 6 under *11 U.S.C.S. § 1112(b)(4)*, courts consider whether parties in interest with claims against the debtor will be better positioned to resolve those claims in state or other non-bankruptcy courts.

**Counsel:  [*1]** For WB Kirby Hill, LLC: Jil Mazer-Marino, Esq., Thomas R. Slome, Esq., Michael Kwiatkowski, Esq, MEYER, SUOZZI, ENGLISH & KLEIN, P.C., Garden City, New York .

For the Debtor: Wayne M. Greenwald, Esq., WAYNE M. GREENWALD, P.C., New York, New York.

For iPayment, Inc.: William F. Dahill, Esq., James N. Lawlor, Esq., Olivia J. Italiano, Esq., WOLLMUTH MAHER & DEUTSCH LLP, New York, New York.

**Judges:** Honorable James L. Garrity, Jr., United States Bankruptcy Judge.

**Opinion by:** James L. Garrity, Jr.

# Opinion

**MEMORANDUM DECISION AND ORDER SUSTAINING KIRBY HILL, LLC'S OBJECTION TO AMENDED STIPULATION AND ORDER DISMISSING CHAPTER 11 CASE AND GRANTING REQUEST TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

**HON. JAMES L. GARRITY, JR.**

**UNITED STATES BANKRUPTCY JUDGE**

Introduction[1]

Igor Kuvykin, the chapter 11 debtor herein (the "Debtor"), iPayment, a judgment creditor that is one of the Debtor's largest unsecured creditors, and the Office of the United States Trustee (the "U.S. Trustee") noticed for presentment an *Amended Stipulation and Order Dismissing Chapter 11 Case and Adv. Pro. 18-01573*

---

[1] Capitalized terms not identified in the Introduction are defined below.

*(JLG)* (the "Amended Stipulation of Dismissal").[2] In that stipulation, they seek an order of this Court dismissing **[*2]** this Chapter 11 Case pursuant to *section 1112(b) of the Bankruptcy Code*. WB Kirby holds pre and post-petition claims against the Debtor. It objects to the stipulation and seeks to convert the Chapter 11 Case to one under *chapter 7 of the Bankruptcy Code* (the "Request to Convert").[3] The Debtor and iPayment oppose that request.[4] The U.S. Trustee advises that it stipulated to dismiss the case because its counsel incorrectly believed that WB Kirby consented to such relief. Its position is that the Court would be within its reasonable discretion in either dismissing or converting the case.

The Debtor is a serial bankruptcy filer. In the eleven months that his case has been pending, he has filed two monthly operating reports ("MORs"). In addition, during that period, he has taken drastically different positions regarding the value of his assets. Early on, he asserted that his assets have significant value and he would use them to fund a chapter 11 plan. Now, in opposing the Request to Convert, he says that those same assets have little to no value. In short, the Debtor has not been forthcoming with respect to the extent and value of his estate and assets. That fact, and others, support the conversion of the Chapter 11 Case and appointment of

---

[2] *See Notice of Presentment of Amended Stipulation and Order Dismissing Chapter 11 Case and Adv. Pro. No. 18-01573 (JLG)* [ECF No. 87].

[3] *See W.B. Kirby Hill, LLC's Objection to Stipulation and Order Dismissing Chapter 11 Case and Request to Convert the Case to a Chapter 7 Case* [ECF No. 97]. WB Kirby also filed an omnibus reply to the objections to its Request to Convert. *See W.B. Kirby Hill, LLC's Omnibus Reply to Objections to Request to Convert the Case to a Chapter 7 Case* [ECF No. 115].

[4] *See Opposition to the Objection to Amended Stipulation and Order Dismissing Chapter 11 Case and Request to Convert the Case to a Chapter 7 Case* [ECF No. 98]; *iPayment's Supplemental Response to WB Kirby's Objection to Amended Stipulation and Order Dismissing Chapter 11 Case and Request to Convert the* **[*3]** *Case to a Chapter 7 Case* [ECF No. 111] ("iPayment's Supplemental Response"); *Debtor's Response to WB Kirby Hill LLC's Request to Convert This Case and Second Belated Objection to the Stipulation to Dismiss This Case* [ECF No. 100]; *Debtor's Supplement Response to WB Kirby Hill LLC's Request to Convert This Case And Second Belated Objection to The Stipulation to Dismiss This Case* [ECF No. 113] ("Debtor's Supplemental Response").

a chapter 7 trustee. Accordingly, the Court sustains WB Kirby's objection to the Amended Stipulation of Dismissal, grants the Request to Convert, and converts the Chapter 11 Case to one under chapter 7 of the Bankruptcy Code. **[*4]**

Jurisdiction

The Court has jurisdiction over the Amended Stipulation of Dismissal and Request to Convert pursuant to *28 U.S.C. §§ 1334(a)* and *157(a)*, and the standing order of reference for bankruptcy cases and related proceedings for the United States District Court for the Southern District of New York. *See* Amended Standing Order of Reference, No. M10-468, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.). This is a core proceeding pursuant to *28 U.S.C. § 157(b)(2)(A)*.

