UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
E-mail: Lauren.Bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 24-15203 (MBK) |
| Coastal Construction Group, LLC, | Chapter 11 |
| Debtor. | The Honorable Michael B. Kaplan, Chief Judge |
| | Hearing Date: January 10, 2025 at 10 a.m. |

**OBJECTION OF THE UNITED STATES TRUSTEE TO
DEBTOR'S MOTION FOR ENTRY OF AN ORDER VOLUNTARILY DISMISSING
CHAPTER 11 PROCEEDINGS**

The United States Trustee (the "U.S. Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), respectfully submits this objection ("Objection") to the Debtor's *Motion for Entry of an Order Voluntarily Dismissing Chapter 11 Proceedings* ("Motion to Dismiss") (Docket No. 47), and respectfully represents as follows:

### BACKGROUND

1. On May 22, 2024 ("Petition Date"), Coastal Construction Group, LLC ("Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  *See* Docket No. 1.  This is a small business case.

2. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtor's principal place of business is listed as 235 Hickory Lane, Unit B, Bayville, NJ 08721 ("Bayville Property"). *See* Docket No. 1.

4. The Debtor's Schedules disclosed its interest in real property: (i) 427 Boxwood Drive, Forked River, NJ, valued at $75,000 ("427 Boxwood"); and (ii) 426 Boxwood Drive, Forked River, NJ, valued at $75,000 ("426 Boxwood" and together, the "Forked River Properties"). *See* Docket No. 1, Schedule A/B, Question 55.

5. The Debtor's Schedules also disclosed (i) $13,142.16 in a checking account; (ii) accounts receivable in an unknown amount; and (iii) various pieces of machinery, equipment and vehicles with a total value of $129,500. *See* Docket No. 1, Schedule A/B.

6. As of the Petition Date, 427 Boxwood and 426 Boxwood were encumbered by secured claims of AVB Investment, LLC, in the amounts of $390,000 and $375,000, respectively. *See* Docket No. 1, Schedule D. Additionally, Schedule D shows other secured claims against the Debtor's machinery equipment and vehicles, totaling $188,000. *See id*.

7. Schedule E/F shows unsecured claims totaling $454,570.72. *See* Docket No. 1, Schedule E/F.

8. Upon information and belief, at the initial status conference on May 20, 2024, Debtor's counsel reported that the Debtor was a construction company that intended to repay creditors overtime through a chapter 11 plan.

9. On September 13, 2024, AVB Investment LLC, received stay relief, allowing for the movant to pursue rights against the Forked River Properties. *See* Docket No. 38.

10. On November 7, 2024, 245 Hickory Lane LLC, received stay relief to pursue eviction rights. *See* Docket No. 44.

11. On November 21, 2024, the Debtor filed the Motion to Dismiss, which is the subject of this Objection. *See* Docket No. 47. The Debtor's Motion to Dismiss is supported by the Certification of Dean Rado ("Rado Cert."). *See id*.

12. The Rado Cert. states that "[t]his case was filed to stay the levy of bank accounts and assets with the purpose to allow time to sell the property of the Debtor located at 426 and 427 Boxwood Drive, Forked River, NJ." *See id*. at ¶ 5. The Rado Cert. further states that "the Debtor has a Contract of Sale pending. The only outstanding factor is dismissal of the bankruptcy." *See id.* at ¶ 6. The Rado Cert. states "[t]he sale of the properties will cure the outstanding mortgage and allow for payment to creditors." *See id*. at ¶ 8.

13. Attached to the Rado Cert. is a Sales Contract dated June 27, 2024, executed by Dean Rado for the Debtor, as seller, and Marek Wrazen for Wrazen Homes LLC, as buyer. *See* Docket No. 47, Exhibit A. The sale price is $175,000, and the closing date is listed as 7/31/2024. *See id*. The Sale Agreement discloses Casey Quinn of Remax at Barnegat Bay as the Listing Agent. *See id*.

