**STARK & STARK**
A Professional Corporation
Joseph H. Lemkin, Esq.
100 American Metro Blvd.
Hamilton, NJ 08619
(609) 791-7022

*Attorneys for Hanmi Bank*

In the Matter of:

COASTAL CONSTRUCTION GROUP, LLC,

Debtors.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

Chapter 7

CASE NO. 24-15203 (MBK)

**CERTIFICATION IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

I, Bruce Yancey, do certify and say:

1. I am a Vice President and Special Asset Officer with Hanmi Bank ("Hanmi" or "Movant") in the above-referenced case. I make this Certification based upon my personal knowledge and/or review of the books and records of Hanmi. I am authorized to make this Certification.

2. **Installment Payment Agreement:** Hanmi is the assignee of an Installment Payment Agreement (the "Agreement") entered by Coastal Construction Group, LLC (the "Debtor") and Tech. Finance Co., LLC on March 16, 2002.

3. **Collateral:** The Agreement was secured by a: P.10X-CS Series 3D 4.2 with 1PT S/N 10X-0139. Including 2 batteries, 1 battery charger, 2 A/C adapters, 1 standard pointer pen, 1 C2 remote control, 1 wrist strap, 1 instruction manual (USB Flashdrive), USB Bluetooth receiver with 2 scanner attachments, along with additional accessories (the "Collateral").

4. **Perfection:** Hanmi's security interest in the Collateral was perfected through the filing of a UCC Financing Statement with the Secretary of State of New Jersey on March 16, 2022 (the "UCC").

5. **Proof of Claim:** On or about July 18, 2024 Hanmi filed its proof of claim evidencing the amount due of $19,506.30.  Included as exhibits to the Proof of Claim are true and correct copies of the Agreement, the UCC, as well as the underlying Invoice with a description of the Collateral, along with the Notice of Assignment to Hanmi.  A true copy of the Proof of Claim is attached hereto as Exhibit "A".

6. **Value:** Hanmi has not been able to inspect the Collateral to verify its condition or value. However, the Collateral was originally purchased for $28,575.00.  A true and correct copy of the original invoice is attached hereto as Exhibit "B".  Due to the narrow buyer market segment and used condition, the liquidation value is likely $10,000.00.

7. **Balance Due**: As of January 29, 2024, the balance due to Hanmi under the Agreement, excluding additional legal fees and expenses, is $19,860.88.  The last payment in the amount of $591.10 was received on June 27, 2024.

8.     Because there is no equity in the Collateral and the Debtor is not seeking to reorganize, Hanmi is entitled to relief from the automatic stay.

I certify that the statements made herein are true.  I am aware if any statement made herein is willfully false, I am subject to punishment.

                                                /s/ *Bruce Yancey*_____
                                                BRUCE YANCEY

Dated:  January 31, 2025

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor 1: COASTAL CONSTRUCTION GROUP, LLC

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: District of New Jersey

Case number: 24-15203-MBK

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
HANMI BANK
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Hemar, Rousso & Heald, LLP
Name  c/o Raffi Khatchadourian, Esq.

15910 Ventura Blvd., 12th Floor
Number    Street

Encino          CA          91436
City            State       ZIP Code

Contact phone  818-907-3107

Contact email  raffi@hrhlaw.com

Where should payments to the creditor be sent? (if different)

Bruce Yancey, VP & Special Asset Officer
Name

1107 E. Pioneer Parkway
Number    Street

Arlington        TX         76010
City             State

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/_____
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                         Proof of Claim                         page 1

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 3  3  5  3

**7. How much is the claim?** $ 19,506.30. Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Installment Payment Agreement

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe: Equipment on attached documents

Basis for perfection: Filed UCC-1 Financing Statement

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ 2,500.00
Amount of the claim that is secured: $ 2,500.00
Amount of the claim that is unsecured: $ 17,006.30 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ 1,773.30

Annual Interest Rate (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410 — Proof of Claim — page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. Check one: | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/18/2024

Signature: /s/

Print the name of the person who is completing and signing this claim:

| | | |
|---|---|---|
| Name | Raffi Khatchadourian, Esq. | |
| | First name   Middle name   Last name | |
| Title | Creditor's attorney | |
| Company | Hemar, Rousso & Heald, LLP | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | 15910 Ventura Boulevard, 12th Floor | |
| | Number   Street | |
| | Encino                                        CA    91436 | |
| | City                                          State  ZIP Code | |
| Contact phone | 818-907-3107   Email raffi@hrhlaw.com | |

Official Form 410    Proof of Claim    page 3

## PROOF OF CLAIM WORKSHEET

DEBTOR: COASTAL CONSTRUCTION GROUP, LLC
CASE NUMBER: 24-15203-MBK

CREDITOR: HANMI BANK

Claimant is a creditor pursuant to the underlying Installment Payment Agreement and related documents, true and correct copies of which are attached hereto and incorporated herein by reference.

