**KAREN E. BEZNER, ESQ.**
567 Park Avenue, Suite 103
Scotch Plains, New Jersey 07076
(908) 322-8484
Attorney for Karen E. Bezner, Trustee

Karen E. Bezner
KB 5770

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of: | In Proceedings for Liquidation under Chapter 7 of the Bankruptcy Code |
| COASTAL CONSTRUCTION GROUP, LLC | Hon. Michael B. Kaplan, U.S.B.J. |
| Debtor. | Bankruptcy No. 24-15203 |

CERTIFICATION OF KAREN E. BEZNER, CHAPTER 7 TRUSTEE IN SUPPORT OF
MOTION TO REINSTATE THE AUTOMATIC STAY

Karen E. Bezner, Chapter 7 Trustee, of full age, by way of certification, states as follows:

1) I am the Trustee appointed in the above-referenced case. As such, I have direct knowledge of the facts contained in this certification, and I am authorized to make this certification on behalf of this estate.

2) I make this certification in support of my instant motion for an order, reinstating the automatic stay as to two (2) parcels of real property owned by the debtor, as follows:

> 429 Boxwood Drive, Forked River, New Jersey 08731 a/k/a Lot 18.01 in Block 353 on the tax map of the Township of Forked River, New Jersey; and

> 427 Boxwood Drive, Forked River, New Jersey 08731 a/k/a Lots 5, 6 and 7 in Block 354 on the tax map of the Township of Forked River, New Jersey.

3) The debtor filed its voluntary Chapter 11 petition on May 22, 2024. The case was converted to Chapter 7 on January 13, 2025; and the Trustee received notice of her appointment, the very next day. The 341(a) meeting is currently scheduled for February 13, 2025.

4) On May 27, 2024, five (5) days after this Chapter 11 petition was filed, the debtor's principal retained Re/Max at Barnegat Bay as its real estate broker to market the Forked River lots for sale. Annexed hereto as Exhibit A is a true copy of the listing agreement by and between the debtor and Re/Max at Barnegat Bay for 429 Boxwood Drive, Forked River, New Jersey dated May 27, 2024, five (5) days after this Chapter 11 case was filed. That listing agreement, together with the extension dated November 16, 2024 is annexed hereto as Exhibit A. I am advised that an identical listing agreement was signed for the property at 427 Boxwood Drive, Forked River, New Jersey.

5) Subsequently, buyers were found for these properties. Gregory J. Hock, Esq. of D'Arcy Johson Day, P.C. has provided with me with copies of the contracts for both properties. 429 Boxwood Drive was sold pursuant to contract dated June 7, 2024 for $161,000.00. 427 Boxwood Drive was sold pursuant to contract dated June 27, 2024 for $175,000.00. The buyer of both lots was Wrazen Homes, LLC, represented by John Mensching, Esq. of Mensching & Lucarini. The debtor retained Gregory Hock, Esq. as his counsel for these closings.

6) A copy of the contract for 429 Boxwood Drive is annexed hereto as Exhibit B. A copy of the contract for 427 Boxwood Drive is annexed hereto as Exhibit C.

7) For some reason, the debtor never retained closing counsel for these sales, never retained the listing broker, and failed to provide notice or a motion for an order authorizing sale of these properties pursuant to their respective contracts.

8) On August 16, 2024, Michael A. Alfieri, Esq. representing AVB Investment, LLC moved for relief from the automatic stay on both properties. The grounds for relief consisted solely of the debtor's failure to pay monthly installments of the amounts due and owing.

9) For 427 Boxwood Drive, a/k/a Block 354 in Lots 5, the debtor had missed three (3) payments totaling $2,318.64, including the late fee. A copy of this statement is annexed hereto as Exhibit D. For 429 Boxwood Drive, a/k/a Block 353 in Lot 18.01, the arrears totaled $2,325.00, see Exhibit E. No payoff figures were provided for these loans in connection with the stay motion.

10) Notice of the pendency of the stay motion was provided to only four (4) parties, as follows: Coastal Construction Group, LLC, Daniel E. Straffi, Esq., Office of the United States Trustee, and Margaret McGee, DOJ. A copy of the certification of service filed by the creditor is annexed hereto as Exhibit F. No party objected to the motion, which was granted by Order dated September 13, 2024, a copy of which is annexed hereto as Exhibit G.

11) The Trustee has requested and received payoff figures for each of these loans from AVB Investment, LLC.

12) For 429 Boxwood Drive, the total amount claimed due and owing is $94,349.25, Exhibit H. For 427 Boxwood Drive, the payoff claimed due and owing is $93,300.66, Exhibit I.

13) The Trustee reserves the right to challenge certain of the figures contained in these payoff statements, including charges for the default rate of interest, foreclosure and bankruptcy legal fees and costs, and the sheriff sale deposit of $2,000.00 each.

14) However, even without these adjustments, it is clear that there is approximately $81,699.34 in equity available in 427 Boxwood Drive and $66,650.75 in equity available for 427 Boxwood Drive.

15) These estimated payoff figures are subject to allowed brokers' commissions and other costs of sale.

16) Nevertheless, it is clear that there is substantial equity in these properties for payment to creditors of this estate.

17) Your Trustee requests that the automatic stay be reinstated as to each of these properties, so that appropriate professionals can be retained and the sales can be closed.

18) No party will be prejudiced if this relief is allowed as AVB Investment, LLC will receive payment in full of all amounts due and owing for each property.

19) Moreover, parties who did not receive notice of AVB's motion for relief from stay will avoid forfeiture of a substantial right in the purchase contracts, as they received no notice of the applications for relief from the automatic stay.

20) In short, all parties will benefit, and no parties will be prejudiced if the relief requested by the Trustee is granted.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/   Karen E. Bezner
Karen E. Bezner

Date: February 7, 2025