## Karen Bezner

| | |
|---|---|
| **From:** | Greg Hock <greghock@outlook.com> |
| **Sent:** | Thursday, January 30, 2025 2:18 PM |
| **To:** | kbez@bellatlantic.net |
| **Cc:** | info@coastalconstructiongroupnj.com; familyclient@straffilaw.com; caseyquinnrealtor@gmail.com; Cherie DeLigny (cdeligny@shoresettlements.com) |
| **Subject:** | 429 Boxwood Drive, Lacey Township, NJ.   Lot 18.01, Block 353 |
| **Attachments:** | COS.pdf; Seller AR letter.pdf; buyers attorney review 6.19.pdf; buyers attorney review 6.10.pdf; attorney review concluded.pdf; 429 Boxwood Listing.pdf |

Ms. Karen Bezner
Bankruptcy Trustee

Dear Ms. Bezner:

Pursuant to your request, attached please find the contract documents relative to my client Coastal Construction's sale of the above captioned property. This lot is on the same street as the one I just forwarded to you.  Buyer on both deals is the same. Kindly advise whether your office will permit the sale.

Of course, call with any questions.

Best,

**Gregory J. Hock, Esq.**

**D'Arcy Johnson Day, P.C.**
204 Court House Lane
Toms River, NJ 08753
732.349.9666 o
732.749.1240 f
732.600.0702 c
Web:   www.djdlaw
Email:  gh@djd.law



1

dotloop signature verification: [illegible]
Authentisign ID: C654F94B-D524-EF11-86D4-000D3A8B7EDD

# NOTICE
## TO BUYER AND SELLER
### READ THIS NOTICE BEFORE SIGNING THE CONTRACT

The Law requires real estate brokers to give you the following information before you sign this contract. It requires us to tell you that you must read all of it before you sign. The purpose is to help you in this purchase or sale.

1) As a real estate broker, I represent: ☐ the seller, not the buyer;  ☑ the buyer, not the seller; ☐ both the seller and the buyer;  ☐ neither the seller nor the buyer.
The title company does not represent either the seller or the buyer.

2) You will not get any legal advice unless you have your own lawyer. Neither I nor anyone from the title company can give legal advice to either the buyer or the seller. If you do not hire a lawyer, no one will represent you in legal matters now or at the closing. Neither I nor the title company will represent you in those matters.

3) The contract is the most important part of the transaction. It determines your rights, risks, and obligations. Signing the contract is a big step. A lawyer would review the contract, help you to understand it, and to negotiate its terms.

4) The contract becomes final and binding unless your lawyer cancels it within the following three business days. If you do not have a lawyer, you cannot change or cancel the contract unless the other party agrees. Neither can the real estate broker nor the title insurance company change the contract.

5) Another important service of a lawyer is to order a survey, title report, or other important reports. The lawyer will review them and help to resolve any questions that may arise about the ownership and condition of the property. These reports and survey can cost you a lot of money. A lawyer will also prepare the documents needed to close title and represent you at the closing.

6) A buyer without a lawyer runs special risks. Only a lawyer can advise a buyer about what to do if problems arise concerning the purchase of this property. The problems may be about the seller's title, the size and shape of the property, or other matters that may affect the value of the property. If either the broker or the title company knows about the problems, they should tell you. But they may not recognize the problem, see it from your point of view, or know what to do. Ordinarily, the broker and the title company have an interest in seeing that the sale is completed, because only then do they usually receive their commissions. So, their interests may differ from yours.

7) Whether you retain a lawyer is up to you. It is your decision. The purpose of this notice is to make sure that you have the information needed to make your decision.

| | | | |
|---|---|---|---|
| *Dean Rado* | 06/07/24 | *Marck Whraen* | dotloop verified 06/04/24 11:27 AM EDT 6QZ1-AXUZ-11GZ-NYWK |
| SELLER | DATE | BUYER | DATE |
| | | | |
| SELLER | DATE | BUYER | DATE |
| | | | |
| SELLER | DATE | BUYER | DATE |
| | | | |
| SELLER | DATE | BUYER | DATE |
| *Casey Quinn* | 06/07/24 | | |
| Listing Broker | | Selling Broker | |

Prepared by: **Irene Shepherd**
Name of Real Estate Licensee

dotloop signature verification: [illegible]
Authentisign ID: C654F94B-DS24-EF11-88D4-000D3A8B7EDD



**STATEWIDE NEW JERSEY REALTORS® STANDARD FORM OF REAL ESTATE
SALES CONTRACT FOR VACANT ONE-FAMILY RESIDENTIAL LOTS**

©2019 New Jersey REALTORS®
THIS FORM MAY BE USED ONLY IN THE SALE OF VACANT ONE-FAMILY LOT.
THIS FORM IS SUITABLE FOR USE ONLY WHERE THE SELLER HAS
PREVIOUSLY EXECUTED A WRITTEN LISTING AGREEMENT.

**THIS IS A LEGALLY BINDING CONTRACT THAT WILL BECOME FINAL WITHIN THREE BUSINESS DAYS.
DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL THE
CONTRACT. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.**

### TABLE OF CONTENTS

1. PARTIES AND PROPERTY DESCRIPTION
2. PURCHASE PRICE
3. MANNER OF PAYMENT
4. SUFFICIENT ASSETS
5. ACCURATE DISCLOSURE OF SELLING PRICE
6. ITEMS INCLUDED IN SALE
7. ITEMS EXCLUDED FROM SALE
8. DATES AND TIMES FOR PERFORMANCE
9. ZONING COMPLIANCE
10. MUNICIPAL ASSESSMENTS
11. QUALITY AND INSURABILITY OF TITLE
12. POSSESSION
13. DUE DILIGENCE CONTINGENCY CLAUSE
14. MEGAN'S LAW STATEMENT
15. MEGAN'S LAW REGISTRY
16. NOTIFICATION REGARDING OFF-SITE CONDITIONS

17. AIR SAFETY AND ZONING NOTICE
18. BULK SALES
19. NOTICE TO BUYER CONCERNING INSURANCE
20. MAINTENANCE AND CONDITION OF PROPERTY
21. RISK OF LOSS
22. INITIAL AND FINAL INSPECTIONS
23. ADJUSTMENTS AT CLOSING
24. FAILURE OF BUYER OR SELLER TO CLOSE
25. CONSUMER INFORMATION STATEMENT ACKNOWLEDGEMENT
26. DECLARATION OF BROKER(S) BUSINESS RELATIONSHIP(S)
27. BROKERS' INFORMATION AND COMMISSION
28. EQUITABLE LIEN

29. DISCLOSURE THAT BUYER OR SELLER IS A REAL ESTATE LICENSEE
30. BROKERS TO RECEIVE CLOSING DISCLOSURE AND OTHER DOCUMENTS
31. PROFESSIONAL REFERRALS
32. ATTORNEY-REVIEW CLAUSE
33. NOTICES
34. NO ASSIGNMENT
35. ELECTRONIC SIGNATURE AND DOCUMENTS
36. CORPORATE RESOLUTIONS
37. ENTIRE AGREEMENT; PARTIES LIABLE
38. APPLICABLE LAWS
39. ADDENDA
40. ADDITIONAL CONTRACTUAL PROVISIONS

## 1. PARTIES AND PROPERTY DESCRIPTION:

Wrazen Homes LLC _____ ("Buyer"), _____, ("Buyer"),

_____ ("Buyer"), _____, ("Buyer"),

whose address is/are 3062 Wilbur Ave. Manchester, NJ 08759 _____

### AGREES TO PURCHASE FROM

Coastal Construction Group LLC _____ ("Seller"), _____, ("Seller"),

_____ ("Seller"), _____, ("Seller"),

whose address is/are _____

**THROUGH THE BROKER(S) NAMED IN THIS CONTRACT AT THE PRICE AND TERMS STATED BELOW, THE
FOLLOWING PROPERTY:**

Property Address: 429 Boxwood Drive, Forked River, NJ 08731 _____

shown on the municipal tax map of Lacey Township _____ County Ocean County

as Block 353 _____ Lot 18.01 _____ (the "Property").

**THE WORDS "BUYER" AND "SELLER" INCLUDE ALL BUYERS AND SELLERS LISTED ABOVE.**

## 2. PURCHASE PRICE:

| | |
|---|---|
| TOTAL PURCHASE PRICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 161,000 |
| INITIAL DEPOSIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 0 |
| ADDITIONAL DEPOSIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 10,000 |
| BALANCE OF PURCHASE PRICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 151,000 |

Buyer's Initials: _____  _____

Seller's Initials: _____  _____




dotloop signature verification: [illegible]
Authentisign ID: C654F94B-D524-EF11-86D4-000D3A8B7EDD

**3. MANNER OF PAYMENT:**

(A) INITIAL DEPOSIT to be paid by Buyer to ☐Listing Broker ☐Participating Broker ☐Buyer's Attorney ☐Title Company ☐Other _____, on or before _____ (date) (if left blank, then within five (5) business days after the fully signed Contract has been delivered to both the Buyer and the Seller).

(B) ADDITIONAL DEPOSIT to be paid by Buyer to the party who will be responsible for holding the escrow who is identified below on or before 06/14/2024_____ (date) (if left blank, then within ten (10) calendar days after the fully signed Contract has been delivered to both the Buyer and the Seller).

(C) ESCROW: All initial and additional deposit monies paid by Buyer shall be held in escrow in the NON-INTEREST BEARING TRUST ACCOUNT of Buyers Attorney_____, ("Escrowee"), until the Closing, at which time all monies shall be paid over to Seller. The deposit monies shall not be paid over to Seller prior to the Closing, unless otherwise agreed in writing by both Buyer and Seller. If Buyer and Seller cannot agree on the disbursement of these escrow monies, the Escrowee may place the deposit monies in Court requesting the Court to resolve the dispute.

(D) BALANCE OF PURCHASE PRICE: The balance of the purchase price shall be paid by Buyer in cash, or by certified, cashier's or trust account check.

Payment of the balance of the purchase price by Buyer shall be made at the closing, which will take place on _____ 07/08/2024_____(date), or, if this Contract is subject to a contingency set forth in Section 9(B), then the closing shall take place _____ days (if left blank, then ten (10) days) following the satisfaction or waiver of such contingency, at the office of Buyer's closing agent or such other place as Seller and Buyer may agree ("the Closing").

**4. SUFFICIENT ASSETS:**
Buyer represents that Buyer has or will have as of the Closing, all necessary cash assets to complete the Closing. Should Buyer not have sufficient cash assets at the Closing, Buyer will be in breach of this Contract and Seller shall be entitled to any remedies as provided by law.

**5. ACCURATE DISCLOSURE OF SELLING PRICE:**
Buyer and Seller certify that this Contract accurately reflects the gross sale price as indicated in Section 2 of this Contract. Buyer and Seller understand and agree that this information shall be disclosed to the Internal Revenue Service and other government agencies as required by law.

**6. ITEMS INCLUDED IN SALE:**
The Property includes any and all shrubbery, plantings and fencing, if any, all of which are included in this sale.
The following items are also specifically included (If reference is made to the MLS Sheet and/or any other document, then the document(s) referenced should be attached.):
As per MLS # 22415227

**7. ITEMS EXCLUDED FROM SALE:** (If reference is made to the MLS Sheet and/or any other document, then the document(s)
As per MLS # 22415227

**8. DATES AND TIMES FOR PERFORMANCE:**
With the exception of any deadline for Buyer to obtain the Approvals (as that term is defined in Section 9(B) below, Seller and Buyer agree that all dates and times included in this Contract are of the essence. This means that Seller and Buyer must satisfy the terms of this Contract within the time limits that are set in this Contract or will be in default, except as otherwise provided in this Contract or required by applicable law.

Buyer's Initials: _MN_ __
Seller's Initials: _DR_ __

dotloop signature verification: [illegible]
Authentisign ID: C654F94B-D524-EF11-86D4-000D3A8B7EDD

## 9. ZONING COMPLIANCE:

### (A) Representations.

Seller represents that the Property is zoned for use as a single-family residential lot. Seller makes no other representations concerning existing zoning ordinances, building or fire codes or other laws and regulations that may affect the nature and extent of the use of the Property. Seller represents that ☐ a wetlands delineation has been prepared for the Property, a copy of which is attached; ☐ to the Seller's knowledge, no wetlands delineation has been prepared for the Property. Seller represents that Seller ☐ does not own any property contiguous to the Property; ☐ owns the following described property(ies) contiguous to the Property:

_____

_____

_____

_____

### (B) Approval Contingency.

☐ Buyer and Seller acknowledge that there are no contingencies with respect to the Buyer's ability to obtain any governmental approvals and/or permits.

☐ Buyer's obligations under this Contract are contingent upon Buyer securing any and all land use approvals (the "Approvals"), at Buyer's sole cost and expense, necessary to construct an approximately _____ square foot single-family dwelling on the Property. Buyer shall have _____ calendar days (if left blank, then forty-five calendar (45) days) from the execution of this Contract or, if this Contract is timely disapproved by an attorney as provided in the Attorney-Review Clause Section of this Contract, then within _____ calendar days (if left blank, then forty-five calendar (45) days) after the parties agree to the terms of this Contract, to apply for all Approvals (the "Application Deadline"). Buyer shall diligently and continuously pursue the Approvals. Buyer shall have _____ calendar days (if left blank, then ninety calendar (90) days) from the date the Application is filed to obtain all Approvals (the "Approval End Date"). If Buyer is unable, after diligent effort, to obtain the Approvals by the Approval End Date, Buyer may cancel this Contract and receive a refund of the deposit monies by giving Seller and Broker written notice by no later than five (5) calendar days following the Approval End Date. If Buyer cancels this Contract, then after the Buyer receives the deposit monies, the parties shall have no further obligations under this Contract except those that expressly survive cancellation. If Buyer fails to cancel the Contract within five (5) calendar days following the Approval End Date, Buyer shall have automatically waived Buyer's right to cancel the Contract under this Section 9(B).