Background

WB Kirby Hill LLC ("WB Kirby") and iPayment, Inc. ("iPayment") are the Debtor's principal creditors. Both have filed proofs of claim herein. iPayment filed a claim in the amount of no less than $2,496,827.90 against the Debtor, which is based upon a $3,302,602.54 judgment (which includes attorneys' fees of $540,016.00) entered by the Supreme Court of the State of New York (the "State Court") in its favor against the Debtor. *See* Claim No. 7. On June 25, 2018, iPayment commenced an adversary proceeding against the Debtor in this Court seeking a determination that its debt is non-dischargeable pursuant to *sections 523(a)(2)(A), 523(a)(6)* and *523(c) of the Bankruptcy Code* (the "Non-Dischargeability Action"). *See* Adv. Pro. No. 18-01573, *Complaint* [Adv. Pro. ECF No. 1].

WB Kirby is the original holder of a mortgage note (the "Note") and mortgage (the "Mortgage") **[*5]** against certain residential property located at 11 Mansion Hill Drive, Muttontown, New York 11791 (the "Property"). Those instruments are dated December 16, 2011, and were delivered to WB Kirby by the Debtor and his wife (together, the "Mortgagors") to evidence and secure a loan from WB Kirby to the Mortgagors in the original principal amount of $2,275,000. *See Declaration of Josh Nichols in Opposition to the Debtor's Motion for Order (A) Pursuant to 11 USC 362(c)(4) Imposing Automatic Stay Afforded the Debtor on his Third Bankruptcy Petition in One Year, and (B) Determining that Estate Property is Subject to the Automatic Stay*, dated April 26, 2018 [ECF No. 26] ¶¶ 6, 8-10. The Mortgagors

occupy the Property as their residence. They have not made a payment toward the Note and Mortgage since February 26, 2014. *Id.* ¶ 16.

In response to the Mortgagors' various defaults under the Note and Mortgage, on May 6, 2014, WB Kirby commenced a foreclosure action (the "Foreclosure Action") in the State Court. *See Declaration of Anthony R. Filosa, Esq. in Opposition to the Debtor's Motion for Order (A) Pursuant to 11 USC 362(c)(4) Imposing Automatic Stay Afforded the Debtor on his Third Bankruptcy Petition in One Year, and (B)* **[*6]** *Determining that Estate Property is Subject to the Automatic Stay*, dated April 26, 2018 [ECF No. 26] ¶¶ 1, 3. The State Court granted WB Kirby summary judgment on its complaint and in June 2017, the Debtor sought a stay of the Foreclosure Action pending its appeal of the State Court's summary judgment order. *Id.* ¶ 6. By Order dated September 8, 2017, and entered September 13, 2017, the State Court denied the Debtor's stay request. *Id.* On September 25, 2017, the State Court entered a judgment of foreclosure and sale in the Foreclosure Action granting judgment in favor of WB Kirby in the amount of $3,432,193.32, as of January 25, 2017, plus interest and fees. *Id.* ¶ 4.

WB Kirby scheduled a foreclosure sale for November 21, 2017 (the "Foreclosure Sale"). *Id.* ¶ 5. One day prior to the sale, the Debtor, acting *pro se*, filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "EDNY Bankruptcy Court") (the "First Chapter 13 Case").[5] On December 1, 2017, WB Kirby filed a motion seeking the entry of an order dismissing the case, or, in the alternative, granting it relief from the automatic stay to proceed with **[*7]** the Foreclosure Sale.[6] The Debtor did not file a response to the motion. The EDNY Bankruptcy Court granted the motion and on January 10, 2018, dismissed the First Chapter 13 Case.[7] Thereafter, WB Kirby re-advertised

---

[5] *See* EDNY Bankruptcy Court Case No. 17-77162 (LAS), *Petition and Schedules* (ECF Doc. No. 1).

[6] *See* EDNY Bankruptcy Court Case No. 17-77162 (LAS), *Motion of Creditor WB Kirby Hill, LLC for Entry of Order (A) Pursuant to 11 U.S.C. §§ 109(e) and/or 1307(c), Dismissing This Case; or, in the Alternative, (B) Pursuant to 11 U.S.C. §§ 362(d) and 1301(c), Granting Relief from the Automatic Stay and Codebtor Stay* (ECF Doc. No. 10).

[7] *See* EDNY Bankruptcy Court Case No. 17-77162 (LAS), Order Dismissing Chapter 13 Case (ECF No. 18). The court

and rescheduled the Foreclosure Sale for February 20, 2018. *Id.* ¶ 5.

On November 20, 2017, Leonid Kuvykin, the Debtor's father, filed an emergency order to show cause in the State Court seeking to intervene in the Foreclosure Action. *Id.* ¶ 7. The State Court refused to sign the emergency order to show cause. *Id.* On February 16, 2018, the Debtor, again acting *pro se*, filed a voluntary chapter 13 petition in the EDNY Bankruptcy Court **[\*8]** (the "Second Chapter 13 Case").[8] On February 22, 2018, WB Kirby filed a motion in the Second Chapter 13 Case seeking the entry of an order dismissing the case, or, alternatively, granting it relief from the automatic stay to proceed with the Foreclosure Sale.[9] The Debtor opposed the motion. The EDNY Bankruptcy Court granted the motion and on March 8, 2018, dismissed the Second Chapter 13 Case.[10] In the wake of that dismissal, WB Kirby rescheduled the Foreclosure Sale for March 20, 2018. *Id.* ¶ 8; Ex. 5.