14. The Rado Cert. also states "there are several settlement agreements pending as we adjust the closing date of the contract to meet the needs of creditors toward resolution. It is understood by all parties that there will be a benefit to creditors and the business to continue negotiations to the point of settlement rather than subject the parties to liquidation, which will substantially increase administration costs to the detriment of creditors." *See* Docket No. 47, at ¶ 7. Exhibit B to the Rado Cert. contains: (i) a Stipulation of Dismissal with Prejudice in a matter captioned *Larado Group, LLC v. Coastal Construction Group, LLC and Dean Rado*, BER-L-655-24, executed by Dean Rado, individually and for the Debtor, on October 2, 2024; (ii) a Settlement Agreement and Mutual Release for a matter captioned *William Piparo. v. Dean Rado and Coastal*

*Construction Group, LLC*, OCN-L-593-24, executed November 14, 2024; and (iii) a Settlement Agreement and Mutual Release related to a judgment held by Woodhaven Lumber & Millwork, Inc. in OCN-L-745-23, executed November 14, 2024. *See id*.

15. Finally, the Rado Cert. states "the need for relief provided by Chapter 11 of the Bankruptcy Code is no longer necessary." *See id*. at ¶ 9.

16. The Motion to Dismiss is not supported by a Memorandum of Law.

17. On December 18, 2024, creditor American Builders & Contractors Supply Co., Inc., d/b/a ABC Supply Co., Inc. ("ABC") filed an objection to the Motion to Dismiss. *See* Docket No. 48.

18. On December 23, 2024, creditor Stanley Rajauski filed a Joinder to ABC's Objection to the Motion to Dismiss. *See* Docket No. 49.

19. The Debtor did not retain a realtor in this case. The Debtor did not seek approval of a sale of real property in this case. The Debtor did not seek approval of any settlement agreements in this case.

20. The Debtor failed to file a single Monthly Operating Report ("MOR") since the inception of this case.

## **OBJECTION**

21. Section 1112(b) states, in part, that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors of the estate." 11 U.S.C. § 1112(b)(1).

22. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

4

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a specific condition in the plan; and

> (P) failure of the debtor to pay domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1112(b)(4).

23. It is well settled that the list of factors constituting "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

24. The Debtor asserts "cause" because it is ready to sell real property and resolved disputes with certain creditors. Without acceding that the Debtor established cause for the reasons set for the in the Motion to Dismiss, the U.S. Trustee asserts that at a minimum there is "cause" under Section 1112(b) for failure to file any MORs since the inception of the case.

25. Once cause is established, the second step is to determine which option, conversion or dismissal, is in the best interests of creditors and the estate – or, whether the appointment of a trustee or an examiner would be in the best interest of creditors and the estate. The Debtor's conclusory statement that "there will be a benefit to creditors and the business to continue negotiations to the point of settlement rather than subject the parties to liquidation" is not supported by any facts or legal arguments.

26. The Debtor availed itself of bankruptcy protection without fulfilling its duties and obligations under the Bankruptcy Code, including its reporting obligations. The Debtor also hired a realtor, entered in a sales contract, and executed settlement agreements without any notice and without court approval. Now the Debtor seeks to dismiss the case without providing any

transparency – including whether or not this Debtor is even operating – with the intent to settle certain claims without addressing the claims of all creditors.

27. If a chapter 11 trustee is appointed, or if the case is converted and a chapter 7 trustee is appointed, there will be a fiduciary in place and this Court and creditors will be afforded all of the transparency and safeguards of the bankruptcy process.

28. Two creditors objected to dismissal as of the date this Objection was filed.

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests that this Court deny the Debtor's Motion to Dismiss and enter an order converting the case to chapter 7, or appointing a chapter 11 trustee, whichever the Court determines is in the best interests of creditors and the estate.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

By:   */s/ Lauren Bielskie*
      Lauren Bielskie
      Trial Attorney

Dated: January 2, 2025