Claimant is informed its collateral is worth approximately $2,500.00.   However, Claimant has not had an opportunity to inspect and value its Collateral, and reserves all rights in that regard, including the right to amend this Claim.

Claimant's claim equals not less than $19,506.30, consisting of the receivables balance pursuant to the Installment Payment Agreement.   All other rights, remedies, claims and defenses are expressly reserved, and nothing herein constitutes a waiver.   No representation is made that this notice-purpose claim form attaches the entire universe of possibly pertinent documents, and the right is reserved to supplement the exhibits.

| | |
|---|---|
| Receivable Balance | $ 19,506.30 |
| Last Payment: | 07/3/2024 (returned NSF) |
| Paid Thru Date: | 04/01/2024 |
| Monthly Payment: | $591.10 |
| Payments Remaining: | 36 |
| Days Past Due: | 76 Days |
| Past Due Payments | $1,773.30 (3 Payments) |

# Installment Payment Agreement

**TFC TECHNOLOGY FINANCE**

Customer's Full Legal Name ("You" and "Your"):
Coastal Construction Group LLC
Address
235 Hickory Lane Suite B
City/State/Zip Code:
Bayville, NJ 08721
Equipment Location (if different from above):

Telephone Number:            Federal Tax ID#:            County: Ocean

**Product Agreement Information:**
[x] See Attached Schedule for description of Products:
Licensor and Supplier Name(s) & Address(es):
Proclim USA, LLC  7454 Commercial Circle, Fort Pierce, FL 34951

Description of Product Agreement(s):
See Attachment A

**Term and Payment Information:**
"Product Fee" Owed by Customer Under Product Agreement(s): $28,575.00
Term: 60 months                              Date Term Begins: April 1, 2022
Periodic Payment: $591.10 (payable in Arrears)    Documentation Fee: $495.00
Payment Period: Monthly                       Total Number of Payments: 60

You acknowledge and agree that this agreement (as amended from time to time, the "IPA") represents the complete and exclusive agreement between You and Tech. Finance Co., LLC dba Technology Finance ("We," "Us" and "Our") regarding the subject matter herein and supersedes any other oral or written agreements between You and Us regarding such matters. This IPA can be changed only by a written agreement between You and Us. Other agreements not stated herein (including, without limitation, those contained in any purchase order or agreement between You and a Supplier) are not part of this IPA. To help the government fight the funding of terrorism and money laundering activities, U.S. Federal law requires financial institutions to obtain, verify and record information that identifies each person (individuals or businesses) who opens an account. What this means for You: When You open an account or add any additional service, We will ask You for Your name, address, federal employer identification number and other information that will allow Us to identify You. We may also ask to see other identifying documents.

1. **FUNDING AUTHORIZATION; PAYMENTS.** You acknowledge having entered into one or more license, subscription, and/or product agreements described above (each a "Product Agreement") with the above-referenced licensor(s) and/or supplier(s) (each a "Supplier") pursuant to which You obtained the right to use the software, goods and/or other products referenced therein ("Software"), receive certain services and/or equipment and other personal property together with all attachments, accessions, accessories, substitutions, parts, replacements, repairs, additions and upgrades attached or incorporated therein ("Equipment") covered under the Product Agreement(s) (collectively, the "Products"). Pursuant to the terms of the Product Agreement(s), You are obligated to pay to the Supplier(s) the Product Fee amount set forth above on account of the Products. You hereby choose to finance the Product Fee through Us over a period of time instead of paying the Product Fee in cash presently pursuant to the terms and conditions of this IPA.

This IPA is binding on You as of the date You sign it (the "Effective Date"). By Your execution of this IPA, You hereby request Us to pay to the Supplier(s) an amount necessary to satisfy Your Product Fee obligations to the Supplier(s). You acknowledge that the amount so remitted by Us to the Supplier(s) may be net of any discounts or other financial arrangements or accommodations granted by the Supplier(s) to Us, with any such discount, financial arrangement or accommodation reflected in the Periodic Payment. Each Payment Period, You hereby unconditionally agree to pay to Us the Periodic Payments by the due date set forth on Our invoice to You. In addition, You agree to pay a per-diem charge (based on the Periodic Payment amount prorated based on a 30 day month) as reasonably calculated by Us for the period from the Effective Date through the day preceding the commencement of the Term. If requested by Us, You agree to sign and return a certificate of acceptance with respect to the Products. In addition, You agree to pay a one-time origination fee in the amount set forth above (the "Origination Fee"). The Periodic Payments shown above are exclusive of taxes. You shall be solely responsible for the payment of all applicable fees, taxes (including personal property tax) and governmental charges, of any nature, imposed upon or relating to any of the Products. You are the owner of the Equipment.

If We do not receive a Periodic Payment in full on or before its due date, then You shall pay a late fee equal to the greater of 10% of the amount that is late or $29.00 (or the highest amount permitted by law if less). If any check or draft is returned or dishonored, You shall pay Us a fee of $15.00. You agree that the fees set forth in this IPA may include a profit to us and/or a Supplier. In the event You pay any Periodic Payment in whole or in part prior to the due date thereof, You agree that the entire amount paid will be applied by Us to the next-due installment(s). This IPA is non-cancelable for the full Term.