## 10. MUNICIPAL ASSESSMENTS: (Seller represents that Seller ☐ has ☐ has not been notified of any such municipal assessments as explained in this Section.)

Title shall be free and clear of all assessments for municipal improvements, including but not limited to municipal liens, as well as assessments and liabilities for future assessments for improvements constructed and completed. All confirmed assessments and all unconfirmed assessments that have been or may be imposed by the municipality for improvements that have been completed as of the Closing are to be paid in full by Seller or credited to Buyer at the Closing. A confirmed assessment is a lien against the Property. An unconfirmed assessment is a potential lien that, when approved by the appropriate governmental entity, will become a legal claim against the Property.

## 11. QUALITY AND INSURABILITY OF TITLE:

### (A) Title

At the Closing, Seller shall deliver a duly executed Bargain and Sale Deed with Covenant as to Grantor's Acts or other Deed satisfactory to Buyer. Title to the Property will be free from all claims or rights of others, except as described in this Section and Section 12 of this Contract. The Deed shall contain the full legal description of the Property.

This sale will be subject to utility and other easements and restrictions of record, if any, provided such easement or restriction does not (i) substantially interfere with or unreasonably limit Buyer's intended use of the Property for single-family residential purposes or (ii) materially and adversely affect the value of the Property. Generally, an easement is a right of a person other than the owner of property to use a portion of the property for a special purpose. A restriction is a recorded limitation on the manner in which a property owner may use the property. Buyer does not have to complete the purchase, however, if any easement, restriction or facts disclosed by an accurate survey would (i) substantially interfere with or unreasonably limit Buyer's intended use of the Property for single-family residential purposes or (ii) materially and adversely affect the value of the Property. A violation of any restriction shall not be a reason for Buyer refusing to complete the Closing as long as the title company insures Buyer against loss at regular rates. The sale also will be made subject to applicable zoning ordinances, provided that the ordinances do not render title unmarketable.

Title to the Property shall be good, marketable and insurable, at regular rates, by any title insurance company licensed to do business in New Jersey, subject only to the claims and rights described in this Section and Section 12. Buyer agrees to order a title insurance commitment (title search) and to furnish a copy to Seller. If Seller's title contains any exceptions other than as set forth in this Section, Buyer shall notify Seller and Seller shall have thirty (30) calendar days within which to eliminate those exceptions. Seller represents, to the best of Seller's knowledge, that there are no restrictions in any conveyance or plans of record that will prohibit use and/or occupancy of the Property for single-family residential purposes. Seller represents that no improvements on adjoining properties extend across any of

Buyer's Initials: [handwritten]    Seller's Initials: [DR]

dotloop signature verification: [illegible]
Authentisign ID: C654F94B-D524-EF11-86D4-000D3A8B7EDD

171  the boundary lines of the Property.
172
173  If Seller is unable to transfer the quality of title required and Buyer and Seller are unable to agree upon a reduction of the purchase
174  price, Buyer shall have the option to either void this Contract, in which case the monies paid by Buyer toward the purchase price shall
175  be returned to Buyer, together with the actual costs of the title search and the survey without further liability to Seller, or to proceed with
176  the Closing without any reduction of the purchase price.
177
178  **(B) SURVEY**
179  Broker(s) advise that Buyer should have a survey performed to satisfy Buyer as to, among other things, the boundaries of the Property and
180  the location of improvements thereon, if any. Unless otherwise agreed to by Seller in writing, Buyer shall bear the cost of such survey. If
181  Buyer obtains a survey of the Property and the survey reveals any facts which would (i) substantially interfere with or unreasonably limit
182  Buyer's intended use of the Property for single-family residential purposes or (ii) materially and adversely affect the value of the Property,
183  then Buyer shall have the right to cancel this Contract and receive a refund of the deposit monies by giving Seller and Broker written
184  notice within five (5) calendar days after Buyer's receipt of the survey, but in no event more than ____ days (if left blank, then forty-five (45)
185  days) after execution of this Contract, otherwise Buyer's right to cancel this Contract under this Section 11(B) is waived. When Closing
186  occurs, Buyer shall be deemed to have accepted any facts shown on an accurate current survey of the Property, whether or not Buyer
187  obtains a survey.
188
189  **12. POSSESSION:**
190  Possession and occupancy will be given to Buyer at the Closing. Buyer shall be entitled to possession of the Property, and any rents or
191  profits from the Property, immediately upon the delivery of the Deed and the Closing. Seller shall pay off any person with a claim or right
192  affecting the Property from the proceeds of this sale at or before the Closing.
193
194  **13. DUE DILIGENCE CONTINGENCY CLAUSE:**
195  **(A) RESPONSIBILITIES OF PROPERTY OWNERSHIP.**
196  Buyer and Seller acknowledge and agree that all aspects of this transaction require considerable analysis and investigation by Buyer
197  before closing title to the Property. While Brokers and salespersons who are involved in this transaction are trained as licensees under the
198  New Jersey Licensing Act they readily acknowledge that they have had no special training or experience with respect to the complexities
199  pertaining to the purchase and sale of the Property. For example, and not by way of limitation, Brokers and salespersons have no special
200  training, knowledge or experience with regard to discovering and/or evaluating zoning restrictions, requirements of local building and
201  fire codes, the availability of utilities (such as sanitary sewer, water, electric and gas), the possible presence of freshwater wetlands and
202  their associated buffer areas, and possible environmental conditions which might affect the Property, such as the existence of radon gas,
203  formaldehyde gas, airborne asbestos fibers, toxic chemicals, underground storage tanks, lead, mold or other pollutants in the soil, air or
204  water.
205
206  **(B) BUYER'S RIGHT TO PERFORM DUE DILIGENCE.**
207  Buyer acknowledges that the Property is being sold in an "as is" condition and that this Contract is entered into based upon the
208  knowledge of Buyer as to the value of the land and whatever improvements are upon the Property, and not on any representation
209  made by Seller, Brokers or their agents as to the character or quality of the Property. Therefore, Buyer, at Buyer's sole cost and expense,
210  is granted the right to perform due diligence with respect to all aspects of the Property, including the right to have any aspect of the
211  Property inspected and evaluated by "qualified inspectors" (as the term is defined in subsection C below) for the purpose of determining
212  whether the Property is suitable for Buyer's intended use and the existence of any restrictions, requirements or environmental conditions
213  such as outlined above in Subsection (A). If Buyer chooses to perform such due diligence, including the inspections and evaluations of
214  the Property referred to in this paragraph, such due diligence must be completed within ____ (if left blank, then 30) calendar days
215  after the attorney-review period is completed or, if this Contract is timely disapproved by an attorney as provided in the Attorney-
216  Review Clause Section of this Contract, then within ____ (if left blank, then 30) calendar days after the parties agree to the terms of
217  this Contract. Completing such inspections and evaluations is referred to as the "Due Diligence Time Period."
218
219  Within seven (7) calendar days after the attorney-review period is completed or, if this Contract is timely disapproved by an attorney
220  as provided in the Attorney-Review Clause Section of this Contract, then within seven (7) calendar days after the parties agree to the
221  terms of this Contract, Seller shall provide Buyer, to the extent available to Seller, complete copies of Seller's title insurance policy
222  for the Property, current property tax bill for the Property, any and all environmental test results, studies or reports pertaining to the
223  Property, including any percolation test results, copies of the septic system design, any and all utility "will serve" letters, copies of any
224  governmental approval or permit related to the property including, but not limited to, any variance or subdivision approval, any and
225  all wetlands delineation(s) for the Property, and any and all documentation related to the Property's farmland assessment, Pinelands
226  credit(s), or any other preferential governmental benefit.
227
228  **(C) QUALIFICATIONS OF INSPECTORS.**
229  Where the term "qualified inspectors" is used in this Contract, it is intended to refer to persons or businesses that are licensed or
230  certified by the State of New Jersey for such purpose.

Buyer's
Initials: ____ | ____ | ____

Seller's
Initials: ____ | DR | ____

dotloop signature verification: ...
Authentisign ID: C854F94B-D524-EF11-86D4-000D3A887E0D

**(D) BUYER'S RIGHT TO CANCEL CONTRACT.**

If any restrictions, requirements, environmental conditions or other matters such as outlined above in Subsection (A) are not satisfactory to Buyer and/or are reported by the qualified inspectors within the Due Diligence Time Period, and are not satisfactory to Buyer, then Buyer shall have the right to void this Contract by notifying Seller in writing within seven (7) business days after the end of the Due Diligence Time Period. If Buyer fails to void this Contract within the seven (7) business day period, Buyer shall have waived Buyer's right to cancel this Contract under this Section 13(D) and this Contract shall remain in full force, and Seller shall be under no obligation to remove, satisfy, correct or cure any of the restrictions, requirements, environmental conditions or other matters set forth in the inspection reports or that are not otherwise satisfactory to Buyer.

**(E) FLOOD HAZARD AREA (IF APPLICABLE).**

The federal and state governments have designated certain areas as flood areas. If the Property is located in a flood area, the use of the Property may be limited. If Buyer's inquiry reveals that the Property is in a flood area, Buyer may cancel this Contract within ten (10) calendar days after the attorney-review period is completed or, if this Contract is timely disapproved by an attorney as provided in the Attorney-Review Clause Section of this Contract, then within ten (10) calendar days after the parties agree to the terms of this Contract. For a flood policy to be in effect immediately, there must be a loan closing. There is a thirty (30) calendar day wait for flood policies to be in effect for cash transactions. Therefore, cash buyers are advised to make application and make advance payment for a flood insurance policy at least thirty (30) calendar days in advance of closing if they want coverage to be in effect upon transfer of title.

The National Flood Insurance Program ("NFIP") provides for the availability of flood insurance but also establishes flood insurance policy premiums based on the risk of flooding in the area where properties are located. In considering Buyer's purchase of this Property, Buyer is urged to consult with one or more carriers of flood insurance for a better understanding of flood insurance coverage, the premiums that are likely to be required to purchase such insurance and any available information about how those premiums may increase in the future.

**14. MEGAN'S LAW STATEMENT:**

Under New Jersey law, the county prosecutor determines whether and how to provide notice of the presence of convicted sex offenders in an area. In their professional capacity, real estate licensees are not entitled to notification by the county prosecutor under Megan's Law and are unable to obtain such information for you. Upon closing, the county prosecutor may be contacted for such further information as may be disclosable to you.

**15. MEGAN'S LAW REGISTRY:**

Buyer is notified that New Jersey law establishes an Internet Registry of Sex Offenders that may be accessed at www.njsp.org. Neither Seller nor any real estate broker nor salesperson make any representation as to the accuracy of the registry.

**16. NOTIFICATION REGARDING OFF-SITE CONDITIONS: (Applicable to all resale transactions.)**

Pursuant to the New Residential Construction Off-Site Conditions Disclosure Act, N.J.S.A. 46:3C-1, et. seq, the clerks of municipalities in New Jersey maintain lists of off-site conditions which may affect the value of residential properties in the vicinity of the off-site condition. Buyers may examine the lists and are encouraged to independently investigate the area surrounding this property in order to become familiar with any off-site conditions which may affect the value of the property. In cases where a property is located near the border of a municipality, buyers may wish to also examine the list maintained by the neighboring municipality.