On March 19, 2018 (the "Petition Date"), the Debtor, represented by counsel, commenced this case by filing a voluntary petition for relief under chapter 11 of the

---

dismissed the First Case on three grounds:

(i) the debtor's secured debt as scheduled in Schedule D to the debtor's bankruptcy petition exceeds the secured debt limit of $1,184,200 set forth in *11 U.S.C. § 109(e)*, (ii) the debtor has failed to timely file a chapter 13 plan as required pursuant to *11 U.S.C. § 1321* and *Rule 3015(b) of the Federal Rules of Bankruptcy Procedure*, and (iii) the debtor has failed to commence making timely payments under *11 U.S.C. § 1326*[.]

*Id.* at 2.

[8] *See* EDNY Bankruptcy Court Case No. 18-71038 (LAS), *Petition and Schedules* (ECF Doc. No. 1).

[9] *See* EDNY Bankruptcy Court Case No. 18-71038 (LAS), *Motion of Creditor WB Kirby Hill, LLC for Entry of Order (A) Pursuant to 11 U.S.C. §§ 109(e) and/or 1307(c), Dismissing Serial Case; and (B) Pursuant to 11 U.S.C. § 362(d)(4), Granting In Rem Relief from the Automatic Stay; or, in the Alternative, (C) Pursuant to 11 U.S.C. §§ 362(d)(1) or (d)(2) and 1301(c), Granting Relief from the Automatic Stay or Codebtor Stay* (ECF Doc. No. 9).

[10] *See* EDNY Bankruptcy Court Case No. 18-71038 (LAS), *Order Dismissing Chapter 13 Case* (ECF Doc. No. 21). The EDNY Bankruptcy Court dismissed the Second Chapter 13 Case because the Debtor's scheduled secured debt exceeded the debt limitations set forth in *11 U.S.C. § 109(e)*. *See id.* at 1.

---

Bankruptcy Code (the "Chapter 11 Case"). By email dated March 19, 2018, Debtor's counsel advised counsel for WB Kirby "that the Foreclosure of [Debtor's] property is Stayed [sic] under **[\*9]** *Bankruptcy Code 362a [sic]*." *Id.* ¶ 9; Ex. 6. WB Kirby contends that by application of *section 362(c)(4) of the Bankruptcy Code*, the automatic stay did not take effect in this case on the Petition Date. It went forward with the Foreclosure Sale. At that sale, it was the highest bidder for the Property with its credit bid of $3,000,000. On March 20, 2018, the State Court-appointed referee executed and transferred the deed to the Property to WB Kirby. *Id.* ¶ 10; Ex. 7. The referee filed its Referee's Report of Sale for the Foreclosure Sale with the Nassau County Clerk on April 18, 2018. *Id.* ¶ 11.

Since the Petition Date, the Debtor has remained in possession and control of his assets as a debtor-in-possession pursuant to *sections 1107* and *1108 of the Bankruptcy Code*. He also has remained in possession and control of the Property. No committee of unsecured creditors has been appointed in this case. On April 18, 2018, the Debtor filed a motion (the "Stay Motion") seeking the entry of an order of this Court (i) pursuant to *sections 362(c)(4)(B)* and *362(c)(4)(D)(i)(III) of the Bankruptcy Code* "imposing" the automatic stay in this case; and (ii) determining that the automatic stay affected property of the Debtor's estate as of the Petition Date.[11] Under *section 362(c)(4)(A) of the Bankruptcy Code*, the automatic stay does not take effect in the case of an individual debtor who has had two or more cases **[\*10]** dismissed in the previous year.[12] Pursuant to *section 362(c)(4)(B)*, upon the motion of a party in

---

[11] *See The Debtor's Verified Motion for Orders: A.) Pursuant to 11 U.S.C. § 362(c)(3)(C)(i)(III) [sic], Imposing Extending the Automatic Stay Afforded The Debtor on His Third Bankruptcy Petition in One Year And B.) Determining That Estate Property is Subject to The Automatic Stay With Points and Authorities* [ECF No. 20].

[12] *Section 362(c)(4)(A)(i)* states, in relevant part, as follows:

if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint **[\*11]** cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under *section 707(b)*, the stay under *subsection (a)* shall not go into effect upon the filing of the later case[.]

*11 U.S.C. § 362(c)(4)(A)(i)*.

interest filed within 30 days after the filing of the later case, and after notice and hearing, the court may order the automatic stay to take effect as to any and all creditors (subject to such conditions or limitations that the court may impose) if such party demonstrates that the later case was filed in good faith as to the creditors stayed by the filing.[13] Under the statute, there is a presumption that the case was not filed in good faith, although it may be rebutted by clear and convincing evidence to the contrary. *See 11 U.S.C. § 362(c)(4)(D)*. WB Kirby and iPayment opposed the Stay Motion.[14] After the Court conducted an initial hearing on the motion, at the parties' request, the Court adjourned the matter to permit them to conduct discovery.