2. **CUSTOMER REPRESENTATIONS AND ACKNOWLEDGMENTS; ACCEPTANCE OF PRODUCTS.** You hereby represent and warrant to Us that: (i) this IPA has been duly authorized, executed and delivered by You and constitutes a legal, valid and binding obligation of You enforceable against You in accordance with its terms, except as enforcement may be limited by bankruptcy or other insolvency-related laws; (ii) the execution, delivery and performance of this IPA will not violate or create a default under any law, regulation, judgment, order, instrument, agreement or organizational document binding on You; (iii) any and all information furnished to Us by You or on Your behalf is true and correct in all material respects; (iv) You have entered into this IPA solely for commercial purposes and not for personal, family or household purposes; and (v) the Equipment, if any, has been delivered to the site set forth above and inspected by You, is in good operating order and condition, is satisfactory and acceptable to You in all respects, or the Software, if any, have been made available for use by the Supplier, and/or any services have been satisfactorily performed.

BY SIGNING BELOW, CUSTOMER ACKNOWLEDGES RECEIPT OF PAGE 2 OF THIS AGREEMENT AND AGREES TO THE TERMS ON BOTH PAGES 1 & 2

Customer: Coastal Construction Group LLC                Company: Tech. Finance Co., LLC
By: [signature]              Date: March 16, 2022        By: [signature]              Date: March 16, 2022
Print name: Dean V. Rado                                  Print name: Kyle Dillard    Title: VP, Operations
Title: President/CEO                                      Agreement Number: ___-001

#2458708 v1 IPA (TFC)                        Page 1 of 2

You hereby acknowledge and agree that: (a) this IPA constitutes a discrete financing agreement, and is separate and distinct from the Product Agreement(s); (b) no breach by any Supplier under a Product Agreement shall relieve You of Your obligations under this IPA; (c) You selected each Supplier and the Products and negotiated the Product fee based on Your own judgment and expressly disclaim any reliance on statements made by Us or Our agents; (d) Your obligations hereunder are absolute, unconditional and irrevocable despite any failure of, or Your dissatisfaction with, any of the Products; and (e) Your obligation to make the Periodic Payments under this IPA shall not be subject to any abatement, setoff, claim, counterclaim, adjustment, reduction or defense of any kind.

3. **NO WARRANTIES.** WE MAKE NO WARRANTIES, EXPRESSED OR IMPLIED, CONCERNING THE SOFTWARE, EQUIPMENT OR ANY SERVICES, GOODS OR OTHER PRODUCTS COVERED BY THE PRODUCT AGREEMENT(S), INCLUDING, WITHOUT LIMITATION, ANY WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE OR MERCHANTABILITY. YOU WAIVE ANY CLAIM (INCLUDING ANY CLAIM BASED ON STRICT OR ABSOLUTE LIABILITY IN TORT) THAT YOU MAY HAVE AGAINST US FOR ANY LOSS, DAMAGE (INCLUDING, WITHOUT LIMITATION, LOSS OF PROFITS, LOSS OF DATA OR SPECIAL, PUNITIVE, INCIDENTAL OR CONSEQUENTIAL DAMAGE) OR EXPENSE CAUSED BY THE SOFTWARE, EQUIPMENT OR ANY SERVICES, GOODS OR OTHER PRODUCTS COVERED BY THE PRODUCT AGREEMENT(S), EVEN IF WE HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGE, LOSS, EXPENSE OR COST. YOU ACKNOWLEDGE THAT WE DID NOT MANUFACTURE, DISTRIBUTE, OR LICENSE THE SOFTWARE, EQUIPMENT, GOODS OR OTHER PRODUCTS COVERED BY THE PRODUCT AGREEMENT(S). YOUR OBLIGATIONS UNDER THIS IPA ARE COMPLETELY INDEPENDENT OF THE DELIVERY, PERFORMANCE OR QUALITY OF THE EQUIPMENT, SOFTWARE OR ANY SERVICES, GOODS OR OTHER PRODUCTS COVERED BY THE PRODUCT AGREEMENT(S).

4. **SOFTWARE.** In consideration of and to secure Your full and timely payment of Your obligations hereunder, You hereby irrevocably transfer and assign to Us all of Your rights and interests (but not any of Your obligations) in, to and under the Software Product Agreement(s), including all of Your rights to use and/or receive the Software, and to suspend, cancel and/or terminate Your license for any Software, goods or other products and rights to receive any services included in such Software. This is a present grant to Us, but may be acted upon by Us only after a default by You under the terms of this IPA. You and We each acknowledge that Our rights to use and receive the Software may be subject to the provisions of the related Product Agreement and rights of the Supplier thereunder, but, as between You and Us, after a default by You under the terms of this IPA and upon Our written exercise of Our rights hereunder, there shall be a total relinquishment of Your rights in the Software to Us. Our rights under this Section 4 shall be referred to as the "Transfer of Software Rights".