**17. AIR SAFETY AND ZONING NOTICE:**

Any person who sells or transfers a property that is in an airport safety zone as set forth in the New Jersey Air Safety and Zoning Act of 1983, N.J.S.A. 6:1-80, et seq., and appearing on a municipal map used for tax purposes, as well as Seller's agent, shall provide notice to a prospective buyer that the property is located in an airport safety zone prior to the signing of the contract of sale. The Air Safety and Zoning Act also requires that each municipality in an airport safety zone enact an ordinance or ordinances incorporating the standards promulgated under the Act and providing for their enforcement within the delineated areas in the municipality. Buyer acknowledges receipt of the following list of airports and the municipalities that may be affected by them and that Buyer has the responsibility to contact the municipal clerk of any affected municipality concerning any ordinance that may affect the Property.

| Municipality | Airport(s) | Municipality | Airport(s) |
|---|---|---|---|
| Alexandria Tp. | Alexandria & Sky Manor | Ewing Tp. | Trenton-Mercer County |
| Andover Tp. | Aeroflex-Andover & Newton | E. Hanover Tp. | Morristown Municipal |
| Bedminster Tp. | Somerset | Florham Park Bor. | Morristown Municipal |
| Berkeley Tp. | Ocean County | Franklin Tp. (Gloucester Cty.) | Southern Cross & Vineland Downtown |
| Berlin Bor. | Camden County | Franklin Tp. (Hunterdon Cty.) | Sky Manor |
| Blairstown Tp. | Blairstown | Franklin Tp. (Somerset Cty.) | Central Jersey Regional |
| Branchburg Tp. | Somerset | Green Tp. | Trinca |
| Buena Bor. (Atlantic Cty.) | Vineland-Downtown | Hammonton Bor. | Hammonton Municipal |
| Dennis Tp. | Woodbine Municipal | Hanover Tp. | Morristown Municipal |
| Eagleswood Tp. | Eagles Nest | Hillsborough Tp. | Central Jersey Regional |

Buyer's Initials: _NW_  Seller's Initials: _DR_

dotloop signature verification: dtlp.us/Kr1v-1qCz-3v
Authentisign ID: C654F94B-D524-EF11-86D4-000D3A8B7EDD

| Municipality | Airport(s) | Municipality | Airport(s) |
|---|---|---|---|
| Hopewell Tp. (Mercer Cty.) | Trenton-Mercer County | Old Bridge Tp. | Old Bridge |
| Howell Tp. | Monmouth Executive | Oldsman Tp. | Oldmans |
| Lacey Tp. | Ocean County | Pemberton Tp. | Pemberton |
| Lakewood Tp. | Lakewood | Pequannock Tp. | Lincoln Park |
| Lincoln Park Bor. | Lincoln Park | Readington Tp. | Solberg-Hunterdon |
| Lower Tp. | Cape May County | Rocky Hill Boro. | Princeton |
| Lumberton Tp. | Flying W & South Jersey Regional | Southampton Tp. | Red Lion |
| Manalapan Tp. (Monmouth Cty.) | Old Bridge | Springfield Tp. | Red Wing |
| Mansfield Tp. | Hackettstown | Upper Deerfield Tp. | Bucks |
| Manville Bor. | Central Jersey Regional | Vineland City | Kroelinger & Vineland Downtown |
| Medford Tp. | Flying W | Wall Tp. | Monmouth Executive |
| Middle Tp. | Cape May County | Wantage Tp. | Sussex |
| Millville | Millville Municipal | Robbinsville | Trenton-Robbinsville |
| Monroe Tp. (Gloucester Cty.) | Cross Keys & Southern Cross | West Milford Tp. | Greenwood Lake |
| Monroe Tp. (Middlesex Cty.) | Old Bridge | Winslow Tp. | Camden County |
| Montgomery Tp. | Princeton | Woodbine Bor. | Woodbine Municipal |
| Ocean City | Ocean City | | |

The following airports are not subject to the Airport Safety and Zoning Act because they are subject to federal regulation or within the jurisdiction of the Port of Authority of New York and New Jersey and therefore are not regulated by New Jersey: Essex County Airport, Linden Airport, Newark Liberty Airport, Teterboro Airport, Little Ferry Seaplane Base, Atlantic City International Airport, and Maguire Airforce Base and NAEC Lakehurst.

**18. BULK SALES:**

The New Jersey Bulk Sales Law, N.J.S.A. 54:50-38, (the "Law") applies to the sale of certain residential property. Under the Law, Buyer may be liable for taxes owed by Seller if the Law applies and Buyer does not deliver to the Director of the New Jersey Division of Taxation (the "Division") a copy of this Contract and a notice on a form required by the Division (the "Tax Form") at least ten (10) business days prior to the Closing. If Buyer decides to deliver the Tax Form to the Division, Seller shall cooperate with Buyer by promptly providing Buyer with any information that Buyer needs to complete and deliver the Tax Form in a timely manner. Buyer promptly shall deliver to Seller a copy of any notice that Buyer receives from the Division in response to the Tax Form.

If, prior to the Closing, the Division notifies Buyer to withhold an amount (the "Tax Amount") from the purchase price proceeds for possible unpaid tax liabilities of Seller, Buyer's attorney or Buyer's title insurance company (the "Escrow Agent") shall withhold the Tax Amount from the closing proceeds and place that amount in escrow (the "Tax Escrow"). If the Tax Amount exceeds the amount of available closing proceeds, Seller shall bring the deficiency to the Closing and the deficiency shall be added to the Tax Escrow. If the Division directs the Escrow Agent or Buyer to remit funds from the Tax Escrow to the Division or some other entity, the Escrow Agent or Buyer shall do so. The Escrow Agent or Buyer shall only release the Tax Escrow, or the remaining balance thereof, to Seller (or as otherwise directed by the Division) upon receipt of written notice from the Division that it can be released, and that no liability will be asserted under the Law against Buyer.

**19. NOTICE TO BUYER CONCERNING INSURANCE:**

Buyer should obtain appropriate liability insurance for the Property. Occasionally, there are issues and delays in obtaining insurance. Be advised that a "binder" is only a temporary commitment to provide insurance coverage and is not an insurance policy. Buyer is therefore urged to contact a licensed insurance agent or broker to assist Buyer in satisfying Buyer's insurance requirements.

**20. MAINTENANCE AND CONDITION OF PROPERTY:**

Seller agrees to maintain the Property in the same condition that the Property is in at the time of the signing of this Contract, reasonable wear and tear excepted. The Property shall be free of all debris and personal property not included in this sale as of the Closing. Seller does not guarantee the continuing condition of the Property as set forth in this Section after the Closing.

**21. RISK OF LOSS:**

The risk of loss or damage to the Property by fire or otherwise, except ordinary wear and tear, is the responsibility of Seller until the Closing.

**22. INITIAL AND FINAL INSPECTIONS:**

In addition to the inspections set forth elsewhere in this Contract, Seller agrees to permit Buyer or Buyer's duly authorized representative to conduct an initial and a final inspection of the Property at any reasonable time before the Closing.

Buyer's Initials: _____   Seller's Initials: _DR_

dotloop signature verification:
Authentisign ID: C654F94B-D524-EF11-86D4-000D3A8B7EDD

**23. ADJUSTMENTS AT CLOSING:**

Seller shall pay for the preparation of the Deed, realty transfer fee, lien discharge fees, if any, and one-half of the title company charges for disbursements and attendance allowed by the Commissioner of Insurance; but all searches, title insurance premium and other conveyancing expenses are to be paid for by Buyer.

Seller and Buyer shall make prorated adjustments at Closing for items which have been paid by Seller or are due from Seller, such as real estate taxes, water and sewer charges that could be claims against the Property. If Buyer is assuming Seller's mortgage loan, Buyer shall credit Seller for all monies, such as real estate taxes and insurance premiums paid in advance or on deposit with Seller's mortgage lender. Buyer shall receive a credit for monies, which Seller owes to Seller's Mortgage lender, such as current interest or a deficit in the mortgage escrow account.

Seller agrees to pay any farmland rollback taxes levied against the Property under N.J.S.A. 54:4-23.1 et. seq. Seller's agreement to pay rollback taxes shall survive the Closing.

Unless an exemption applies, non-resident individuals, estates, or trusts that sell or transfer real property in New Jersey are required to make an estimated gross income tax payment to the State of New Jersey on the gain from a transfer/sale of real property (the so-called "Exit Tax,") as a condition of the recording of the deed.

If Seller is a foreign person (an individual, corporation or entity that is a non-US resident) under the Foreign Investment in Real Property Tax Act of 1980, as amended ("FIRPTA"), then with a few exceptions, a portion of the proceeds of sale may need to be withheld from Seller and paid to the Internal Revenue Service as an advance payment against Seller's tax liability.

Seller agrees that, if applicable, Seller will (a) be solely responsible for payment of any state or federal income tax withholding amount(s) required by law to be paid by Seller (which Buyer may deduct from the purchase price and pay at the Closing); and (b) execute and deliver to Buyer at the Closing any and all forms, affidavits or certifications required under state and federal law to be filed in connection with the amount(s) withheld.

**24. FAILURE OF BUYER OR SELLER TO CLOSE:**

If Seller fails to close title in accordance with this Contract, Buyer then may commence any legal or equitable action to which Buyer may be entitled. If Buyer fails to close title in accordance with this Contract, Seller then may commence an action for damages it has suffered, and, in such case, the deposit monies paid on account of the purchase price shall be applied against such damages. If Buyer or Seller breach this Contract, the breaching party will nevertheless be liable to Brokers for the commissions in the amount set forth in this Contract, as well as reasonable attorneys' fees, costs and such other damages as are determined by the Court.

**25. CONSUMER INFORMATION STATEMENT ACKNOWLEDGMENT:**

By signing below, Seller and Buyer acknowledge they received the Consumer Information Statement on New Jersey Real Estate Relationships from the Broker(s) prior to the first showing of the Property.

**26. DECLARATION OF BROKER(S)'S BUSINESS RELATIONSHIP(S):**

(A)Caplan Realty Associates LLC _____, (name of firm) and its authorized representative(s) Irene Shepherd _____

_____(name(s) of licensee(s))

**ARE OPERATING IN THIS TRANSACTION AS A (indicate one of the following)**
☐ **SELLER'S AGENT**　　☐ **BUYER'S AGENT**　　☐ **DISCLOSED DUAL AGENT**　　☐ **TRANSACTION BROKER.**

(B) (If more than one firm is participating, provide the following.) **INFORMATION SUPPLIED BY** _____
REMAX At Barnegat Bay _____(name of other firm.) **HAS INDICATED THAT IT IS**
**OPERATING IN THIS TRANSACTION AS A (indicate one of the following)**
☑ **SELLER'S AGENT**　　☐ **BUYER'S AGENT**　　☐ **TRANSACTION BROKER.**

**27. BROKERS' INFORMATION AND COMMISSION:**

The commission, in accord with the previously executed listing agreement, shall be due and payable at the Closing and payment by Buyer of the purchase consideration for the Property. Seller hereby authorizes and instructs whomever is the disbursing agent to pay the full commission as set forth below to the below-mentioned Brokerage Firm(s) out of the proceeds of sale prior to the payment of any such funds to Seller. Buyer consents to the disbursing agent making said disbursements. The commission shall be paid upon the purchase price set forth in Section 2.

Buyer's Initials: 

Seller's Initials: 

| RE/MAX at Barnegat Bay | | 0122390 |
|---|---|---|
| **Listing Firm** | | REC License ID |
| Casey Quinn | | 1751312 |
| **Listing Agent** | | REC License ID |
| 221 Lacey Road Forked River, NJ 08731 | | |
| Address | | |
| 609-693-5002 | | 609-709-9015 |
| Office Telephone | Fax | Agent Cell Phone |
| caseyquinnrealtor@gmail.com | | (Per Listing Agreement) |
| E-mail | | **Commission due Listing Firm** |

| Caplan Realty associates LLC | | 2187563 |
|---|---|---|
| **Participating Firm** | | REC License ID |
| Irene Shepherd | | 9481838 |
| **Participating Agent** | | REC License ID |
| 2008 Route 37 East, Toms River, NJ 08753 | | |
| Address | | |
| 7323617788 | | 7322670857 |
| Office Telephone | Fax | Agent Cell Phone |
| irenesellshomes@aol.com | 2%-150 | |
| E-mail | | **Commission due Participating Firm** |

### 28. EQUITABLE LIEN:

Under New Jersey law, brokers who bring the parties together in a real estate transaction are entitled to an equitable lien in the amount of their commission. This lien attaches to the property being sold from when the contract of sale is signed until the closing and then to the funds due to seller at closing, and is not contingent upon the notice provided in this Section. As a result of this lien, the party who disburses the funds at the Closing in this transaction should not release any portion of the commission to any party other than Broker(s) and, if there is a dispute with regard to the commission to be paid, should hold the disputed amount in escrow until the dispute with Broker(s) is resolved and written authorization to release the funds is provided by Broker(s).

### 29. DISCLOSURE THAT BUYER OR SELLER IS A REAL ESTATE LICENSEE: ☐ Applicable ☑ Not Applicable

A real estate licensee in New Jersey who has an interest as a buyer or seller of real property is required to disclose in the sales contract that the person is a licensee. _____ therefore discloses that he/she is licensed in New Jersey as a real estate ☐ broker ☐ broker-salesperson ☐ salesperson ☐ referral agent.

### 30. BROKERS TO RECEIVE CLOSING DISCLOSURE AND OTHER DOCUMENTS:

Buyer and Seller agree that Broker(s) involved in this transaction will be provided with the Closing Disclosure documents and any amendments to those documents in the same time and manner as the Consumer Financial Protection Bureau requires that those documents be provided to Buyer and Seller. In addition, Buyer and Seller agree that, if one or both of them hire an attorney who disapproves this Contract as provided in the Attorney-Review Clause Section, then the attorney(s) will notify the Broker(s) in writing when either this Contract is finalized or the parties decide not to proceed with the transaction.

### 31. PROFESSIONAL REFERRALS:

Seller and Buyer may request the names of attorneys, inspectors, engineers, tradespeople or other professionals from their Brokers involved in the transaction. Any names provided by Broker(s) shall not be deemed to be a recommendation or testimony of competency of the person or persons referred. Seller and Buyer shall assume full responsibility for their selection(s) and hold Brokers and/or salespersons harmless for any claim or actions resulting from the work or duties performed by these professionals.

### 32. ATTORNEY-REVIEW CLAUSE:

(1) Study by Attorney.

Buyer or Seller may choose to have an attorney study this Contract. If an attorney is consulted, the attorney must complete his or her review of the Contract within a three-day period. This Contract will be legally binding at the end of this three-day period unless an attorney for Buyer or Seller reviews and disapproves of the Contract.

Buyer's Initials: _MW_    Seller's Initials: _DR_

**(2) COUNTING THE TIME.**
You count the three days from the date of delivery of the signed Contract to Buyer and Seller. You do not count Saturdays, Sundays or legal holidays. Buyer and Seller may agree in writing to extend the three-day period for attorney review.