On August 3, 2018, WB Kirby moved this Court pursuant to *sections 105* and **[*12]** *503 of the Bankruptcy Code*, and *Rule 9014 of the Federal Rules of Bankruptcy Procedure*, for an order compelling the Debtor to pay the administrative expense incurred by the Kuvykins by reason of their use and occupancy of the Property. On August 31, 2018, over the Debtor's objection, and after a hearing on the motion, the Court granted the motion. *See Memorandum Decision and Order Granting WB Kirby Hill, LLC's Motion for Immediate Payment of Administrative Expenses* [ECF No. 70] (the "Decision and Order"). Pursuant thereto, the Court:

> Awarded WB Kirby an administrative expense claim, on account of the Debtor's unjust enrichment

---

[13] *Section 362(c)(4)(B)* states, as follows:

> if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]

*11 U.S.C. §§ 362(c)(4)(B)*.

[14] *See Opposition of Creditor WB Kirby Hill, LLC to Debtor's Motion for Order (A) Pursuant to 11 U.S.C. § 362(c)(4) Imposing Automatic Stay Afforded The Debtor on His Third Bankruptcy Petition in One Year, And (B) Determining That Estate Property is Subject to the Automatic Stay* [ECF No. 26]; *Opposition of Creditor iPayment, Inc. to Debtor's Motion for Order (A) Pursuant to 11 U.S.C. § 362(c)(4) Imposing Automatic Stay Afforded by the Debtor on His Third Bankruptcy Petition in One Year, And (B) Determining That Estate Property is Subject to The Automatic Stay* [ECF No. 28].

occasioned by his continued post-petitioned use and occupancy of the Property, in the amount of $22,500/month, commencing on March 20, 2018, and pro-rated daily until the Debtor delivers possession (free of all tenancies) of the Property to WB Kirby.

Directed that within three business days of the entry of the Decision and Order, the Debtor pay WB Kirby an amount equal to the accrued, but unpaid administrative expense claim through August 31, 2018.

Directed that the Debtor pay the administrative expense claim monthly, in advance, with payment due on or before the seventh day of the month (or first business day thereafter), and to pay the pro-rata **[*13]** portion of the rent fixed by the Decision and Order for the period of March 20, 2018 through March 31, 2018.

*Id.* at 14. As of August 31, 2018, the Debtor was in default under the Decision and Order in the amount of $120,483.87. On September 12, 2018, WB Kirby filed a notice of presentment of judgment seeking the entry of a money judgment against the Debtor, in his personal capacity, in that amount. *See Notice of Presentment of Money Judgement, Pursuant to Bankruptcy Rule 7056 and Local Bankruptcy Rule 9074-1(d)* [ECF Nos. 73, 83]. The Debtor objected to the entry of such judgment. *See Debtor's Objection to WB Kirby Hill LLC's Notice of Presentment of Judgment* [ECF No. 77]. The Court sustained that objection.

On August 29, 2018, in furtherance of the Stay Motion, the Debtor, iPayment and WB Kirby submitted a proposed Joint Pre-Trial Order to the Court. *See Joint Pre-Trial Order* [ECF No. 69] (the "Proposed Pre-Trial Order"). On September 18, 2018, the Debtor withdrew the Stay Seeking Motion. *See Notice of Debtor's Withdrawal of Motion Seeking Orders Imposing the Automatic Stay In This Case Pursuant To 11 U.S.C. § 362(c)(4)* [ECF No. 76]. On September 20, 2018, Debtor's counsel filed a status letter herein advising the Court that "[t]he Debtor advised the U.S. **[*14]** Trustee that he will stipulate to dismissing this case." *See* [ECF No. 78].

On October 15, 2018, iPayment noticed the Amended Stipulation of Dismissal for presentment to the Court. In that stipulation, the Debtor, iPayment, and the U.S. Trustee agree that "cause" exists under *sections 1112(b)(4)(E)-(F) of the Bankruptcy Code* to dismiss the case because the Debtor: (1) failed to comply with the Decision and Order, and (2) has failed to timely file

MORs in the case. The stipulation also provides that if the case is dismissed, all orders and judgments entered by the Court will remain in full force and effect and the Debtor will pay the United States Trustee's fee. *See* Amended Stipulation of Dismissal ¶¶ 2-3.[15]

On November 8, 2018, WB Kirby objected to the Amended Stipulation of Dismissal and requested conversion of the Chapter 11 Case to a chapter 7 case. *See W.B. Kirby Hill, LLC's Objection to Stipulation And Order Dismissing Chapter 11 Case And Request to Convert The Case to a Chapter 7 Case* [ECF No. 93] (the "Objection to Dismissal").[16] Three days later, WB Kirby filed the Request to Convert. The Debtor (*see* ECF Nos. 100, 113) and iPayment (*see* ECF Nos. 98, 111) oppose that relief. At the hearing on these matters, the U.S. Trustee clarified **[*15]** that it stipulated to dismissing the case because it incorrectly believed that WB Kirby consented to the dismissal of the case. It takes the position that the Court would be within its reasonable discretion in either dismissing or converting this case.