5. **EQUIPMENT.** We have the right at any reasonable time to inspect the Equipment and any documents relating to its installation, use, maintenance and repair. At Your expense, You agree to keep the Equipment: (1) in good repair, condition and working order, in compliance with applicable manufacturers' and regulatory standards; (2) free and clear of all liens and claims; and (3) only at Your address shown on page 1, and You agree not to move it unless We agree in writing. You grant Us a security interest in the Equipment to secure all amounts You owe Us under this IPA. You authorize and ratify Our filing of any financing statement(s) to show Our interest in the Equipment and Software. In the event the Equipment is transferred, You are solely responsible for removing any data that may reside in the Equipment, including but not limited to hard drives, disk drives or any other form of memory.

6. **INSURANCE.** For Equipment, You agree to keep the Equipment fully insured against all risk, with Us named as lender's loss payee, in an amount not less than the full replacement value of the Equipment until this IPA is terminated. You will provide written notice to Us within 10 days of any modification or cancellation of Your insurance policy(s). We are not responsible for, and You agree to hold us harmless and reimburse us for and to defend on our behalf against, any claim for any loss, expense, liability or injury caused by or in any way related to delivery, installation, possession, manufacture, use, condition, inspection, removal, or storage of the Equipment. All indemnities will survive the expiration or termination of this Agreement. You are responsible for any loss, theft, destruction or damage to the Equipment ("Loss"), regardless of cause, whether or not insured. You agree to promptly notify Us in writing of any Loss. If a Loss occurs, You will promptly pay to Us the unpaid balance of this IPA, including any future Payments to the end of the term, discounted to present value at 2%. Any proceeds of insurance will be paid to Us and credited against the Loss.

7. **EVENTS OF DEFAULT.** You will be in default hereunder if: (1) You fail to pay any amount due hereunder within 15 days of the due date; (2) You breach or attempt to breach any other term, representation or covenant herein or in any other agreement now existing or hereafter entered into with Us or any Assignee; (3) an event of default occurs under any obligation You may now or hereafter owe to any affiliate of Us or any Assignee; (4) You and/or any guarantors or sureties of Your obligations hereunder (i) die, (ii) go out of business, (iii) commence dissolution proceedings, (iv) merge or consolidate into another entity, (v) sell all or substantially all of Your or their assets, or there is a change of control with respect to Your or their ownership, (vi) become insolvent, admit Your or their inability to pay Your or their debts, (vii) make an assignment for the benefit of Your or their creditors (or enter into a similar arrangement), (viii) file, or there is filed against You or them, a bankruptcy, reorganization or similar proceeding or a proceeding for the appointment of a receiver, trustee or liquidator, or (ix) suffer a material adverse change in Your or their financial condition; and/or (5) Your license to use any software component of the Products is cancelled, terminated, suspended or materially restricted or limited.

8. **REMEDIES.** If You default under the terms of this IPA, We may do any or all of the following: (A) require You to pay to Us, on demand, an amount equal to the sum of (i) all Periodic Payments and other fees and charges then due and past due, if any, (ii) all Periodic Payments to become due in the future through the remainder of the Term, discounted (if applicable) to present value calculated using the simple interest method and a per annum rate equal to 2% (or the lowest rate permitted by law, if higher), and (iii) interest on the amounts specified in clauses "i" and "ii" at the rate of 1.5% per month (or the maximum amount permitted by law if less) from the date of demand to the date paid, (B) cancel, terminate, suspend or cause the cancellation, termination and/or suspension of all licenses for Software granted to You, and cancel, terminate, suspend or withhold or cause the cancellation, termination, suspension or withholding of Software, (C) exercise any rights under any Product Agreement which have been granted to Us by a Supplier, (D) exercise the Transfer of Software Rights as provided in Section 4 above, (E) render the Software unusable by requiring You to remove the Software from any computer or other equipment, (F) exercise any other remedy available to Us under any security agreement securing this IPA, (G) take possession of the Equipment and/or (H) exercise any other remedy available to Us at law or in equity. Upon Our instructions after a default by You under the terms of this IPA, You agree to immediately cease using the Software, to deinstall and delete all copies of Software from any computer systems owned or controlled by You or used for Your benefit, destroy all written manuals and materials provided with the Software, and provide Us with a certificate signed by an officer who is responsible for Your information systems, attesting to such cessation of use and maintenance, deinstallation, deletion, delivery and destruction. We or Our designees will have full and unrestricted access to Your records, computer systems, service provider systems (if any) and facilities to verify Your cessation of use, deinstallation, deletion and destruction. Our remedies hereunder are cumulative and non-exclusive, may be exercised concurrently or successively, and may be specifically enforced. You agree to pay all costs of collection and enforcement of this IPA, including, without limitation, reasonable attorneys' fees, court costs and other reasonable expenses relating directly or indirectly to collection and enforcement. No delay or omission by Us in Our exercise of any right hereunder shall operate as a waiver thereof. If We take possession of the Equipment, You agree to pay the costs of repossession, moving, storage, repair and sale. The net proceeds of the sale of any Equipment will be credited against what You owe Us under this IPA and You will be responsible for any deficiency.