**(3) NOTICE OF DISAPPROVAL.**
If an attorney for the Buyer or Seller reviews and disapproves of this Contract, the attorney must notify the Broker(s) and the other party named in this Contract within the three-day period. Otherwise this Contract will be legally binding as written. The attorney must send the notice of disapproval to the Broker(s) by fax, email, personal delivery, or overnight mail with proof of delivery. Notice by overnight mail will be effective upon mailing. The personal delivery will be effective upon delivery to the Broker's office. The attorney may also, but need not, inform the Broker(s) of any suggested revision(s) in the Contract that would make it satisfactory.

**33. NOTICES:**
All notices shall be by certified mail, fax, email, recognized overnight courier or electronic document (except for notices under the Attorney-Review Clause Section) or by delivering it personally. The certified letter, email, reputable overnight carrier, fax or electronic document will be effective upon sending. Notices to Seller and Buyer shall be addressed to the addresses in Section 1, unless otherwise specified in writing by the respective party.

**34. NO ASSIGNMENT:**
This Contract shall not be assigned without the written consent of Seller. This means that Buyer may not transfer to anyone else Buyer's rights under this Contract to purchase the Property.

**35. ELECTRONIC SIGNATURES AND DOCUMENTS:**
Buyer and Seller agree that the New Jersey Uniform Electronic Transaction Act, N.J.S.A. 12A:12-1 to 26, applies to this transaction, including but not limited to the parties and their representatives having the right to use electronic signatures and electronic documents that are created, generated, sent, communicated, received or stored in connection with this transaction. Since Section 11 of the Act provides that acknowledging an electronic signature is not necessary for the signature of such a person where all other information required to be included is attached to or logically associated with the signature or record, such electronic signatures, including but not limited to an electronic signature of one of the parties to this Contract, do not have to be witnessed.

**36. CORPORATE RESOLUTIONS:**
If Buyer or Seller is a corporate or other entity, the person signing below on behalf of the entity represents that all required corporate resolutions have been duly approved and the person has the authority to sign on behalf of the entity.

**37. ENTIRE AGREEMENT; PARTIES LIABLE:**
This Contract contains the entire agreement of the parties. No representations have been made by any of the parties, the Broker(s) or its salespersons, except as set forth in this Contract. This Contract is binding upon all parties who sign it and all who succeed to their rights and responsibilities and only may be amended by an agreement in writing signed by Buyer and Seller.

**38. APPLICABLE LAWS:**
This Contract shall be governed by and construed in accordance with the laws of the State of New Jersey and any lawsuit relating to this Contract or the underlying transaction shall be venued in the State of New Jersey.

**39. ADDENDA:**
The following additional terms are included in the attached addenda or riders and incorporated into this Contract (check if applicable):
☐ Private Sewage Disposal (Other than Cesspool)
☐ Private Well Testing
☐ Underground Fuel Tank(s)

**40. ADDITIONAL CONTRACTUAL PROVISIONS:**

*[signature page to follow]*

Buyer's Initials: _____ _____    Seller's Initials: _____ _____

dotloop signature verification: [illegible]
Authentisign ID: C654F94B-D524-EF11-86D4-000D3A8B7EDD

**WITNESS:**

| | |
|---|---|
| | *Marck Whasen* |
| | **BUYER**                                    Date |
| | |
| | **BUYER**                                    Date |
| | |
| | **BUYER**                                    Date |
| | |
| | **BUYER**                                    Date |
| | *Dean Rado*                          06/07/24 |
| | **SELLER**                                   Date |
| | |
| | **SELLER**                                   Date |
| | |
| | **SELLER**                                   Date |
| | |
| | **SELLER**                                   Date |

Buyer's Initials: _____   Seller's Initials: DR

## MENSCHING & LUCARINI, P.C.
### COUNSELORS AT LAW
**1200 Hooper Avenue - Second Floor**
**Toms River, New Jersey 08753**

John J. Mensching              **(732) 244-3700**
Dale S. Orlovsky               **(732) 244-8383 fax**
Of counsel

June 10, 2024

Greg J Hock, Esq.
D'Arcy Johnson Day
204 Court House Lane
Toms River, NJ 08754
   Re: Wrazen from Rado– 429 Boxwood Drive, Forked River, NJ 08731

Dear Mr. Hock:

   Please be advised that this office shall represent the interests of the Buyer, Wrazen Homes, LLC in the above-referenced settlement. It is my understanding that your offices shall represent the Sellers. I have had the opportunity to review the Real Estate Sales Contract in this matter and do hereby disapprove of the same as written. However, I am authorized to approve of the Real Estate Sales Contract provided the following changes are made thereto:

1. With respect to paragraph 3(C), the escrow agent shall be the law offices of Mensching & Lucarini. I shall instruct the Buyer to forward the additional deposit in the amount of ten thousand dollars ($10,000.00) to our offices within five (5) days from the conclusion of the attorney review. Said item shall be made payable to Mensching & Lucarini, Attorney Trust Account. The deposit shall be held in a non-interest bearing account. I have calendared June 17, 2024, as the date this office should be in receipt of the additional deposit in the amount of ten thousand dollars ($10,000.00). I will notify your offices once I have received the additional deposit. Accordingly, with respect to paragraph 3(B), the same shall be modified to provide that the additional deposit in the amount of ten thousand dollars ($10,000.00) shall be due and payable within five (5) days from the conclusion of the attorney review;

2. With respect to paragraph 3(D), the settlement shall take place at the law offices of Mensching & Lucarini, situated at 1200 Hooper Avenue, Toms River, NJ 08753, within ten (10) days from the date the due diligence investigation contingency is satisfied;

3. With respect to paragraph 8, the same shall be deleted with the understanding that either party reserves the right to make Time of the Essence in accordance with the guidelines establish by the laws of the State of New Jersey upon properly serving the other party with said Notice;

4. With respect to paragraph 13, Buyer and Seller acknowledge and agree that all aspects of this transaction require considerable analysis and investigation by Buyer prior to closing title to the property. Accordingly, Buyer, at Buyer's sole cost and

expense, is granted the right to perform a Due Diligence Investigation with respect to all aspects of the property including, but not limited to, the right to have any aspect of the property inspected and evaluated by qualified contractors to determine whether the property is suitable for Buyer's intended use to construct a single-family residence in accordance with the ordinances of the Township of Lacey, as well as to determine the existence of any restrictions, requirements, or environmental conditions that may affect the subject premises and whether the premises are properly zoned for the use contemplated by the Buyer. The Buyer shall have thirty (30) days from the conclusion of the attorney review to conduct its investigation of the subject premises to determine whether the acquisition of the subject premises is in the best interest of the Buyer. Sellers and Buyer shall execute a memorandum that sets forth the commencement date and termination date for the due diligence investigation. Within the Due Diligence Term, the Buyer shall make all such inquiries and investigations as Buyer deems necessary. Any third-parties Buyer contemplates to have conduct such investigations or inspections at the Premises must first provide proof of licensing, adequate liability insurance coverage and proof of workers' compensation coverage reasonably satisfactory to the Seller. If, during the Due Diligence Term, the Buyer concludes that Buyer does not desire to consummate this transaction for any or no reason, Buyer may terminate the within Agreement, by written notice given to the Seller, in accordance with the notice provision set forth in the within Agreement on or before 5:00 p.m. Failure to provide such timely notice shall be deemed Buyer's waiver of this right and Buyer shall proceed to closing subject to the remaining terms of this Agreement. Upon a timely termination of this Agreement by the Buyer, Buyer shall receive, from the Escrow Agent, the refund of the entire deposit in the amount of ten thousand dollars ($10,000.00) and thereafter, the parties shall have no further obligation to one another;

5. With respect to paragraph 18, please confirm that no Bulk Sale Notification is required;

6. Sellers represent as follows (these representations shall also be true as of the date of closing):

A. The property is not the subject matter of any other pending or threatened litigation, including, but not limited to, eminent domain, condemnation, boundary line dispute, or a quiet title action.

B. There are no known adverse environmental conditions affecting the premises.

C. The seller has not been notified by any government agency of any environmental issues with respect to the property.

D. The seller has not received notice of any land use application affecting the subject premises or any property located within a 200 foot radius of the subject property.

E. No portion of the property has been designated as wetlands, pinelands, historical site, and/or green acres.

F.     The premises comprise of a buildable lot in accordance with the existing zoning ordinances of the Township of Lacey without the necessity of obtaining any variance or other governmental approvals.

G.     In the event city water and city sewer services shall service the subject premises, the Seller represents that the sewer and water laterals have been installed up to the subject premises.

Would you be so kind as to review the foregoing modifications and if same are in order, and to the extent that you are so expressly authorized to do so, kindly acknowledge acceptance in the space provided below, so as to conclude attorney review.

Would you also be so kind as to provide this office any title information, including but not limited to, a survey covering the subject premises immediately upon conclusion of the attorney review.

Would you also be so kind as to provide this office with any work product that the Seller may have performed such as, engineering results, environmental studies, or any other information pertaining to this lot.

I will keep you advised as to the status of the due diligence investigation that is to be undertaken by the Buyer in this matter. I will forward to you a Due Diligence Memorandum that sets forth the commencement and expiration date of the Due Diligence Term.

I have been authorized to order the preliminary title reporting this matter and I have done so.

I look forward to working with your offices.

Very truly yours,

**Dale S. Orlovsky**

DALE S. ORLOVSKY

DSO:sc
via email
Enclosure(s)

cc:     Client (via email)
Irene Shepherd/Caplan Realty (via email)
Casey Quinn/Remax at Barnegat Bay (via email)

I hereby acknowledge and agree to the foregoing.

Dated: _____          _____

Greg J Hock, Esq.



## D'ARCY JOHNSON DAY

### L A W Y E R S

Egg Harbor | Atlantic City | Toms River | Sea Girt | Manhattan

GREGORY J. HOCK, ESQ.
gh@djd.law

June 18, 2024

**Via Email**
Dale S. Orlovsky, Esq

RE:    **Coastal Construction to Wrazen Homes, LLC**
       **429 Boxwood Drive, Lacey Township, New Jersey**
       **Block 353, Lot 18.01**

Dear Mr. Orlovsky:

Please be advised that this office represents **Coastal Construction Group, LLC,** seller of the above referenced property under the Contract of Sale dated June 7, 2024. My office has reviewed the pre-printed Contract for Sale with our client and your letter dated June 10, 2023, and under the Attorney Review Clause we wish to disapprove of the same in their current form. However, the Contract will be acceptable and approved upon incorporation of the following additions and revisions:

1.  Usage of Terms.  This Rider is intended to be attached to and supplement the terms of the preprinted Contract for Sale of Real Estate. The preprinted Contract shall be referred to as "Contract." This Rider shall be referred to as "Rider." The Contract and Rider shall be referred to from time to time collectively as "Agreement." All references in the Contract to a Contract shall be references to the "Agreement." In the event of any conflict or inconsistency between the Contract and Rider, this Rider shall control.

2.  Neither the Seller, nor the Seller's attorney, shall be required to attend closing, but rather may conduct closing via priority overnight mail.

3.  In connection with Paragraph 11, Line 173-177, the Seller's responsibility to refund any costs to the Buyer, with the exception of the Buyer's deposit, shall be limited to $500.00.

4.  All references to liquidated damages shall be deleted.

5.  Paragraph 26 shall be amended to remove any reference to seller paying any portion of Buyer's title and/or settlement fees.

**Coastal Construction to Wrazen**
Page 2 of 4

6. Paragraphs 28 shall be deleted in its entirety. Any other reference in the contract allowing the broker's commissions to be a lien on the premises is hereby omitted.

7. Buyer shall provide proof of accessible funds to close within 10 days.

8. This agreement shall not be contingent on buyer selling any real or personal property.

9. This agreement shall not be contingent on buyer obtaining a mortgage.

10. Seller represents to the best of Seller's knowledge, no hazardous waste, fuel oil, and toxic chemicals have been spilled, leaked, pumped, emitted, poured, emptied, or dumped on the property by former owners and Seller, voluntarily or involuntarily. In the event hazardous materials are discovered on the property, the Buyer may terminate the Contract and all deposit monies paid will be returned.

11. Seller represents to the best of Seller's knowledge that there are no underground or above ground oil or gas storage tanks on the property. If there are underground oil or gas storage tanks on the property, Buyer shall have the right to cancel the contract if the parties cannot agree on a resolution.

12. Seller represents they have made no improvement to the premises which would require a construction or other work permit from the municipality without having first obtained same and that all approvals for such work, if any, were obtained. If permits were obtained, Seller represents that all approvals for said work were also obtained. For completed work performed, Seller also represents that there are no outstanding taxes due as a result of any added assessments related to the work performed which have not yet been billed by the municipality.

13. Seller confirms that they have not been advised of any pending or proposed municipal or association assessments or increases that may impact the property.

14. The Seller shall be liable for the cost of processing fees charged by the Association for resale documentation, if any.

15. The Seller represents they have not received any notices of development applications for the municipal Planning Board or Zoning Board in the last twelve (12) months.

16. Seller represents there are no other service leases or contracts, i.e., alarm system, solar panel associated with the property. If such leases or contracts are in effect, Seller should provide copies of same prior to the end of the inspection period. Buyer has no obligation to assume such lease or contract, if unsatisfactory to Buyer, Seller shall terminate same. If Seller refuses, Buyer may cancel this contract and have all deposit monies immediately returned to Buyer.