Discussion

*HN1*[⬆] ] The Debtor does not have an absolute right to dismiss the Chapter 11 Case. *See, e.g., In re Just Plumbing & Heating Supply, Inc., No. 11-10151 (MG), 2011 Bankr. LEXIS 4021, 2011 WL 4962993 at *2 (Bankr. S.D.N.Y. Oct. 18, 2011)* ("Unlike chapter 12 and 13 debtors, 'a Chapter 11 debtor does not enjoy an absolute right to a dismissal of its bankruptcy.'" (quoting *In re Kingbrook Dev. Corp., 261 B.R. 378, 379 (Bankr. W.D.N.Y. 2001))). Section 1112 of the Bankruptcy Code* governs resolution of the matters before the Court. As relevant, it states that

> on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]

*11 U.S.C. § 1112(b)(1)*. *Subsection (b)(4)* sets forth sixteen non-exclusive examples of "cause." *See 11 U.S.C. § 1112(b)(4); see also C-TC 9th Ave. P'ship. v. Norton Co. (In re C-TC 9th Ave. P'ship), 113 F.3d 1304, 1311 (2d Cir. 1997)* ("It is important to note that this list is illustrative, not exhaustive."); *Carolin Corp. v. Miller, 886 F.2d 693, 698 (4th Cir. 1989)* (*section 1112(b)(4)* "sets out a non-exhaustive list of circumstances in which conversion or dismissal might be appropriate[.]"). The Court will apply a two-step analysis in determining whether to dismiss or convert this case. First, it will consider **[*16]** whether "cause" exists for relief under the statute. If it does, the Court will determine whether dismissal or conversion of the case is "'in the best interest of the creditors and the estate.'" *See In re Superior Siding & Window, Inc., 14 F.3d 240, 242 (4th Cir. 1994)* ("A motion filed under this section invokes a two-step analysis, first to determine whether cause exists either to dismiss or to convert the Chapter 11 proceeding to a Chapter 7 proceeding, and second to determine which option is in the best interest of creditors and the estate." (citing *In re Mechanical Maintenance, Inc., 128 B.R. 382, 386 (E.D. Pa. 1991)))* (internal quotation marks omitted); se*e also In re BH S&B Holdings LLC, 439 B.R. 342, 351 (Bankr. S.D.N.Y. 2010)* ("It is within the court's discretion to convert or dismiss a chapter 11 case, provided the best interests of creditors and the estate are served.") (internal citation omitted). There is cause under *sections 1112(b)(4)(E)* and *(F)* to either dismiss or convert the Chapter 11 Case because the Debtor has stipulated that (i) he is delinquent in filing his MORs; and (ii) he is in breach of the Decision and Order. *See* Amended Stipulation of Dismissal at 1-2.[17] At issue is whether "the best interests of the creditors and the estate" will be better served by dismissing or converting the case. *See 11 U.S.C. § 1112(b)(1)*.

*HN2*[⬆] ] Courts apply a "facts and circumstances" test in determining whether dismissal or conversion is in "the

---

[15] The stipulation also calls for the dismissal of the Non-Dischargeability Action. In doing so, it amends a prior version of the stipulation [ECF No. 86], which omitted certain language concerning the dismissal of the Non-Dischargeability Action. *See* Amended Stipulation of Dismissal at 2.

[16] The Objection to Dismissal is substantially the same as the Request to Convert but was docketed three days earlier with a different title.

---

[17] As relevant, *section 1112(b)(4) of the Bankruptcy Code* states that:

> For purposes of this subsection, the term 'cause' includes—
>
> * * * *
>
> (E) failure to comply with an **[*17]** order of the court [and]
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter[.]

best interests of creditors and the estate." Among the factors (the "Factors") that courts may consider in making that determination are:

(1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.

(2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.

(3) Whether the debtor would simply file a further case upon dismissal.

(4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.

(5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.

(6) Whether any remaining issues would be better resolved outside the bankruptcy forum.

(7) Whether the estate consists of a "single asset."

(8) Whether the debtor had engaged in misconduct and whether [*18] creditors are in need of a chapter 7 case to protect their interests.

(9) Whether a plan has been confirmed and whether any property remains in the estate to be administered.

(10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

See COLLIER ON BANKRUPTCY ¶ 1112.04[7] at 46-48 (Richard Levin & Henry J. Sommers eds., 16th ed. 2018). *See, e.g., In re BH S&B Holdings, LLC, 439 B.R. at 346* (citing the aforementioned Factors); *In re FRGR Managing Member LLC, 419 B.R. 576, 580-81 (Bankr. S.D.N.Y. 2009)* (same). No Factor is determinative and the Court need not give equal weight to the Factors. For the reasons set forth below, the Court finds that in applying the Factors, it is in the best interests of the creditors and the estate that the Chapter 11 Case be converted to one under chapter 7 of the Bankruptcy Code.

The Debtor's estate does not consist of a "single asset," the Debtor has not confirmed a reorganization plan, and there is no evidence that there is a need for a trustee to address possible environmental or other safety matters or concerns relating to the Debtor or his estate. Accordingly, Factors 7, 9, and 10 have no application in this case. In contrast, Factor 3 is relevant to the resolution of the dispute among the parties. [*19] The