9. **ASSIGNMENT.** You shall not sell, transfer, lease, assign or delegate Your obligations or Products under this IPA, without Our prior written consent, and any such assignment or delegation shall be invalid and of no effect. We may, without notice to You, sell, assign or otherwise transfer Our interests in this IPA, in whole or in part, to a third party (an "Assignee"), in which case the Assignee will, to the extent of such sale, assignment or transfer, have all of Our rights and benefits hereunder but will not have to perform any of Our obligations (if any). Any assignment by Us will not relieve Us of Our obligations hereunder. If We assign this IPA, You further acknowledge and agree that (i) You will not assert against the Assignee any claim, defense or offset that You may have against Us or any predecessor in interest, (ii) neither We nor any Supplier are agents of the Assignee, (iii) the Assignee shall not be responsible for the obligations of any Supplier under a Product Agreement, (iv) no statement, representation or warranty by Us or any Supplier is binding on the Assignee, and (v) neither We nor any Supplier will have any authority to waive or alter any term of this IPA.

10. **ENFORCEMENT.** This IPA shall be governed by, enforced and construed in accordance with the laws of the state of Our principal place of business or, if We assign this IPA to an Assignee, the laws of the state of the Assignee's principal place of business, and any dispute concerning this IPA shall be adjudicated in a federal or state court in such state or in any other court or courts having jurisdiction over You or Your assets, all at the sole election of Us or Our Assignee. You hereby irrevocably submit generally and unconditionally to the jurisdiction of any such court so elected by Us or an Assignee in relation to such matters and irrevocably waive any defense of an inconvenient forum to the maintenance of any such action or proceeding. **YOU AND WE EACH HEREBY WAIVE YOUR AND OUR RESPECTIVE RIGHTS TO A TRIAL BY JURY IN ANY LEGAL ACTION ARISING FROM OR RELATED TO THIS IPA.** If any amount charged or collected under this IPA is greater than the amount allowed by law, then any excess amount charged but not yet paid, will be waived by Us and any such excess amount collected will be refunded to You or applied to any other amount then due hereunder. Each provision hereof shall be interpreted to the maximum extent possible to be enforceable under applicable law. If any provision is construed to be unenforceable, such provision shall be ineffective only to the extent of such unenforceability without invalidating the remainder hereof.

11. **MISCELLANEOUS.** You shall furnish Us or an Assignee with current financial statements upon request by Us or an Assignee. You authorize Us or an Assignee to (a) obtain credit reports or make credit inquiries in connection with this IPA, and (b) provide Your credit application, information regarding Your account to credit reporting agencies, potential Assignees, Suppliers and parties having an economic interest in this IPA. This IPA may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same document; provided, however, only the counterpart which is marked "Original" and is in Our possession shall constitute chattel paper under the UCC. You acknowledge that You have received a copy of this IPA and agree that a facsimile or other copy containing Your faxed, copied or electronically transmitted signature may be treated as an original and will be admissible as evidence of this IPA. You waive notice of receipt of a copy of this IPA with Our original signature.

#2458708 v1 IPA (TFC)                                                            Page 2 of 2

Attachment A to
Installment Payment Agreement ▓▓▓5-001

| Qty | Description |
|---|---|
| 1 | P.10X- CS Series 3D 4.2 with IPT S/N 10X-0139 Includes 2 batteries, 1 battery charger, 2 A/C adapters, 1 standard pointer pen, 1 C2 remote control, 1 wrist strap, 1 instruction manual (USB Flashdrive), USB Bluetooth receiver and 2 scanner attachments |
| 1 | PODS - Large Orange Set of 4 (400.014) |
| 1 | Back Pack (400.008) |
| 1 | Tripod for Proliner (400.001) |
| 1 | Factory Draw Advanced - Permanent (500.424) |
| 1 | IPT Pen Assy (300.052) |
| 1 | Basic Training - 1 Day at Fort Pierce Facility (within 90 days of Proliner purchase) |
| 1 | Basic Training - via Live Webinar |
| 1 | Administration and Processing Fee effective 2015 |
|   | Shipping and Handling |

Initials: _[signature]_

## IPA Commencement Agreement

This Commencement Agreement ("Agreement") is entered into between Coastal Construction Group LLC ("Customer") and Tech. Finance Co., LLC ("Company"), with respect to that certain Installment Payment Agreement No. ▓▓5-001 between Customer and Company (the "IPA").

Customer has requested that Company advance funds in connection with the IPA prior to the products subject to the IPA (the "Products") being delivered to Customer. Company would be unwilling to do so but for this Agreement to start the IPA, and but for Customer's promise that each and every of the IPA payments ("Periodic Payments") will be made in a timely manner regardless of any issues with respect to nondelivery, misdelivery, nonperformance or misperformance of the Products. Except as specifically addressed herein, all other terms and conditions of the IPA remain in full force and effect.