17. Upon the conclusion of attorney review, Seller shall provide for the attorney for the Buyer, any and all back title in their possession, including, but not limited to, a copy of their Deed, Survey, Association Rules and Regulations and By-Laws, if applicable, and Title Insurance

**Coastal Construction to Wrazen**
Page 3 of 4

Policy.

18. The Seller and Buyer agree that any errors in making the final adjustments at the time of closing shall be corrected and paid within ten (10) days after written notification of such error by either party or their respective attorney. This representation shall survive closing of title, notwithstanding the delivery and acceptance of the Deed and the execution of the RESPA settlement statement.

19. All representations of the Seller in the Agreement and the Sellers' Disclosure are meant to be to the best of Seller's knowledge, information and belief. In the event any of the representations set forth in the Contract by the Seller prove to be inaccurate, sellers sole liability hereunder shall be limited to return of the deposit monies, and upon return of the deposit monies to the buyer, all rights and liabilities of the parties to the Agreement shall cease and terminate.  None of sellers' representations shall survive closing.

As to your letter dated June 10, 2024, seller replies as follows:

1.    Agreed.
2.    Agreed, subject to above.
3.    Agreed
4.    Agreed, provided no additional agreement need to signed by the parties, and the 30 day period shall commence at the conclusion of attorney review.
5.    To the best of seller's knowledge, no Bulk Sale Notification is required.
6.    To the best of seller's knowledge (as of today) seller represents:
    A.    Agreed provided this sale is subject to Chapter 11 Bankruptcy trustee.
    B.    Agreed.
    C.    Agreed.
    D.    Agreed.
    E.    Agreed.
    F.    Agreed.
G.    Disagreed.  Water and sewer are in the street as far as seller knows, but service does not extend beyond the curb line.  Buyer should conduct their own due diligence in this regard.

Please review this Rider and Contract for Sale. If these additions/revisions are acceptable to you, please execute the same and forward a copy to my office as soon as possible.  I will forward you copies of any back title or surveys as well as a sellers' information sheet as soon as I receive them from my clients.  I look forward to working with you and if you have any questions, please do not hesitate to contact me at your convenience.

The most effective form of communication is to contact me via email at gh@djd.law, or to contact my real estate paralegal, Cherie Deligny, at 732-288-1950, or via email at cdeligny@shoresettlements.com.

**Coastal Construction to Wrazen**
**Page 4 of 4**

VERY TRULY YOURS,

GREGORY J. HOCK

CC:    **Realtors**
       **Client**

AGREED TO AND ACCEPTED THIS_____ DAY _____, 2024.  ATTORNEY
REVIEW CONCLUDED:

By: _____
       Dale S. Orlovsky

## MENSCHING & LUCARINI, P.C.
### COUNSELORS AT LAW
#### 1200 Hooper Avenue - Second Floor
#### Toms River, New Jersey 08753

John J. Mensching                                                          (732) 244-3700
Dale S. Orlovsky                                                           (732) 244-8383 fax
  Of counsel

June 19, 2024

Greg J Hock, Esq.
D'Arcy Johnson Day
204 Court House Lane
Toms River, NJ 08754
      Re: Wrazen Homes, LLC from Coastal Construction Group, LLC– 429 Boxwood Drive,
Forked River, NJ 08731

Dear Mr. Hock:

    I am in receipt of your firm's disapproval letter dated June 18, 2024 that I have had the opportunity to review with the Buyer's representative and I have been authorized to respond as follows to the modifications proposed by your offices:

I.   As to the proposed modifications to the Real Estate Sales Contract:

1. With respect to paragraph 1, the same is acceptable with the understanding that any agreed upon comments and/or modifications made by the Seller's attorney during the attorney review and any agreed upon comments and/or modifications made by the Buyers' attorney during the attorney review, shall govern the relationship of the parties to this transaction and shall have precedence over the Real Estate Sales Contract and any original terms set forth in either the Buyers' attorney review or the Seller's attorney review;

2. With respect to paragraph 2, the same is acceptable;

3. With respect to paragraph 3, the same is acceptable;

4. With respect to paragraph 4, the same is acceptable;

5. With respect to paragraph 5, the same is acceptable;

6. With respect to paragraph 6, the same is acceptable;

7. With respect to paragraph 7, please see Proof of Funds attached hereto that has issued from TD Bank, with certain information being redacted;

8. With respect to paragraph 8, the same is acceptable;

9. With respect to paragraph 9, the same is acceptable;

10. With respect to paragraph 10, the same is acceptable;

11. With respect to paragraph 11, the same is acceptable;

12. With respect to paragraph 12, the same is acceptable;

13. With respect to paragraph 13, the same is acceptable;

14. With respect to paragraph 14, the same is acceptable. However, please have the Seller also represent that this property is not governed by an Association;

15. With respect to paragraph 15, the same is acceptable;

16. With respect to paragraph 16, the same is acceptable;

17. With respect to paragraph 17, the same is acceptable. Please provide any information that your client or your offices may have that pertains to the subject premises;

18. With respect to paragraph 18, the same is acceptable;

19. With respect to paragraph 19, the same is acceptable.

II.  **As to your firm's response to our firm's disapproval letter:**

1.  With respect to paragraph 1, the same is acceptable;

2.  With respect to paragraph 2, the same is acceptable;

3.  With respect to paragraph 3, the same is acceptable;

4.  With respect to paragraph 4, the same is acceptable;

5.  With respect to paragraph 5, the same is acceptable;

6.  With respect to paragraph 6A, the same is acceptable with the understanding that the Seller shall have sixty (60) days from the conclusion of the attorney review to obtain the Bankruptcy Court approval for the sale of the subject premises to the Buyer;

7.  With respect to paragraphs 6B, C, D, E, and F, the same are acceptable;

8.  With respect to paragraph 6G, the same is acceptable.

I have therefore been authorized to execute your firm's disapproval letter, provided, the foregoing responses are acceptable to your offices and to your client. Would you be so kind as to

review the foregoing, and if the same are in order, please acknowledge acceptance in the space provided below so as to conclude attorney review.

Please keep this office advised as to the status of the Bankruptcy Court approval. Please also provide this office with the docket information for the bankruptcy proceeding.

The Buyer has also advised our offices that there is another lot that your client may own that is situated across the street from the within property. The Buyer is very much interested in acquiring this property. Would you be so kind as to provide this office with the pertinent information concerning the sale of the above-referenced property.

Very truly yours,

## Dale S. Orlovsky

DALE S. ORLOVSKY

DSO:sc
via email
Enclosure(s)

cc:      Client (via email)
         Irene Shepherd/Caplan Realty (via email)
         Casey Quinn/Remax at Barnegat Bay (via email)

I hereby acknowledge and agree to the foregoing.

Dated:_____            _____
                                 Greg J Hock, Esq.



# D'ARCY JOHNSON DAY

### L A W Y E R S

Egg Harbor  |  Atlantic City  |  Toms River  |  Sea Girt  |  Manhattan

GREGORY J. HOCK, ESQ.
gh@djd.law

June 25, 2024

<u>Via Email</u>
Dale S. Orlovsky, Esq

RE:    **Coastal Construction to Wrazen Homes, LLC**
**429 Boxwood Drive, Lacey Township, New Jersey**
**Block 353, Lot 18.01**

Dear Mr. Orlovsky:

Thank you for your letter dated June 19, 2026.

As to the paragraphs that require a response, seller says:

I-7.    Proof of funds was not attached.  Please forward.

I-14.    Seller is aware of an entity called the "Sunrise Beach Association." Seller is not aware of how formal or informal this entity may be, but to the best of seller's knowledge it essentially a deed right to some common waterfront elements such as a beach and/or boat ramp.

II-6.    Agreed to the 60 day approval from the Bankruptcy Trustee.  Buyer's remedy shall be cancellation of the contract, and return of all deposits.

Please review this Rider and Contract for Sale. If these additions/revisions are acceptable to you, please execute the same and forward a copy to my office as soon as possible

The most effective form of communication is to contact me via email at gh@djd.law, or to contact my real estate paralegal, Cherie Deligny, at 732-288-1950, or via email at cdeligny@shoresettlements.com.

Coastal Construction to Wrazen
Page 2 of 2

VERY TRULY YOURS,

GREGORY J. HOCK

CC:    Realtors
       Client

AGREED TO AND ACCEPTED THIS _25th_ DAY _____, 2024.  ATTORNEY
REVIEW CONCLUDED:

By: _____
       Dale S. Orlovsky

# NOTICE
## TO BUYER AND SELLER
### READ THIS NOTICE BEFORE SIGNING THE CONTRACT

The Law requires real estate brokers to give you the following information before you sign this contract. It requires us to tell you that you must read all of it before you sign. The purpose is to help you in this purchase or sale.

1) As a real estate broker, I represent: ☐ the seller, not the buyer;  ☑ the buyer, not the seller; ☐ both the seller and the buyer; ☐ neither the seller nor the buyer.
The title company does not represent either the seller or the buyer.

2) You will not get any legal advice unless you have your own lawyer. Neither I nor anyone from the title company can give legal advice to either the buyer or the seller. If you do not hire a lawyer, no one will represent you in legal matters now or at the closing. Neither I nor the title company will represent you in those matters.

3) The contract is the most important part of the transaction. It determines your rights, risks, and obligations. Signing the contract is a big step. A lawyer would review the contract, help you to understand it, and to negotiate its terms.

4) The contract becomes final and binding unless your lawyer cancels it within the following three business days. If you do not have a lawyer, you cannot change or cancel the contract unless the other party agrees. Neither can the real estate broker nor the title insurance company change the contract.

5) Another important service of a lawyer is to order a survey, title report, or other important reports. The lawyer will review them and help to resolve any questions that may arise about the ownership and condition of the property. These reports and survey can cost you a lot of money. A lawyer will also prepare the documents needed to close title and represent you at the closing.

6) A buyer without a lawyer runs special risks. Only a lawyer can advise a buyer about what to do if problems arise concerning the purchase of this property. The problems may be about the seller's title, the size and shape of the property, or other matters that may affect the value of the property. If either the broker or the title company knows about the problems, they should tell you. But they may not recognize the problem, see it from your point of view, or know what to do. Ordinarily, the broker and the title company have an interest in seeing that the sale is completed, because only then do they usually receive their commissions. So, their interests may differ from yours.

7) Whether you retain a lawyer is up to you. It is your decision. The purpose of this notice is to make sure that you have the information needed to make your decision.

| | | | |
|---|---|---|---|
| *Dean Rado* | 06/27/24 | *Marek Wrazen* | dotloop verified 06/27/24 11:08 AM EDT PGFG-0HM4-RGJZ-I3PU |
| SELLER | DATE | BUYER | DATE |
| | | | |
| SELLER | DATE | BUYER | DATE |
| | | | |
| SELLER | DATE | BUYER | DATE |
| | | | |
| SELLER | DATE | BUYER | DATE |
| *Casey Quinn* | 06/27/24 | *Irene Shepherd* | dotloop verified 06/27/24 10:44 AM EDT 4E4Y-AT3F-EDXO-WZGI |
| Listing Broker | | Selling Broker | |

Prepared by: Irene Shepherd
Name of Real Estate Licensee

## STATEWIDE NEW JERSEY REALTORS® STANDARD FORM OF REAL ESTATE
## SALES CONTRACT FOR VACANT ONE-FAMILY RESIDENTIAL LOTS

©2019 New Jersey REALTORS®
**THIS FORM MAY BE USED ONLY IN THE SALE OF VACANT ONE-FAMILY LOT.**
**THIS FORM IS SUITABLE FOR USE ONLY WHERE THE SELLER HAS**
**PREVIOUSLY EXECUTED A WRITTEN LISTING AGREEMENT.**

**THIS IS A LEGALLY BINDING CONTRACT THAT WILL BECOME FINAL WITHIN THREE BUSINESS DAYS.**
**DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL THE**
**CONTRACT. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.**

### TABLE OF CONTENTS

1. PARTIES AND PROPERTY DESCRIPTION
2. PURCHASE PRICE
3. MANNER OF PAYMENT
4. SUFFICIENT ASSETS
5. ACCURATE DISCLOSURE OF SELLING PRICE
6. ITEMS INCLUDED IN SALE
7. ITEMS EXCLUDED FROM SALE
8. DATES AND TIMES FOR PERFORMANCE
9. ZONING COMPLIANCE
10. MUNICIPAL ASSESSMENTS
11. QUALITY AND INSURABILITY OF TITLE
12. POSSESSION
13. DUE DILIGENCE CONTINGENCY CLAUSE
14. MEGAN'S LAW STATEMENT
15. MEGAN'S LAW REGISTRY
16. NOTIFICATION REGARDING OFF-SITE CONDITIONS

17. AIR SAFETY AND ZONING NOTICE
18. BULK SALES
19. NOTICE TO BUYER CONCERNING INSURANCE
20. MAINTENANCE AND CONDITION OF PROPERTY
21. RISK OF LOSS
22. INITIAL AND FINAL INSPECTIONS
23. ADJUSTMENTS AT CLOSING
24. FAILURE OF BUYER OR SELLER TO CLOSE
25. CONSUMER INFORMATION STATEMENT ACKNOWLEDGEMENT
26. DECLARATION OF BROKER(S) BUSINESS RELATIONSHIP(S)
27. BROKERS' INFORMATION AND COMMISSION
28. EQUITABLE LIEN

29. DISCLOSURE THAT BUYER OR SELLER IS A REAL ESTATE LICENSEE
30. BROKERS TO RECEIVE CLOSING DISCLOSURE AND OTHER DOCUMENTS
31. PROFESSIONAL REFERRALS
32. ATTORNEY-REVIEW CLAUSE
33. NOTICES
34. NO ASSIGNMENT
35. ELECTRONIC SIGNATURE AND DOCUMENTS
36. CORPORATE RESOLUTIONS
37. ENTIRE AGREEMENT; PARTIES LIABLE
38. APPLICABLE LAWS
39. ADDENDA
40. ADDITIONAL CONTRACTUAL PROVISIONS

## 1. PARTIES AND PROPERTY DESCRIPTION:

Wrazen Homes LLC _____ ("Buyer"), _____, ("Buyer"),

_____ ("Buyer"), _____, ("Buyer"),

whose address is/are _____

## AGREES TO PURCHASE FROM

Coastal Construction Group LLC _____ ("Seller"), _____, ("Seller"),

_____ ("Seller"), _____, ("Seller"),

whose address is/are _____

**THROUGH THE BROKER(S) NAMED IN THIS CONTRACT AT THE PRICE AND TERMS STATED BELOW, THE FOLLOWING PROPERTY:**

Property Address: 427 Boxwood Drive, , NJ 08731

shown on the municipal tax map of Lacey Township _____ County Ocean County

as Block 354 _____ Lot 5 _____ (the "Property").