Debtor is a serial bankruptcy filer. As such, application of that Factor favors converting this case to one under chapter 7 of the Bankruptcy Code. *See, e.g., In re Strawbridge, No. 09-17208-MG, 2010 Bankr. LEXIS 544, 2010 WL 779267, at *5 (Bankr. S.D.N.Y. Mar. 5, 2010)* (converting case and noting "[w]here serial filings are an issue, conversion is in the best interests of creditors." (citing *In re Staff Inv. Co., 146 B.R. 256, 259-60 (Bankr. E.D. Cal. 1992)* (vacating order dismissing case where conversion was appropriate to prevent abuse of bankruptcy process)). Likewise, application of Factors 1, 2, 4 and 5 support WB Kirby's assertion that the Court should convert the case. In substance, they focus on different elements that courts consider when determining whether dismissal or conversion of a case will maximize the value of the bankruptcy estate for the benefit of its creditors. **HN3**[↑] In applying Factors 1 and 2, courts consider, respectively, whether the dismissal of a case will result in a windfall to creditors who received prepetition preferential transfers, and whether creditors will be prejudiced from the loss of rights, or potential rights, available to them under the Bankruptcy Code, that will not be available to them if the case is dismissed. *See, e.g., In re Superior Siding & Window, Inc., 14 F.3d at 241* (vacating dismissal order of lower court because assets [*20] were insufficient to satisfy creditors' claims and certain creditors had obtained preferential positions); *see also In re Surtronics, Inc., Case No. 1305672-8-SWH, 2014 Bankr. LEXIS 2515, 2014 WL 2581159, at *3-4 (Bankr. E.D.N.C. June 9, 2014)* (denying debtor's motion to dismiss because, *inter alia,* dismissal would result in the loss of a creditor's right to repossess property pursuant to *11 U.S.C. § 365(d)(4)*). If the Court dismisses the Chapter 11 Case, WB Kirby will lose its priority right to payment of its administrative expense claim. *See 11 U.S.C. § 726(a)(1).* That weighs against dismissing this case. *See In re Sandia Resorts, Inc., 562 B.R. 490, 496-97 (Bankr. D. N.M. 2016)* (finding that where dismissal would cause administrative claim holders to lose their priority rights, as well as likelihood of payment, Factor 2 weighed in favor of conversion). Dismissal of the case may also provide a windfall to creditors who received preferential transfers. The Debtor has not scheduled any preferential transfers. However, it is unclear whether, and to what extent, the Debtor has conducted a preference analysis. A chapter 7 trustee would be best positioned to conduct such an analysis. In doing so, the policy of promoting equality of distribution among similarly situated creditors would be safeguarded. *See In re Sullivan, 522 B.R. 604, 613 (9th Cir. B.A.P. 2014)* ("**HN4**[↑] When determining the best interest of the creditors under *§ 1112(b),* the Code's

fundamental **[*21]** policy of achieving equality among creditors must be a factor considered[.]") (internal citations omitted); see also In re Babayoff, 445 B.R. 64, 82 (Bankr. E.D.N.Y. 2011) ("[A] trustee's ability to examine the estate as an independent fiduciary and administer it in an orderly fashion protects creditors[.]") (internal citation omitted). Accordingly, the Court weighs Factor 1 in favor of conversion.

The focus of Factors 4 and 5 is on whether there are estate assets available for a trustee to liquidate for the benefit of creditors. See, e.g., In re Staff Inv. Co., 146 B.R. at 261 (reasoning the "prime criterion for assessing the interest of the estate [when weighing dismissal or conversion] is the maximization of its value as an economic enterprise"); In re Rubio, No. 09-75163-ast, 2011 Bankr. LEXIS 148, 2011 WL 124458, at *6 (Bankr. E.D.N.Y. Jan. 13, 2011) (ordering dismissal of chapter 11 case where no avoidance actions were identified and the court found that after exemptions, any residual value of the debtor's personal property would be consumed by chapter 11 and chapter 7 administrative expenses); cf. In re Halal 4 U LLC, No. 08-15216 (MG), 2010 Bankr. LEXIS 3335, 2010 WL 3810860, at *4 (Bankr. S.D.N.Y. Sept. 24, 2010) (converting case and noting "[b]asically, the exact nature of the Debtor's assets remains unknown, and it makes sense to appoint a trustee to examine exactly what assets are available for creditor distribution."). The Debtor's financial **[*22]** picture is not clear. The Debtor has been in bankruptcy for approximately eleven months but has filed only two MORs. He has not filed an MOR since the April 2018 MOR. See Monthly Operating Report for April Reporting Period [ECF No. 40].[18] Accordingly, the Debtor's creditors have had no insight—essentially for the life of this case—with respect to: the Debtor's cash receipts, disbursements, bank account statements and reconciliations, value of personal property, and whether any payments have been made with respect to

---

[18] The April 2018 MOR represents that the Debtor received $3,000 in wages as well as $32,697 in "other income", which is largely attributable to an insurance claim and Accelerated Technologies Holdings Corp. stock valued at $10,000. Id. at pgs. 2-3 of 16. The only personal property listed is a de-minimis amount of cash and $10,000 in stocks. Id. at pg. 7 of 16. The Debtor did not record any disbursements for "food, clothing, and hygiene." Rather, the Debtor only lists disbursements for certain medical expenses, automobile expenses, insurance, and utilities. Id. at pg. 2 of 16. The Debtor has also indicated that funds have been disbursed from an account other than a debtor in possession account. Id. at pg. 12 of 16.