Customer agrees to pay a pro-rata portion of the aggregated average of the Periodic Payments based on a daily charge of one-thirtieth (1/30) of the Periodic Payment calculated from the date of verbal or written acceptance to the Commencement Date on the IPA, which shall be due and payable on the Commencement Date in addition to the Periodic Payment.

Customer has advised Company that the licensor(s) and/or supplier(s) (the "Supplier") of the Products requires that all or a portion of the purchase price be submitted to Supplier prior to Supplier delivering the Products to the location of Customer. Customer has requested that Company advance funds to Supplier accordingly. Customer hereby accepts the Products unconditionally and for all purposes of the IPA, and accepts the Products" as is – where is". Customer further waives its right to revoke acceptance of the Products and understands that once it has accepted the Products by execution hereof, all of its obligations under the IPA become absolute, unconditional and noncancellable.

I. In consideration of Company's agreement to advance funds as requested above, Customer agrees to immediately commence Periodic Payments under the IPA, even though all of the Products may not yet be installed. Customer agrees that, in order to induce Company to make Periodic Payments as described above, the IPA will be in full force and effect immediately upon execution of this Agreement, as will Customer's duty to make all Periodic Payments and to fulfill all other obligations pursuant to the IPA. Should any item of Product not be delivered, Customer alone shall be responsible and shall have recourse only to the appropriate Supplier. By execution of this Agreement, Customer unconditionally accepts and acknowledges said IPA and the Products, and agrees the IPA is in full force and effect and not subject to any defenses or rights of set-off against Company. Nondelivery of any item of Product shall not relieve Customer of the obligation of payment in full under the IPA.

II. In the event that Customer has any disagreement or complaint with respect to the Products, Customer shall look only to persons other than Company or its assigns, and shall not assert against Company or its assigns any claim or defense Customer may have with reference to the Products, its installation, delivery, nondelivery or misperformance.

III. Customer understands that the IPA and Company's right, title and interest to the IPA, this Agreement and the Products, may be assigned or transferred to one or more assignees of Company at any time, without notice or consent of Customer, in which event any subsequent assignee will succeed to all of Company's rights, title and interest under the IPA, and as to such assignees, Customer will not assert any claims or defenses it might be entitled to assert against Company.

Company: Tech. Finance Co., LLC
By: _____
Title: VP, Operations
Date: March 16, 2022

Customer: Coastal Construction Group LLC
By: _____
Title: President/CEO
Date: March 16, 2022

COPY OF THIS DOCUMENT WITH SIGNATURE SHALL BE CONSIDERED TO BE AN ORIGINAL

## BILLING INSTRUCTIONS

Thank you for selecting *Technology Finance* to handle your equipment leasing needs. In order that we may better serve you, please complete the billing instructions and **return this form** with the equipment leasing documents being returned to:

Technology Finance
7077 E. Marilyn Rd Suite 125
Scottsdale, Arizona 85254

Please provide the name of the person that should receive the invoice along with the complete mailing address (including if applicable, room number, mail stop)

Attention: **Dean V Rado**

Billing Address:   Company  Coastal Construction Group LLC
         Street  **235 Hickory Lane Unit B**
         City, State, Zip  **Bayville, NJ 08721**

A/P Contact: **Scott Rado**

Telephone and Extension: **609-618-7688**

Email: **Scott@coastalconstructiongroupNJ.com**

End User (if involved in approving invoices): _____
Telephone and Extension: _____
Purchase Agent (if involved in approving invoices): _____
Telephone and Extension: _____

County: **Ocean**
State of Incorporation: New Jersey
Federal Tax ID: ████████

If your purchasing department requires we reference a purchase order in order to process our invoices, please attach a copy of your purchase order to this form.

Purchase Order Number: _____

How many days are required for your Accounts Payable Group to process an invoice to ensure that we receive payment by the payment due date?

Is your company tax exempt, or does your company pay sales and use tax directly to the taxing authorities?
YES _____   NO. **X** _____   If yes, please attach a copy of the tax exemption certificate or direct pay permit to this form.