**THE WORDS "BUYER" AND "SELLER" INCLUDE ALL BUYERS AND SELLERS LISTED ABOVE.**

## 2. PURCHASE PRICE:

TOTAL PURCHASE PRICE ........................................................ $ 175,000
  INITIAL DEPOSIT .............................................. $ 0
  ADDITIONAL DEPOSIT .......................................... $ 10,000
  BALANCE OF PURCHASE PRICE ................................... $ 165,000.00

New Jersey REALTORS® Form 141 08/2019 Page 2 of 11

Buyer's Initials: 

Seller's Initials: 

**3. MANNER OF PAYMENT:**

(A) Initial Deposit to be paid by Buyer to ☐Listing Broker ☐Participating Broker ☐Buyer's Attorney ☐Title Company ☐Other _____, on or before _____ (date) (if left blank, then within five (5) business days after the fully signed Contract has been delivered to both the Buyer and the Seller).

(B) Additional Deposit to be paid by Buyer to the party who will be responsible for holding the escrow who is identified below on or before <u>07/01/2024</u>_____ (date) (if left blank, then within ten (10) calendar days after the fully signed Contract has been delivered to both the Buyer and the Seller).

(C) Escrow: All initial and additional deposit monies paid by Buyer shall be held in escrow in the NON-INTEREST BEARING TRUST ACCOUNT of <u>Buyers Attorney</u>_____, ("Escrowee"), until the Closing, at which time all monies shall be paid over to Seller. The deposit monies shall not be paid over to Seller prior to the Closing, unless otherwise agreed in writing by both Buyer and Seller. If Buyer and Seller cannot agree on the disbursement of these escrow monies, the Escrowee may place the deposit monies in Court requesting the Court to resolve the dispute.

(D) Balance of Purchase Price: The balance of the purchase price shall be paid by Buyer in cash, or by certified, cashier's or trust account check.

Payment of the balance of the purchase price by Buyer shall be made at the closing, which will take place on _____
<u>07/31/2024</u>_____(date), or, if this Contract is subject to a contingency set forth in Section 9(B), then the closing shall take place _____ days (if left blank, then ten (10) days) following the satisfaction or waiver of such contingency, at the office of Buyer's closing agent or such other place as Seller and Buyer may agree ("the Closing").

**4. SUFFICIENT ASSETS:**

Buyer represents that Buyer has or will have as of the Closing, all necessary cash assets to complete the Closing. Should Buyer not have sufficient cash assets at the Closing, Buyer will be in breach of this Contract and Seller shall be entitled to any remedies as provided by law.

**5. ACCURATE DISCLOSURE OF SELLING PRICE:**

Buyer and Seller certify that this Contract accurately reflects the gross sale price as indicated in Section 2 of this Contract. Buyer and Seller understand and agree that this information shall be disclosed to the Internal Revenue Service and other government agencies as required by law.

**6. ITEMS INCLUDED IN SALE:**

The Property includes any and all shrubbery, plantings and fencing, if any, all of which are included in this sale.
The following items are also specifically included (If reference is made to the MLS Sheet and/or any other document, then the document(s) referenced should be attached.):

_____
_____
_____
_____
_____

**7. ITEMS EXCLUDED FROM SALE:** (If reference is made to the MLS Sheet and/or any other document, then the document(s)

_____
_____
_____
_____
_____
_____

**8. DATES AND TIMES FOR PERFORMANCE:**

With the exception of any deadline for Buyer to obtain the Approvals (as that term is defined in Section 9(B) below, Seller and Buyer agree that all dates and times included in this Contract are of the essence. This means that Seller and Buyer must satisfy the terms of this Contract within the time limits that are set in this Contract or will be in default, except as otherwise provided in this Contract or required by applicable law.

_____
_____
_____
_____
_____
_____
_____

Buyer's Initials: _____ _____    Seller's Initials: _____ _____

Authentisign ID: AU4U948DC23ABF1 FEB134690894887EZ4

**9. ZONING COMPLIANCE:**

**(A) REPRESENTATIONS.**

Seller represents that the Property is zoned for use as a single-family residential lot. Seller makes no other representations concerning existing zoning ordinances, building or fire codes or other laws and regulations that may affect the nature and extent of the use of the Property. Seller represents that ☐ a wetlands delineation has been prepared for the Property, a copy of which is attached; ☐ to the Seller's knowledge, no wetlands delineation has been prepared for the Property. Seller represents that Seller ☐ does not own any property contiguous to the Property; ☐ owns the following described property(ies) contiguous to the Property:

_____

_____

_____

_____

**(B) APPROVAL CONTINGENCY.**

☐ Buyer and Seller acknowledge that there are no contingencies with respect to the Buyer's ability to obtain any governmental approvals and/or permits.

☐ Buyer's obligations under this Contract are contingent upon Buyer securing any and all land use approvals (the "Approvals"), at Buyer's sole cost and expense, necessary to construct an approximately _____ square foot single-family dwelling on the Property. Buyer shall have _____ calendar days (if left blank, then forty-five calendar (45) days) from the execution of this Contract or, if this Contract is timely disapproved by an attorney as provided in the Attorney-Review Clause Section of this Contract, then within _____ calendar days (if left blank, then forty-five calendar (45) days) after the parties agree to the terms of this Contract, to apply for all Approvals (the "Application Deadline"). Buyer shall diligently and continuously pursue the Approvals. Buyer shall have _____ calendar days (if left blank, then ninety calendar (90) days) from the date the Application is filed to obtain all Approvals (the "Approval End Date"). If Buyer is unable, after diligent effort, to obtain the Approvals by the Approval End Date, Buyer may cancel this Contract and receive a refund of the deposit monies by giving Seller and Broker written notice by no later than five (5) calendar days following the Approval End Date. If Buyer cancels this Contract, then after the Buyer receives the deposit monies, the parties shall have no further obligations under this Contract except those that expressly survive cancellation. If Buyer fails to cancel the Contract within five (5) calendar days following the Approval End Date, Buyer shall have automatically waived Buyer's right to cancel the Contract under this Section 9(B).

**10. MUNICIPAL ASSESSMENTS:** (Seller represents that Seller ☐ has ☐ has not been notified of any such municipal assessments as explained in this Section.)

Title shall be free and clear of all assessments for municipal improvements, including but not limited to municipal liens, as well as assessments and liabilities for future assessments for improvements constructed and completed. All confirmed assessments and all unconfirmed assessments that have been or may be imposed by the municipality for improvements that have been completed as of the Closing are to be paid in full by Seller or credited to Buyer at the Closing. A confirmed assessment is a lien against the Property. An unconfirmed assessment is a potential lien that, when approved by the appropriate governmental entity, will become a legal claim against the Property.

**11. QUALITY AND INSURABILITY OF TITLE:**

**(A) TITLE**

At the Closing, Seller shall deliver a duly executed Bargain and Sale Deed with Covenant as to Grantor's Acts or other Deed satisfactory to Buyer. Title to the Property will be free from all claims or rights of others, except as described in this Section and Section 12 of this Contract. The Deed shall contain the full legal description of the Property.

This sale will be subject to utility and other easements and restrictions of record, if any, provided such easement or restriction does not (i) substantially interfere with or unreasonably limit Buyer's intended use of the Property for single-family residential purposes or (ii) materially and adversely affect the value of the Property. Generally, an easement is a right of a person other than the owner of property to use a portion of the property for a special purpose. A restriction is a recorded limitation on the manner in which a property owner may use the property. Buyer does not have to complete the purchase, however, if any easement, restriction or facts disclosed by an accurate survey would (i) substantially interfere with or unreasonably limit Buyer's intended use of the Property for single-family residential purposes or (ii) materially and adversely affect the value of the Property. A violation of any restriction shall not be a reason for Buyer refusing to complete the Closing as long as the title company insures Buyer against loss at regular rates. The sale also will be made subject to applicable zoning ordinances, provided that the ordinances do not render title unmarketable.

Title to the Property shall be good, marketable and insurable, at regular rates, by any title insurance company licensed to do business in New Jersey, subject only to the claims and rights described in this Section and Section 12. Buyer agrees to order a title insurance commitment (title search) and to furnish a copy to Seller. If Seller's title contains any exceptions other than as set forth in this Section, Buyer shall notify Seller and Seller shall have thirty (30) calendar days within which to eliminate those exceptions. Seller represents, to the best of Seller's knowledge, that there are no restrictions in any conveyance or plans of record that will prohibit use and/or occupancy of the Property for single-family residential purposes. Seller represents that no improvements on adjoining properties extend across any of

New Jersey REALTORS® Form 141  08/2019 Page 4 of 11        Buyer's Initials: [ MW ]  [ ]        Seller's Initials: [ DR ] [ ]

171  the boundary lines of the Property.
172
173  If Seller is unable to transfer the quality of title required and Buyer and Seller are unable to agree upon a reduction of the purchase
174  price, Buyer shall have the option to either void this Contract, in which case the monies paid by Buyer toward the purchase price shall
175  be returned to Buyer, together with the actual costs of the title search and the survey without further liability to Seller, or to proceed with
176  the Closing without any reduction of the purchase price.
177
178  **(B) Survey**
179  Broker(s) advise that Buyer should have a survey performed to satisfy Buyer as to, among other things, the boundaries of the Property and
180  the location of improvements thereon, if any. Unless otherwise agreed to by Seller in writing, Buyer shall bear the cost of such survey. If
181  Buyer obtains a survey of the Property and the survey reveals any facts which would (i) substantially interfere with or unreasonably limit
182  Buyer's intended use of the Property for single-family residential purposes or (ii) materially and adversely affect the value of the Property,
183  then Buyer shall have the right to cancel this Contract and receive a refund of the deposit monies by giving Seller and Broker written
184  notice within five (5) calendar days after Buyer's receipt of the survey, but in no event more than _____ days (if left blank, then forty-five (45)
185  days) after execution of this Contract, otherwise Buyer's right to cancel this Contract under this Section 11(B) is waived. When Closing
186  occurs, Buyer shall be deemed to have accepted any facts shown on an accurate current survey of the Property, whether or not Buyer
187  obtains a survey.
188
189  **12. POSSESSION:**
190  Possession and occupancy will be given to Buyer at the Closing. Buyer shall be entitled to possession of the Property, and any rents or
191  profits from the Property, immediately upon the delivery of the Deed and the Closing. Seller shall pay off any person with a claim or right
192  affecting the Property from the proceeds of this sale at or before the Closing.
193
194  **13. DUE DILIGENCE CONTINGENCY CLAUSE:**
195  **(A) Responsibilities of Property Ownership.**
196  Buyer and Seller acknowledge and agree that all aspects of this transaction require considerable analysis and investigation by Buyer
197  before closing title to the Property. While Brokers and salespersons who are involved in this transaction are trained as licensees under the
198  New Jersey Licensing Act they readily acknowledge that they have had no special training or experience with respect to the complexities
199  pertaining to the purchase and sale of the Property. For example, and not by way of limitation, Brokers and salespersons have no special
200  training, knowledge or experience with regard to discovering and/or evaluating zoning restrictions, requirements of local building and
201  fire codes, the availability of utilities (such as sanitary sewer, water, electric and gas), the possible presence of freshwater wetlands and
202  their associated buffer areas, and possible environmental conditions which might affect the Property, such as the existence of radon gas,
203  formaldehyde gas, airborne asbestos fibers, toxic chemicals, underground storage tanks, lead, mold or other pollutants in the soil, air or
204  water.
205
206  **(B) Buyer's Right to Perform Due Diligence.**
207  Buyer acknowledges that the Property is being sold in an "as is" condition and that this Contract is entered into based upon the
208  knowledge of Buyer as to the value of the land and whatever improvements are upon the Property, and not on any representation
209  made by Seller, Brokers or their agents as to the character or quality of the Property. Therefore, Buyer, at Buyer's sole cost and expense,
210  is granted the right to perform due diligence with respect to all aspects of the Property, including the right to have any aspect of the
211  Property inspected and evaluated by "qualified inspectors" (as the term is defined in subsection C below) for the purpose of determining
212  whether the Property is suitable for Buyer's intended use and the existence of any restrictions, requirements or environmental conditions
213  such as outlined above in Subsection (A). If Buyer chooses to perform such due diligence, including the inspections and evaluations of
214  the Property referred to in this paragraph, such due diligence must be completed within _____ (if left blank, then 30) calendar days
215  after the attorney-review period is completed or, if this Contract is timely disapproved by an attorney as provided in the Attorney-
216  Review Clause Section of this Contract, then within _____ (if left blank, then 30) calendar days after the parties agree to the terms of
217  this Contract. Completing such inspections and evaluations is referred to as the "Due Diligence Time Period."
218
219  Within seven (7) calendar days after the attorney-review period is completed or, if this Contract is timely disapproved by an attorney
220  as provided in the Attorney-Review Clause Section of this Contract, then within seven (7) calendar days after the parties agree to the
221  terms of this Contract, Seller shall provide Buyer, to the extent available to Seller, complete copies of Seller's title insurance policy
222  for the Property, current property tax bill for the Property, any and all environmental test results, studies or reports pertaining to the
223  Property, including any percolation test results, copies of the septic system design, any and all utility "will serve" letters, copies of any
224  governmental approval or permit related to the property including, but not limited to, any variance or subdivision approval, any and
225  all wetlands delineation(s) for the Property, and any and all documentation related to the Property's farmland assessment, Pinelands
226  credit(s), or any other preferential governmental benefit.
227
228  **(C) Qualifications of Inspectors.**
229  Where the term "qualified inspectors" is used in this Contract, it is intended to refer to persons or businesses that are licensed or
230  certified by the State of New Jersey for such purpose.