prepetition liabilities—all of which (among other things) must be disclosed in MORs.[19] That supports WB Kirby's Request to Convert. The need to appoint a chapter 7 trustee is further underscored by the fact that the Debtor has offered conflicting evidence regarding the potential value of his estate. Shortly after commencing this case, the Debtor argued in support of the Stay Motion that he filed this case in good faith because there were substantial changes in his personal and financial affairs since the dismissal of his last case. See Stay Motion ¶¶ 2, 46, 62, 65. In connection therewith, the Debtor contended in the Proposed Pre-Trial Order that: (i) he anticipated receiving **[*23]** income of approximately $30,000 to $40,000 per month based on a consulting agreement with Accelerated Technologies Holdings Corp. ("ATHC") (Proposed Pre-Trial Order ¶ 13 at pg. 17); (ii) he set the terms for a consulting agreement with Kading Companies S.A. which would provide him with a monthly income of $10,000 (id. ¶¶ 14-15); (iii) he intended to fund a plan of reorganization through distributing shares of ATHC stock to creditors and, as of May 29, 2018, the price of such stock was $0.80 per share (id. ¶¶ 16-17); (iv) imposing the automatic stay is "necessary" and "facilitates" the Debtor's reorganization (id. ¶ 18); and (v) "[t]here is reason to conclude that the Instant Case will result in a confirmed plan that will be fully performed" because "the Debtor can satisfy his obligations." Id. ¶¶ 22-23. Further, in his schedules he asserted that he holds claims against Allstate and 800 Fund in the sums of $4,000,000 and $5,000,000 respectively. The Debtor now contends that the value of his stock in ATHC is "dubious" because it is restricted, and that the Debtor's schedules reveal "no great value to the estate." See Debtor's Supplemental Response ¶¶ 10-14. The Court finds that in **[*24]** these circumstances, creditors would benefit from conversion of the Chapter 11 Case and the appointment of a chapter 7 trustee rather than putting the Debtor back in control of his assets through a dismissal order. See Matter of Natrl Plants & Lands Mgmt. Co., Ltd., 68 B.R. 394, 396 (Bankr. S.D.N.Y. 1986) (granting motion to

---

[19] The United States Trustee's Office for the Southern District of New York requires an MOR containing this information to be filed in each chapter 11 case on the 15th day of the month following the relevant reporting period. See U.S. Department of the United States Trustee, Region 2 - New York, Connecticut, and Vermont, Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees (December 14, 2017), at 4, available at: https://www.justice.gov/ust-regions-r02/region-2-general-information#ch11.

convert and finding creditors' interests may be jeopardized by allowing the debtor to proceed with liquidation in chapter 11 without the benefit of an independent trustee's supervision); *Lakefront Inv'rs LLC v. Clarkson, 484 B.R. 72, 86 (D. Md. 2012)* (noting that **HN5**[⬆]] "[l]ack of trust in the debtor" is an important factor in comparing creditors' interest in bankruptcy with those under state law). The Debtor's inconsistent and contradictory representations regarding his assets, coupled with his failure to file his MORs, supports the appointment of a chapter 7 trustee to ascertain the scope of the Debtor's estate and liquidate estate property for the benefit of all creditors. *See In re Strawbridge, 2010 Bankr. LEXIS 544, 2010 WL 779267, at *5* (determining creditors' best interests served by conversion of case and noting independent trustee would be appointed to examine debtor's estate and properly value and liquidate property for the benefit of creditors). The Debtor and iPayment each contend that the conversion of the Chapter 11 Case and the appointment of a chapter 7 trustee **[*25]** would effectively make the trustee WB Kirby's collection agent because any assets the trustee recovers would likely be used to satisfy WB Kirby's administrative claim. *See* iPayment's Supplemental Response at 4; Debtor's Supplemental Response ¶ 6. This argument is undermined by the Debtor's inconsistent representations regarding the value of his estate and the fact that the Debtor has not filed an MOR since the April MOR. Moreover, a chapter 7 trustee would not be beholden to WB Kirby as its duty extends to all creditors of the estate. *See 11 U.S.C. § 704(a)(1)* (trustee has duty to collect and reduce to money estate property and close estate "as expeditiously as is compatible with the best interests of parties in interest"). Application of Factors 4 and 5 therefore weigh in favor of converting the Chapter 11 Case to one under chapter 7 of the Bankruptcy Code.

**HN6**[⬆]] In applying Factor 8, courts consider the degree to which a debtor has cooperated with creditors and complied with obligations imposed by the Bankruptcy Code. *In re Ferri, No. 13-08-12399 JA, 2010 Bankr. LEXIS 1178, 2010 WL 1418147, at *4 (Bankr. D.N.M. Apr. 6, 2010)* is instructive. In ordering the conversion of the debtor's chapter 11 **[*26]** case, that court reasoned as follows:

> Ms. Ferri has enjoyed the protection of the automatic stay for some nineteen months while her creditors were held at bay, yet she failed to appropriately discharge her duties as a debtor in possession. She filed operating reports for the first

six months of her chapter 11 case all at once, instead of monthly, and the operating reports she filed contain unaccounted for cash withdrawals, evidence of payments to professionals not approved by the Court, and other deficiencies. Further, no operating reports were filed for an extended period; therefore, no accounting of estate income and expenses has been made for that period. It is in the best interest of creditors and the estate for an independent chapter 7 trustee to determine whether to seek to recover unauthorized funds expended in furtherance of post-petition transactions.