std                              *Thank you*

# Invoice

**Prodim USA, LLC**
7454 Commercial Circle
Fort Pierce, FL 34951
772-465-4000

| Date | Invoice # |
|---|---|
| 3/16/2022 | 99-22288 |

**Bill To**
Coastal Construction Group, LLC
235 Hickory Lane, Ste. B
Bayville, NJ 08721

**Ship To**
Coastal Construction Group, LLC
235 Hickory Lane, Ste. B
Bayville, NJ 08721

| P.O. Number | Terms | Rep | Ship | Via | Contact | Project |
|---|---|---|---|---|---|---|
|  | Due on receipt | EB | 3/16/2022 | UPS | B. Decker |  |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 1 | P.10X-0139 | P.10X- CS Series 3D 4.2 with IPT S/N 10X-0139 Includes 2 batteries, 1 battery charger, 2 A/C adapters, 1 standard pointer pen, 1 C2 remote control, 1 wrist strap, 1 instruction manual (USB Flashdrive), USB Bluetooth receiver and 2 scanner attachments | 28,250.00 | 28,250.00 |
| 1 | PODS - Large Set | PODS - Large Orange Set of 4 (400.014) | 0.00 | 0.00 |
| 1 | Back Pack | Back Pack (400.008) | 0.00 | 0.00 |
| 1 | K-288-1 | Tripod for Proliner (400.001) | 0.00 | 0.00 |
| 1 | Factory Draw Adv -... | Factory Draw Advanced - Permanent (500.424) DONGLE ID: TBD | 0.00 | 0.00 |
| 1 | IPT Pen Assy | IPT Pen Assy (300.052) | 0.00 | 0.00 |
| 1 | Training - Ft. Pierce | Basic Training - 1 Day at Fort Pierce Facility (within 90 days of Proliner purchase) | 0.00 | 0.00 |
| 1 | Training - Live We... | Basic Training - via Live Webinar | 0.00 | 0.00 |
| 1 | Charges - Admin Fee | Administration and Processing Fee effective 2015 | 15.00 | 15.00 |
| 1 | Shipping | Shipping + Handling by courier, post or truck (DDU) | 310.00 | 310.00 |

All sales are final. Standard Terms: EXW. Customer agrees to pay all collection and attorney costs. Any litigation or court actions shall be filed in the State or Federal court in St Lucie County, FL. Warranty issues should be handled in accordance with Prodim procedures. Refer to www.prodim-systems.com for product information and manuals.

**Total** $28,575.00

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Name: Wolters Kluwer Lien Solutions Phone: 800-331-3282 Fax: 818-662-4141

**B. E-MAIL CONTACT AT FILER (optional)**
uccfilingreturn@wolterskluwer.com

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Lien Solutions        85447083
P.O. Box 29071        NJNJ
Glendale, CA 91209-9071

File with: Secretary of State, NJ

Lien Solutions
Representation of filing

This filing is Completed
File Number : 55820004
File Date  : 16-Mar-2022

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Coastal Construction Group LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 235 Hickory Lane, Suite B | Bayville | NJ | 08721 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):** Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| C T CORPORATION SYSTEM, AS REPRESENTATIVE | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 330 N Brand Blvd, Suite 700; Attn: SPRS | Glendale | CA | 91203 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
All equipment and other personal property, included but not limited to, furniture, fixtures, and equipment, subject to specific Agreement Number ▓▓▓-001 dated March 16, 2022 between Secured Party as Lessor/Secured Party and Debtor as Lessee/Borrower, and subject to any and all existing and future schedules entered into pursuant to and incorporating said Agreement, together with all accessories, parts, attachments and appurtenances appertaining or attached to any of the equipment and all substitutions, trade-ins, proceeds, renewals and replacements of, and improvements and accessions to the equipment.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction    ☐ Manufactured-Home Transaction    ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien    ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor    ☐ Consignee/Consignor    ☐ Seller/Buyer    ☐ Bailee/Bailor    ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282



## NOTICE AND ACKNOWLEDGEMENT

This Notice and Acknowledgement is made among Hanmi Bank ("Assignee"), Tech. Finance Co., LLC ("TFC") and Coastal Construction Group LLC ("Customer") concerning Installment Payment Agreement No. ▇▇5-001 ("IPA") dated March 16, 2022 between TFC and Customer.

### NOTICE

1. TFC hereby notifies Customer that TFC has sold and assigned to Assignee, pursuant to a written Assignment Agreement between TFC and Assignee, all of TFC's rights under and pursuant to the IPA, commencing with the Periodic Payment due on May 1, 2022 (the "Periodic Payment Assignment Date"). All Periodic Payments due prior to such date shall be payable to TFC.

2. TFC hereby directs Customer, and Customer agrees that, until further notice to the contrary from Assignee to Customer, Customer shall pay all Periodic Payments and any casualty, default or stipulated loss value payments, as applicable, due under the IPA on and after the Periodic Payment Assignment Date directly to Assignee at the following address:

    Hanmi Bank
    P.O. Box 24986
    Seattle, WA 98124

without abatement, reduction, counterclaim or offset of any kind whatsoever.

### CUSTOMER ACKNOWLEDGEMENT

1. Customer acknowledges that: (a) as of and including the Periodic Payment Assignment Date sixty (60) consecutive monthly payments remain due and payable under the IPA, ending with the payment due on April 1, 2027 (b) each such payment is due in the amount of $591.10 and is payable on the 1st day of each month during the term of the IPA; (c) the IPA is in full force and effect.