Buyer's Initials: _____    Seller's Initials: DR

**(D) BUYER'S RIGHT TO CANCEL CONTRACT.**
If any restrictions, requirements, environmental conditions or other matters such as outlined above in Subsection (A) are not satisfactory to Buyer and/or are reported by the qualified inspectors within the Due Diligence Time Period, and are not satisfactory to Buyer, then Buyer shall have the right to void this Contract by notifying Seller in writing within seven (7) business days after the end of the Due Diligence Time Period. If Buyer fails to void this Contract within the seven (7) business day period, Buyer shall have waived Buyer's right to cancel this Contract under this Section 13(D) and this Contract shall remain in full force, and Seller shall be under no obligation to remove, satisfy, correct or cure any of the restrictions, requirements, environmental conditions or other matters set forth in the inspection reports or that are not otherwise satisfactory to Buyer.

**(E) FLOOD HAZARD AREA (IF APPLICABLE).**
The federal and state governments have designated certain areas as flood areas. If the Property is located in a flood area, the use of the Property may be limited. If Buyer's inquiry reveals that the Property is in a flood area, Buyer may cancel this Contract within ten (10) calendar days after the attorney-review period is completed or, if this Contract is timely disapproved by an attorney as provided in the Attorney-Review Clause Section of this Contract, then within ten (10) calendar days after the parties agree to the terms of this Contract. For a flood policy to be in effect immediately, there must be a loan closing. There is a thirty (30) calendar day wait for flood policies to be in effect for cash transactions. Therefore, cash buyers are advised to make application and make advance payment for a flood insurance policy at least thirty (30) calendar days in advance of closing if they want coverage to be in effect upon transfer of title.

The National Flood Insurance Program ("NFIP") provides for the availability of flood insurance but also establishes flood insurance policy premiums based on the risk of flooding in the area where properties are located. In considering Buyer's purchase of this Property, Buyer is urged to consult with one or more carriers of flood insurance for a better understanding of flood insurance coverage, the premiums that are likely to be required to purchase such insurance and any available information about how those premiums may increase in the future.

**14. MEGAN'S LAW STATEMENT:**
Under New Jersey law, the county prosecutor determines whether and how to provide notice of the presence of convicted sex offenders in an area. In their professional capacity, real estate licensees are not entitled to notification by the county prosecutor under Megan's Law and are unable to obtain such information for you. Upon closing, the county prosecutor may be contacted for such further information as may be disclosable to you.

**15. MEGAN'S LAW REGISTRY:**
Buyer is notified that New Jersey law establishes an Internet Registry of Sex Offenders that may be accessed at www.njsp.org. Neither Seller nor any real estate broker nor salesperson make any representation as to the accuracy of the registry.

**16. NOTIFICATION REGARDING OFF-SITE CONDITIONS: (Applicable to all resale transactions.)**
Pursuant to the New Residential Construction Off-Site Conditions Disclosure Act, N.J.S.A. 46:3C-1, et seq, the clerks of municipalities in New Jersey maintain lists of off-site conditions which may affect the value of residential properties in the vicinity of the off-site condition. Buyers may examine the lists and are encouraged to independently investigate the area surrounding this property in order to become familiar with any off-site conditions which may affect the value of the property. In cases where a property is located near the border of a municipality, buyers may wish to also examine the list maintained by the neighboring municipality.

**17. AIR SAFETY AND ZONING NOTICE:**
Any person who sells or transfers a property that is in an airport safety zone as set forth in the New Jersey Air Safety and Zoning Act of 1983, N.J.S.A. 6:1-80, et seq., and appearing on a municipal map used for tax purposes, as well as Seller's agent, shall provide notice to a prospective buyer that the property is located in an airport safety zone prior to the signing of the contract of sale. The Air Safety and Zoning Act also requires that each municipality in an airport safety zone enact an ordinance or ordinances incorporating the standards promulgated under the Act and providing for their enforcement within the delineated areas in the municipality. Buyer acknowledges receipt of the following list of airports and the municipalities that may be affected by them and that Buyer has the responsibility to contact the municipal clerk of any affected municipality concerning any ordinance that may affect the Property.

| Municipality | Airport(s) | Municipality | Airport(s) |
|---|---|---|---|
| Alexandria Tp. | Alexandria & Sky Manor | Ewing Tp. | Trenton-Mercer County |
| Andover Tp. | Aeroflex-Andover & Newton | E. Hanover Tp. | Morristown Municipal |
| Bedminster Tp. | Somerset | Florham Park Bor. | Morristown Municipal |
| Berkeley Tp. | Ocean County | Franklin Tp. (Gloucester Cty.) | Southern Cross & Vineland Downtown |
| Berlin Bor. | Camden County | Franklin Tp. (Hunterdon Cty.) | Sky Manor |
| Blairstown Tp. | Blairstown | Franklin Tp. (Somerset Cty.) | Central Jersey Regional |
| Branchburg Tp. | Somerset | Green Tp. | Trinca |
| Buena Bor. (Atlantic City.) | Vineland-Downtown | Hammonton Bor. | Hammonton Municipal |
| Dennis Tp. | Woodbine Municipal | Hanover Tp. | Morristown Municipal |
| Eaglewood Tp. | Eagles Nest | Hillsborough Tp. | Central Jersey Regional |

Buyer's Initials: MW [ ]     Seller's Initials: DR [ ]

| Municipality | Airport(s) | Municipality | Airport(s) |
|---|---|---|---|
| Hopewell Tp. (Mercer Cty.) | Trenton-Mercer County | Old Bridge Tp. | Old Bridge |
| Howell Tp. | Monmouth Executive | Oldsman Tp. | Oldmans |
| Lacey Tp. | Ocean County | Pemberton Tp. | Pemberton |
| Lakewood Tp. | Lakewood | Pequannock Tp. | Lincoln Park |
| Lincoln Park Bor. | Lincoln Park | Readington Tp. | Solberg-Hunterdon |
| Lower Tp. | Cape May County | Rocky Hill Boro. | Princeton |
| Lumberton Tp. | Flying W & South Jersey Regional | Southampton Tp. | Red Lion |
| Manalapan Tp. (Monmouth Cty.) | Old Bridge | Springfield Tp. | Red Wing |
| Mansfield Tp. | Hackettstown | Upper Deerfield Tp. | Bucks |
| Manville Bor. | Central Jersey Regional | Vineland City | Kroelinger & Vineland Downtown |
| Medford Tp. | Flying W | Wall Tp. | Monmouth Executive |
| Middle Tp. | Cape May County | Wantage Tp. | Sussex |
| Millville | Millville Municipal | Robbinsville | Trenton-Robbinsville |
| Monroe Tp. (Gloucester Cty.) | Cross Keys & Southern Cross | West Milford Tp. | Greenwood Lake |
| Monroe Tp. (Middlesex Cty.) | Old Bridge | Winslow Tp. | Camden County |
| Montgomery Tp. | Princeton | Woodbine Bor. | Woodbine Municipal |
| Ocean City | Ocean City | | |

The following airports are not subject to the Airport Safety and Zoning Act because they are subject to federal regulation or within the jurisdiction of the Port of Authority of New York and New Jersey and therefore are not regulated by New Jersey: Essex County Airport, Linden Airport, Newark Liberty Airport, Teterboro Airport, Little Ferry Seaplane Base, Atlantic City International Airport, and Maguire Airforce Base and NAEC Lakehurst.

## 18. BULK SALES:

The New Jersey Bulk Sales Law, N.J.S.A. 54:50-38, (the "Law") applies to the sale of certain residential property. Under the Law, Buyer may be liable for taxes owed by Seller if the Law applies and Buyer does not deliver to the Director of the New Jersey Division of Taxation (the "Division") a copy of this Contract and a notice on a form required by the Division (the "Tax Form") at least ten (10) business days prior to the Closing. If Buyer decides to deliver the Tax Form to the Division, Seller shall cooperate with Buyer by promptly providing Buyer with any information that Buyer needs to complete and deliver the Tax Form in a timely manner. Buyer promptly shall deliver to Seller a copy of any notice that Buyer receives from the Division in response to the Tax Form.

If, prior to the Closing, the Division notifies Buyer to withhold an amount (the "Tax Amount") from the purchase price proceeds for possible unpaid tax liabilities of Seller, Buyer's attorney or Buyer's title insurance company (the "Escrow Agent") shall withhold the Tax Amount from the closing proceeds and place that amount in escrow (the "Tax Escrow"). If the Tax Amount exceeds the amount of available closing proceeds, Seller shall bring the deficiency to the Closing and the deficiency shall be added to the Tax Escrow. If the Division directs the Escrow Agent or Buyer to remit funds from the Tax Escrow to the Division or some other entity, the Escrow Agent or Buyer shall do so. The Escrow Agent or Buyer shall only release the Tax Escrow, or the remaining balance thereof, to Seller (or as otherwise directed by the Division) upon receipt of written notice from the Division that it can be released, and that no liability will be asserted under the Law against Buyer.

## 19. NOTICE TO BUYER CONCERNING INSURANCE:

Buyer should obtain appropriate liability insurance for the Property. Occasionally, there are issues and delays in obtaining insurance. Be advised that a "binder" is only a temporary commitment to provide insurance coverage and is not an insurance policy. Buyer is therefore urged to contact a licensed insurance agent or broker to assist Buyer in satisfying Buyer's insurance requirements.

## 20. MAINTENANCE AND CONDITION OF PROPERTY:

Seller agrees to maintain the Property in the same condition that the Property is in at the time of the signing of this Contract, reasonable wear and tear excepted. The Property shall be free of all debris and personal property not included in this sale as of the Closing. Seller does not guarantee the continuing condition of the Property as set forth in this Section after the Closing.

## 21. RISK OF LOSS:

The risk of loss or damage to the Property by fire or otherwise, except ordinary wear and tear, is the responsibility of Seller until the Closing.

## 22. INITIAL AND FINAL INSPECTIONS:

In addition to the inspections set forth elsewhere in this Contract, Seller agrees to permit Buyer or Buyer's duly authorized representative to conduct an initial and a final inspection of the Property at any reasonable time before the Closing.

Buyer's Initials: _____  Seller's Initials: _DR_

**23. ADJUSTMENTS AT CLOSING:**

Seller shall pay for the preparation of the Deed, realty transfer fee, lien discharge fees, if any, and one-half of the title company charges for disbursements and attendance allowed by the Commissioner of Insurance; but all searches, title insurance premium and other conveyancing expenses are to be paid for by Buyer.

Seller and Buyer shall make prorated adjustments at Closing for items which have been paid by Seller or are due from Seller, such as real estate taxes, water and sewer charges that could be claims against the Property, If Buyer is assuming Seller's mortgage loan, Buyer shall credit Seller for all monies, such as real estate taxes and insurance premiums paid in advance or on deposit with Seller's mortgage lender. Buyer shall receive a credit for monies, which Seller owes to Seller's Mortgage lender, such as current interest or a deficit in the mortgage escrow account.

Seller agrees to pay any farmland rollback taxes levied against the Property under N.J.S.A. 54:4-23.1 et. seq. Seller's agreement to pay rollback taxes shall survive the Closing.

Unless an exemption applies, non-resident individuals, estates, or trusts that sell or transfer real property in New Jersey are required to make an estimated gross income tax payment to the State of New Jersey on the gain from a transfer/sale of real property (the so-called "Exit Tax,") as a condition of the recording of the deed.

If Seller is a foreign person (an individual, corporation or entity that is a non-US resident) under the Foreign Investment in Real Property Tax Act of 1980, as amended ("FIRPTA"), then with a few exceptions, a portion of the proceeds of sale may need to be withheld from Seller and paid to the Internal Revenue Service as an advance payment against Seller's tax liability.

Seller agrees that, if applicable, Seller will (a) be solely responsible for payment of any state or federal income tax withholding amount(s) required by law to be paid by Seller (which Buyer may deduct from the purchase price and pay at the Closing); and (b) execute and deliver to Buyer at the Closing any and all forms, affidavits or certifications required under state and federal law to be filed in connection with the amount(s) withheld.