Debtor argues, *inter alia*, that the Court should dismiss rather than convert Debtor's case because dismissal will simply return creditors to their former positions, that there are no viable, non-exempt assets to be administered in a Chapter 7 case, and that any remaining collection efforts are best pursued through garnishment under **[*27]** state law. Counsel for the Debtor further represented that he would not file another bankruptcy case on behalf of the Debtor if this case were dismissed. The Court is not persuaded that these factors are sufficient grounds to dismiss rather than convert the Debtor's case. The operating reports, together with the Debtor's own testimony, demonstrate that the Debtor has failed to provide a sufficient accounting of her business affairs during the pendency of this case for the Court to make any of those determinations regarding assets of the estate and how creditors may best collect their claims. Based on the foregoing, the Court concludes that conversion, rather than dismissal, is in the best interest of creditors and the estate.

*Id.; see also In re Sal Caruso Cheese, Inc., 107 B.R. 808, 818 (Bankr. N.D.N.Y. 1989)* (ordering conversion after finding "[t]he record reveals an absolute disregard of the strictures of the Bankruptcy Code or at best a calculated strategy of selective compliance."); *In re Citi-Toledo Partners, 170 B.R. 602, 609 (Bankr. N.D. Ohio 1994)* (**HN7**[⬆]]) where a debtor in possession has failed to perform its fiduciary duties, conversion is warranted). Application of Factor 8 supports WB Kirby's contention that the case should be converted. It is apparent that the Debtor filed this case—just as he filed his prior two **[*28]** cases—to advance his own interests to the detriment of creditors. The Debtor has kept creditors in the dark with respect to his finances by not filing his MORs. He has willfully disregarded the Decision and Order by failing to make any payments to WB Kirby,

while continuing to occupy the Property. Conversion of the Chapter 11 Case and the appointment of a chapter 7 trustee is warranted to protect creditors' interests and therefore Factor 8 weighs in favor of conversion.

*HN8*[↑]] In applying Factor 6, courts consider whether parties in interest with claims against the debtor will be better positioned to resolve those claims in state or other non-bankruptcy courts. *See, e.g., In re Lenexa Hotel, L.P., Case No. 16-22172, 2018 Bankr. LEXIS 515, 2018 WL 1115199, at *12 (Bankr. D. Kan. Feb. 26, 2018)* (dismissing case and reasoning, in part, "unsecured creditors could use state and federal law remedies to obtain payment of their claims"). There is nothing to suggest that creditors in this case would be better positioned to resolve their claims against the Debtor outside of bankruptcy than within. iPayment asserts that it has been unsuccessful in collecting the multi-million-dollar judgement it was awarded against the Debtor in October 2015 and there is no reason to conclude that dismissal better positions iPayment to **[\*29]** collect its claim against the Debtor. Nonetheless, iPayment says that the Court should deny the Request to Convert and approve the Amended Stipulation of Dismissal because if the Court converts the case, it will be forced to incur costs and expenses in litigating the Non-Dischargeability Action in this Court. *See* iPayment's Supplemental Response at 10-11. However, conversion of this case would not prejudice iPayment, as it has the prerogative to either continue or discontinue the Non-Dischargeability Action. If it decides to continue the proceeding—and is successful—it stands to be the only creditor at the resolution of this case with a claim that can be pursued against the Debtor. There is nothing inequitable about that.

Finally, iPayment and the Debtor contend that because the automatic stay is not applicable in this case, conversion would not serve the best interest of creditors because they would be actively competing with the chapter 7 trustee for assets. *See* Debtor's Supplemental Response ¶¶ 3-4; iPayment's Supplemental Response at 7. This argument is unconvincing. First, iPayment's and the Debtor's concern is hypothetical—even though no stay is in effect in this case, no party **[\*30]** in interest other than WB Kirby has taken any action yet vis-à-vis estate assets. Second, upon conversion, a trustee will be appointed that will have tools at his or her disposal which are only available under bankruptcy law which can be used to discover, obtain, and liquidate estate assets. *See, e.g., Fed. R. Bankr. P. 2004* (providing that upon motion of any party in interest the court may order the examination of any entity to determine the nature

and extent of the bankruptcy estate); *11 U.S.C. §§ 542(a)* (detailing trustee's power to compel turnover of certain estate property); *11 U.S.C. §§ 544-551* (detailing trustee's ability to recover certain prepetition and postpetition transfers of estate property). In this regard, the trustee is generally better suited to recover estate assets under bankruptcy law than individual creditors under non-bankruptcy law. *See In re Staff Inv. Co., 146 B.R. at 261* (noting that "the trustee's powers to recover property are generally greater than would be available outside of bankruptcy"). Further, the Court will continue to exercise oversight over this case and will be able to resolve any disputes to the extent they arise with the goal of maximizing the value of the estate for all creditors.

Conclusion

Based on the foregoing, the Court sustains WB **[\*31]** Kirby's objection to the Amended Stipulation of Dismissal, grants the Request to Convert, and converts the Debtor's Chapter 11 Case to one under chapter 7 of the Bankruptcy Code.

IT IS SO ORDERED.

Dated: New York, New York

February 26, 2019

/s/ *James L. Garrity, Jr.*

Honorable James L. Garrity, Jr.

United States Bankruptcy Judge