2. Customer represents: (a) that it has received no prior notice of a sale, transfer, assignment, hypothecation or pledge of the IPA or of the payments or of the Product financed pursuant to the IPA, (b) that Customer is not in default under the IPA and no event has occurred and is continuing which with the giving of notice or lapse of time or both would constitute an event of default under the IPA, and (c) that the Product is located at the address specified in the IPA.

3. Customer agrees to make no change or modification to the IPA without the Assignee's consent, and to pay all Periodic Payments, and any casualty, default or stipulated loss value amounts as directed, above.

4. Customer agrees to provide to Assignee a copy of any notice given by Customer to TFC pursuant to the IPA.

Notice and Acknowledgement
(IPA) ▮▮ 5-001
Page 2

5.  Customer acknowledges that Assignee is relying upon this Notice and Acknowledgement and all other documents executed or furnished by Customer in connection with the IPA.

### ASSIGNEE ACKNOWLEDGEMENT

Assignee covenants with Customer that so long as Customer is not in default under the IPA, Assignee shall not interfere with Customer's right to quiet possession of the Product and its unrestricted use of the Product under the terms of the IPA.

THE PARTIES HAVE CAUSED THIS NOTICE AND ACKNOWLEDGEMENT TO BE EXECUTED BY THEIR DULY AUTHORIZED OFFICERS AS OF THE DATE FIRST WRITTEN ABOVE.


Tech. Finance Co., LLC
Company

By: _Michelle Bonnell_ (signature)

Name: Michelle Bonnell

Title: Assistant Secretary


A COPY OF THIS DOCUMENT WITH SIGNATURE SHALL BE CONSIDERED TO BE AN ORIGINAL

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        )
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is Hemar, Rousso & Heald, LLP ("the business"), 15910 Ventura Blvd., 12th Floor, Encino, CA 91436-2829.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On **July 18, 2024**, I served the foregoing document described as **PROOF OF CLAIM** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

Debtor Coastal Construction Group, LLC, 235 Hickory Lane, Unit B, Bayville, NJ 08721
Debtor's counsel Daniel E. Straffi, Esq., Straffi & Straffi, LLC, 670 Commons Way, Toms River, NJ 08755
U.S. Trustee, One Newark Center Suite 2100, Newark, NJ 07102
U.S. Trustee's counsel Margaret McGee, Esq., One Newark Center, 1085 Raymond Blvd., 21st Floor, Newark, NJ 07102

XX    At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

(State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

XX    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I am employed in the office of a member of the bar of the State of California at whose direction the service was made.

Executed on **July 18, 2024**, at Encino, California.

*/s/ Denise Pauff*

DENISE PAUFF

# EXHIBIT B

# Invoice

**Prodim USA, LLC**
7454 Commercial Circle
Fort Pierce, FL 34951
772-465-4000

| Date | Invoice # |
|---|---|
| 3/16/2022 | 99-22288 |

**Bill To**
Coastal Construction Group, LLC
235 Hickory Lane, Ste. B
Bayville, NJ 08721

**Ship To**
Coastal Construction Group, LLC
235 Hickory Lane, Ste. B
Bayville, NJ 08721

| P.O. Number | Terms | Rep | Ship | Via | Contact | Project |
|---|---|---|---|---|---|---|
|  | Due on receipt | EB | 3/16/2022 | UPS | B. Decker |  |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 1 | P.10X-0139 | P.10X- CS Series 3D 4.2 with IPT  S/N  10X-0139  Includes 2 batteries, 1 battery charger, 2 A/C adapters, 1 standard pointer pen, 1 C2 remote control, 1 wrist strap, 1 instruction manual (USB Flashdrive), USB Bluetooth receiver and 2 scanner attachments | 28,250.00 | 28,250.00 |
| 1 | PODS - Large Set | PODS - Large Orange Set of 4 (400.014) | 0.00 | 0.00 |
| 1 | Back Pack | Back Pack (400.008) | 0.00 | 0.00 |
| 1 | K-288-1 | Tripod for Proliner (400.001) | 0.00 | 0.00 |
| 1 | Factory Draw Adv -... | Factory Draw Advanced - Permanent (500.424)  DONGLE ID: TBD | 0.00 | 0.00 |
| 1 | IPT Pen Assy | IPT Pen Assy (300.052) | 0.00 | 0.00 |
| 1 | Training - Ft. Pierce | Basic Training - 1 Day at Fort Pierce Facility (within 90 days of Proliner purchase) | 0.00 | 0.00 |
| 1 | Training - Live We... | Basic Training - via Live Webinar | 0.00 | 0.00 |
| 1 | Charges - Admin Fee | Administration and Processing Fee effective 2015 | 15.00 | 15.00 |
| 1 | Shipping | Shipping + Handling by courier, post or truck (DDU) | 310.00 | 310.00 |

All sales are final. Standard Terms: EXW. Customer agrees to pay all collection and attorney costs. Any litigation or court actions shall be filed in the State or Federal court in St. Lucie County, FL. Warranty issues should be handled in accordance with Prodim procedures. Refer to www.prodim-systems.com for product information and manuals.

**Total**  $28,575.00