**24. FAILURE OF BUYER OR SELLER TO CLOSE:**

If Seller fails to close title to the Property in accordance with this Contract, Buyer then may commence any legal or equitable action to which Buyer may be entitled. If Buyer fails to close title in accordance with this Contract, Seller then may commence an action for damages it has suffered, and, in such case, the deposit monies paid on account of the purchase price shall be applied against such damages. If Buyer or Seller breach this Contract, the breaching party will nevertheless be liable to Brokers for the commissions in the amount set forth in this Contract, as well as reasonable attorneys' fees, costs and such other damages as are determined by the Court.

**25. CONSUMER INFORMATION STATEMENT ACKNOWLEDGMENT:**

By signing below, Seller and Buyer acknowledge they received the Consumer Information Statement on New Jersey Real Estate Relationships from the Broker(s) prior to the first showing of the Property.

**26. DECLARATION OF BROKER(S)'S BUSINESS RELATIONSHIP(S):**

(A) Caplan Realty Associates LLC _____, (name of firm) and its authorized representative(s) Irene Shepherd _____

_____(name(s) of licensee(s))

ARE OPERATING IN THIS TRANSACTION AS A (indicate one of the following)
☐ SELLER'S AGENT    ☑ BUYER'S AGENT    ☐ DISCLOSED DUAL AGENT    ☐ TRANSACTION BROKER.

(B) (If more than one firm is participating, provide the following.) INFORMATION SUPPLIED BY _____
Remax at Barnegat Bay _____ (name of other firm.) HAS INDICATED THAT IT IS OPERATING IN THIS TRANSACTION AS A (indicate one of the following)
☑ SELLER'S AGENT    ☐ BUYER'S AGENT    ☐ TRANSACTION BROKER.

**27. BROKERS' INFORMATION AND COMMISSION:**

The commission, in accord with the previously executed listing agreement, shall be due and payable at the Closing and payment by Buyer of the purchase consideration for the Property. Seller hereby authorizes and instructs whomever is the disbursing agent to pay the full commission as set forth below to the below-mentioned Brokerage Firm(s) out of the proceeds of sale prior to the payment of any such funds to Seller. Buyer consents to the disbursing agent making said disbursements. The commission shall be paid upon the purchase price set forth in Section 2.

Buyer's Initials: _____  _____    Seller's Initials: _____  _____

| | |
|---|---|
| Remax At Barnegat Bay | 0122390 |
| Listing Firm | REC License ID |
| Casey Quinn | 1751312 |
| Listing Agent | REC License ID |
| 221 Lacey Road Forked River, NJ 08731 | |
| Address | |
| 609-693-5002 | 609-709-9015 |
| Office Telephone    Fax | Agent Cell Phone |
| caseyquinnrealtor@gmail.com | (Per Listing Agreement) |
| E-mail | **Commission due Listing Firm** |
| Caplan Realty associates LLC | 2187563 |
| Participating Firm | REC License ID |
| Irene Shepherd | 9481838 |
| Participating Agent | REC License ID |
| 2008 Route 37 East, Toms River, NJ 08753 | |
| Address | |
| 7323617788 | 7322670857 |
| Office Telephone    Fax | Agent Cell Phone |
| irenesellshomes@aol.com    2% | |
| E-mail | **Commission due Participating Firm** |

**28. EQUITABLE LIEN:**

Under New Jersey law, brokers who bring the parties together in a real estate transaction are entitled to an equitable lien in the amount of their commission. This lien attaches to the property being sold from when the contract of sale is signed until the closing and then to the funds due to seller at closing, and is not contingent upon the notice provided in this Section. As a result of this lien, the party who disburses the funds at the Closing in this transaction should not release any portion of the commission to any party other than Broker(s) and, if there is a dispute with regard to the commission to be paid, should hold the disputed amount in escrow until the dispute with Broker(s) is resolved and written authorization to release the funds is provided by Broker(s).

**29. DISCLOSURE THAT BUYER OR SELLER IS A REAL ESTATE LICENSEE:** ☐ Applicable  ☒ Not Applicable

A real estate licensee in New Jersey who has an interest as a buyer or seller of real property is required to disclose in the sales contract that the person is a licensee. _____ therefore discloses that he/she is licensed in New Jersey as a real estate ☐ broker ☐ broker-salesperson ☐ salesperson ☐ referral agent.

**30. BROKERS TO RECEIVE CLOSING DISCLOSURE AND OTHER DOCUMENTS:**

Buyer and Seller agree that Broker(s) involved in this transaction will be provided with the Closing Disclosure documents and any amendments to those documents in the same time and manner as the Consumer Financial Protection Bureau requires that those documents be provided to Buyer and Seller. In addition, Buyer and Seller agree that, if one or both of them hire an attorney who disapproves this Contract as provided in the Attorney-Review Clause Section, then the attorney(s) will notify the Broker(s) in writing when either this Contract is finalized or the parties decide not to proceed with the transaction.

**31. PROFESSIONAL REFERRALS:**

Seller and Buyer may request the names of attorneys, inspectors, engineers, tradespeople or other professionals from their Brokers involved in the transaction. Any names provided by Broker(s) shall not be deemed to be a recommendation or testimony of competency of the person or persons referred. Seller and Buyer shall assume full responsibility for their selection(s) and hold Brokers and/or salespersons harmless for any claim or actions resulting from the work or duties performed by these professionals.

**32. ATTORNEY-REVIEW CLAUSE:**

(1) STUDY BY ATTORNEY.

Buyer or Seller may choose to have an attorney study this Contract. If an attorney is consulted, the attorney must complete his or her review of the Contract within a three-day period. This Contract will be legally binding at the end of this three-day period unless an attorney for Buyer or Seller reviews and disapproves of the Contract.

Buyer's Initials: _MW_    Seller's Initials: _DR_

**(2) COUNTING THE TIME.**
You count the three days from the date of delivery of the signed Contract to Buyer and Seller. You do not count Saturdays, Sundays or legal holidays. Buyer and Seller may agree in writing to extend the three-day period for attorney review.

**(3) NOTICE OF DISAPPROVAL.**
If an attorney for the Buyer or Seller reviews and disapproves of this Contract, the attorney must notify the Broker(s) and the other party named in this Contract within the three-day period. Otherwise this Contract will be legally binding as written. The attorney must send the notice of disapproval to the Broker(s) by fax, email, personal delivery, or overnight mail with proof of delivery. Notice by overnight mail will be effective upon mailing. The personal delivery will be effective upon delivery to the Broker's office. The attorney may also, but need not, inform the Broker(s) of any suggested revision(s) in the Contract that would make it satisfactory.

**33. NOTICES:**
All notices shall be by certified mail, fax, email, recognized overnight courier or electronic document (except for notices under the Attorney-Review Clause Section) or by delivering it personally. The certified letter, email, reputable overnight carrier, fax or electronic document will be effective upon sending. Notices to Seller and Buyer shall be addressed to the addresses in Section 1, unless otherwise specified in writing by the respective party.

**34. NO ASSIGNMENT:**
This Contract shall not be assigned without the written consent of Seller. This means that Buyer may not transfer to anyone else Buyer's rights under this Contract to purchase the Property.

**35. ELECTRONIC SIGNATURES AND DOCUMENTS:**
Buyer and Seller agree that the New Jersey Uniform Electronic Transaction Act, N.J.S.A. 12A:12-1 to 26, applies to this transaction, including but not limited to the parties and their representatives having the right to use electronic signatures and electronic documents that are created, generated, sent, communicated, received or stored in connection with this transaction. Since Section 11 of the Act provides that acknowledging an electronic signature is not necessary for the signature of such a person where all other information required to be included is attached to or logically associated with the signature or record, such electronic signatures, including but not limited to an electronic signature of one of the parties to this Contract, do not have to be witnessed.

**36. CORPORATE RESOLUTIONS:**
If Buyer or Seller is a corporate or other entity, the person signing below on behalf of the entity represents that all required corporate resolutions have been duly approved and the person has the authority to sign on behalf of the entity.

**37. ENTIRE AGREEMENT; PARTIES LIABLE:**
This Contract contains the entire agreement of the parties. No representations have been made by any of the parties, the Broker(s) or its salespersons, except as set forth in this Contract. This Contract is binding upon all parties who sign it and all who succeed to their rights and responsibilities and only may be amended by an agreement in writing signed by Buyer and Seller.

**38. APPLICABLE LAWS:**
This Contract shall be governed by and construed in accordance with the laws of the State of New Jersey and any lawsuit relating to this Contract or the underlying transaction shall be venued in the State of New Jersey.

**39. ADDENDA:**
The following additional terms are included in the attached addenda or riders and incorporated into this Contract (check if applicable):
☐ Private Sewage Disposal (Other than Cesspool)
☐ Private Well Testing
☐ Underground Fuel Tank(s)

**40. ADDITIONAL CONTRACTUAL PROVISIONS:**

[signature page to follow]

Buyer's Initials: _____  _____        Seller's Initials: _____  _____

WITNESS:

_Mareck Wrazen_

BUYER                                    Date

BUYER                                    Date

BUYER                                    Date

BUYER                                    Date

_Dean Rado_                              06/27/24

SELLER                                   Date

SELLER                                   Date

SELLER                                   Date

SELLER                                   Date

Buyer's
Initials: _MW_

Seller's
Initials: _DR_

# AVB INVESTMENT, LLC
30 Freneau Avenue
Matawan, NJ 07747
732-360-9266

01/30/2025

Coastal Construction Group LLC
Dean V. Rado
235 Hickory Lane
Unit B
Bayville, NJ 08721
Account: 124

Property Address(es):          Boxwood Drive
                               Forked River, Twp of Lacey, NJ 08731
                               Block 353 Lot(s) 18.01, 19, 20, & 21

## BENEFICIARY'S DEMAND FOR PAYOFF

Dear Coastal Construction Group LLC

You are authorized to use the following amounts to payoff the above-mentioned loan. All necessary legal documents will be forwarded to the trustee for Full Reconveyance upon receipt of payment in full.

| Payoff Date | 2/15/2025 |
|---|---|
| Maturity Date | 5/1/2026 |
| Closing Date | 2/15/2025 |
| Principal Balance | $75,000.00 |
| Interest Charges 2/1/2024-2/15/2025 | $9,395.46 |
| Default Interest Charges 3/21/2024-2/15/2025 | $2,729.04 |
| Late Charges | $525.00 |
| Foreclosure Legal Fee | $1,750.00 |
| Bankruptcy Legal Fee | $750.00 |
| Foreclosure Legal Costs | $2,139.75 |
| Sheriff Sale Deposit | $2,000.00 |
| Discharge of Mortgage Recording Fee | $60.00 |
| Prepayment Penalty | $0.00 |
| Trust Balance | $0.00 |
| Payoff Amount | $94,349.25 |

Please add **$32.88** for each additional day past **02/15/2025**.

We reserve the right to amend this demand should any changes occur that would increase the total amount for payoff. **Please note that this demand expires on 02/21/2025**, at which time you are instructed to contact this office for additional instructions (DEMAND FORWARDING FEES ARE DUE EVEN UPON CANCELLATION OF YOUR ESCROW). Make disbursement check payable to: **AVB Investment, LLC.**

Sincerely,
Michelle Cattonar
732-360-9266
732-360-9752 Fax

## AVB INVESTMENT, LLC IS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



# AVB INVESTMENT, LLC

30 Freneau Avenue
Matawan, NJ 07747
732-360-9266

01/30/2025

Coastal Construction Group LLC
Dean V. Rado
235 Hickory Lane
Unit B
Bayville, NJ 08721
Account: 201

Property Address(es):                 Boxwood Drive
                                       Forked River, Twp of Lacey, NJ 08731
                                       Block 354 Lot(s) 5, 6, & 7

## BENEFICIARY'S DEMAND FOR PAYOFF

Dear Coastal Construction Group LLC

You are authorized to use the following amounts to payoff the above-mentioned loan. All necessary legal
documents will be forwarded to the trustee for Full Reconveyance upon receipt of payment in full.

| Payoff Date | 2/15/2025 |
|---|---|
| Maturity Date | 11/1/2025 |
| Closing Date | 2/15/2025 |
| Principal Balance | $74,198.03 |
| Interest Charges 2/1/2024-2/15/2025 | $9,292.59 |
| Default Interest Charges 3/21/2024-2/15/2025 | $2,699.16 |
| Late Charges | $411.13 |
| Foreclosure Legal Fee | $1,750.00 |
| Bankruptcy Legal Fee | $750.00 |
| Foreclosure Legal Costs | $2,139.75 |
| Sheriff Sale Deposit | $2,000.00 |
| Discharge of Mortgage Recording Fee | $60.00 |
| Prepayment Penalty | $0.00 |
| Trust Balance | $0.00 |
| Payoff Amount | $93,300.66 |

Please add **$32.52** for each additional day past **02/15/2025**.

We reserve the right to amend this demand should any changes occur that would increase the total amount
for payoff. **Please note that this demand expires on 02/21/2025**, at which time you are instructed to
contact this office for additional instructions (DEMAND FORWARDING FEES ARE DUE EVEN UPON
CANCELLATION OF YOUR ESCROW). Make disbursement check payable to: **AVB Investment, LLC.**

Sincerely,
Michelle Cattonar
732-360-9266
732-360-9752 Fax

## AVB INVESTMENT, LLC IS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

